**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| COACH, INC. and COACH SERVICES, INC. | ) | Case Number:  13-cv-7165 |
| | ) | |
| Plaintiffs, | ) | Judge:  Hon. Samuel Der-Yeghiayan |
| | ) | |
| v. | ) | **ANSWER** |
| | ) | |
| DI DA IMPORT AND EXPORT INC. | ) | |
| (D/B/A DI DA NEW YORK), | ) | |
| | ) | |
| Defendant. | ) | |

DI DA IMPORT AND EXPORT INC. (D/B/A DI DA NEW YORK) (hereinafter

"Defendant"), for its Answer to the complaint, alleges:

Alleged Nature of the Action

1.     Defendant admits that this is an action alleging the stated matters and denies the

remaining allegations of this paragraph.

Jurisdiction and Venue

2.     Defendant admits that this Court has subject matter jurisdiction under 15 U.S.C.

§ 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws

of the United States), § 1338(a) (actions arising under an Act of Congress relating to

trademarks), and denies the remaining allegations of this paragraph.

3.     Defendant denies the allegations of this paragraph.

4.     Defendant denies the allegations of this paragraph.

Parties

5.     Defendant lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

6. Defendant admits that it is a New York corporation and denies the remaining allegations of this paragraph.

7. Defendant denies the allegations of this paragraph.

The Alleged World Famous Coach Brand and Products

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

The Alleged Coach Trademarks

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.[1]

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the marks are registered and therefore denies the remaining allegations of this paragraph.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

---

[1] Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this footnote.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Defendant's Alleged Acts of Infringement and Unfair Competition

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that on or about May 15, 2013, an investigator for Coach purchased a duffle-sized bag for $54.61 at a third-party vendor located at Block 37 Mall, 108 N. State Street, Chicago, IL; lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the bag was designed, manufactured, advertised, promoted, distributed, and/or sold to the third-party vendor by Defendant particularly in that the complaint does not identify the third-party vendor; lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the bag is not an authentic Coach product or whether it bears logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks; and denies the remaining allegations of this paragraph and all subparagraphs thereof.

18.     Defendant denies the allegations of this paragraph.

19.     Defendant admits that it has no license or other permission from Coach to use any of the Coach Trademarks and denies the remaining allegations of this paragraph.

20.     Defendant denies the allegations of this paragraph.

21.     Defendant denies the allegations of this paragraph.

22.     Defendant denies that it has designed, manufactured, advertised, promoted, imported, distributed, sold, and/or offered for sale any infringing products and denies the remaining allegations of this paragraph.

23.     Defendant denies the allegations of this paragraph.

COUNT I

(Alleged Trademark Counterfeiting, 15 U.S.C. § 1114)

24.     Defendant incorporates the allegations of paragraphs 1 through 23 of this Answer.

25.     Defendant denies the allegations of this paragraph.

26.     Defendant denies the allegations of this paragraph.

27.     Defendant denies the allegations of this paragraph.

28.     Defendant denies the allegations of this paragraph.

29.     Defendant denies the allegations of this paragraph.

30.     Defendant denies that it has committed infringing acts and denies the remaining allegations of this paragraph.

31.     Defendant denies the allegations of this paragraph.

COUNT II

(Alleged Trademark Infringement, 15 U.S.C. § 1114)

32.     Defendant incorporates the allegations of paragraphs 1 through 31 of this Answer.

33.     Defendant denies the allegations of this paragraph.

34.     Defendant denies the allegations of this paragraph.

35.     Defendant denies the allegations of this paragraph.

36.     Defendant denies the allegations of this paragraph.

37.     Defendant denies the allegations of this paragraph.

38.     Defendant denies that it has committed infringing acts and denies the remaining allegations of this paragraph.

39.     Defendant denies the allegations of this paragraph.

//

COUNT III

(Alleged False Designation of Origin and Alleged False Advertising, 15 U.S.C. § 1125(a))

40.     Defendant incorporates the allegations of paragraphs 1 through 39 of this Answer.

41.     Defendant denies the allegations of this paragraph.

42.     Defendant denies the allegations of this paragraph.

43.     Defendant denies the allegations of this paragraph.

44.     Defendant denies that it has committed infringing acts and denies the remaining allegations of this paragraph.

45.     Defendant denies the allegations of this paragraph.

[SECOND] COUNT III

(Alleged Common Law Trademark Infringement)

46.     Defendant incorporates the allegations of paragraphs 1 through 45 of this Answer.

47.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

48.     Defendant denies the allegations of this paragraph.

49.     Defendant denies that it has marketed Infringing Products and denies the remaining allegations of this paragraph.

50.     Defendant denies the allegations of this paragraph.

51.     Defendant denies the allegations of this paragraph.

52.     Defendant denies the allegations of this paragraph.

53.     Defendant denies that it has committed infringing acts and denies the remaining allegations of this paragraph.

54.     Defendant denies the allegations of this paragraph.

## COUNT IV
### (Unfair Competition, Illinois Consumer Fraud and
### Deceptive Business Practices Act)

55.     Defendant incorporates the allegations of paragraphs 1 through 54 of this Answer.

56.     Defendant denies the allegations of this paragraph.

57.     Defendant denies the allegations of this paragraph.

58.     Defendant denies that it has committed infringing acts and denies the remaining

allegations of this paragraph.

59.     Defendant denies the allegations of this paragraph.

## COUNT V
### (Alleged Common Law Unfair Competition)

60.     Defendant incorporates the allegations of paragraphs 1 through 59 of this Answer.

61.     Defendant denies the allegations of this paragraph.

62.     Defendant denies the allegations of this paragraph.

63.     Defendant denies that it has committed infringing acts and denies the remaining

allegations of this paragraph.

64.     Defendant denies the allegations of this paragraph.

## COUNT VII

### (Alleged Unjust Enrichment)

65.     Defendant incorporates the allegations of paragraphs 1 through 64 of this Answer.

66.     Defendant denies the allegations of this paragraph.

## FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over the Defendant.

## SECOND AFFIRMATIVE DEFENSE

The complaint fails to state a claim for which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

This action should be dismissed for insufficiency of service of process.

## FOURTH AFFIRMATIVE DEFENSE

Venue in this Court is improper.

## FIFTH AFFIRMATIVE DEFENSE

Any marks used by Defendant for and in connection with goods that are the subject of this action are protected by trademarks registered to Defendant in the United States Patent and Trademark Office.

## SIXTH AFFIRMATIVE DEFENSE

Any marks used by Defendant for and in connection with goods that are the subject of this action are protected by Defendant's rights under the common law in the markets in which Defendant operates.

## SEVENTH AFFIRMATIVE DEFENSE

The use of the mark charged to be an infringement is a use of the Defendant's individual name in its own business, or of the individual name of a person or entity in privity with the Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

The claims alleged in the complaint are barred by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

The claims alleged in the complaint are barred by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

The claims alleged in the complaint are barred by applicable statutes of limitations or by laches.

ELEVENTH AFFIRMATIVE DEFENSE

The complaint is barred by its failure to join a party under Rule 19 of the Federal Rules of

Civil Procedure.

TWELFTH AFFIRMATIVE DEFENSE

Upon information and belief, one or both of the Plaintiffs lacks standing to assert one or

more of the causes of action alleged in the complaint.

DEMAND FOR TRIAL BY JURY

Defendant demands a trial by jury of all issues triable by jury.

WHEREFORE, Defendant prays that Plaintiffs take nothing by their complaint; that

judgment be entered in favor of Defendant and against Plaintiffs; that Defendant be awarded its

costs, disbursements, and reasonable attorney's fees, and that Defendant have such other and

further relief as the Court may deem just and proper.


DATED:          November 22, 2013          YING LIU


                                           __/s/ Ying Liu_____
                                           Liu & Shields LLP
                                           41-60 Main Street, Suite 208A
                                           Flushing, NY 11355
                                           Tel: 718-463-1868
                                           shieldscj524@gmail.com
                                           Attorney for DI DA IMPORT AND EXPORT INC.
                                           (D/B/A DI DA NEW YORK), Defendant

                                           Local Counsel:

                                           Brian J. Lum, Esq.
                                           ICE MILLER LLP
                                           200 West Madison Street, Suite 3500
                                           Chicago, IL 60606
                                           312-726-8129
                                           brian.lum@icemiller.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| COACH, INC. and COACH SERVICES, INC., | ) ) |
| | )   Civil Action No.:   13-cv-7165 |
| Plaintiffs, | ) |
| | )   Judge Der-Yeghiayan |
| v. | )   Magistrate Judge Martin |
| | ) |
| DI DA IMPORT AND EXPORT INC. d/b/a DI DA NEW YORK, | ) ) |
| | ) |
| Defendant. | ) |

**NOTIFICATION OF NO AFFILIATES**

Pursuant to Local Rule 3.2, the defendant Di Da Import and Export Inc. (d/b/a Di Da New York) states that it has no entities owning more than 5% of the corporation and has no publicly held affiliates.

Respectfully submitted,

Dated:  November 22, 2013

*/s/ Ying Liu* _____
Ying Liu
LIU & SHIELDS LLP
41-60 Main Street, Suite 208A
Flushing, NY 11355
shieldscj524@gmail.com

Attorneys for Defendant
DI DA IMPORT AND EXPORT INC.
d/b/a DI DA NEW YORK

Local Counsel:
Brian J. Lum
ICE MILLER LLP
200 West Madison Street, Suite 3500
Chicago, IL 60606
312-726-8129
brian.lum@icemiller.com