IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COACH, INC. and COACH SERVICES, INC., | |
| Plaintiffs, | Case No. 13-cv-7165 |
| v. | Honorable Samuel Der-Yeghiayan |
| DI DA IMPORT AND EXPORT INC. (D/B/A DI DA NEW YORK), | |
| Defendant. | |

**PLAINTIFFS' MOTION TO COMPEL DI DA IMPORT AND EXPORT INC. TO PRODUCE ADDITIONAL RULE 30(b)(6) WITNESSES AND PAY FEES AND COSTS**

Plaintiffs Coach, Inc. and Coach Services, Inc. (collectively, "Coach"), by and through their attorneys, Bryan Cave LLP, respectfully move this Honorable Court, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, for an Order compelling Defendant Di Da Import and Export Inc. ("DiDa") to produce additional Rule (30)(b)(6) witnesses and pay the costs of depositions, and state the following in support:

**INTRODUCTION**

On August 22, 2014, in New York City, New York, Coach deposed DiDa's Rule 30(b)(6) designee. However, DiDa's designee, Amy Xu Shi, was unprepared to testify as to most of the topics specifically identified in Coach's Notice of Rule 30(b)(6) Deposition ("Deposition Notice"). A copy of Coach's Deposition Notice is attached hereto as **Exhibit A**. In addition, after producing an unprepared witness, and after more than five (5) hours of

282916

testimony, DiDa through its counsel, Carolyn Shields,[1] unilaterally terminated the deposition stating that Ms. Shi's deposition "can't go forward without having a Mandarin interpreter." August 22, 2014 Deposition of Amy Xu Shi ("Shi Dep."), 166:8-19; 167:8-15. A copy of the relevant portions of the August 22, 2014 Deposition Transcript is attached hereto as **Exhibit B**. Not only had Coach's counsel confirmed with counsel for DiDa prior to the date of the deposition that Ms. Shi would not require an interpreter, but Ms. Shi also confirmed during her deposition that an interpreter was unnecessary. *Id.* at 173:3-14. Prior to the deposition's start, Coach's counsel even offered to continue the deposition to a mutually agreeable date after being informed by Ms. Shi of a recent death in Ms. Shi's family. However, Ms. Shi chose to move forward with the deposition. *See id.* at 5:13-6:10; 166:20-167:7; 174:11-175:6; 180:5-13.

Coach asks that this Court to: (1) order DiDa to produce an additional Rule 30(b)(6) witness (or witnesses) that is (are) adequately informed as to the topics described below within 21 days of such an order; (2) grant Coach seven additional hours of testimony for this supplemental deposition; (3) order that DiDa pay the costs of the supplemental deposition, namely, court reporter, transcript costs, and Coach's travel costs; and, (4) enlarge fact discovery by thirty (30) days.

## FACTUAL BACKGROUND

On July 24, 2014, Coach issued its Deposition Notice to DiDa, which detailed eleven (11) topics, as well as specific subtopics, that the witness would be expected to testify to. *See* Ex. A. DiDa did not object to any of the enumerated deposition topics. DiDa then identified and produced one witness, Ms. Shi, to testify on all topics. Shi Dep. 6:18-24. Although Ms. Shi

---

[1] Coach was recently made aware of the fact that Ms. Shields has not been admitted to the Bar of the Northern District of Illinois, nor has she submitted an application for consideration of admission *pro hac vice*.

was designated as DiDa's R. 30(b)(6) witness for all topics, Ms. Shi was unprepared and unable to testify adequately, if at all, regarding any of the topics. In addition, after it became abundantly clear that Ms. Shi was unprepared to adequately testify, DiDa's counsel terminated the deposition under the guise of Ms. Shi's need for a translator. *See* Shi Dep. 166:8-19. This assertion was made despite the fact that prior to the deposition, DiDa's counsel confirmed that a translator would <u>not</u> be needed, and the fact that Ms. Shi, herself, conceded that a translator was unnecessary. *Id.* at 171:7-16; 173:3-14.

Coach's counsel informed DiDa's counsel that Coach believed that DiDa had not adequately prepared Ms. Shi as to the topics, and requested that DiDa provide an additional Rule 30(b)(6) designee who would be able to fully testify about the listed topics. *See id.* at 173:15-174:10; 179:19-180:19. Ms. Shi's lack of preparedness was also confirmed by Ms. Shi herself. *See, e.g., id.* at 84:10-85:11; 85:21-86:15. The deposition transcript reflects the fact that Ms. Shi did not make a good-faith effort to inform herself as to the topics. For example, by preparing for only thirty (30) minutes, and by choosing to not inquire about the topics with her colleagues, the owners, and/or the operators of DiDa, it is clear that Ms. Shi and DiDa failed to undertake the investigation and review required by Rule 30(b)(6). *See id.* at 44:5-45:3.

Both during Ms. Shi's deposition and multiple times during the days following the deposition, Coach's counsel requested a time to conduct a meet-and-confer on the matter. Initially, DiDa's counsel confirmed that she was available to discuss the matter on Tuesday, August 26. *Id.* at 180:14-22. On Monday, August 25, counsel for Coach wrote to DiDa's counsel seeking to confirm the time for the scheduled meet-and-confer. A copy of the August 25 correspondence is attached hereto as **Exhibit C**. Counsel for DiDa did not respond. On Tuesday, August 26, counsel for Coach again attempted to contact DiDa's counsel to conduct a

meet-and-confer on the matter. A copy of the August 26 correspondence is attached hereto as **Exhibit D**. DiDa's counsel, again, failed to respond. On Thursday, August 28, counsel for Coach attempted a third time to contact Dida's counsel in regards to a meet-and confer on the matter. A copy of the August 28 correspondence is attached hereto as **Exhibit E**. Dida's counsel failed to respond. To date, counsel for DiDa has not responded to any of the three (3) email attempts to resolve this matter.

## LEGAL ANALYSIS

### A. Motion to Compel

"Discovery is a search for the truth." *Shapo v. Engle*, No. 98-cv-7909, 2001 U.S. Dist. LEXIS 2223, at *2 (N.D. Ill. Feb. 28, 2001). Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery regarding "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), quoting *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). The Court in *Oppenheimer* went on to state that:

> [c]onsistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits.

*Oppenheimer*, 437 U.S. at 351 (citation omitted).

For purposes of discovery, the concept of relevance also is interpreted expansively. A request for discovery will be deemed relevant if there is "any possibility that the information sought may be relevant to the subject matter of the action." *Kodish v. Oakbrook Terrace Fire Protection District*, 235 F.R.D. 447, 450 (N.D. Ill. 2006). A party may seek an order to compel discovery when the recipient of discovery requests fails to adequately respond. *See Dominguez v. Don Pedro Restaurant*, Case No. 06-cv-241, 2007 U.S. Dist. LEXIS 72444, at *2-3 (N.D. Ind.

Sept. 26, 2007). The burden then rests upon the recipient to show why the particular discovery request is improper. *See id*. at *4 (citing *Kodish*, 235 F.R.D. at 449-450). The objecting party must show with specificity that the request is improper. *See id.* That burden cannot be met by reflexively invoking "the same baseless, often abused litany" of excuses that the request is overbroad, burdensome, not relevant or not calculated to lead to the discovery of admissible evidence. *Id.* (citing *Burkybile v. Mitsubishi Motors Corp.*, No. 04-cv-4932, 2006 U.S. Dist. LEXIS 57892, at *6 (N.D. Ill. Aug. 2, 2006)).

  **B.**  **Rule 30(b)(6)**

Under Fed. R. Civ. Pro. 30(b)(6), once a requesting party describes with reasonable particularity the matters on which the examination is requested, a series of duties falls on the responding corporation. *See Wachovia Sec., LLC v. NOLA, LLC*, 248 F.R.D. 544, 548 (N.D. Ill. 2008). First, the corporation must designate a deponent knowledgeable about the topic. *See id.* The corporation also must designate multiple deponents if more than one is necessary to respond to all designated topics:

> In sum, the rule requires a company to do the following: (1) to appoint someone it has control over, such as an employee, or a consenting individual, whom the company has prepared to answer questions relating to the information sought by the deposing party; (2) where one person is not capable of answering all related questions, a corporation must appoint as many individuals as necessary to complete the relevant inquiry; and (3) Regardless of how many representatives are appointed, the company must apply good faith principles in its efforts to make a designation.

*Id.* at 548-49. The corporation has the duty to "make a conscientious good faith effort to designate the persons having knowledge of the matters sought by the [discovering party] and to prepare those persons in order that they can answer fully, completely, unevasively the questions posed by [the discovering party] as to the relevant subject matters." *Buycks-Roberson v. Citibank Federal Savings Bank*, 162 F.R.D. 338, 342 (N.D. Ill. 1995).

The corporation also must prepare the Rule 30(b)(6) witness so that he or she may "adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know." *Beloit Liquidating Trust v. Century Indem., Co.*, No. 02-cv-50037, 2003 WL 355743, at *2 (N.D. Ill. Feb. 13, 2003). As succinctly stated by a court in the Middle District of North Carolina:

> Rule 30(b)(6) explicitly requires [the defendant corporation] to have persons testify on its behalf as to all matters known or reasonably available to it to it and, therefore, implicitly requires such persons to review all matters known or reasonably available to it in preparation in preparation for the Rule 30(b)(6) deposition. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the 'sandbagging' of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before trial. This would totally defeat the discovery process. **The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome**. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business.

*U.S. v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996) (emphasis added). Fed. R. Civ. P. 30(b)(6) is specifically designed to prevent business entities from "bandying," the practice of presenting employees for deposition who disclaim knowledge of facts known by other individuals within the entity. *Canal Barge Co. v. Commonwealth Edison Co.*, No. 98-cv-0509, 2001 U.S. Dist. LEXIS 10097, at *2 (N.D. Ill. July 19, 2001) (citing *SmithKline Beecham Corp. v. Apotex Corp.*, No. 98-cv-3952, 2000 U.S. Dist. LEXIS 667 (N.D. Ill. Jan. 24, 2000)).

A Rule 30(b)(6) deponent's testimony also does not represent the knowledge or opinions of the deponent, but that of the business entity. *See Canal Barge*, 2001 U.S. Dist. LEXIS 10097 at *4. In effect, the deponent is speaking for the corporation - presenting the corporation's position on the topic. The deponent must testify to both facts within the knowledge of the business entity and the entity's opinions and subjective beliefs, including the entity's interpretation of events and documents. *Id.*

Further, as part of the required preparation for a Rule 30(b)(6) deposition, the corporation "must prepare deponents by having them review prior fact witness deposition testimony as well as documents and deposition exhibits." *Calzaturficio S.CA.R.P.A. v. Fabiano Shoe Co.*, 201 F.R.D. 33 (D. Mass. 2001). The Rule 30(b)(6) designee must review all material reasonably available "whether from documents, past employees or other sources." *Id.*

Indeed, Rule 30(b)(6) makes absolutely clear that the individual designated "must testify about information known or reasonably available to the organization." That includes testimony as to both facts within the knowledge of the business entity as well as the entity's opinions and subjective beliefs, including the entity's interpretation of events and documents. *See Canal Barge*, 2001 U.S. Dist. LEXIS 10097 at *4; *SmithKline Beecham*, 2000 U.S. Dist. LEXIS 667 at *25. If a corporation produces a Rule 30(b)(6) witness who was not adequately prepared under the standards set forth above, this is tantamount to failure to appear at a deposition. *Calzaturficio*, 201 F.R.D. at 39. Such an appearance is for all practical purposes <u>no appearance at all</u>. *Id.* Furthermore, failure to adequately prepare the deponent may subject the entity to sanctions. *See SmithKline Beecham*, 2000 U.S. Dist. LEXIS 667 at *26.

    **C.**    **DiDa's Rule 30(b)(6) Deposition**

As described above, DiDa failed to adequately prepare its Rule 30(b)(6) designee with respect to the designated topics. Coach identified the following topics:

1. Consulting agreements, contracts, contract proposals, or other binding arrangements allegedly contemplated or entered into by Di Da Import and Export Inc. or any of its employees, agents, or representatives (collectively, "Di Da") from 2011 to the present, relating to the sale of products bearing the Marks at Issue.

2. Revenue, profits, payments, royalties and/or income related to the sale of all products sold through or in connection with Di Da.

3. Inventory of Products bearing the Marks at Issue in the possession of Di Da since 2011 to present.

4. All advertising in which products bearing the Marks at Issue have been promoted by Di Da.

5. Any instances of actual confusion between goods bearing the Marks at Issue and COACH's goods.

6. Di Da's registration or attempted registration of the Marks at Issue with the United States Patent and Trademark Office, including all communications with or between Di Da and the United States Patent and Trademark Office.

7. Di Da's distribution, offering for sale, and sale of Products bearing the Marks at Issue and Di Da's past and present trade channels and means of distribution for Products bearing the Marks at Issue.

8. Di Da's design, creation, and manufacture of Products bearing the Marks at Issue.

9. Di Da's organizational structure, including responsibilities and identities of any and all investors, officers, partners, directors, or managerial employees, and any and all predecessors and/or successors in interest of Di Da, and all other business currently or previously owned by Di Da.

10. Di Da's decision-making processes and Di Da's decision to design, create, manufacture, distribute, offer for sale, or sell Products bearing the Marks at Issue.

11. Di Da's annual revenues, profits, payments, royalties, and/or income from 2011 to the present.

*But see* Shi Dep. 27:11-28:25; 42:12-20; 44:14-45:3; 85:2-86:15; 141:10-142:6 (where Ms. Shi was unable to answer counsel's questions, made no inquiry into the deposition topics, or had no knowledge on the topics). In the approximately thirty (30) minutes spent with DiDa's counsel in preparation, Ms. Shi testified her preparation consisted of reviewing the topics she would be questioned on and discussing appropriate attire for the deposition. Shi Dep. 20:11-22:6. Not having reviewed any other information, however, Ms. Shi was unable to testify as to any of the above matters reasonably known to DiDa, as is required under the Rule, and thus Coach was deprived of relevant testimony that it is entitled to. *See, e.g, Calzaturficio*, 201 F.R.D. at 39 (If a corporation produces a Rule 30(b)(6) witness who was not adequately prepared, this is tantamount to failure to appear at a deposition); *Canal Barge*, 2001 U.S. Dist.

LEXIS 10097 at *4 (the deponent is presenting the corporation's position on the topic, and thus must testify to the entity's opinions and subjective beliefs, including the entity's interpretation of events and documents). As a result, the Court should order DiDa to now produce a Rule 30(b)(6) witness or witnesses to fully testify regarding these subjects. Coach anticipates that seven hours of additional testimony will likely be sufficient for these additional Rule 30(b)(6) depositions, however, in light of the testimony of DiDa thus far, reserves its right to seek additional time if necessary. Finally, Coach asks that the Court order that DiDa pay Coach's costs and for this supplemental deposition, namely, court reporter, transcript costs, and travel expenses for the need for Coach's counsel to return to New York City, New York. *See Sanford v. CBS, Inc.*, 594 F. Supp. 713, 715 (N.D. Ill. 1984). Coach's counsel originally asked that the deposition be held in Chicago but was required to travel to New York when DiDa refused.

In sum, DiDa behaves as if it believes it can treat its discovery obligations as a game of "hare and hounds," complying only if it is finally "cornered at the end of the chase," and even then complying incompletely and inadequately. *See U.S. v. Rylander*, 460 U.S. 752, 762 (U.S. 1983) (citation omitted). The Court should not sanction such behavior.

## CONCLUSION

For the foregoing reasons, and to prevent any further delay of Coach's discovery due to DiDa's failure to produce an informed Rule 30(b)(6) witness, Coach respectfully asks that this Court: (1) order DiDa to produce an additional Rule 30(b)(6) witness or witnesses that are adequately informed as to the topics described above within 21 days of such an order; (2) grant Coach a total of seven additional hours of testimony for these supplemental depositions; (3) enlarge the discovery period by thirty (30) days; and, (4) order that DiDa pay the costs of these

supplemental depositions, namely, court reporter, transcript costs, and Coach's costs and attorneys' fees.

Dated: September 24, 2014

Respectfully submitted,

BRYAN CAVE LLP

By: /s/ S. Patrick McKey
S. Patrick McKey, #6201588
Donald A. Cole, #6299318
Lauren J. Caisman, # 6312465
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Tel: (312) 602-5000
Fax: (312) 602-5050
patrick.mckey@bryancave.com
donald.cole@bryancave.com
lauren.caisman@bryancave.com
*Attorneys for Coach, Inc. and Coach Services, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 24th day of September 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Defendant Di Da Import and Export Inc. through its counsel of record.

Respectfully submitted,

    /s/ S. Patrick McKey
S. Patrick McKey