IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COACH, INC. and COACH SERVICES, INC., | : |
| Plaintiffs, | : Case No. 13-cv-7165 |
| v. | : Honorable Samuel Der-Yeghiayan |
| DI DA IMPORT AND EXPORT INC. (D/B/A DI DA NEW YORK), | : |
| Defendant. | : |

## NOTICE OF FED. R. CIV. P. 30(b)(6) DEPOSITION

To: Brian J. Lum
ICE MILLER
200 West Madison Street, Suite 3500
Chicago, Illinois 60606

Ying Liu
Liu & Shields LLP
41-60 Main Street, Suite 208A
Flushing, New York 11355

PLEASE TAKE NOTICE that Plaintiffs, Coach, Inc. and Coach Services, Inc., pursuant to Rule 30 of the Federal Rules of Civil Procedure, shall take the deposition of Di Da Import and Export Inc., by its designated corporate representative, who is most knowledgeable to testify with respect to the subject matters identified in **Exhibit A**, attached hereto.

This deposition shall take place before a court reporter, videographer, Notary Public, or other official authorized to administer oaths, at the offices of Bryan Cave LLP, 1290 Avenue of the Americas, New York, New York 10104. The deposition shall be recorded stenographically

1

and by video and shall commence on **Friday, August 22, 2014 at 9:30 a.m.**, and continue from day to day thereafter until completed.

This 24th day of July 2014

Respectfully submitted,

COACH, INC. and COACH SERVICES, INC.

By:_____
S. Patrick McKey, #6201588
Donald A. Cole, #6299318
Lauren J. Caisman, # 6312465
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Tel: (312) 602-5000
Fax: (312) 602-5050
patrick.mckey@bryancave.com
donald.cole@bryancave.com
lauren.caisman@bryancave.com

*Counsel for Coach, Inc. and Coach Services, Inc.*

## EXHIBIT A TO NOTICE OF DEPOSITION
## OF DI DA IMPORT AND EXPORT INC.

*Subject Matters of Examination*

1. Consulting agreements, contracts, contract proposals, or other binding arrangements allegedly contemplated or entered into by Di Da Import and Export Inc. or any of its employees, agents, or representatives (collectively, "Di Da") from 2011 to the present, relating to the sale of products bearing the Marks at Issue[1].

2. Revenue, profits, payments, royalties and/or income related to the sale of all products sold through or in connection with Di Da.

3. Inventory of Products bearing the Marks at Issue in the possession of Di Da since 2011 to present.

4. All advertising in which products bearing the Marks at Issue have been promoted by Di Da.

5. Any instances of actual confusion between goods bearing the Marks at Issue and COACH's goods.

6. Di Da's registration or attempted registration of the Marks at Issue with the United States Patent and Trademark Office, including all communications with or between Di Da and the United States Patent and Trademark Office.

7. Di Da's distribution, offering for sale, and sale of Products bearing the Marks at Issue and Di Da's past and present trade channels and means of distribution for Products bearing the Marks at Issue.

8. Di Da's design, creation, and manufacture of Products bearing the Marks at Issue.

9. Di Da's organizational structure, including responsibilities and identities of any and all investors, officers, partners, directors, or managerial employees, and any and all predecessors and/or successors in interest of Di Da, and all other business currently or previously owned by Di Da.

10. Di Da's decision-making processes and Di Da's decision to design, create, manufacture, distribute, offer for sale, or sell Products bearing the Marks at Issue.

11. Di Da's annual revenues, profits, payments, royalties, and/or income from 2011 to the present.

---

[1] "Marks at Issue" refers to all marks identical and/or confusingly similar to the COACH TRADEMARKS, COACH TRADE DRESSES, and COACH DESIGN ELEMENTS which appear on Defendant's goods, including but not limited to the marks at issue in this case as alleged in the COMPLAINT.

## **CERTIFICATE OF SERVICE**

I, Lauren J. Caisman, hereby certify that a copy of the foregoing document was served, via e-mail, to all counsel of record on this 24th day of July, 2014.

By: _____
Lauren J. Caisman