**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COACH, INC. and COACH SERVICES, INC.,

                    Plaintiffs,

                    v.

DI DA IMPORT AND EXPORT INC. (D/B/A DI DA NEW YORK)

                    Defendant.

**Case No. 13-cv-7165**

**Honorable Samuel Der-Yeghiayan**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT

Plaintiffs Coach, Inc. and Coach Services, Inc. (collectively, "Coach"), by and through their attorneys, Bryan Cave LLP, pursuant to Federal Rule of Civil Procedure 15, move for leave to file their First Amended Complaint against Defendant Di Da Import and Export Inc. ("Di Da") and to add as additional Defendants, Sam Zhu, Long Zhu, Hong Zhu, and Amy Shi (collectively, "Proposed Additional Defendants"). In support of its motion, Coach states as follows:

### INTRODUCTION

On October 6, 2013, Coach filed its Complaint against Di Da. Among other claims, the Complaint stated causes of action for trademark infringement and unfair competition under the Lanham Act. Based on recent testimony given by Di Da's corporate representatives, however, it is apparent that as Di Da's owners and officers, Proposed Additional Defendants, were exercising the requisite level of domination and control over Di Da such that they should not be able to use Di Da's corporate form to shield themselves from liability for the wrongful acts alleged in Coach's Complaint. In essence, Di Da is merely a corporate fiction used for the

Proposed Additional Defendants' personal financial protection. Under the theory of alter ego and piercing the corporate veil, Coach seeks leave to file its First Amended Complaint to name the Proposed Additional Defendants to be held jointly and severally liable for the infringement and counterfeiting activities alleged in Coach's Complaint. The Proposed First Amended Complaint is attached herewith as **Exhibit A**. A redline showing the differences between the Complaint and the Proposed First Amended Complaint is attached herewith as **Exhibit B**.

## PROCEDURAL HISTORY

Since the filing of Coach's Complaint, the parties have engaged in several months of discovery. In doing so, Coach has propounded three sets of discovery requests upon Di Da, and has held, and fully participated in good faith, in several Local Rule 37.2 conferences with Di Da related to numerous discovery disputes. Coach also attempted to prosecute the deposition of Di Da's 30(b)(6) designee on several occasions, finally doing so only after this Court granted Coach's Motion to Compel.

On August 22, 2014, Coach deposed Di Da's Rule 30(b)(6) designee. Di Da's designee, Amy Xu Shi, however, admitted that she was unprepared to testify as to most of the topics identified in advance in Coach's Notice of Rule 30(b)(6) Deposition. Following more than five hours of such ill-prepared testimony, Di Da's counsel unilaterally terminated the deposition. Due to Di Da's failure to produce an informed witness, on September 24, 2014 Coach filed its Motion to Compel the Production of Di Da's Rule 30(b)(6) witnesses. (Dkt. No. 23.) The Motion to Compel was granted by the Court on September 30, 2014. (Dkt. No. 25.) Rather than producing one 30(b)(6) witness, however, Di Da again produced three additional representatives, Long Zhu, Hong Zhu, and Sam Zhu, in addition to Amy Xu Shi, to testify on Di Da's behalf.

Coach's continued deposition of these 30(b)(6) took place in New York City, New York on October 29, 30, and 31, 2014.

## LEGAL ANALYSIS

### A. Coach Should Be Freely Granted Leave To Amend.

The United States Supreme Court has explained that the standard for permitting amended pleadings is liberal:

> Rule 15(a) declares that leave to amend "**shall be freely given when justice so requires**"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations omitted) (emphasis added).

Coach's proposed amendment is not motivated by any improper purpose. Based on recent testimony given by Di Da's corporate representatives, Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu on October 29, 30, and 31, 2014, it is apparent that the Proposed Additional Defendants, all owners or officers of Di Da, were using Di Da as a corporate fiction and their alter ego.[1] This information was revealed only after the compelled October deposition testimony of Di Da's 30(b)(6) persons with most knowledge, Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu. Following those depositions, and the receipt of the transcripts of those depositions, Coach is promptly seeking to amend. Like in *Triteq Lock & Security LLC v. Innovative Secured*

---

[1] *See infra* § B.

*Solutions, LLC*, "[d]iscovery in this case has been slow and contested, with Plaintiff filing [] motions to compel" and as soon as "Plaintiff acquired new evidence through discovery, [] [Plaintiff] promptly sought leave to amend." No. 10 C 1304, 2011 WL 3203303, *2 (N.D. Ill. July 21, 2011) (granting leave to amend complaint).

It was Di Da's dilatory tactics in discovery and in producing its 30(b)(6) witnesses, not Coach or its conduct, that has delayed Coach's filing for leave to amend. Had Coach not been forced to file a Motion to Compel the cooperation of Di Da in responding to Coach's deposition notices and in producing a competent witness to testify on such matters, Coach would have uncovered these new facts and amended its Complaint to pierce Di Da's corporate veil sooner. Therefore, there can be no dilatory motive or undue delay attributable to Coach in seeking to amend its Complaint.

Nor will amendment prejudice Di Da or the Proposed Additional Defendants. The depositions of the Proposed Additional Defendants have already been taken and no additional discovery is necessary. Further, information regarding Di Da's operations and the Proposed Additional Defendants' participation in same was uniquely within Di Da's and the Proposed Additional Defendants' knowledge. As such, Di Da and the Proposed Additional Defendants could have reasonably foreseen that Coach would seek to pierce the corporate veil against the Proposed Additional Defendants. An amendment would not inflict unfair prejudice on the non-moving party if the non-moving party could have foreseen litigating the new claims or if the non-moving party was aware of all relevant facts from the outset of litigation. *Westland v. Sero of New Haven, Inc.*, 601 F. Supp. 163, 167 (N.D. Ill. 1985) (granting leave to amend complaint four months after the close of discovery, after the filing of a pretrial order and jury instructions, and after the case was fully ready for trial).

Accordingly, the amendment should be allowed and Coach should be given an opportunity to test its claims on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that the policy to freely amend "when justice so requires" is a "mandate . . . to be heeded"); *Murrell v. Crass*, 960 F.2d 151 (7th Cir. 1992) ("[I]f the underlying facts or circumstances relied upon by the plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

### B. Amendment Is Necessary To Pierce Di Da's Corporate Veil Against The Proposed Additional Defendants.

The deposition testimony of Di Da's 30(b)(6) witnesses has provided Coach with a good-faith basis to amend its original Complaint to bring Coach's claims for trademark infringement and counterfeiting under the Lanham Act, and unfair competition under Illinois common and statutory law, against not only Di Da, but also against the Proposed Additional Defendants who use Di Da as an alter ego and shield from liability. Amendment is necessary in order to conform the pleading to the facts uncovered through discovery in the present suit.

Under New York law,[2] a court may pierce the corporate veil and predicate personal liability upon a showing of fraud or upon complete control by the dominating individual that leads to a wrong against a third party. *Freeman v. Complex Computing Co., Inc.*, 119 F.3d 1044, 1052 (2d Cir. 1997). To pierce this veil, a plaintiff must establish: "(1) the owner has exercised such control that the corporation has become a mere instrumentality of the owner, which is the real actor; (2) such control has been used to commit a fraud or other wrong; and (3) the fraud or wrong results in an unjust loss or injury to plaintiff." *Id*. The "dominating entity" or "owner," however, can, but need not be a shareholder of the corporation. Under the doctrine of equitable

---

[2] In this federal question case, the law of the state of incorporation governs whether to pierce the corporate veil. *Fuller v. Midland Credit Mgmt. Inc.*, No. 11 C 5111, 2014 WL 883757, *6 (N.D. Ill. Mar. 6, 2014). Because Di Da's state of incorporation is New York (Dkt. No. 10, Answer, ¶ 6), New York law applies to Coach's claim to pierce Di Da's corporate veil.

ownership, New York law recognizes piercing the limited liability veil of a corporation against individuals who exercise sufficient control over the corporation regardless of whether the individual is a shareholder, officer, director, or employee of the corporation. *Id.* at 1051. (collecting cases and rejecting argument to the contrary). Where equitable owners exercise considerable authority over the corporation to the point of "completely disregarding the corporate form," personal liability attaches for the wrongs committed by the alter ego corporation. *Id*. at 1051–53.

To determine whether the requisite "complete control" exists, courts consider factors such as (1) the disregard of corporate formalities; (2) inadequate capitalization; and (3) comingling of personal and corporate funds. *Id*. at 1053. These factors, among others, favor piercing Di Da's corporate veil against the Proposed Additional Defendants and Coach should be permitted leave to amend its Complaint to do so. The Proposed Additional Defendants have not only used Di Da to infringe upon numerous Coach trademarks, but Di Da and the Proposed Additional Defendants have essentially acted as a single economic enterprise from Di Da's very inception. The Proposed Additional Defendants have failed to observe any of the legal requirements of the corporate form. Further, the Proposed Additional Defendants do not maintain any corporate records and have exhibited a complete lack of independent activity on the part of Di Da. The commingling of personal and Di Da funds, combined with the inadequate capitalization of Di Da weighs in favor of, and is sufficient to justify piercing the corporate veil under the alter ego doctrine. *Illinois Bell Tel. Co. v. Global NAPs Illinois, Inc.*, 551 F.3d 587, 593 (7th Cir. 2008) (applying federal common law).

The Proposed Additional Defendants have also failed to respect Di Da's corporate form, and continue to disregard corporate formalities, including by wrongly commingling personal and

Di Da corporate funds both prior to and since the filing of the present lawsuit on October 6, 2013. (First Amended Complaint, ¶ 77.) For example, at Di Da's inception in or around 2011, Long Zhu used personal funds from the sale of his personal property to provide Di Da with a capital investment for merchandise. (First Amended Complaint, ¶ 78; Deposition of Long Zhu ("Long Dep.") 19:7-11; 73:18-74:5. (A copy of excerpts of Long Deposition is attached as **Exhibit C**).) This "investment," and others like it, however, were not recorded as capital contributions on Di Da's tax returns. (First Amended Complaint, ¶ 79; Deposition of Amy Shi ("Shi Dep.") 133:8-16 (A copy of excerpts of Shi Deposition is attached as **Exhibit D**).) Further, Long Zhu pays Di Da's Chinese manufacturers with funds from his personal savings accounts without reimbursement from Di Da. (First Amended Complaint, ¶ 80; Shi Dep. 127:21-128:14; 131:25-133:7.) In fact, Long Zhu's personal funds have "facilitated a constant cash flow" for Di Da's operations. (First Amended Complaint, ¶ 81; Long Dep. 170:9-171:17.) The Proposed Additional Defendants have readily available access to these funds without any policies regarding authorized use or withdrawal. (First Amended Complaint, ¶ 86; Shi Dep. 164:8; 164:17-21; Deposition of Hong Zhu ("Hong Dep.") 58:5-60:11 (A copy of excerpts of Hong Deposition is attached as **Exhibit E**).)

Di Da's lack of corporate records further supports the notion that corporate form is not respected here. (First Amended Complaint, ¶ 82.) In actuality, not all of Di Da's directors or officers are even aware of Di Da's incorporation format. (First Amended Complaint, ¶ 83; Shi Dep. 26:16-28:5.) Additionally, though in corporate existence since 2011, Di Da only issued its Certificate of Shares to its purported single shareholder the day before the compelled 30(b)(6) deposition of Di Da in October 2014, though no consideration was exchanged for those shares. (First Amended Complaint, ¶¶ 84, 85; Long Dep. 173:24-176:6; Deposition of Sam Zhu ("Sam

Dep.") 40:13-41:17; 44:24-46:6 (A copy of excerpts of Sam Deposition is attached as **Exhibit F**).) Further, Di Da lacks records of purchase orders or related paperwork when purchasing goods from its manufacturers, lacks records of customer claims, complaints, concerns, or refunds, and does not maintain a database or accounting system to capture other sales or vendor information. (First Amended Complaint, ¶ 88; Hong Dep. 78:5-17; Shi Dep. 97:8-13; 334: 25-335:4; 414:18-23; Long Dep. 84:15-85:14.) Di Da also lacks policies regarding bonuses, profit sharing, or expense reimbursement. (First Amended Complaint, ¶ 87; Hong Dep. 45:25-46:22; Sam Dep. 57:23-58:2.) And, while Defendants set and pay employee salaries arbitrarily and supposedly pay some of their employees hourly, Defendants do not record hours worked or reflect this in employment contracts or other form. (First Amended Complaint, ¶¶ 89, 90; Hong Dep. 49:24-53:11; Sam Dep. 65:4-15; Shi Dep. 48:10-22; 49:10-17.) Defendants also do not have any type of workplace guide or employee handbook. (First Amended Complaint, ¶ 91; Sam Dep. 200:6-11.)

Di Da and the Proposed Additional Defendants have also failed to observe several other legal requirements of separate corporate existence. (First Amended Complaint, ¶ 92.) For example, Di Da does not maintain a registered agent or corporate secretary. (First Amended Complaint, ¶ 93; Sam Dep. 44:6-23.) Nor are the titles, roles, and responsibilities of Di Da's corporate managers, officers, and directors divided clearly. (First Amended Complaint, ¶¶ 92, 94; Hong Dep. 113:6-13; Sam Dep. 161:3-20; Shi Dep. 11:22-23; 12:5-13:3; 13:22-14:19; 16:20-23; 23:14-24:5; 33:22-34:3; 38:21-39:7.) Moreover, Di Da neither holds regularly scheduled director or shareholder meetings, sets agenda for those meetings, or maintains records or minutes of those meetings. (First Amended Complaint, ¶ 95; Long Dep. 177:16-21; Sam Dep. 39:24:40:12; Shi Dep. 34:4-6.) *But see* N.Y. BUS. CORP. LAW § 602(b) ("A meeting of

shareholders shall be held annually for the election of directors and the transaction of other business on a date fixed by or under the by-laws."); N.Y. BUS. CORP. LAW § 624(a) ("Each corporation shall keep correct and complete books and records of account and shall keep minutes of the proceedings of its shareholders, board and executive committee, if any, and shall keep at the office of the corporation in this state or at the office of its transfer agent or registrar in this state, a record containing the names and addresses of all shareholders."). Di Da is unaware of its obligation to hold such meetings under New York corporate law. (First Amended Complaint, ¶ 96; Shi Dep. 36:3-6; 36:14-37:2.) As such, consistent with this lack of formality and lack of knowledge of corporate requirements, Defendants do not vote on key business decisions, maintain financial statements, like profit and loss statements, or even review Di Da's tax returns prior to filing. (First Amended Complaint, ¶¶ 97, 98; Sam Dep. 54:23-55:2; 57:3-6; 199:19-25; 200:12-19.) As a result of Di Da's failure to observe the above corporate formalities, piercing the veil is justified.

Further, Di Da is inadequately capitalized. (First Amended Complaint, ¶ 99.) Without adequate capitalization, "a corporation becomes a mere liability shield, rather than an independent entity capable of carrying on its own business." *Wachovia Sec., LLC v. Banco Panamericano, Inc.,* 674 F.3d 743, 752 (7th Cir. 2012). To date, Di Da has not repaid, or even acknowledge any obligation to repay, a $200,000 loan from Long Zhu to Di Da, a loan which was made to Di Da without proper documentation or terms. (First Amended Complaint, ¶ 100; Long Dep. 74:6-17; 75:12-19; 76:2-6; 121:2-123:2; Hong Dep. 60:12-61:20; Sam Dep. 37:15-23; 38:14-18.) Further, Di Da reports additional "Loans from Shareholders," though sole shareholder, Sam Zhu, has supposedly never loaned Di Da any funds. (First Amended Complaint, ¶ 101; Hong Dep. 61:21-63:22; 64:4-5; 64:11-65:9; 66:22-67:3; 74:14-75:13; Sam

287463                                    9

Dep. 46:7-20; 55:16-56:3; Long Dep. 172:23-173:12.) Further, in addition to a lack of funds in Di Da's checking accounts or assets in the form of real estate or other property, Di Da fails to maintain business insurance coverage for its potential liabilities. (First Amended Complaint, ¶¶ 102-104; Long Dep. 172:23-173:12; Sam, Dep. 219:9-21; Shi Dep. 76:7-22.) Such undercapitalization should render Di Da a mere liability shield, rather than an independent entity capable of carrying on its own business.

The Proposed Additional Defendants have used and continue to use Di Da as a façade for their personal operations of defrauding consumers through infringing and counterfeiting activity. The above-referenced representations and actions of Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu evidence a level of control over Di Da such that Di Da was merely the alter ego of Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu. Accordingly, for the foregoing reasons, it is appropriate to pierce the corporate veil and impose liability on Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu for the activities of Di Da as well as for any activities undertaken in their personal capacity.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Leave to File Their First Amended Complaint and grant leave to file the attached First Amended Complaint, amend the case caption to read *Coach, Inc. and Coach Services Inc. v. Di Da Import and Export Inc., d/b/a Di Da New York, and Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu*, and any other such relief as the Court may deem appropriate.

Dated: December 19, 2014            Respectfully submitted,

                                               BRYAN CAVE LLP

                                               By: /s/ S. Patrick McKey

                                                S. Patrick McKey, #6201588
Donald A. Cole, #6299318
Lauren J. Caisman, # 6312465
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Tel: (312) 602-5000
Fax: (312) 602-5050
patrick.mckey@bryancave.com
donald.cole@bryancave.com
lauren.caisman@bryancave.com
*Attorneys for Coach, Inc. and*
*Coach Services, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 19th day of December 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Defendant Di Da Import and Export Inc. through its counsel of record.

                                    Respectfully submitted,

                                    ___/s/ S. Patrick McKey
                                       S. Patrick McKey