# **EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
:
COACH, INC. and COACH SERVICES, INC.,          :
:
Plaintiffs,          :
:          **Case No. 13-cv-7165**
v.          :
:          **JURY DEMANDED**
DI DA IMPORT AND EXPORT INC. d/b/a DI DA :
NEW YORK, and HONG ZHU, LONG ZHU, AMY:
SHI, and  SAM ZHU,          :
:
Defendants.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## [PROPOSED] FIRST AMENDED COMPLAINT

Plaintiffs Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to as "Coach" or "Plaintiffs"), through their undersigned counsel, for their First Amended Complaint against Defendants Di Da Import and Export Inc. d/b/a Di Da New York ("Di Da"), Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu (together with Di Da, "Defendants"), allege as follows:

### Nature of the Action

1.      This is an action for trademark infringement and counterfeiting under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, and 1125(a)); trademark infringement, unfair competition and unjust enrichment under Illinois common law; and unfair competition under the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505).

### Jurisdiction and Venue

2.      Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of

1

citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to trademarks). This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over the Defendants because they do business in the State of Illinois.

4. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400 (b) because a substantial part of the events giving rise to the claims in this action occurred within this District.

**Parties**

5. Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York. Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in Jacksonville, Florida.

6. Upon information and belief, Di Da is or purports to be a New York corporation, which does regular and extensive business in the Chicago, Illinois metropolitan area.

7. Upon information and belief, Hong Zhu resides in New York, New York, and is or purports to be an equitable owner of Di Da.

8. Upon information and belief, Long Zhu resides in Guang Zhou, China and is or purports to be an equitable owner of Di Da.

9. Upon information and belief, Amy Shi resides in New York, New York, and is or purports to be an equitable owner of Di Da.

10. Upon information and belief, Sam Zhu resides in Guang Zhou, China and is or purports to be a shareholder of Di Da.

286322

2

11.     Upon information and belief, Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu exert undue control over not only the financials of Di Da, but also over the day-to-day operations of Di Da.

12.     Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  Plaintiffs further allege that Defendants have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants failed and/or refused to perform.

## The World Famous Coach Brand and Products

13.     Coach was founded more than seventy (70) years ago as a family-run workshop in Manhattan.  Since then Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, accessories, eyewear, footwear, jewelry and watches.  Coach sells its goods through its own specialty retail stores, department stores, catalogs, and via an Internet website www.coach.com throughout the United States, including Illinois.

14.     Coach has used a variety of legally-protected trademarks for many years on and in connection with the advertisement and sale of its products, including but not limited to, those detailed in this Complaint (collectively, the "Coach Marks").

15.     Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Marks.  As a result, products bearing the Coach Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired strong secondary

286322

meaning. Coach products have also become among the most popular in the world, with Coach's annual global sales currently exceeding four and one-half billion dollars ($4,500,000,000).

## The Coach Trademarks

16.     Coach is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Coach Trademarks"):

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, cellular phone cases satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | August 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 14 for Leather Goods, namely, Utility Kits, Portfolios, Key Cases, Comb Cases, Pass Cases, Money Clips, Billfolds, Wallets, Pocket Secretaries, Stud Cases, Jewel Cases, and Leather Book Covers. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for eyeglasses. | May 15, 2001 | COACH |
| 4,105,689 | COACH | 9 for sunglasses. | February 25, 2012 | COACH |
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |

286322

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,231,001 | COACH | 25 for *inter alia* clothing for men, women and children namely, coats, jackets, overcoats, raincoats, shirts, vest, scarves, shoes and belts. | March 9, 1999 | COACH |
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags and men's and women's belts. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 4,168,626 | COACH NEW YORK | 18, 25 for briefcases, satchels, tote bags, duffle bags, key cases, coin cases, wallets, hats, caps, gloves, coats, jackets, vests, shirts, overcoats, raincoats, scarves, ties, shoes and belts. | July 3, 2012 | COACH NEW YORK |
| 4,296,584 | COACH NEW YORK | 9, 16 for cases for eyeglasses and sunglasses, sunglasses and spectacles, calendars and diaries | February 26, 2013 | COACH NEW YORK |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14 for jewelry | April 15, 2008 | Coach est. 1941 |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |

286322

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,252,847 | COACH & LOZENGE DESIGN | 35 for retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* watches. | November 9, 1999 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women, namely, coats, jackets, scarves, shoes, and belts. | June 30, 1998 | COACH |
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, computer cases, briefcases, satchels, duffel bags, hats, caps and gloves. | March 18, 1997 | COACH |
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags and men's and women's belts. | August 9, 1977 | COACH |
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods, namely, wallets, handbags and shoulder bags. | December 19, 1984 | COACH |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 | COACH |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 | |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 | |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 | |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,832,589 | CC & DESIGN (Signature C) | 6, 9, 14, 18, for *inter alia* sunglasses and eye glass cases, leather goods, metal key fobs, leather key fobs jewelry, watches, umbrellas | April 13, 2004 | |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing namely, scarves, belts, gloves , hats, shoes, coats, jackets. | July 9, 2002 | |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services. | March 16, 2004 | |
| 4,365,898 | COACH Signature C Design | 9 for Protective covers and cases for cell phones, laptops and portable media players | July 9, 2013 | |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 | |
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24, 25 for *inter alia* handbags, purses, wallets, umbrellas, fabrics for the use in manufacturing clothings, shoes and handbags and clothing namely scarves, hats, caps and shoes. | November 8, 2005 | |
| 3,784,814 | COACH OP ART | 9 for eyeglasses and sunglasses. | May 4, 2010 | |
| 4,365,899 | COACH OP ART | 9 for Protective covers and cases for cell phones, laptops and portable media players | July 9, 2013 | |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 4,105,636 | COACH OP ART | 14, 18, 25 for Jewelry, watches, wallets, handbags, belts, hats, scarves, shoes, coats, gloves and t-shirts. | February 28, 2012 |  |
| 3,696,470 | COACH OP ART & Design | 18, 24 and 25 for *inter alia* handbags, wallets, umbrellas, hats, scarves, belts, coats, shoes and fabrics for the manufacturing of clothing, shoes and handbags. | October 13, 2009 |  |
| 4,391,741 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 3 for After-shave; Body lotions; Fragrances; Make-up; Perfumes; Soaps for personal use | August 27, 2013 |  |
| 4,296,582 | COACH EST. 1941 NEW YORK | 14,16,18 and 25 for jewelry and watches, handbags, leather credit card cases, purses, shoulder bags, wallets, belts, coats, t-shirts, hats, gloves, shoes, day planners. | February 26, 2013 |  |
| 4,359,191 | COACH EST. 1941 NEW YORK | 9 for Protective covers and cases for cell phones, laptops and portable media players. | June 25, 2013 |  |
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets, coats and shoes. | June 12, 2007 |  |
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks, purses, wallets, and shoulder bags. | November 11, 2007 |  |
| 3,149,330 | C & LOZENGE LOGO | 14 for watches. | September 26, 2006 |  |

286322

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,162,303 | COACH & TAG DESIGN | 25 for belts. | June 2, 1998 | |
| 4,334,351 | COACH & TAG | 9 for Protective covers and cases for cell phones, laptops and portable media players. | May 14, 2013 | |
| 3,685,590 | COACH & TAG | 14 for Bracelets; Earrings; Jewelry; Necklaces; Rings being jewelry; Watches | September 22, 2009 | |
| 2,088,707 | COACH & TAG DESIGN | 18 for briefcases, handbags, satchels, tote bags, duffle bags, cosmetic bags, luggage. | August 19, 1997 | |
| 3,908,558 | POPPY | 9 for eyeglasses and sunglasses. | January 18, 2011 | POPPY |
| 3,812,170 | POPPY | 18 for *inter alia* backpacks, briefcases, leather key chains, bags, wallets and billfolds. | June 29, 2010 | POPPY |

17.     These registrations are valid, subsisting, in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065.[1]

18.     The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

19.     The registration of the marks also provides sufficient notice to Defendants of Coach's ownership and exclusive rights in the Coach Trademarks.

---

[1] All registrations originally held in the name of Coach's predecessors, Sara Lee Corporation and Saramar Corporation, were assigned in full to Coach on or about October 2, 2000.

20.    The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125 (c)(1).

21.    The Coach Trademarks at issue in this case have been continuously used and have never been abandoned.

**Defendants' Acts of Infringement and Unfair Competition**

22.    Upon information and belief, Defendants are engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks (hereinafter referred to as the "Infringing Products"). Defendants' specific conduct includes, among other things:

A.    Defendants' website, http://www.didanewyork.com, advertised for sale at least one style of wallet (in three different colors, http://www.didanewyork.com/10-fabric-wallet-88603.html, *see* Exhibit A) and at least one style of messenger bag (in seven different colors, http://www.didanewyork.com/63-dida-printed-crossbody-a95606.html, *see* Exhibit B) which are not authentic Coach products, but which bear logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks.

B.    On or about May 15, 2013, an investigator for Coach purchased a duffle-sized bag for $54.61 at a third-party vendor located at Block 37 Mall, 108 N. State St., Chicago, IL, and which, based on the label attached to the bag, was designed, manufactured, advertised, promoted, distributed, and/or sold to the third-party vendor by Defendants. The bag is not an authentic Coach product, but bears logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks.

286322

C.      Upon information and belief, Defendants advertise their products, which bear logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, in a variety of ways, including but not limited to, through flyers and business cards (including at trade shows across the country).

D.      Upon information and belief, Defendants use the forgoing written media to promote, advertise and otherwise solicit customers for purposes of selling, *inter alia*, goods which bear logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks.

23.     Defendants are well aware of the extraordinary fame and strength of the Coach brand and the Coach Trademarks, and the incalculable goodwill associated therewith.

24.     Defendants have no license, authority, or other permission from Coach to use any of the Coach Trademarks in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Infringing Products.

25.      Defendants have been engaging in the above-described illegal counterfeiting and infringing activities negligently and/or knowingly and intentionally, with reckless disregard or willful blindness to Coach's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Coach Marks and Coach products.

26.     Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Infringing Products and Coach.

27.     Upon information and belief, Defendants intend to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Products.

286322

28.     Coach is suffering irreparable injury, has suffered substantial damages as a result of Defendants' activities, and has no adequate remedy at law.

## COUNT I
### (Trademark Counterfeiting, 15 U.S.C. § 1114)

29.     Coach repeats and realleges the allegations set forth in paragraphs 1-28.

30.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

31.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' Infringing Products are genuine or authorized products of Coach.

32.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

33.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

34.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

35.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

36.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

12

286322

## COUNT II
### (Trademark Infringement, 15 U.S.C. § 1114)

37.     Coach repeats and realleges the allegations set forth in paragraphs 1-36.

38.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are confusingly similar to Coach's Trademarks.

39.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

40.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

41.     Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

42.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

43.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

44.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT III
### (False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

45.     Coach repeats and realleges the allegations set forth in paragraphs 1-44.

286322

46. Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Products, together with Defendants' use of other indicia associated with Coach is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products, and is intended, and is likely to cause such parties to believe in error that the Infringing Products have been authorized, sponsored, approved, endorsed or licensed by Coach, or that Defendants are in some way affiliated with Coach.

47. The foregoing acts of Defendants constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

48. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

49. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

50. Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT IV**
**(Common Law Trademark Infringement)**

51. Coach repeats and realleges the allegations set forth in paragraphs 1-50.

52. Coach owns all rights, title, and interest in and to the Coach Trademarks, including all common law rights in such marks.

53. Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the Coach Trademarks.

286322

54.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

55.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

56.     Defendants' acts constitute trademark infringement in violation of the common law of the State of Illinois.

57.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

58.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

59.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT V
### (Unfair Competition, Illinois Consumer Fraud and Deceptive Business Practices Act)

60.     Coach repeats and realleges the allegations set forth in paragraphs 1-59.

61.     The foregoing acts of Defendants constitute unfair competition in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505 *et seq.*).

62.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

286322

63.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

64.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT VI
### (Common Law Unfair Competition)

65.     Coach repeats and realleges the allegations set forth in paragraphs 1-64.

66.     The foregoing acts of Defendants constitute unfair competition in violation of the common law of the State of Illinois.

67.     Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

68.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

69.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT VII
### (Unjust Enrichment)

70.     Coach repeats and realleges the allegations set forth in paragraphs 1-69.

71.     The acts complained of above constitute unjust enrichment of Defendants at Coach's expense, in violation of the common law of the State of Illinois.

## COUNT VIII
### (Piercing the Corporate Veil)

72.     Coach repeats and realleges the allegations set forth in paragraphs 1-71.

73.     Di Da is in the business of defrauding consumers by manufacturing, advertising, marketing, distributing, offering for sale, and/or selling Infringing Products as set forth above.

286322

74.     Upon information and belief, Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu are officers and equitable owners and exercise undue dominion and control over Di Da such that Di Da is merely the instrumentality of Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu and no separate identities exist.

75.     Di Da is a mere instrumentality through which Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu perpetrate the acts of counterfeiting, fraud, and infringement alleged in this Amended Complaint.

76.     Defendants' acts of counterfeiting, fraud, and infringement alleged in this Amended Complaint have damaged Coach.

77.     Upon information and belief, Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu have and continue to disregard corporate formalities and have and continue to wrongly commingle personal and Di Da corporate funds prior to and since the filing of the present suit on October 6, 2013.

78.     Upon information and belief, in or around 2011, Long Zhu used personal funds from the sale of his personal property to provide Di Da with a capital investment for merchandise.

79.     Upon information and belief, investments into Di Da are not recorded as capital contributions on Di Da's tax returns.

80.     Upon information and belief, Long Zhu pays Di Da's Chinese manufacturers with funds from his own, personal savings accounts without reimbursement from Di Da.

81.     Upon information and belief, the personal funds of Long Zhu have facilitated a constant cash flow for Di Da's operations.

82.     Upon information and belief, Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu caused Di Da to fail to keep corporate records, including records of incorporation, issuance of stock, documentation of ownership, documentation of purchase orders, and other corporate documentation and financial records.

83.     Upon information and belief, not all of Di Da's directors or officers are aware of the incorporation format of Di Da.

84.     Upon information and belief, though in corporate existence since 2011, Di Da only issued a Certificate of Shares to Di Da's sole shareholder, Sam Zhu, in October 2014.

85.     Upon information and belief, Di Da's shares were issued to Sam Zhu without exchanged payment or other consideration.

86.     Upon information and belief, each of the Defendants have access to Di Da's bank accounts without any type of policy regarding authorized uses or withdrawals from Di Da's bank accounts.

87.     Upon information and belief, Defendants do not have bonus structure, expense reimbursement, or profit sharing plans for Di Da employees, officers, directors, or shareholders.

88.     Upon information and belief, Defendants do not maintain any type of database or accounting system to capture sales or vendor information, records of purchase orders or related paperwork when purchasing goods from manufacturers, or customer claims, complaints, concerns, or refunds.

89.     Upon information and belief, Di Da employee salaries are set arbitrarily, without negotiation, and employees do not enter into employment contracts with Di Da.

90.     Upon information and belief, while some employee salaries are calculated hourly, Defendants do not maintain employment records of hours worked.

286322

91.     Upon information and belief, Di Da does not have any type of workplace guide or employee handbook.

92.     Upon information and belief, Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu caused Di Da to fail to observe other corporate formalities such as assigning titles and dividing responsibility over the corporation to officers or a board of directors, holding meetings of Di Da's board of directors, taking minutes, issuing stock, and implementing employee contracts.

93.     Upon information and belief, Di Da does not maintain a registered agent or corporate secretary.

94.     Upon information and belief, Defendants are unaware of the titles and roles of Di Da's corporate managers, officers, or directors and do not divide job responsibilities clearly.

95.     Upon information and belief, Defendants neither hold regularly scheduled board of director or shareholder meetings, set agenda for those meetings, or maintain minutes or other records of those meetings.

96.     Upon information and belief, Defendants are unaware of whether they are required to hold regularly scheduled board of director or shareholder meetings, set agenda for meetings, or maintain minutes of meetings under New York corporate law.

97.     Upon information and belief, Di Da's officers, directors, and shareholders do not vote or have in place a voting structure for key business decisions.

98.     Upon information and belief, Defendants do not maintain financial statements, such as profit and loss statements, for Di Da and do not review Di Da's tax returns prior to filing.

99.     Upon information and belief, Di Da is undercapitalized and is at times unable and/or unwilling to pay its debts to creditors.

100.    Upon information and belief, Long Zhu, without documentation or terms, loaned Di Da $200,000, which Di Da has not repaid.

101.    Upon information and belief, Di Da's tax returns filed prior to October 2014 report additional liabilities as "Loans from Shareholders" though sole shareholder Sam Zhu did not make any loans to Di Da.

102.    Upon information and belief, Di Da does not have business insurance coverage.

103.    Upon information and belief, Di Da maintains a nominal balance in its corporate checking accounts.

104.    Upon information and belief, Di Da does not have any assets in the form of real estate or other property.

105.    Upon information and belief, Di Da's under capitalization and failure to observe corporate formalities demonstrate that Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu used the corporation as a façade for their personal operations.

106.    The above-referenced representations and actions of Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu evidence a level of control over Di Da such that Di Da was merely the alter ego of Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu.

107.    Accordingly, for the foregoing reasons, it is appropriate to pierce the corporate veil and impose liability on Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu for the activities of Di Da as well as for any activities undertaken in their personal capacity.

**WHEREFORE,** Coach respectfully requests that this Court enter judgment against the Defendants as follows:

A.    Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (ii) Defendants

286322

have engaged in trademark infringement and unfair competition under the common law of Illinois; (iii) Defendants have engaged in unfair competition in violation of Illinois Consumer Fraud and Deceptive Practices Act (815 ILCS 505); and, (iv) Defendants have been unjustly enriched in violation of Illinois common law;

B.    Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

1.    Manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Trademarks and/or the Coach design elements, or any other mark substantially similar or confusing thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any of Coach's rights in the Coach Trademarks;

2.    Engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations associated with Coach; or,

3.    Engaging in any other activity that will cause the distinctiveness of the Coach Trademarks to be diluted;

C.    Requiring Defendants to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all Infringing Products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

286322

D.     Requiring Defendants to file with this Court and serve on Coach within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

E.     Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Coach, or is related in any way with Coach and/or its products;

F.     Awarding Coach statutory damages of two million dollars ($2,000,000) per counterfeit mark, per type of counterfeit good in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, and at Coach's request, ordering Defendants to account to and pay to Coach all profits realized by their wrongful acts and also awarding Coach its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

G.     Awarding Coach actual and punitive damages to which it is entitled under applicable federal and state laws;

H.     Requiring Defendants Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu to disgorge all profits and return all distributions as a result of their undue influence in causing Di Da to fail to uphold corporate formalities and commingle personal and corporate funds.

I.     Awarding Coach its costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117), and the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505);

286322

J.      Awarding Coach pre-judgment interest on any monetary award made part of the judgment against Defendants; and,

K.      Awarding Coach such additional and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Coach requests a trial by jury in this matter.

Dated:                                                          Respectfully submitted,

                                                                BRYAN CAVE LLP


                                                                By: _____
                                                                S. Patrick McKey, #6201588
                                                                Donald A. Cole, #6299318
                                                                Lauren J. Caisman, #6312465
                                                                161 North Clark Street, Suite 4300
                                                                Chicago, Illinois 60601
                                                                Tel: (312) 602-5000
                                                                Fax: (312) 602-5050
                                                                *Attorneys for Coach, Inc.*
                                                                *and Coach Services, Inc.*

286322