# **EXHIBIT 2**



NANCY AXILROD
VICE PRESIDENT, DEPUTY GENERAL COUNSEL

**Via FedEx & Regular Mail**
D&D Di Da New York
Attn: Feng Zhu
1205 Broadway, Room 203
New York, NY 10001

**Re:  Trademark Infringement of Coach, Inc.**

Dear Mr. Zhu:

As you may be aware, Coach is a leading American marketer of fine accessories and gifts for women and men.  Coach has a presence in more than twenty-five countries around the world, and our annual sales exceed four billion dollars.  Over the course of Coach's nearly seventy-five years in business, Coach has used a number of distinctive and immediately recognizable federally registered trademarks in connection with its products (the "Coach Trademarks").

One of the most recognizable Coach Trademarks is our "Coach and Tag Design". This mark has been used on a variety of goods since its inception in 1973 and is the beneficiary of a number of US Trademark registration, including Reg. No 2,162,303 and Reg. No.2,088,707.  The Coach and Tag Design is incontestable and famous.  A depiction of the Coach and Tag Design is provided below:



It has come to our attention that D&D Di Da New York is offering for sale and selling merchandise bearing a hangtag that infringes on the Coach and Tag Design (the "Infringing Hangtags").  Specifically, Infringing Hangtags appear on various D&D Di Da New York handbags, including but not limited to the bags shown in Exhibit A.

Please be advised that the mere fact your hangtag does not use the word "Coach" is irrelevant. *See* Coach Leatherware Company, Inc. v. AnnTaylor, Inc., et al, 933 F.2d 162 (2nd Cir. 1991); and Coach, Inc. v. We Care Trading Co., Inc. 2002 US App. Lexis 28143.

D&D Di Da New York's conduct is a violation of federal law and, as such D&D Di Da New York may be held liable for trademark infringement and/or counterfeiting. The penalties for such conduct are severe and may include statutory damages up to two million dollars ($2,000,000.00), as well as attorneys' fees.

Consequently, we hereby demand that you immediately:

1. Cease the manufacture, distribution and offering for sale of any item bearing the Infringing Hangtags;
2. Cease all advertising or other depictions of product that include Infringing Hangtags; and
3. Provide us with your written representation that item 1 and 2 above have been complied with and that D&D Di Da New York agrees not to include any Infringing Hangtag on any future merchandise or advertising.

You must comply with the demands set forth above no later than the close of business **Monday, February 18, 2013**.

Please be advised that failure to comply with these demands may result in Coach taking legal action to enforce its rights. Nothing herein shall constitute a waiver of any of Coach's rights, all of which are expressly reserved.

Very truly yours,

Nancy Axelrod

**Exhibit A**



