**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| COACH, INC. and COACH SERVICES, INC., | ) | |
| | ) | |
| | ) | Civil Action No.:  13-cv-7165 |
| Plaintiffs, | ) | |
| | ) | Judge Der-Yeghiayan |
| v. | ) | |
| DI DA IMPORT AND EXPORT INC. d/b/a | ) | |
| DI DA NEW YORK, | ) | DEFENDANT'S OPPOSITION |
| | ) | TO PLAINTIFFS' MOTION FOR |
| Defendant. | ) | A RESTRAINING ORDER; |
| | ) | MEMORANDUM OF LAW; |
| | ) | DECLARATIONS OF |
| | ) | AMY SHI AND |
| | ) | CAROLYN SHIELDS |
| | ) | |
| | ) | Date:  January 6, 2015 |
| | ) | Time:  9:00 a.m. |
| _____ | ) | Place:  Courtroom 1903 |

Defendant DI DA Import and Export Inc. d/b/a DI DA New York ("Defendant" or "DI DA") opposes plaintiffs' motion for a restraining order on the following grounds:

1.  This Court lacks personal jurisdiction over the Defendant, a defense which Defendant has been required to defer until plaintiffs had the opportunity to take jurisdictional discovery through depositions of Defendant's designees and of Defendant's Illinois customers, which discovery concluded on or about November 17, 2014.

2.  Plaintiffs have not shown the following:

    (a)    that no adequate remedy at law exists; or

    (b)    that plaintiffs will suffer irreparable harm if the injunction

            is not granted; or

    (c)    that plaintiffs' case has some likelihood of success on the merits;

3.      Plaintiffs' motion is based on repeated misstatements of fact and misrepresentations of deposition testimony and other discovery;

## MEMORANDUM OF LAW

## I.  THIS COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANT

Defendant's Answer contains an affirmative defense that this Court lacks personal jurisdiction over the Defendant.  Defendant was required to defer moving to dismiss on this ground because plaintiffs were entitled to an opportunity to discover information about the Illinois contacts of Defendant through depositions of Defendant's designees and depositions of Defendant's nonparty customers located in Illinois.  Plaintiffs have now had this opportunity, and Defendant will cross-move to dismiss on this ground in connection with plaintiffs' prospective motion for leave the complaint.

**A.      There is no general personal jurisdiction.**

The Shi Declaration, para. 2, shows there is no general personal jurisdiction over the Defendant:  "[T]he inquiry under Goodyear is  . . . 'whether that corporation's affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State."  Daimler AG v. Bauman, 134 S. Ct. 746, 761 (2014).  *See also*  Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011).

> In determining whether general jurisdiction exists, courts examine the following factors: (1) whether defendants maintain offices or employees in Illinois; (2) whether defendants send agents into Illinois to conduct business; (3) whether defendants have designated an agent for service of process in Illinois; (4) whether defendants advertise or solicit business in Illinois; and (5) the extent to which defendants conduct business in Illinois.

Richter v. Instar Enters. Int'l, Inc., 594 F. Supp. 2d 1000, 1006 (N.D. Ill. 2009).

The Shi Declaration (para. 2) shows that there is no general personal jurisdiction based on the foregoing factors.

**B.      There is no specific personal jurisdiction.**

"Specific jurisdiction, on the other hand, depends on an "affiliatio[n] between the forum and the underlying controversy," principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. . . .  In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of "issues deriving from, or connected with, the very controversy that establishes jurisdiction." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011).

**C.      Defendant's website does not provide specific personal jurisdiction.**

The Shi Declaration and exhibits show that DI DA's website does not create personal jurisdiction.  The website is passive; it displays information about DI DA's products; no goods can be ordered over the website; no contracts can be entered into over the website; business cannot be not transacted over the website.  The website does have an email function, but goods cannot be ordered through this email function.

The Court of Appeals for the Seventh Circuit has held:

> We need not decide in this case what level of "interactivity" is sufficient to establish personal jurisdiction based on the operation of an interactive website. Rather, it is enough to say that this logic certainly does not extend to the operation of a "passive" website, such as the one that AC Hydraulic maintains, which merely makes available information about the company and its products. The exercise of personal jurisdiction based on the maintenance of a passive website is impermissible because the defendant is not directing its business activities toward consumers in the forum state in particular.
>
> . . . [W]e now join the several circuits that have addressed and rejected it . . . , and hold that a defendant's maintenance of a passive website does not support the exercise of personal jurisdiction over that defendant in a particular forum just because the website can be accessed there.  Thus, the district court in this case concluded correctly that AC Hydraulic's maintenance of a passive website did not contribute to Jennings's effort to establish specific jurisdiction in Indiana.

Jennings v. AC Hydraulic A/S, 383 F.3d 546, 549-50 (7th Cir. 2004).

DI DA did not have the additional voluntary contacts with the state of Illinois that, when added to a website, would create specific personal jurisdiction:

> We note the legitimate concern that "[p]remising personal jurisdiction on the maintenance of a website, without requiring some level of 'interactivity' between the defendant and consumers in the forum state, would create almost universal personal jurisdiction because of the virtually unlimited accessibility of websites across the country." Jennings, 383 F.3d at 550. Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is "interactive." Here, we affirm the district court's conclusion that Hemi is subject to personal jurisdiction in Illinois, not merely because it operated several "interactive" websites, but because Hemi had sufficient voluntary contacts with the state of Illinois.

Illinois v. Hemi Grp. LLC, 622 F.3d 754, 760 (7th Cir. 2010).

Nor did DI DA target the Illinois market:

> "Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" Illinois v. Hemi Group, LLC, 622 F.3d 754, 760 (7th Cir. 2010). Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way target the forum state's market.

> . . . If the defendant merely operates a website, even a "highly interactive" website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution.

be2 LLC v. Ivanov, 642 F.3d 555, 559 (7th Cir. 2011).

In short, a website, even an interactive website, is not enough:

> The interactivity of a website is also a poor proxy for adequate in-state contacts. We have warned that "[c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" be2 LLC, 642 F.3d at 558 (citing Illinois v. Hemi Grp., LLC, 622 F.3d 754, 760 (7th Cir. 2010)). This makes sense; the operation of an interactive website does not show that the defendant has formed a contact with the forum state. And, without the defendant's creating a sufficient connection (or "minimum contacts") with the forum state itself, personal jurisdiction is not proper.

Even if we assume that interactivity matters at least in an evidentiary way, it is unclear how any interactivity of the website here affected the alleged trademark infringement. Real Action posted a notice (by itself not interactive) on its website; that notice allegedly infringed Advanced Tactical's trademark. But whether the notice amounted to infringement has nothing to do with interactivity. We need not belabor the point: if having an interactive website were enough in situations like this one, there is no limiting principle—a plaintiff could sue everywhere. Such a result would violate the principles on which Walden and Daimler rest. Having an "interactive website" (which hardly rules out anything in 2014) should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible. To hold otherwise would offend "traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316.

Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 803 (7th Cir. 2014).

Even if the email function of the website were considered, it is unilateral—it is a one-way communication from the user to DI DA, with DI DA replying to the user's email address, not through the website. Such unilateral activity of the user does not and should not create personal jurisdiction: "[T]he unilateral activity of another party cannot establish defendant's contact with the forum state. Burger King, 471 U.S. at 475. As a result, the actions of plaintiff's husband in accessing defendant's website cannot provide the sole foundation of defendant's minimum contacts with Illinois. If personal jurisdiction over defendant could be established simply by plaintiff accessing the page of the website that offers to sell plaintiff's artwork, plaintiff could establish personal jurisdiction over defendant in any state, and this would defeat the nature of personal jurisdiction altogether. Richter v. Instar Enters. Int'l, Inc., 594 F. Supp. 2d 1000, 1014 (N.D. Ill. 2009) ("this court cannot find that by offering the artwork for sale on the internet, without more, demonstrates that defendant purposefully directed its activities concerning plaintiff's artwork toward customers in Illinois, as required by Jennings"). "A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction". Euromarket Designs, Inc. v. Crate & Barrel

Ltd., 96 F. Supp. 2d 824, 838 (N.D. Ill. 2000). This is not a situation where "the defendant

enters into contracts with residents of a foreign jurisdiction . . . over the Internet . . . ."

Euromarket Designs, Inc. v. Crate & Barrel Ltd., 96 F. Supp. 2d 824, 837 (N.D. Ill. 2000).

## II.  PLAINTIFFS HAVE NOT SHOWN AN ENTITLEMENT
## TO A RESTRAINING ORDER

**A.      The marks at issue in this case.**

**1.      Defendant's allegedly infringing goods**

In response to Defendant's Interrogatory Number 1 asking plaintiffs to "[i]dentify by

model number, description or photograph all goods offered for sale, sold, or distributed by

Defendant which bear marks that you claim infringe the trademark rights of Plaintiffs," plaintiffs

identified certain models of Defendant's handbags.  (Plaintiffs' response to Defendant's

Interrogatory Number 1, Exhibit A, Shields Declaration.)  These models involve two marks,

marks that were the subject of two (2) trademark applications by Defendant, both of which were

opposed by plaintiffs in the USPTO and ultimately abandoned without the knowledge of

Defendant:  USPTO serial numbers 85316065 ("the 2 D mark") and 85267743 ("the 6 D mark").

(Shields Declaration, Exhibit C, first two applications.)  Defendant has a registered mark for the

1D mark, USPTO Registration Number 4438198.  (Shields Declaration, Exhibit D.)  Defendant's

designee Amy Shi testified that sales of models bearing the 2D mark or the 6D mark ceased in

2012, almost 3 years ago.  Plaintiffs' repeated use of the present tense in connection with the use

of these marks is mistaken and misleading.  Because there is no threat to use these marks in the

future, there will be no need for an injunction "to prevent" the use of these marks.

In addition, plaintiffs opposed Defendant's trademark application serial number

85267696 ("D&D" or "D ampersand D" mark) (Shields Declaration, Exhibit B, third

application).  The latter application, for the "D&D" mark, was filed on an intent to use basis and

was never used.  (*Id.* and Shi Declaration, para. 12.)  Thus, the D&D mark was never used, never

infringed any right of plaintiffs, therefore provides no basis for injunctive relief.

Defendant has a USPTO registered trademark for the "1D mark", registration number

4438198, registered on November 26, 2013 with a first use on April 19, 2011.  (Shields

Declaration, Exhibit D.)  This 1D mark appears in the 2D mark and the 6D mark.

### 2.    Plaintiffs' marks allegedly infringed

In response to Defendant's Interrogatory Number 2, asking plaintiffs to "[i]dentify by

United States Patent and Trademark Office registration number all marks owned by Plaintiffs or

either Plaintiff which Plaintiffs claim have been infringed by Defendant," plaintiffs identified the

following marks:

2,626,565
2,822,318
2,832,589
2,592,963
2,822,629
4,365,898
3,396,554
3,695,290

(Plaintiffs' Response to Defendant's Interrogatory No. 2, Shields Declaration, Exhibit A.)  These

marks can be seen to be the same mark (C's) but in connection with different goods.  (Shields

Declaration, Exhibit C.)

These allegedly infringed Coach marks do not include the marks used in connection with

hang tags, Coach trademark registration numbers 2,162,303 and 2,088,707 (Complaint, para. 11.)

Even if Coach had identified its hang tag marks as allegedly infringed, DI DA's hang tags were

not similar to Coach's hang tags.  (Shi Declaration, para. 13.)

**B.      There is no equitable claim on which to base a restraining order.**

As shown herein, there is no basis for a restraining order based on any threat to an injunctive remedy to which plaintiffs are entitled, both because plaintiffs are not entitled to an injunctive remedy based on the proffered ground, the recovery of Defendant's profits, and because, even if they were, there is no imminent threat that DI DA's profits will be dissipated.

The Supreme Court of the United States characterizes the recovery of a defendant's profits under the Lanham Act as not an equitable remedy but as legal compensatory damages: "[T]he Lanham Act, . . . . specifically 'provided not only for injunctive relief, but also for compensatory recovery measured by the profits that accrued to the defendant by virtue of his infringement, the costs of the action, and damages which may be trebled . . . ." Hall v. Cole, 412 U.S. 1, 10 (1973).  *See also* Calvin Klein Jeanswear Co. v. Tunnel Trading, 2001 U.S. Dist. LEXIS 18738, 34, 2001 WL 1456577 (S.D.N.Y. 2001) ("In addition to injunctive relief, the Complaint demands from Defendants an accounting for profits", emphasis added);  Grupo Mexicano De Desarrollo v. Alliance Bond Fund, 527 U.S. 308, 333, 119 S. Ct. 1961, 1975 (1999) ("Because such a remedy was historically unavailable from a court of equity, we hold that the District Court had no authority to issue a preliminary injunction preventing petitioners from disposing of their assets pending adjudication of respondents' contract claim for money damages").  Plaintiffs seek, prior to any determination of the merits, an equitable remedy to obtain the equivalent of a prejudgment writ of attachment, which they might have sought if they had brought this action in the right jurisdiction, New York, where there would be personal jurisdiction over DI DA and where DI DA's assets, however *di minimis*, are located.

Even if a restraining order may be predicated on the recovery of defendant's profits, it is not likely that plaintiffs would choose defendant's profits over statutory damages.  DI DA is a

small family business.  There is one shareholder.  The primary employees are four family

members:  brother and sister and their son and daughter respectively.  Defendant's taxable

income was $4351 in 2013;  $3675 in 2012; $3262 in 2011.  (Shi Declaration, para. 17.)

**C.     Plaintiffs have not shown that no adequate remedy at law exists and that they are
         entitled to injunctive relief.**

The Lanham Act provides:  "In an action brought under this subsection, the owner of the

famous mark shall be entitled to injunctive relief as set forth in section 34 [1116]."  15 USCS

§ 1125(c)(5).  Section 1116 provides:  "The several courts vested with jurisdiction of civil

actions arising under this Act shall have power to grant injunctions, according to the principles of

equity and upon such terms as the court may deem reasonable, <u>to prevent</u> the violation of any

right of the registrant of a mark registered in the Patent and Trademark Office or <u>to prevent</u> a

violation under subsection (a), (c), or (d) of section 43 [15 USCS § 1125].  (Emphasis added.)

There is no need for an injunction under this section because there is no need "to prevent"

any conduct of the Defendant.  The conduct of which plaintiffs complain (and which Defendant

denies is an infringement of any of plaintiffs' rights) ceased before plaintiffs' February 2013

cease and desist letter with respect to hangtags.  (Shi Declaration, paras. 1, 2.)  DI DA's sale of

goods bearing marks which plaintiffs challenge ceased in 2012 (Shi Declaration, para. 10); and

photographs of goods with the challenged marks were taken off DI DA's website in 2013.  (*Id.*)

There is no continuing use or threatened use by DI DA of the challenged marks which needs to

be prevented through an injunction.

Thus, this case involves two marks, neither of which is in current use (and which

Defendant denies were infringing uses) and a third mark which was never used.

//

//

**D.** **Plaintiffs have not shown that they will suffer irreparable harm if an injunction is not granted.**

For the same reasons discussed above, the absence of any present or future threat to the rights of plaintiffs, plaintiffs have not shown that they will suffer irreparable harm.

**E.** **Plaintiffs have not shown that their case has a likelihood of success on the merits.**

Plaintiffs challenge three of Defendant's marks. One of these was never used. The other two are based on Defendant's registered 1D mark and is not confusingly similar to plaintiffs' marks.

## III. PLAINTIFFS' MISSTATEMENTS AND MISREPRESENTATIONS

Plaintiffs' misstatements appear in single-spaced, quoted text in this section, followed by Defendant's comments in double-spaced text: "Defendant's products are offered through a fully-interactive commercial Internet website hosted at http://www.didanewyork.com and through at least one third-party vendor store located in Chicago, Illinois. (Plaintiffs' Motion, pages 1-2.)

See part I above and the Shi Declaration, para. 5.

"Defendant has an extended history of this willful conduct." (Plaintiff's Motion, page 2.)

Plaintiffs failed to disclose the entire USPTO and therefore have misrepresented the willfulness issue. The USPTO file shows that the USPTO provided notice by mail to Defendant of plaintiffs' opposition to three of Defendant's trademark applications <u>and that that letter was returned to the USPTO "addressee unknown</u>. (Shields Declaration, Exhibit E.) Sam Zhu testified that he accessed DI DA's attorney's website to check the status of DI DA's trademark application, but that the attorney's website did not show that any oppositions had been filed. (Shields Declaration, Exhibit F.) Long Zhu testified that the designer of the logos was the design group of the factory in China. The issue of willfulness is an issue for the jury.

"Coach delivered a letter notifying Defendant of its infringing activity and violation of both federal and state laws, and demanding that all sales of products infringing on Coach's trademarks immediately cease and desist." (Plaintiffs' Motion, page 2.)

This is incomplete and misleading. Plaintiffs' Exhibit 2 shows that this Cease and Desist letter relates to hang tags, USPTO registration numbers 2,162,303 and 2,088,707, not any other marks. As can be seen from plaintiffs' responses to Defendant's Interrogatory Number 2 (Shields Declaration, Exhibit A), this case does not involve an infringement of plaintiffs' rights in Coach hang tags. Even if it did, DI DA had ceased using this hang tag by the date of the letter, presumptively February of 2013 (Shi Declaration paras. 8, 13 ).

Whether DI DA's goods bore marks that were confusingly similar to Coach's marks or were studied imitations of Coach's marks is an ultimate issue in this case and an issue for the jury.

"Defendant's counsel has represented to Coach's counsel that Defendant may very well run off to China in an attempt to avoid litigation and potential liability." (Plaintiffs' Motion, page 3.)

Defendant's counsel did not say this but said the opposite—Defendant would not run off to China to avoid litigation and potential liability. (Shields Declaration, para. 8.) It was plaintiffs' attorney who said this. DI DA is a family business with four primary employees—shareholder Sam Zhu, his father Long Zhu, his aunt Hong Zhu, and his cousin Amy Shi. Sam, Hong, and Amy are U.S. citizens and have no interest in leaving the U.S. Long Zhu is a permanent resident of the U.S.

"Further, Defendant apparently routinely wires the company's income back to China, where its president "will be the one who decide[s] this money goes to the freight company or this money goes to the factory." Shi Dep. at 129:6-14; 134:7-135:14." (Plaintiffs' Motion, page 4.)

Under Chinese law, a manufacturer in China may not directly export manufactured goods. An export company with a license and quota to export certain classes of goods must be the entity which exports the goods. In this case, the manufacturer gives the goods to the export company, which, as agent for the manufacturer, exports the goods and sends the importer, DI DA, an invoice. DI DA wires money to the export company (also referred in depositions to the freight company), which pays the manufacturer. (Declaration of Amy Shi, para. 14.) Payment to the export company is payment to the manufacturer.

Defendant's tax returns reflect "Loans from "Shareholders" despite Defendant's assertion that no money has ever been loaned to the company or that a loan to Defendant was ever repaid. Sam Dep. at 46:7-17; 54:8-14. Nevertheless, Defendant's financial officer could not account for a two hundred thousand dollar loan, which was accepted without terms or documentation. Hong Dep. at 13:12-14; 60:12-61:14; 64:23-65:2. Nor did Defendant "know anything about" a fifty thousand dollar loan listed on Defendant's 2013 tax return. *Id.* at 66:18-67:3." (Plaintiffs' Motion, page 4.)

The deposition testimony of Defendant was clear that DI DA's starting capital of $200,000 was provided by Long Zhu, in exchange for which stock was issued to his son Sam Zhu. The 30(b)(6) witnesses were unclear whether this was a capital contribution or a loan, but whichever it was it flowed <u>to</u> the corporation at the time of its formation, not away from the corporation, and no part of it has been returned. Defendant does not know why its accountant reduced 2013 deductible expenses by $50,000, but knows that no part of $50,000 was returned to any of the family members. (Shi Declaration, para. 15.) There is no threat to dissipate Defendant's assets.

"Defendant's most knowledgeable representatives could not even attest to whether Defendant has shareholders. *Compare* Hong Dep. at 62:17-64:8; 111:18-112:19 (representing that Defendant does not have any shareholders but also that Defendant issued stock for the first time only recently) *with* Sam Dep. at 40:17-41:17; 45:4-11 (discussing the signature of the stock certificate in October 2014, but also that no consideration for the stock shares was exchanged)." (Plaintiff's Motion, page 5.)

Hong Zhu was not produced as the person most knowledgeable about corporate structure and financing. Sam Zhu was. And Sam Zhu testified that stock was issued to him, in consideration of his father's contribution of $200,000 to the corporation.

"Defendant was not instructed not to destroy relevant materials pertaining to the case at hand and has actually disposed of relevant documents. Shi Dep. at 211:8-213:14; 428:4-430:24." (Plaintiffs' Motion, page 5.)

Plaintiffs have not shown that Defendant has destroyed any relevant documents. The cited testimony by Amy Shi does not show the destruction of relevant documents. The documents she was asked about and testified to were notes she used in preparing a spreadsheet of the number and cost of logo bags, a spreadsheet she created for the purpose of settlement discussions. The spreadsheet was a document which the discovery rules would not have required her to create. The notes she created to go from information contained in the sales invoices to the spreadsheet were not retained, but these were not business records. And the business records which provided the data, the sales invoices, were retained and produced to plaintiffs' counsel, as was the spreadsheet.

//

//

//

//

//

"[U]pon information and belief, the Defendant in this case hold[s] most of its assets in China . . . ." (Plaintiffs' Motion, page 14.)

This statement is incorrect. Defendants' assets, inventory and bank accounts, are in the United States. Payments made by Defendant to China are for payment of the goods, which are manufactured in China. (Shi Declaration, para. 16.)

"Defendant was not surprised to learn that a computer used by Defendant in its operations had been tampered with. Shi Dep. at 217:5-11." (Plaintiffs' Motion, page 5.)

Plaintiffs' statement fails to disclose Defendant's attorney's objection to the form of this question:

Q.  All right.  Are you surprised to know that documents -- that -- that the computer has been tampered with?

MS. SHIELDS:  Objection.

(Shi deposition tr., page 217, lines 5-8, Exhibit 5 to Plaintiffs' Motion.)  The question violates "the law of the excluded middle," a more common example of the question being, "Have you stopped beating your spouse?"  Whether the witness answers yes or no to such a question, the witness is admitting that the computer was tampered with or that the spouse was beaten, which is why the form of the question is improper.  As such, the answer is inadmissible.  In any case, the computer was the personal computer of Ms. Shi's cousin.

"Coach seeks the immediate identification of all bank accounts, interest in real property and any other asset owned by Defendant . . . ." (Plaintiffs' Motion, page 15.)

Defendant has already provided all of the foregoing information:  statements of Defendant's bank accounts; deposition testimony about real property (witnesses testified that they owned no real property, in the U.S. or in China).

"Defendant will likely hide or move its ill-gotten funds to offshore bank accounts." (Plaintiffs' Motion, page 15.)

Plaintiffs provide no support for this statement. Plaintiffs do not have any offshore bank accounts. Plaintiffs have produced statements of all of their bank accounts and do not have excess funds to transfer anywhere. (Shi Declaration, para. 17.) Plaintiffs previously complained that Defendant's designee testified that Defendant had "zero" funds in its bank accounts yet now posit excess funds that might be moved.

## CONCLUSION

For the reasons discussed herein, Defendant respectfully asks the Court to deny plaintiffs' motion. The personal jurisdiction ground in part I of this Memorandum also will appear in Defendant's prospective cross-motion to dismiss.


Dated: January 5, 2015                          Respectfully submitted,

                                                */s/ Carolyn Shields*
                                                Carolyn Shields
                                                Ying Liu
                                                LIU & SHIELDS LLP
                                                41-60 Main Street, Suite 208A
                                                Flushing, NY 11355
                                                shieldscj524@gmail.com

                                                Attorneys for Defendant
                                                DI DA IMPORT AND EXPORT INC.
                                                d/b/a DI DA NEW YORK

                                                Local Counsel:
                                                Brian J. Lum, Esq.
                                                ICE MILLER LLP
                                                200 West Madison Street, Suite 3500
                                                Chicago, IL 60606
                                                312-726-8129
                                                brian.lum@icemiller.com

## DECLARATION OF AMY SHI

I, Amy Shi, declare:

1.        I am a vice president of DI DA Import and Export Inc.  I have personal
knowledge of the facts set forth and if called as a witness could and would competently testify
thereto.

<u>Personal Jurisdiction</u>

2.        At all times relevant to this action, DI DA has not been present in the state of
Illinois.  DI DA does not have an office in Illinois;  does not have any employees in Illinois;
does not have any bank accounts in Illinois;  does not have any property in Illinois;  does not
have any agents in Illinois;  has not designated any agent for service of process in Illinois;  does
not solicit business in Illinois.

3.        DI DA sells to wholesalers.  DI DA makes most of its sales at trade shows,
located in Las Vegas, Nevada and in Florida.  At the trade shows, customers place orders, and
DI DA fills those orders when it returns to its showroom and warehouse in the State of New
York, shipping the goods to the addresses given to it by its customers.  Trade show customers
occasionally are repeat customers, calling from their home states to DI DA in New York to place
subsequent orders, which DI DA ships from New York to their addresses.  Other customers are
customers who drop into DI DA's showroom in New York.

4.        DI DA does not have activities in Illinois that are so continuous and systematic as
to make DI DA at home in Illinois.

5.        DI DA maintains a website, didanewyork.com ("Website").  The Website is
available throughout the world wherever a user can access the internet.  The Website does not
target Illinois customers.  It is passive and not interactive:  one accessing the Website can see
information about DI DA's products but cannot place orders through the website.  DI DA does

not transact business over the Website. Attached hereto as Exhibit A is a true and correct copy of an email from a user who asked whether orders could be placed over the website, and DI DA's reply that they could not. There is an email function that allows a user to communicate by email with DI DA but not to place orders.

6.     The volume and value of sales to customers in Illinois is very small as well as a small proportion of DI DA's total sales. Attached hereto as Exhibit B are true and correct copies of invoices to customers located in Illinois.

7.     DI DA did not sell the duffle bag to the Chicago seller who allegedly sold the bag to Coach's investigator. Plaintiffs disclosed the name of the seller as Maruti Convenience Corner, owned by Maruti Convenience Corporation. I reviewed all of DI DA's invoices and determined that DI DA never sold to that seller. That seller must have obtained the bag from another source. DI DA had discontinued that item before the date of Coach's claimed purchase.

<u>Responses to Plaintiffs' Motion</u>

8.     Coach sent DI DA a cease and desist letter relating to certain hang tags which Coach believed DI DA was using, at the time of the letter in February of 2013, in connection with DI DA's goods. DI DA was not using said hang tags at the time of the letter and had ceased using them before the date of the letter. DI DA has not used those hang tags since and will not use those hangtags in the future.

9.     As shown by Coach's February 2013 cease and desist letter, the letter related solely to hangtags. It did not mention any other mark which DI DA was using in connection with its goods.

10.     The marks which DI DA calls the "2D mark" and the "6D mark" are not in current use. The last sale of any goods with these marks was made in 2012. Photographs of

goods bearing the challenged marks were taken off DI DA's website in 2013. DI DA contends that these marks did not infringe plaintiffs' marks.

11.     DI DA is named after a family relative and means "large" in Chinese. DI DA filed applications with the USPTO for marks that use the letter "D", because of the D's in its name. DI DA has multiple registered trademarks for the word mark "DI DA" and design marks based on various configurations of the letter "D" in connection with such goods as handbags and wallets.

12.     The mark which DI DA calls the "D&D" or "D ampersand D" mark was never used. The application was filed on an intent to use basis.

13.     By February of 2013, the date of Coach's cease and desist letter concerning hang tags, DI DA had ceased using such hang tags. In any case, the hang tags used by DI DA were not similar in appearance to Coach's hang tag.

14.     Under the laws of China, a manufacturer may not directly export manufactured goods. An export company with a license and quota to export certain classifications of goods must be the entity which exports the goods. DI DA's manufacturers give the goods to the export company, which, as agent for the manufacturer, exports the goods and sends the importer, DI DA, an invoice. DI DA wires money to the export company (we also call the export company the freight company), which pays the manufacturer.

15.     The deposition testimony of DI DA's witnesses was clear that DI DA's starting capital of $200,000 was provided by Long Zhu, in exchange for which stock was issued to his son Sam Zhu. The witnesses were unclear whether this was a capital contribution or a loan, but whichever it was it flowed to the corporation, not away from the corporation, and no part of it

has been returned. Defendant does not know why its accountant reduced 2013 deductible expenses by $50,000, but no part of that $50,000 was a return of money to any of the family members.

16.     Defendants' assets, inventory and bank accounts, are in the United States. Payments made by Defendant to China are for payment of the goods, which are manufactured in China and shipped to DI DA in New York.

17.     DI DA's taxable income was $4351 for 2013; $3675 for 2012; $3262 for 2011.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 5, 2015.


AMY SHI

# EXHIBIT A



**Message from your shop DIDA NEW YORK Handbags**

E-mail address: **jestacy1@comcast.net**

Message: I am trying to order a handbag online and get all the way to the payment screen where it says there is not payment module installed so I cannot order and I do not see a phone number where I can order online. I need to order asap to ensure I have by 2/13 for a friends party. Please let me know if this can be fixed or if there is an alternate way of ordering. My phone number is 303-917-8691

**DIDA NEW YORK Handbags** powered with PrestaShop™

From: **dida newyork** <dida@didanewyork.com>
Date: Mon, Mar 11, 2013 at 3:05 PM
Subject: Re: [DIDA NEW YORK Handbags] Message from contact form
To: Lydia Crivolio <lydlite85@aol.com>


Hi there,

The online does not do any transaction. We only do wholesales.

Regards,
Amy


On Mon, Mar 11, 2013 at 2:39 PM, Lydia Crivolio <lydlite85@aol.com> wrote:


**Message from your shop DIDA NEW YORK Handbags**

E-mail address: **lydlite85@aol.com**

Message: I have set up an account and would like to make a purchase, but I keep getting kicked back by an error message telling me I have not entered my payment information. I can't find where to do so. Please help.

-Lydia



Message from your shop DIDA NEW YORK Handbags

E-mail address: **kouryt@bryancave.com**

Message: Hi,

I was attempting to purchase a tote but the site would not allow me to purchase as it said that no payment modules were installed. How can I purchase a product online?

Tamara

DIDA NEW YORK Handbags powered with PrestaShop™

--
Thank you for your business - we appreciate it very much.

DI DA IMP & EXP INC
Tel: 718-476-8888
Cell: 646-898-8879
Fax: 718-476-8885
Site: www.didanewyork.com

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. bcllp2013

**dida newyork** <dida@didanewyork.com>                                      Fri, Apr 25, 2014 at 11:27 AM
To: carolyn shields <shieldscj524@gmail.com>

**From:** dida~~[...]~~
**Sent:** Friday, March 29, 2013 10:02 AM
**To:** Koury, Tamara
**Subject:** Re: [DIDA NEW YORK Handbags] Message from contact form

Hi Tamara,

I am very sorry that our website does not process any transaction yet. Currently, we are doing wholesale only. You can let me know the style you interested and where you are, and we will try to find any stores that carry the purse near you. Hope it helps!

Regards,
Amy

On Thu, Mar 28, 2013 at 3:43 PM, Tamara Koury <kouryt@bryancave.com> wrote:



Message from your shop DIDA NEW YORK Handbags

E-mail address: **kouryt@bryancave.com**

Message: Hi,

I was attempting to purchase a tote but the site would not allow me to purchase as it said that no payment modules were installed. How can I purchase a product online?

Tamara

DIDA NEW YORK Handbags powered with PrestaShop™

--
Thank you for your business - we appreciate it very much.

DI DA IMP & EXP INC
Tel: 718-476-8888
Cell: 646-898-8879
Fax: 718-476-8885
Site: www.didanewyork.com

# EXHIBIT B

**D&D**
7416 Grand Ave
Elmhurst, NY 11373
Tel: 718-4768888
Fax: 718-4768885

| Date | Invoice # |
|------|-----------|
| 10/8/2013 | 2311 |

**PAID**

**Bill To**

ELLANA DESIGN
7511 SOUTH COTTAGE GROVE.
CHICAGO, IL 60619

**Ship To**

ELLANA DESIGN
7511 SOUTH COTTAGE GROVE.
CHICAGO, IL 60619

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | | AS | 10/8/2013 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 1 | WZ5033BLACK | Weekender bag w/ coin pouch | 22.00 | 22.00 |
| 1 | WZ5033LG COF | Weekender bag w/ coin pouch | 22.00 | 22.00 |
| 1 | WNA1006BLACK | Satchel w/ Strap | 21.00 | 21.00 |
| 1 | WNA1006RED | Satchel w/ Strap | 21.00 | 21.00 |
| 1 | WNA3003TAN | Satchel | 22.00 | 22.00 |
| 1 | WNA3003BLACK | Satchel | 22.00 | 22.00 |
| 1 | LSZ5001BLACK | Beloved Satchel w/ strap | 22.00 | 22.00 |
| 1 | WJ5003BLACK | 2 IN 1 Satchel | 17.00 | 17.00 |
| 1 | WNA5013BLACK | Side Zips W/ Satchel | 22.00 | 22.00 |
| 1 | WNA5013RED | Side Zips W/ Satchel | 22.00 | 22.00 |
| 1 | WNA3026ORG | SHLD BAG W/ STP | 21.00 | 21.00 |
| 1 | WNA3026BLACK | SHLD BAG W/ STP | 21.00 | 21.00 |
| 1 | L3011KHAKI | ER GRN Simple Satchel | 20.00 | 20.00 |
| | SHIPPING | | 19.00 | 19.00 |

| | **Total** | $294.00 |
|--|-----------|---------|

**CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER  DD 1990**

# Invoice

**D&D**
7416 Grand Ave
Elmhurst, NY 11373
Tel: 718-4768888
Fax: 718-4768885

| Date | Invoice # |
|------|-----------|
| 12/13/2012 | 1605 |

PAID

| Bill To | Ship To |
|---------|---------|
| RANDLES GIFTS<br>1224 CALLAWAY DR. NORTH<br>SHOREWOOD, IL 60404<br>USA | RANDLES GIFTS<br>1224 CALLAWAY DR. NORTH<br>SHOREWOOD, IL 60404<br>USA |

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | | | 12/12/2012 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 1 | LF1892ORG | SIMPLE SATCHEL | 19.00 | 19.00 |
| 1 | LF1892ROS | SIMPLE SATCHEL | 19.00 | 19.00 |
| 1 | L12001BLACK | Crossbody | 9.00 | 9.00 |
| 1 | LF1885RED | CITY SATCHEL | 21.00 | 21.00 |
| 1 | LF1885BLACK | CITY SATCHEL | 21.00 | 21.00 |
| 1 | LF1885ORG | CITY SATCHEL | 21.00 | 21.00 |
| 1 | LF2807ROS | CHAIN SATCHEL | 20.00 | 20.00 |
| 1 | LF2807BRN | CHAIN SATCHEL | 20.00 | 20.00 |
| 1 | LF9907SBRN | URBAN SATCHEL | 20.00 | 20.00 |
| 2 | WA1005D.COF | SATCHEL W/ CHAIN | 21.00 | 42.00 |
| | SHIPPING | | 18.90 | 18.90 |

| | **Total** | $230.90 |
|--|-----------|---------|

**CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER DD 2118**

DIDA IMPORT & EXPORT INC

7416 Grand Ave
Elmhurst, NY 11373
Tel: 718-4768888
Fax: 718-4768885

| Date | Invoice # |
|------|-----------|
| 1/18/2013 | 1702 |

**Bill To**

RANDLES GIFTS
1224 CALLAWAY DR. NORTH
SHOREWOOD, IL 60404
USA

**Ship To**

RANDLES GIFTS
1224 CALLAWAY DR. NORTH
SHOREWOOD, IL 60404
USA

PAID

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | | | 1/18/2013 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 1 | L12001BLACK | Crossbody | 9.00 | 9.00 |
| 1 | WA1011BLK | SATCHEL W/ STP | 18.00 | 18.00 |
| 1 | LF1892BLACK | SIMPLE SATCHEL | 19.00 | 19.00 |
| 1 | LF1885BLACK | CITY SATCHEL | 21.00 | 21.00 |
| 1 | WA1006DCOF | SATCHEL W/ CHAIN | 21.00 | 21.00 |
| 1 | L12001COF | Crossbody | 9.00 | 9.00 |
| 1 | LF9907SBLACK | URBAN SATCHEL | 20.00 | 20.00 |
| 1 | LF1809BLACK | QUILTED GLMR TOTE | 21.00 | 21.00 |
| | | | | |
| | SHIPPING | | 7.00 | 7.00 |

| | **Total** | $145.00 |
|--|-----------|---------|

**CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER  DD 2197**

DIDAY IMPORT & EXPORT INC

**Invoice**



7416 Grand Ave
Elmhurst, NY 11373
Tel: 718-4768888
Fax: 718-4768885

| Date | Invoice # |
|------|-----------|
| 3/13/2013 | 1782 |

**Bill To**

RANDLES GIFTS
1224 CALLAWAY DR. NORTH
SHOREWOOD, IL 60404
USA

**Ship To**

RANDLES GIFTS
1224 CALLAWAY DR. NORTH
SHOREWOOD, IL 60404
USA

PAID

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | | | 3/13/2013 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 1 | WLA5005BLUE | 3 IN 1 SHLD BAG | 25.00 | 25.00 |
| 1 | EY3121BLACK | Crocodile Print Satchel | 22.00 | 22.00 |
| 1 | EY3122BLACK | Crocodile Print Satchel w/ Snk Skin Handle | 22.00 | 22.00 |
| 1 | EY3124BEIGE | Crocodile Print Shld Bag | 22.00 | 22.00 |
| 1 | EY3123BLACK | Crocodile Print Satchel | 22.00 | 22.00 |
| 1 | BW1016BLACK | LEOPARD SATCHEL-2 ZIP | 21.00 | 21.00 |
| 1 | BW1016BLUE | LEOPARD SATCHEL-2 ZIP | 21.00 | 21.00 |
| 1 | WNA3003WINE | | 22.00 | 22.00 |
| 1 | BW1017ROSE | SM LEOPARD SATCHEL-2 ZIP | 20.00 | 20.00 |
| 1 | EY3120RED | 2 IN 1 Crocodile Print Tote | 22.00 | 22.00 |
| -1 | WA1009BLK | SATCHEL W/ STP | 17.00 | -17.00 |
| | SHIPPING | | 18.49 | 18.49 |

| | **Total** | $220.49 |
|--|-----------|---------|

CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER  DD 2280

**Invoice**

7416 Grand Ave
Elmhurst, NY 11373
Tel: 718-4768888
Fax: 718-4768885

| Date | Invoice # |
|------|-----------|
| 4/1/2013 | 1877 |

**Bill To**

ELLANA DESIGN
7511 SOUTH COTTAGE GROVE
CHICAGO, IL 60619

**Ship To**

ELLANA DESIGN
7511 SOUTH COTTAGE GROVE
CHICAGO, IL 60619

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| 0013537 | | | 4/1/2013 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 1 | EY3124BEIGE | Crocodile Print Shld Bag | 22.00 | 22.00 |
| 1 | EY3124BLACK | Crocodile Print Shld Bag | 22.00 | 22.00 |
| 1 | EY3124RED | Crocodile Print Shld Bag | 22.00 | 22.00 |
| 1 | WNA5009RED | Bridal Satchel | 22.00 | 22.00 |
| 1 | WO5010BLACK | Polka Dot Barrel Satchel | 22.00 | 22.00 |
| 1 | WO5011COF | Polka Dot Satchel | 22.00 | 22.00 |
| 1 | BW1016BLACK | LEOPARD SATCHEL-2 ZIP | 21.00 | 21.00 |
| 1 | 9563BEIGE | HANDBAG SHOULDER | 15.00 | 15.00 |
| | SHIPPING | | 14.00 | 14.00 |

| | **Total** | $182.00 |
|--|-----------|---------|

**CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER  DD 2371**



**D D A IMPORT & EXPORT INC**

**Invoice**

7416 Grand Ave
Elmhurst, NY 11373
Tel: 718-4768888
Fax: 718-4768885

| Date | Invoice # |
|------|-----------|
| 9/3/2013 | 2223 |

PAID

**Bill To**

ELLANA DESIGN
7511 SOUTH COTTAGE GROVE.
CHICAGO, IL 60619

**Ship To**

ELLANA DESIGN
7511 SOUTH COTTAGE GROVE.
CHICAGO, IL 60619

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
|  |  |  | 9/3/2013 |  |  |  |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 1 | YG1301BLACK | Hipster Satchel w/ Strap | 23.00 | 23.00 |
| 1 | L3008COF | Urban Satchel | 23.00 | 23.00 |
| 1 | WNA1006RED | Satchel w/ Strap | 21.00 | 21.00 |
| 1 | WH5001BLACK | 2 IN 1 TOTE | 24.00 | 24.00 |
| 1 | BW1016BLACK | LEOPARD SATCHEL-2 ZIP | 20.00 | 20.00 |
|  | SHIPPING |  | 11.04 | 11.04 |

| | **Total** | $122.04 |
|--|-----------|---------|

**CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER  DD 2398**

# Invoice

D&D IMPORT & EXPORT INC.
7416 Grand Ave
Elmhurst, NY 11373
Tel: 718-4768888
Fax: 718-4768885

| Date | Invoice # |
|------|-----------|
| 8/12/2013 | 2139 |

**Bill To**

YOUNG'S FASHION
6310 W. TOUHY AVE.
STE 203
NILES, IL 60714
USA

PAID

**Ship To**

YOUNG'S FASHION
6310 W. TOUHY AVE.
STE 203
NILES, IL 60714
USA

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| 0014412 | N 30 | | 8/12/2013 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 12 | WNA3003BLACK | Satchel | 20.90 | 250.80 |
| 6 | WNA3003KHAKI | Satchel | 20.90 | 125.40 |
| 6 | WNA3003TAN | Satchel | 20.90 | 125.40 |
| 6 | WNA3003WINE | Satchel | 20.90 | 125.40 |
| 12 | WX3003LG LEOP | Satchel | 21.85 | 262.20 |
| 12 | WX3003DK LEOP | Satchel | 21.85 | 262.20 |
| 12 | YG1301BLACK | Hipster Satchel w/ Strap | 21.85 | 262.20 |
| 6 | YG1301COF | Hipster Satchel w/ Strap | 21.85 | 131.10 |
| 6 | YG1301RED | Hipster Satchel w/ Strap | 21.85 | 131.10 |
| 12 | L3008BLACK | Urban Satchel | 21.85 | 262.20 |
| 6 | L3008BEIGE | Urban Satchel | 21.85 | 131.10 |
| 2 | L3008RED | Urban Satchel | 21.85 | 43.70 |
| 6 | L3008COF | Urban Satchel | 21.85 | 131.10 |
| 6 | L3008KHAKI | Urban Satchel | 21.85 | 131.10 |
| | SHIPPING | UCL | 0.00 | 0.00 |

| | **Total** | $2,375.00 |
|--|-----------|-----------|

**CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER  DD 2614**

D&D
7416 Grand Ave
Elmhurst, NY 11373
Tel: 718-4768888
Fax: 718-4768885

| | Date | Invoice # |
|---|---|---|
| | 8/13/2013 | 2151 |

PAID

**Bill To**

DOLLAR BACK
3909 W Ainslie St
Chicago, IL 60625

**Ship To**

DOLLAR BACK
5606 W. BELMONT AVE
CHICAGO IL, 60634

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|---|---|---|---|---|---|---|
| 0014477 | | | 9/3/2013 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|---|---|---|---|---|
| 1 | WX5022DKLEOP | Feminine shoulder bag | 23.00 | 23.00 |
| 1 | WX3003LGLEOP | Satchel | 23.00 | 23.00 |
| 1 | WX5021DKLEOP | Chain shoulder bag | 23.00 | 23.00 |
| 1 | WX5021LGLEOP | Chain shoulder bag | 23.00 | 23.00 |
| 1 | WX5020DKLEOP | Diva satchel | 23.00 | 23.00 |
| 1 | WX5020LGLEOP | Diva satchel | 23.00 | 23.00 |
| 1 | YG1301BLACK | Hipster Satchel w/ Strap | 23.00 | 23.00 |
| 1 | YG1301COF | Hipster Satchel w/ Strap | 23.00 | 23.00 |
| 1 | WZ5021BLUE | Chain shoulder bag | 23.00 | 23.00 |
| 1 | WZ5021RED | Chain shoulder bag | 23.00 | 23.00 |
| 1 | WZ5021COF | Chain shoulder bag | 23.00 | 23.00 |
| 1 | YG1302BEIGE | Twist lock satchel w/ strp | 22.00 | 22.00 |
| 1 | WNA3003BLACK | Satchel | 22.00 | 22.00 |
| 1 | WZ5035BEIGE | NYC look satchel | 23.00 | 23.00 |
| 1 | WZ5035BLACK | NYC look satchel | 23.00 | 23.00 |
| 1 | L3005KHAKI | Side tassel satchel | 23.00 | 23.00 |
| 1 | L3005BLACK | Side tassel satchel | 23.00 | 23.00 |
| 1 | WO5010RED | Polka Dot Barrel Satchel | 15.00 | 15.00 |
| 1 | WO5010BLACK | Polka Dot Barrel Satchel | 15.00 | 15.00 |
| 1 | WK5005BLACK | 2 IN 1 TOTE | 25.00 | 25.00 |
| | SHIPPING | | 26.40 | 26.40 |

| | | | **Total** | $470.40 |
|---|---|---|---|---|

CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER  DD 2623

# Invoice

DI DA IMPORT & EXPORT INC
Elmhurst, NY 11373
Tel: 718-4768888
Fax: 718-4768885

| Date | Invoice # |
|---|---|
| 3/17/2014 | 2582 |

**PAID**

**Bill To**

ALIOTO'S
MARTY WHEALY
1007 FRANKLYN AVE
RIVERFOREST, IL 60305

**Ship To**

ALIOTO'S
1118 CHICAGO AVE
OAK PARK, ILLINOIS 60302

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|---|---|---|---|---|---|---|
| | | | 3/17/2014 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|---|---|---|---|---|
| 18 | LXB5004BLACK | Flip crossbody | 15.00 | 270.00 |
| 6 | LXB5004BB BLUE | Flip crossbody | 15.00 | 90.00 |
| 18 | LXB5005BLACK | 3 Zip crossbody | 13.00 | 234.00 |
| 16 | L3004BLACK | Front zip crossbody | 15.00 | 240.00 |
| 6 | L3004RED | Front zip crossbody | 15.00 | 90.00 |
| 8 | L3004LEM YLW | Front zip crossbody | 15.00 | 120.00 |
| 6 | L3004KHAKI | Front zip crossbody | 15.00 | 90.00 |
| 4 | L3004BB BLUE | Front zip crossbody | 15.00 | 60.00 |
| 6 | S3035RED | Classic shlder bag w/ strap | 15.00 | 90.00 |
| 3 | L3012BLACK | On the go crossbody | 13.00 | 39.00 |
| 3 | L3012COF | On the go crossbody | 13.00 | 39.00 |
| | SHIPPING | | 59.00 | 59.00 |

| | Total | $1,421.00 |
|---|---|---|

**CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER  DD 2733**

# Invoice



**D&D**
7416 Grand Ave
Elmhurst, NY 11373
Tel: 718-4768888
Fax: 718-4768885

| Date | Invoice # |
|------|-----------|
| 3/24/2014 | 2639 |

**Bill To**

ADDIE MARCONI
1 S Batavia Ave
Batavia, IL 60510

**Ship To**

ADDIE MARCONI
9 S. BATAVIA AVE.
BATAVIA, ILLINOIS 60510

PAID

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| 0014009 | | | 3/24/2014 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|-----------|--------|
| 1 | LXB5002CORAL | Mini Crossbody | 12.00 | 12.00 |
| 1 | LXB5002BEIGE | Mini Crossbody | 12.00 | 12.00 |
| 1 | LXB5002BB BLUE | Mini Crossbody | 12.00 | 12.00 |
| 1 | LXB5002LEMON Y | Mini Crossbody | 12.00 | 12.00 |
| 1 | LXB5002BLUE | Mini Crossbody | 12.00 | 12.00 |
| 1 | L3029CORAL | Studs 2 zip crsbdy | 15.00 | 15.00 |
| 1 | L3029KHAKI | Studs 2 zip crsbdy | 15.00 | 15.00 |
| 1 | L3029BLACK | Studs 2-zip crsbdy | 15.00 | 15.00 |
| 1 | L3029RED | Studs 2 zip crsbdy | 15.00 | 15.00 |
| 1 | L3009CORAL | Mini satchel w/ strap | 19.00 | 19.00 |
| 1 | L3009BB BLUE | Mini satchel w/ strap | 19.00 | 19.00 |
| 1 | L3009KHAKI | Mini satchel w/ strap | 19.00 | 19.00 |
| 1 | L3016CORAL | Girly Shoulder Bag | 22.00 | 22.00 |
| 1 | L3016LEM YLW | Girly Shoulder Bag | 22.00 | 22.00 |
| 1 | L3004BEIGE | Front zip crossbody | 15.00 | 15.00 |
| 1 | L3004BB BLUE | Front zip crossbody | 15.00 | 15.00 |
| 1 | L3004LEM YLW | Front zip crossbody | 15.00 | 15.00 |
| 1 | L3004CORAL | Front zip crossbody | 15.00 | 15.00 |
| | SHIPPING | | 14.00 | 14.00 |

| | **Total** | $295.00 |
|--|-----------|---------|

**CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER  DD 2770**

# Invoice

 DIDA IMPORT & EXPORT INC
7416 Grand Ave
Elmhurst, NY 11373
Tel: 718-4768888
Fax: 718-4768885

| Date | Invoice # |
|------|-----------|
| 3/31/2014 | 2668 |

**Bill To**

YOUNG'S FASHION
6310 W. TOUHY AVE.
STE 203
NILES, IL 60714
USA

**Ship To**

YOUNG'S FASHION
6310 W. TOUHY AVE.
STE 203
NILES, IL 60714
USA

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | N 30 | | 3/31/2014 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|-----------|--------|
| 10 | S3008BLACK | Urban Satchel (Saffino) | 23.00 | 230.00 |
| 5 | S3008RED | Urban Satchel (Saffino) | 23.00 | 115.00 |
| 5 | S3008BEIGE | Urban Satchel (Saffino) | 23.00 | 115.00 |
| 10 | WNA3003BLACK | Satchel | 22.00 | 220.00 |
| 5 | WNA3003WINE | Satchel | 22.00 | 110.00 |
| 5 | WNA3003CORAL | Satchel | 22.00 | 110.00 |
| 5 | WNA3003BEIGE | Satchel | 22.00 | 110.00 |
| 10 | L3009BLACK | Mini satchel w/ strap | 17.00 | 170.00 |
| 5 | L3009BLUE | Mini satchel w/ strap | 17.00 | 85.00 |
| 3 | S3008RSY BRW | Urban Satchel (Saffino) | 23.00 | 69.00 |
| 5 | S3008CORAL | Urban Satchel (Saffino) | 23.00 | 115.00 |
| 10 | N3036BLACK | Smiley Tote | 21.00 | 210.00 |
| 5 | N3036RED | Smiley Tote | 21.00 | 105.00 |
| 5 | N3036RSYBRW | Smiley Tote | 21.00 | 105.00 |
| 5 | N3036BEIGE | Smiley Tote | 21.00 | 105.00 |
| | CUSTOMER DIS | | -96.00 | -96.00 |

| | **Total** | **$1,878.00** |
|---|-----------|---------------|

CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER  DD 2789



**7416 Grand Ave**
**Elmhurst, NY 11373**
Tel: 718-4768888
Fax: 718-4768885

**Invoice**

| Date | Invoice # |
|------|-----------|
| 10/30/2013 | 2351 |

**Bill To**

KAM HARMON
po box 1914
Marion, IL 62959

**PAID**

**Ship To**

KAM HARMON
714 N Carbon st. suite 6
Marion, IL 62959

| P.O. Number | Terms | Rep | Ship | Via | F.O.B. | Project |
|-------------|-------|-----|------|-----|--------|---------|
| | | AS | 10/30/2013 | | | |

| Quantity | Item Code | Description | Price Each | Amount |
|----------|-----------|-------------|------------|--------|
| 1 | WZ5017BLACK | Belt satchel | 20.00 | 20.00 |
| 1 | WZ5017LG COF | Belt satchel | 20.00 | 20.00 |
| 1 | L3011BLACK | Simple Satchel | 20.00 | 20.00 |
| 1 | L3011COF | Simple Satchel | 20.00 | 20.00 |
| 1 | WZ5021LG COF | Chain shoulder bag | 23.00 | 23.00 |
| 1 | L3005BLACK | Side tassel satchel | 20.00 | 20.00 |
| 1 | L3005BEIGE | Side tassel satchel | 20.00 | 20.00 |
| 1 | LXB5005BLACK | 3 Zip crossbody | 15.00 | 15.00 |
| 1 | LXB5005RED | 3 Zip crossbody | 15.00 | 15.00 |
| 1 | L3003BLACK | 2 Zip Mini Crossbody | 12.00 | 12.00 |
| 1 | L3003BEIGE | 2 Zip Mini Crossbody | 12.00 | 12.00 |
| 1 | L3010BLACK | Uptown Satchel | 22.00 | 22.00 |
| 1 | L3010BEIGE | Uptown Satchel | 22.00 | 22.00 |
| 1 | L3012BLACK | On the go crossbody | 15.00 | 15.00 |
| 1 | L3012KHAKI | ER GRN On the go crossbody | 15.00 | 15.00 |
| 1 | WMA5007BLACK | Leather handle Satchel | 22.00 | 22.00 |
| 1 | WMA5007LEMO... | Leather handle Satchel | 22.00 | 22.00 |
| 1 | WMA5007COFFEE | Leather handle Satchel | 22.00 | 22.00 |
| 1 | LZT5006BLACK | 2 Zip Satchel | 22.00 | 22.00 |
| 1 | LZT5006KHAKI | ER GRN 2 Zip Satchel | 22.00 | 22.00 |
| 1 | EY3121BLACK | Crocodile Print Satchel | 20.00 | 20.00 |
| 1 | EY3121ORG | Crocodile Print Satchel | 20.00 | 20.00 |
| 1 | WJ5003BLACK | 2 IN 1 Satchel | 17.00 | 17.00 |
| 1 | WJ5003ORG | 2 IN 1 Satchel | 17.00 | 17.00 |
| 1 | SXB5003 BLACK | Saffiano mini crossbody | 12.00 | 12.00 |
| 1 | SXB5003 RED | Saffiano mini crossbody | 12.00 | 12.00 |
| 1 | LXB5002BB BLUE | Mini Crossbody | 12.00 | 12.00 |
| 1 | LXB5002BLACK | Mini Crossbody | 12.00 | 12.00 |
| 1 | LF1892COF | SIMPLE SATCHEL | 15.00 | 15.00 |
| 1 | LSZ5001BEIGE | Beloved Satchel w/ strap | 22.00 | 22.00 |
| 1 | WK5005BLACK | 2 IN 1 TOTE | 25.00 | 25.00 |
| | SHIPPING | | 36.22 | 36.22 |

| | Total | $601.22 |
|--|-------|---------|

**CONFIDENTIAL--SUBJECT TO PROTECTIVE ORDER  DD 3645**

## DECLARATION OF CAROLYN SHIELDS

I, CAROLYN SHIELDS, declare:

1.     I am one of the attorneys of record for the Defendant, DI DA Import and Export, Inc.  I have personal knowledge of the facts set forth herein and if called as a witness could and would competently testify thereto.

.     2.     Attached as Exhibit A is a true and correct copy of plaintiffs' responses to Defendant's Interrogatory Numbers 1 and 2.

3.     Attached as Exhibit B is a true and correct copy of Defendant's trademark applications which plaintiffs opposed.  The first two applications, for the 2 D and 6 D marks, cover the goods which plaintiffs claim are infringing.  The third application, for the D&D mark, was filed on an intent to use basis and as shown by the USPTO records was never used.

4.     Attached as Exhibit C is a true and correct copy of the USPTO records for the trademarks identified in Exhibit A as allegedly infringed by Defendant.

5.     Attached as Exhibit D is a true and correct copy of the USPTO registration of Defendant's 1 D mark.

6.     Attached as Exhibit E is a true and correct copy of the USPTO records showing that the notices of opposition mailed by the USPTO to Defendant were returned to the USPTO stamped "addressee unknown."  In addition, the deposition testimony of Sam Zhu shows that he did not know that Coach had filed any opposition to DI DA's trademark applications and that when he checked DI DA's attorney's website for the status of the applications it did not show that any oppositions had been filed.  Attached hereto as Exhibit F is that testimony of Sam Zhu. The refusal of the USPTO to register Defendant's three marks was by default, by reason of Defendant's failure to respond to plaintiffs' opposition.

7.      I did not say or write to plaintiffs' attorneys that Defendant's principal would "run off to China" making collection of any judgment difficult.  Indeed, I said the opposite, that they would <u>not</u> do so.  And I mentioned the practice of <u>others</u>, not my clients, of moving to China, making enforcement of U.S. judgments difficult.  Not only will Defendant's principals not do this; they have shown by their investment and persistent participation in this litigation that they will not do so.

8.      Defendant has already provided information regarding Defendant's assets, and plaintiffs' attorneys have examined all four of Defendant's designees about the same:  I produced Defendant's bank account statements.  Plaintiffs' attorneys examined all four of Defendant's designees about real property.  The witnesses testified that they and Defendant owned no real property, in the U.S. or in China.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on January 5, 2015.


___*/s/ Carolyn Shields*_____
CAROLYN SHIELDS

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| COACH, INC. and COACH SERVICES, INC., | : |
| Plaintiffs, | : **Case No. 13-cv-7165** |
| v. | : **Honorable Samuel Der-Yeghiayan** |
| DI DA IMPORT AND EXPORT INC. (D/B/A DI DA NEW YORK), | : |
| Defendant. | : |

## PLAINTIFFS' RESPONSES AND OBJECTIONS
## TO DEFENDANT'S INTERROGATORIES (SET ONE)

Plaintiffs Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to as "Coach"), by and through their attorneys, Bryan Cave LLP, responds to Defendant Di Da Import and Export Inc.'s ("Defendant") Interrogatories (Set One) ("Interrogatories") as follows:

### PRELIMINARY STATEMENT

1.     Coach has not completed its investigation of the facts relating to this case, nor has it completed its discovery or preparation for trial.   Discovery is ongoing in this matter. Accordingly, the responses herein are made on the basis of information and documents presently available to Coach.   Coach specifically reserves the right to supplement discovery and offer and/or rely at trial on subsequently discovered information or documents, or on information omitted from these responses as the result of any good faith oversight, error, or mistake.

2.     The responses herein are made solely for the purpose of this action.   Coach reserves the right to object to the use of any response in any other action.   By providing

1

information in response to any request, Coach does not intend to authorize the use of such information in any other action than the one at bar, nor does it waive any right it may have to object to the further use of the information provided in this action, and thus reserve any and all rights Coach may have to further use.

3.      No incidental or implied omissions are intended by the responses herein. Coach's responses or objections to any request or part thereof are not intended as an admission that Coach accepts or admits the existence of any facts set forth or assumed by such request, or that such response or objection constitutes admissible evidence. The fact that Coach has agreed to provide documents in response to part or all of any request is not intended as a waiver by Coach to any other objection it may have to the request or to the admissibility of the documents produced.

## GENERAL OBJECTIONS

1.      These general objections apply to all written discovery requests, and are incorporated into every response of Coach thereto, where applicable. Omitting the repetition of any of these general objections within responses to specific discovery requests below, is not intended as, and shall not result in, a waiver of the right to interpose such general objections.

2.      Coach objects to the Defendant's Interrogatories to the extent that they seek information or documents protected by the attorney-client privilege and/or work product doctrine. This objection includes, without limitation, information or documents which relate to or concern mental impressions, communications, conclusions, opinions, research, or legal theories of an attorney or representative of Coach concerning the litigation. By making a response to any such request, Coach does not waive the attorney-client privilege and/or work product doctrine as to that Interrogatory, or as to any other Interrogatory or future Interrogatory. Further, to the extent that Coach inadvertently produces any information or documents which, in

2

whole or in part, are protected by attorney-client privilege and/or work product doctrine, such a disclosure does not waive the protection of the attorney-client privilege and/or work product doctrine.

3. Coach objects to the Defendant's Interrogatories to the extent that they seek to impose obligations on Coach beyond those specified in the Federal Rules of Civil Procedure and Local Rules of Court.

4. Coach objects to the Defendant's Interrogatories to the extent that they seek documents or information that are neither relevant to the subject-matter of the litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

5. Coach objects to the Defendant's Interrogatories to the extent that they are duplicative, overly broad, unduly burdensome, vague, or ambiguous.

6. Coach objects to the Defendant's Interrogatories to the extent that they purport to call for publicly available information, information equally available from another source, or information in the Defendant's possession, custody and/or control, on the grounds that such information is equally available to the Defendant. Coach objects to Defendant's Interrogatories to the extent that they call for information or documents from persons and/or entities over which Coach has neither control nor duty to control.

7. Coach objects to Defendant's Interrogatories to the extent that they seek trade secrets and/or sensitive personal, financial, proprietary, and confidential information and other documents in the absence of a suitable confidentiality agreement or protective order.

8. Coach reserves all objections as to the competency, relevancy, materiality, privilege, or admissibility of evidence, in any subsequent proceeding in, or trial of this or any other action, for any purpose whatsoever.

3

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1:

Identify by model number, description, or photograph all goods offered for sale, sold, or distributed by Defendant which bear marks that you claim infringe the trademark rights of Plaintiffs or either Plaintiff.

**RESPONSE:**

Coach objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome and because the term "description" is confusing, vague, ambiguous, and undefined. Coach further objects to this Interrogatory on the grounds that it seeks information that is more fully available to Defendant from another source or is already in Defendant's possession, custody, or control. Subject to and without waiving the foregoing objections or the General Objections, Coach states that Defendant's products with model numbers A85601, A85602, A85603, A85604, A85605, A85609, A85606, A85608, A85620, A85621, A85622, A85630, 88601, 88603, 88604, 88606, A88607, A95601, A95602, A95604, A95605, 95637, 95638, 95639, 95640, 95651, 95652, 95653, 95661, 95665, A95606, C95607, C95618, and C95619 infringe on Coach's trademarks. Additionally, Coach states that Defendant's goods depicted in what the parties have previously identified and agreed to as Exhibits A, B, and C to Coach's discovery requests infringe on Coach's trademarks. Investigation continues.

### INTERROGATORY NO. 2:

Identify by United States Patent and Trademark Office registration number all marks owned by Plaintiffs or either Plaintiff which Plaintiffs claim have been infringed by Defendant.

**RESPONSE:**

Coach objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Coach further objects to this Interrogatory on the grounds that it seeks information that is publicly available, equally available to Defendant from another source, or is already in

4

Defendant's possession, custody, or control. Subject to and without waiving the foregoing objections or the General Objections, Coach states that Defendant has infringed on Coach trademarks with Registration Nos. 2,626,565; 2,822,318; 2,832,589; 2,592,963; 2,822,629; 4,365,898; 3,396,554; and 3,695,290. Investigation continues.

## INTERROGATORY NO. 3:

Describe the interest of Coach, Inc. in the trademarks that are identified in Plaintiffs' response to Interrogatory Number 2.

**RESPONSE:**

Coach objects to this Interrogatory to the extent that it is duplicative of Interrogatory No. 2. Coach also objects to this Interrogatory because the term "interest" is confusing, vague, ambiguous, and undefined. Coach further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, calls for a narrative, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, Coach objects to this Interrogatory on the grounds that it seeks information that is publicly available, equally available to Defendant from another source or is already in Defendant's possession, custody, or control. Objecting further, this Interrogatory calls for information that is protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections or the General Objections, Coach states that Coach, Inc. has an exclusive license from Coach Services, Inc., the owner of the subject trademarks, to use the trademarks identified in Coach's Response to Interrogatory No. 2.

5

## INTERROGATORY NO. 17:

For each item of damages set forth in Your response to Interrogatory Number 16, state the method used to calculate said item of damages.

**RESPONSE:**

Coach objects to this Interrogatory to the extent that it is duplicative of Interrogatory No. 16. Coach also objects to this Interrogatory because the terms "method," "used," and "calculate" are confusing, vague, ambiguous, and undefined. Coach further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Objecting further, this Interrogatory calls for information that is protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections or the General Objections, Coach states that statutory damages are up to two million dollars ($2,000,000) per counterfeit mark, per type of counterfeit good in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117), and that punitive damages are calculated based on the egregiousness of Defendant's wrongful acts. Further, Coach is entitled to its costs and attorneys' fees pursuant to 15 U.S.C. § 1117.

Dated:  June 12, 2014

Respectfully submitted,

BRYAN CAVE LLP

By: _____

S. Patrick McKey, #6201588
Donald A. Cole, #6299318
Lauren J. Caisman, # 6312465
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Tel: (312) 602-5000
Fax: (312) 602-5050
patrick.mckey@bryancave.com
donald.cole@bryancave.com

268429

lauren.caisman@bryancave.com
*Attorneys for Coach, Inc.*
*and Coach Services, Inc.*

268429

## **VERIFICATION**

I, Samanta D. Bangaree, declare under penalties of perjury under the laws of the United States that I have read the foregoing Plaintiffs' Response and Objections to Defendant's First Set of Interrogatories and that said answers on behalf of Plaintiffs, Coach, Inc. and Coach Services, Inc., are true and correct to the best of my knowledge, information, and belief based upon such information as is presently available.

Dated: _June 10, 2014_          Signature: _Samanta D Bangaree_

268429

# EXHIBIT B

**Generated on:** This page was generated by TSDR on 2013-11-01 23:36:31 EDT

**Mark:** D D



| | | | |
|---|---|---|---|
| **US Serial Number:** | 85316065 | **Application Filing Date:** | May 09, 2011 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |
| **Status:** | Abandoned after an inter partes decision by the Trademark Trial and Appeal Board. For further information, see TTABVUE on the Trademark Trial and Appeal Board web page. | | |
| **Status Date:** | Oct. 29, 2013 | | |
| **Publication Date:** | Jul. 09, 2013 | | |
| **Date Abandoned:** | Oct. 29, 2013 | | |

## Mark Information

**Mark Literal Elements:** D D

**Standard Character Claim:** No

**Mark Drawing Type:** 5 - AN ILLUSTRATION DRAWING WITH WORD(S) /LETTER(S)/ NUMBER(S) INSTYLIZED FORM

**Description of Mark:** The mark consists of the literal elements "D D" facing each other, of which the left one is reversed to the other like a mirror image of the letter "D" as shown in the mark.

**Color(s) Claimed:** Color is not claimed as a feature of the mark.

## Related Properties Information

**Claimed Ownership of US Registrations:** 4298751

## Goods and Services

**Note:** The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Leather products, namely, handbags, traveling bags, tote bags, shoulder bags, duffel bags, wallets and key chains

**International Class(es):** 018 - Primary Class     **U.S Class(es):** 001, 002, 003, 022, 041

**Class Status:** ABANDONED

**Basis:** 1(a)

**First Use:** Apr. 01, 2011     **Use in Commerce:** Apr. 01, 2011

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes | **Amended Use:** | No |
| **Filed ITU:** | No | **Currently ITU:** | No | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## Current Owner(s) Information

**Owner Name:** DI DA IMPORT & EXPORT INC.

**Owner Address:** 1205 BROADWAY RM 203
NEW YORK, NEW YORK 10001
UNITED STATES

**Legal Entity Type:** CORPORATION     **State or Country Where Organized:** NEW YORK

# Attorney/Correspondence Information

**Attorney of Record**

| | | | |
|---|---|---|---|
| **Attorney Name:** | Raj Abhyanker | **Docket Number:** | 26478 |
| **Attorney Primary Email Address:** | trademarks@rajpatent.com | **Attorney Email Authorized:** | Yes |

**Correspondent**

| | |
|---|---|
| **Correspondent Name/Address:** | RAJ ABHYANKER<br>RAJ ABHYANKER PC<br>1580 W EL CAMINO REAL<br>STE 8<br>MOUNTAIN VIEW, CALIFORNIA 94040-2462<br>UNITED STATES |

| | | | |
|---|---|---|---|
| **Phone:** | 650- 965-8731 | **Fax:** | 650- 989-2131 |
| **Correspondent e-mail:** | trademarks@rajpatent.com | **Correspondent e-mail Authorized:** | Yes |

**Domestic Representative - Not Found**

# Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Oct. 29, 2013 | ABANDONMENT NOTICE MAILED - INTER PARTES DECISION | |
| Oct. 29, 2013 | ABANDONMENT - AFTER INTER PARTES DECISION | |
| Oct. 29, 2013 | OPPOSITION TERMINATED NO. 999999 | 211648 |
| Oct. 29, 2013 | OPPOSITION SUSTAINED NO. 999999 | 211648 |
| Jul. 19, 2013 | OPPOSITION INSTITUTED NO. 999999 | 211648 |
| Jul. 19, 2013 | OPPOSITION PAPERS RECEIVED AT TTAB | |
| Jul. 09, 2013 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Jul. 09, 2013 | PUBLISHED FOR OPPOSITION | |
| Jun. 19, 2013 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| May 31, 2013 | LAW OFFICE PUBLICATION REVIEW COMPLETED | 77976 |
| May 26, 2013 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| May 26, 2013 | EXAMINER'S AMENDMENT ENTERED | 88888 |
| May 26, 2013 | NOTIFICATION OF EXAMINERS AMENDMENT E-MAILED | 6328 |
| May 26, 2013 | EXAMINERS AMENDMENT E-MAILED | 6328 |
| May 26, 2013 | EXAMINERS AMENDMENT -WRITTEN | 60219 |
| May 20, 2013 | PREVIOUS ALLOWANCE COUNT WITHDRAWN | |
| May 12, 2013 | WITHDRAWN FROM PUB - OG REVIEW QUERY | 76621 |
| Apr. 29, 2013 | LAW OFFICE PUBLICATION REVIEW COMPLETED | 77976 |
| Apr. 21, 2013 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Apr. 21, 2013 | EXAMINER'S AMENDMENT ENTERED | 88888 |
| Apr. 21, 2013 | NOTIFICATION OF EXAMINERS AMENDMENT E-MAILED | 6328 |
| Apr. 21, 2013 | EXAMINERS AMENDMENT E-MAILED | 6328 |
| Apr. 21, 2013 | EXAMINERS AMENDMENT -WRITTEN | 60219 |
| Apr. 06, 2013 | LIE CHECKED SUSP - TO ATTY FOR ACTION | 77976 |
| Sep. 26, 2012 | REPORT COMPLETED SUSPENSION CHECK CASE STILL SUSPENDED | 77976 |
| Apr. 25, 2012 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP | |
| Mar. 22, 2012 | NOTIFICATION OF LETTER OF SUSPENSION E-MAILED | 6332 |
| Mar. 22, 2012 | LETTER OF SUSPENSION E-MAILED | 6332 |
| Mar. 22, 2012 | SUSPENSION LETTER WRITTEN | 60219 |
| Mar. 14, 2012 | TEAS/EMAIL CORRESPONDENCE ENTERED | 77976 |
| Mar. 14, 2012 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 77976 |
| Mar. 06, 2012 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Feb. 28, 2012 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 6325 |

| Feb. 28, 2012 | NON-FINAL ACTION E-MAILED | 6325 |
| Feb. 28, 2012 | NON-FINAL ACTION WRITTEN | 60219 |
| Feb. 15, 2012 | APPLICANT/CORRESPONDENCE CHANGES (NON-RESPONSIVE) ENTERED | 88888 |
| Feb. 15, 2012 | TEAS CHANGE OF OWNER ADDRESS RECEIVED | |
| Feb. 07, 2012 | ASSIGNED TO LIE | 77976 |
| Jan. 26, 2012 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Jul. 27, 2011 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 6325 |
| Jul. 27, 2011 | NON-FINAL ACTION E-MAILED | 6325 |
| Jul. 27, 2011 | NON-FINAL ACTION WRITTEN | 60219 |
| Jul. 26, 2011 | ASSIGNED TO EXAMINER | 60219 |
| May 14, 2011 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| May 12, 2011 | NEW APPLICATION ENTERED IN TRAM | |

# TM Staff and Location Information

| TM Staff Information | | | |
|---|---|---|---|
| **TM Attorney:** | HERMAN, RUSS | **Law Office Assigned:** | LAW OFFICE 101 |
| **File Location** | | | |
| **Current Location:** | TTAB | **Date in Location:** | Oct. 29, 2013 |

# Assignment Abstract Of Title Information

| Summary | | | |
|---|---|---|---|
| **Total Assignments:** | 1 | **Applicant:** | Zhu, Feng |
| **Assignment 1 of 1** | | | |
| **Conveyance:** | ASSIGNS THE ENTIRE INTEREST | | |
| **Reel/Frame:** | 4758/0127 | **Pages:** | 3 |
| **Date Recorded:** | Apr. 17, 2012 | | |
| **Supporting Documents:** | assignment-tm-4758-0127.pdf | | |
| **Assignor** | | | |
| **Name:** | ZHU, FENG | **Execution Date:** | Apr. 13, 2012 |
| **Legal Entity Type:** | INDIVIDUAL | **Citizenship:** | UNITED STATES |
| **Assignee** | | | |
| **Name:** | DI DA IMPORT & EXPORT INC. | | |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | NEW YORK |
| **Address:** | 1205 BROADWAY RM 203 NEW YORK, NEW YORK 10001 | | |
| **Correspondent** | | | |
| **Correspondent Name:** | RAJ ABHYANKER | | |
| **Correspondent Address:** | 1580 W. EL CAMINO REAL SUITE 8 MOUNTAIN VIEW, CA 94040 | | |
| **Domestic Representative - Not Found** | | | |

# Proceedings

| Summary | | | |
|---|---|---|---|
| **Number of Proceedings:** | 1 | | |
| **Type of Proceeding: Opposition** | | | |
| **Proceeding Number:** | 91211648 | **Filing Date:** | Jul 19, 2013 |
| **Status:** | Terminated | **Status Date:** | Oct 29, 2013 |
| **Interlocutory Attorney:** | ELIZABETH A DUNN | | |
| **Defendant** | | | |
| **Name:** | DI Da Import & Export, Inc. | | |
| **Correspondent Address:** | RAJ ABHYANKER RAJ ABHYANKER PC | | |

1580 W EL CAMINO REAL , STE 8
MOUNTAIN VIEW CA , 94040-2462
UNITED STATES

**Correspondent e-mail:** trademarks@rajpatent.com

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|------|-------------------|---------------|---------------------|
| D D | Abandoned - After Inter-Partes Decision | 85316065 | |

**Plaintiff(s)**

**Name:** Coach Services, Inc.

**Correspondent Address:** JEAN MARIANI
COACH SERVICES INC
516 WEST 34TH STREET
NEW YORK NY , 10001
UNITED STATES

**Correspondent e-mail:** jmariani@coach.com

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|------|-------------------|---------------|---------------------|
| CC | Section 8 and 15 - Accepted and Acknowledged | 76441558 | 2822318 |
| CC | Section 8 and 15 - Accepted and Acknowledged | 76491780 | 2822629 |
| CC CC CC CC | Renewed | 78007596 | 2626565 |
| CC CC CC CC | Renewed | 78007598 | 2592963 |
| CC | Registered | 78972141 | 3396554 |
| CC CC CC CC | Registered | 77687107 | 3695290 |
| CC CC CC CC | Section 8 and 15 - Accepted and Acknowledged | 76348453 | 2832589 |

**Prosecution History**

| Entry Number | History Text | Date | Due Date |
|--------------|--------------|------|----------|
| 1 | FILED AND FEE | Jul 19, 2013 | |
| 2 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | Jul 19, 2013 | Aug 28, 2013 |
| 3 | PENDING, INSTITUTED | Jul 19, 2013 | |
| 4 | NOTICE OF DEFAULT | Sep 12, 2013 | |
| 5 | BD DECISION: SUSTAINED | Oct 29, 2013 | |
| 6 | TERMINATED | Oct 29, 2013 | |

**Generated on:** This page was generated by TSDR on 2013-11-01 23:54:26 EDT

**Mark:** DDDDDD



| | | | |
|---|---|---|---|
| **US Serial Number:** | 85267743 | **Application Filing Date:** | Mar. 15, 2011 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |

**Status:** Abandoned after an inter partes decision by the Trademark Trial and Appeal Board. For further information, see TTABVUE on the Trademark Trial and Appeal Board web page.

**Status Date:** May 10, 2012

**Publication Date:** Aug. 02, 2011

**Date Abandoned:** May 10, 2012

## Mark Information

**Mark Literal Elements:** DDDDDD

**Standard Character Claim:** No

**Mark Drawing Type:** 5 - AN ILLUSTRATION DRAWING WITH WORD(S) /LETTER(S)/ NUMBER(S) INSTYLIZED FORM

**Description of Mark:** The mark consists of D like figures facing each other, two D like figures placed above them facing downwards and two D like figures placed below them facing upwards as shown in the mark.

**Color(s) Claimed:** Color is not claimed as a feature of the mark.

## Goods and Services

**Note:** The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Leather goods, namely, leather handbags, traveling bags, shoulder bags, wallets and key chains

**International Class(es):** 018 - Primary Class    **U.S Class(es):** 001, 002, 003, 022, 041

**Class Status:** ABANDONED

**Basis:** 1(b)

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | No | **Currently Use:** | No | **Amended Use:** | No |
| **Filed ITU:** | Yes | **Currently ITU:** | Yes | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## Current Owner(s) Information

**Owner Name:** DIDA import & export inc

**Owner Address:** 140-34 Negundo Ave
Flushing, NEW YORK 11355
UNITED STATES

**Legal Entity Type:** CORPORATION    **State or Country Where Organized:** NEW YORK

## Attorney/Correspondence Information

### Attorney of Record

**Attorney Name:** Raj Abhyanker    **Docket Number:** 24954

| Attorney Primary Email Address: | trademarks@rajpatent.com | Attorney Email Authorized: | Yes |
|---|---|---|---|

| | **Correspondent** | | |
|---|---|---|---|
| Correspondent Name/Address: | DIDI IMPORT & EXPORT INC<br>140-34 NEGUNDO AVE<br>FLUSHING, NEW YORK 11355<br>UNITED STATES | | |
| Phone: | 650-965-8731 | Fax: | 650-989-2131 |
| Correspondent e-mail: | trademarks@rajpatent.com | Correspondent e-mail Authorized: | Yes |

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| May 10, 2012 | ABANDONMENT - AFTER INTER PARTES DECISION | |
| May 10, 2012 | OPPOSITION TERMINATED NO. 999999 | 202713 |
| May 10, 2012 | OPPOSITION SUSTAINED NO. 999999 | 202713 |
| Nov. 28, 2011 | OPPOSITION INSTITUTED NO. 999999 | 202713 |
| Aug. 24, 2011 | EXTENSION OF TIME TO OPPOSE RECEIVED | |
| Aug. 02, 2011 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Aug. 02, 2011 | PUBLISHED FOR OPPOSITION | |
| Jun. 17, 2011 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jun. 14, 2011 | ASSIGNED TO EXAMINER | 76613 |
| Mar. 21, 2011 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Mar. 18, 2011 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

| | **TM Staff Information** | | |
|---|---|---|---|
| TM Attorney: | MARTIN, EUGENIA K | Law Office Assigned: | LAW OFFICE 114 |

| | **File Location** | | |
|---|---|---|---|
| Current Location: | TTAB | Date in Location: | May 10, 2012 |

## Proceedings

| | **Summary** | | |
|---|---|---|---|
| Number of Proceedings: | 2 | | |

| | **Type of Proceeding: Opposition** | | |
|---|---|---|---|
| Proceeding Number: | 91202713 | Filing Date: | Nov 28, 2011 |
| Status: | Terminated | Status Date: | May 10, 2012 |
| Interlocutory Attorney: | CHERYL S GOODMAN | | |

| | **Defendant** | | |
|---|---|---|---|
| Name: | Dida Import & Export, Inc. | | |
| Correspondent Address: | DIDI IMPORT & EXPORT INC<br>140-34 NEGUNDO AVE<br>FLUSHING NY , 11355<br>UNITED STATES | | |

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| DDDDDD | Abandoned - After Inter-Partes Decision | 85267743 | |

| | **Plaintiff(s)** | | |
|---|---|---|---|
| Name: | Coach Service, Inc. | | |
| Correspondent Address: | SUZANNE WHITE<br>COACH SERVICE INC<br>516 WEST 34 STREET<br>NEW YORK NY , 10001<br>UNITED STATES | | |
| Correspondent e-mail: | swhite@coach.com | | |

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|------|-------------------|---------------|---------------------|
| CC | Registered | 78972141 | 3396554 |
| CC CC CC CC | Renewed | 78007598 | 2592963 |
| CC CC CC CC | Renewed | 78007596 | 2626565 |
| CC CC CC CC | Registered | 77687107 | 3695290 |
| CC CC CC CC | Section 8 and 15 - Accepted and Acknowledged | 76348453 | 2832589 |
| CC | Section 8 and 15 - Accepted and Acknowledged | 76441558 | 2822318 |
| CC | Section 8 and 15 - Accepted and Acknowledged | 76491780 | 2822629 |

| **Prosecution History** | | | |
|---|---|---|---|
| Entry Number | History Text | Date | Due Date |
| 1 | FILED AND FEE | Nov 28, 2011 | |
| 2 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | Nov 28, 2011 | Jan 07, 2012 |
| 3 | PENDING, INSTITUTED | Nov 28, 2011 | |
| 4 | D'S REQUEST TO WITHDRAW AS ATTORNEY | Dec 22, 2011 | |
| 5 | RESPONSE DUE 30 DAYS (DUE DATE) | Jan 17, 2012 | Feb 16, 2012 |
| 6 | RESPONSE DUE | Mar 03, 2012 | |
| 7 | UNDELIVERABLE MAIL | Mar 29, 2012 | |
| 8 | UNDELIVERABLE MAIL | Apr 12, 2012 | |
| 9 | BOARD'S DECISION: SUSTAINED | May 10, 2012 | |
| 10 | TERMINATED | May 10, 2012 | |

**Type of Proceeding: Extension of Time**

Proceeding Number: 85267743    Filing Date: Aug 24, 2011

Status: Terminated    Status Date: Nov 30, 2011

Interlocutory Attorney:

| **Defendant** |
|---|

Name: DIDA import & export inc

Correspondent Address: RAJ ABHYANKER
RAJ ABHYANKER, P.C.
1580 W EL CAMINO REAL STE 8
MOUNTAIN VIEW CA , 94040-2462

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|------|-------------------|---------------|---------------------|
| DDDDDD | Abandoned - After Inter-Partes Decision | 85267743 | |

| **Potential Opposer(s)** |
|---|

Name: Coach Service, Inc.

Correspondent Address: Suzanne White
Coach Service, Inc.
516 West 34th Street
New York NY , 10001
UNITED STATES

Correspondent e-mail: swhite@coach.com

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|------|-------------------|---------------|---------------------|

| **Prosecution History** | | | |
|---|---|---|---|
| Entry Number | History Text | Date | Due Date |
| 1 | INCOMING - EXT TIME TO OPPOSE FILED | Aug 24, 2011 | |
| 2 | EXTENSION OF TIME GRANTED | Aug 24, 2011 | |

**Generated on:** This page was generated by TSDR on 2013-11-02 00:10:24 EDT

**Mark:** D & D



| | | | |
|---|---|---|---|
| **US Serial Number:** | 85267696 | **Application Filing Date:** | Mar. 15, 2011 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |
| **Status:** | Abandoned after an inter partes decision by the Trademark Trial and Appeal Board. For further information, see TTABVUE on the Trademark Trial and Appeal Board web page. | | |
| **Status Date:** | Oct. 10, 2012 | | |
| **Publication Date:** | Aug. 02, 2011 | | |
| **Date Abandoned:** | Oct. 10, 2012 | | |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | D & D |
| **Standard Character Claim:** | No |
| **Mark Drawing Type:** | 5 - AN ILLUSTRATION DRAWING WITH WORD(S) /LETTER(S)/ NUMBER(S) INSTYLIZED FORM |
| **Description of Mark:** | The mark consists of the literal elements D & D as shown in the mark. |
| **Color(s) Claimed:** | Color is not claimed as a feature of the mark. |

## Goods and Services

**Note:** The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | Leather goods, namely, leather handbags, traveling bags, shoulder bags, wallets and key chains | | |
| **International Class(es):** | 018 - Primary Class | **U.S Class(es):** | 001, 002, 003, 022, 041 |
| **Class Status:** | ABANDONED | | |
| **Basis:** | 1(b) | | |

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | No | **Currently Use:** | No | **Amended Use:** | No |
| **Filed ITU:** | Yes | **Currently ITU:** | Yes | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## Current Owner(s) Information

| | | | |
|---|---|---|---|
| **Owner Name:** | DIDA import & export inc. | | |
| **Owner Address:** | 140-34 Negundo Ave<br>Flushing, NEW YORK 11355<br>UNITED STATES | | |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | NEW YORK |

## Attorney/Correspondence Information

### Attorney of Record

| | | | |
|---|---|---|---|
| **Attorney Name:** | Raj Abhyanker | **Docket Number:** | 24955 |

| Attorney Primary Email Address: | trademarks@rajpatent.com | Attorney Email Authorized: | Yes |

### Correspondent

| Correspondent Name/Address: | DIDA IMPORT EXPORT INC 140 34 NEGUNDO AVE FLUSHING, NEW YORK 11355 UNITED STATES | | |
| Phone: | 650-965-8731 | Fax: | 650-989-2131 |
| Correspondent e-mail: | trademarks@rajpatent.com | Correspondent e-mail Authorized: | Yes |

### Domestic Representative - Not Found

## Prosecution History

| Date | Description | Proceeding Number |
|------|-------------|-------------------|
| Oct. 10, 2012 | ABANDONMENT - AFTER INTER PARTES DECISION | |
| Oct. 10, 2012 | OPPOSITION TERMINATED NO. 999999 | 202712 |
| Oct. 10, 2012 | OPPOSITION SUSTAINED NO. 999999 | 202712 |
| Nov. 28, 2011 | OPPOSITION INSTITUTED NO. 999999 | 202712 |
| Aug. 31, 2011 | EXTENSION OF TIME TO OPPOSE RECEIVED | |
| Aug. 02, 2011 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Aug. 02, 2011 | PUBLISHED FOR OPPOSITION | |
| Jun. 14, 2011 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jun. 14, 2011 | ASSIGNED TO EXAMINER | 83186 |
| Mar. 22, 2011 | NOTICE OF PSEUDO MARK MAILED | |
| Mar. 21, 2011 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Mar. 18, 2011 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

### TM Staff Information

| TM Attorney: | BIBB, SCOTT | Law Office Assigned: | LAW OFFICE 109 |

### File Location

| Current Location: | TTAB | Date in Location: | Oct. 10, 2012 |

## Proceedings

### Summary

| Number of Proceedings: | 2 |

### Type of Proceeding: Opposition

| Proceeding Number: | 91202712 | Filing Date: | Nov 28, 2011 |
| Status: | Terminated | Status Date: | Oct 10, 2012 |
| Interlocutory Attorney: | MICHAEL B ADLIN | | |

### Defendant

| Name: | DIDA Import & Export Inc. |
| Correspondent Address: | DIDA IMPORT EXPORT INC 140 34 NEGUNDO AVE FLUSHING NY , 11355 UNITED STATES |

#### Associated marks

| Mark | Application Status | Serial Number | Registration Number |
|------|-------------------|---------------|---------------------|
| D & D | Abandoned - After Inter-Partes Decision | 85267696 | |

### Plaintiff(s)

| Name: | Coach Services, Inc. |
| Correspondent Address: | SUZANNE WHITE COACH SERVICES INC 516 W 34TH STREET NEW YORK NY , 10001 UNITED STATES |

Correspondent e-mail: swhite@coach.com

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|------|-------------------|---------------|---------------------|
| CC | Registered | 78972141 | 3396554 |
| CC CC CC CC | Renewed | 78007598 | 2592963 |
| CC CC CC CC | Renewed | 78007596 | 2626565 |
| CC CC CC CC | Registered | 77687107 | 3695290 |
| CC CC CC CC | Section 8 and 15 - Accepted and Acknowledged | 76348453 | 2832589 |
| CC | Section 8 and 15 - Accepted and Acknowledged | 76441558 | 2822318 |
| CC | Section 8 and 15 - Accepted and Acknowledged | 76491780 | 2822629 |

**Prosecution History**

| Entry Number | History Text | Date | Due Date |
|--------------|-------------|------|----------|
| 1 | FILED AND FEE | Nov 28, 2011 | |
| 2 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | Nov 28, 2011 | Jan 07, 2012 |
| 3 | PENDING, INSTITUTED | Nov 28, 2011 | |
| 4 | D'S REQUEST TO WITHDRAW AS ATTORNEY | Dec 22, 2011 | |
| 5 | RESPONSE DUE 30 DAYS (DUE DATE) | Jan 19, 2012 | Feb 18, 2012 |
| 6 | UNDELIVERABLE MAIL | Feb 27, 2012 | |
| 7 | UNDELIVERABLE MAIL | Feb 27, 2012 | |
| 8 | NOTICE OF DEFAULT | Jul 09, 2012 | |
| 9 | RESPONSE DUE 30 DAYS (DUE DATE) | Aug 23, 2012 | Sep 22, 2012 |
| 10 | BOARD'S DECISION: SUSTAINED | Oct 10, 2012 | |
| 11 | TERMINATED | Oct 10, 2012 | |

**Type of Proceeding: Extension of Time**

| | | | |
|---|---|---|---|
| Proceeding Number: | 85267696 | Filing Date: | Aug 31, 2011 |
| Status: | Terminated | Status Date: | Nov 30, 2011 |
| Interlocutory Attorney: | | | |

**Defendant**

Name: DIDA import & export inc.

Correspondent Address: RAJ ABHYANKER
RAJ ABHYANKER, P.C
1580 W EL CAMINO REAL STE 8
MOUNTAIN VIEW CA , 94040-2462

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|------|-------------------|---------------|---------------------|
| D & D | Abandoned - After Inter-Partes Decision | 85267696 | |

**Potential Opposer(s)**

Name: Coach Services, Inc.

Correspondent Address: Suzanne White
Coach Services, Inc.
516 W. 34th Street
New York NY , 10001
UNITED STATES

Correspondent e-mail: swhite@coach.com

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|------|-------------------|---------------|---------------------|

**Prosecution History**

| Entry Number | History Text | Date | Due Date |
|--------------|-------------|------|----------|
| 1 | INCOMING - EXT TIME TO OPPOSE FILED | Aug 31, 2011 | |

2          EXTENSION OF TIME GRANTED                    Aug 31, 2011

# EXHIBIT C



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | *eBusiness* | eBiz alerts | News | Help



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | *eBusiness* | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Dec 31 03:20:58 EST 2014*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)* |



| | |
|---|---|
| **Word Mark** | CC CC CC CC |
| **Goods and Services** | IC 018. US 001 002 003 022 041. G & S: HANDBAGS, PURSES, CLUTCHES, SHOULDER BAGS, PORTFOLIOS, TOTE BAGS, WAIST POUCHES, BACKPACKS, COSMETIC CASES SOLD EMPTY, TOILETRY CASES SOLD EMPTY, BRIEFCASES, LUGGAGE, GARMENT BAGS, BILLFOLDS, WALLETS, KEY CASES, BUSINESS CARD CASES, CREDIT CARD CASES, PASSPORT HOLDERS, IDENTIFICATION CASES, [TIE CASES] AND COIN POUCHES. FIRST USE: 20010400. FIRST USE IN COMMERCE: 20010400 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.03.03 - Incomplete ovals; Ovals, incomplete<br>27.03.01 - Geometric figures forming letters, numerals or punctuation |
| **Serial Number** | 78007596 |
| **Filing Date** | May 10, 2000 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | June 26, 2001 |
| **Registration Number** | **2626565** |
| **Registration** | September 24, 2002 |

| | |
|---|---|
| **Date** | |
| **Owner** | (REGISTRANT) COACH, INC. CORPORATION MARYLAND 516 WEST 34TH STREET NEW YORK NEW YORK 10001 |
| | (LAST LISTED OWNER) COACH SERVICES, INC. CORPORATION MARYLAND 516 WEST 34TH STREET NEW YORK NEW YORK 10001 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Sarah B. Kickham |
| **Description of Mark** | Color is not claimed as a feature of the mark. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL-2(F) |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20121003. |
| **Renewal** | 1ST RENEWAL 20121003 |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | *eBusiness* | eBiz alerts | News | Help



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | *eBusiness* | eBiz alerts | News | Help

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Wed Dec 31 03:20:58 EST 2014*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | CC |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: Fragrances for personal use; Lipsticks. FIRST USE: 20070401. FIRST USE IN COMMERCE: 20070401 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Trademark Search Facility Classification Code** | LETS-1 CCCC A single letter, multiples of a single letter or in combination with a design SHAPES-GEOMETRIC Geometric figures and solids including squares, rectangles, quadrilaterals and polygons SHAPES-OVALS Oval figures or designs including incomplete ovals and one or more ovals |
| **Serial Number** | 78972141 |
| **Filing Date** | September 12, 2006 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | January 9, 2007 |
| **Registration Number** | **3396554** |
| **Registration Date** | March 11, 2008 |
| **Owner** | (REGISTRANT) Coach Services, Inc. CORPORATION MARYLAND 516 West 34th Street New York NEW YORK 10001 |
| **Attorney of Record** | Sarah B. Kickham |
| **Prior Registrations** | 2592963;2626565;2832589 |

| | |
|---|---|
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of a repeating pattern featuring a stylized letter "C" in different orientations. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | *eBusiness* | eBiz alerts | News | Help



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | *eBusiness* | eBiz alerts | News | Help

**Trademarks** > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Wed Dec 31 03:20:58 EST 2014*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS )*



| Field | Value |
|---|---|
| **Word Mark** | CC CC CC CC |
| **Goods and Services** | IC 025. US 022 039. G & S: CLOTHING, NAMELY, SCARVES, TIES, GLOVES, BELTS, CAPS, HATS, SHOES, [ SLIPPERS, ] COATS, JACKETS [ AND SUSPENDERS ]. FIRST USE: 20010400. FIRST USE IN COMMERCE: 20010400 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.03.03 - Incomplete ovals; Ovals, incomplete<br>27.03.01 - Geometric figures forming letters, numerals or punctuation |
| **Serial Number** | 78007598 |
| **Filing Date** | May 10, 2000 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | June 26, 2001 |
| **Registration Number** | **2592963** |
| **Registration Date** | July 9, 2002 |
| **Owner** | (REGISTRANT) COACH, INC. CORPORATION MARYLAND 516 WEST 34TH STREET NEW YORK NEW YORK 10001 |

(LAST LISTED OWNER) COACH SERVICES, INC. CORPORATION MARYLAND 516 West 34th Street New York NEW YORK 10001

| | |
|---|---|
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Sarah B. Kickham |
| **Description of Mark** | Color is not claimed as a feature of the mark. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL-2(F) |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20120504. |
| **Renewal** | 1ST RENEWAL 20120504 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| HOME | SITE INDEX | SEARCH | *e*BUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | *eBusiness* | eBiz alerts | News | Help



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | *eBusiness* | eBiz alerts | News | Help

**Trademarks** > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Wed Dec 31 03:20:58 EST 2014*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | CC |
| **Goods and Services** | IC 024. US 042 050. G & S: Fabric for use in the manufacture of clothing, shoes, handbags and luggage. FIRST USE: 20020802. FIRST USE IN COMMERCE: 20020802 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.03.03 - Incomplete ovals; Ovals, incomplete<br>26.03.16 - Ovals touching or intersecting<br>26.03.21 - Ovals that are completely or partially shaded<br>27.03.01 - Geometric figures forming letters, numerals or punctuation |
| **Serial Number** | 76441558 |
| **Filing Date** | August 14, 2002 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | December 23, 2003 |
| **Registration Number** | **2822318** |
| **Registration Date** | March 16, 2004 |
| **Owner** | (REGISTRANT) Coach Services, Inc. CORPORATION MARYLAND 516 West 34th Street New York NEW YORK 10001 |
| **Attorney of Record** | Sarah B. Kickham |
| **Prior** | 2592963;2626565 |

| | |
|---|---|
| **Registrations** | |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of a repeating pattern featuring a stylized letter "C" in different orientations. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL-2(F) |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20140407. |
| **Renewal** | 1ST RENEWAL 20140407 |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   Top   HELP

| HOME | SITE INDEX | SEARCH | *e*BUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Dec 31 03:20:58 EST 2014*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | CC |
| **Goods and Services** | IC 035. US 100 101 102. G & S: Retail store services featuring handbags, luggage, home furnishings, stationary, jewelry, watches, small leather goods, clothing, accessories, shoes, eyewear, toys, desk accessories and pet products. FIRST USE: 20021028. FIRST USE IN COMMERCE: 20021028 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 76491780 |
| **Filing Date** | February 20, 2003 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | December 23, 2003 |
| **Registration Number** | 2822629 |
| **Registration Date** | March 16, 2004 |
| **Owner** | (REGISTRANT) Coach Services, Inc. CORPORATION MARYLAND 516 West 34th Street New York NEW YORK 10001 |
| **Attorney of Record** | Sarah B. Kickham |
| **Prior Registrations** | 2592963;2626565 |

| **Description of Mark** | Color is not claimed as a feature of the mark. |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20140408. |
| **Renewal** | 1ST RENEWAL 20140408 |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | *eBusiness* | eBiz alerts | News | Help



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | *eBusiness* | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Dec 31 03:20:58 EST 2014*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | CC CC CC CC |
| **Goods and Services** | (CANCELLED) IC 004. US 001 006 015. G & S: [ CANDLES ]. FIRST USE: 20011000. FIRST USE IN COMMERCE: 20011000 |
| | IC 006. US 002 012 013 014 023 025 050. G & S: METAL KEY FOBS. FIRST USE: 20001200. FIRST USE IN COMMERCE: 20001200 |
| | IC 009. US 021 023 026 036 038. G & S: SUNGLASSES AND EYEGLASS CASES. FIRST USE: 20010300. FIRST USE IN COMMERCE: 20010300 |
| | IC 014. US 002 027 028 050. G & S: WATCHES AND WATCH STRAPS; JEWELRY, NAMELY, NECKLACES, BRACELETS, EARRINGS, RINGS. FIRST USE: 20010900. FIRST USE IN COMMERCE: 20010900 |
| | (CANCELLED) IC 016. US 002 005 022 023 029 037 038 050. G & S: [ ; DIARIES AND PLANNING DIARIES MADE OF LEATHER ]. FIRST USE: 20010200. FIRST USE IN COMMERCE: 20010200 |
| | IC 018. US 001 002 003 022 041. G & S: LEATHER KEY FOBS, UMBRELLAS, DOG AND CAT COLLARS AND LEASHES. FIRST USE: 20010300. FIRST USE IN COMMERCE: 20010300 |
| | (CANCELLED) IC 025. US 022 039. G & S: [ CLOTHING, NAMELY, [ SKIRTS AND PANTS, AND ] DOG COATS ]. FIRST USE: 20011200. FIRST USE IN COMMERCE: 20011200 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 76348453 |
| **Filing Date** | December 14, 2001 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |

| | |
|---|---|
| **Published for Opposition** | October 1, 2002 |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |
| **Registration Number** | **2832589** |
| **Registration Date** | April 13, 2004 |
| **Owner** | (REGISTRANT) Coach Services, Inc. CORPORATION MARYLAND 516 West 34th Street New York NEW YORK 10001 |
| **Attorney of Record** | Sarah B. Kickham |
| **Prior Registrations** | 2592963;2626565 |
| **Description of Mark** | Color is not claimed as a feature of the mark. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). PARTIAL SECTION 8(10-YR) 20140407. |
| **Renewal** | 1ST RENEWAL 20140407 |
| **Live/Dead Indicator** | LIVE |



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | *eBusiness* | eBiz alerts | News | Help



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | *eBusiness* | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Dec 31 03:20:58 EST 2014*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS )*



| **Word Mark** | CC CC CC CC |
|---|---|
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: Cases for spectacles and sunglasses; Eyeglass cases; Eyeglasses; Frames for spectacles and sunglasses; Sunglasses. FIRST USE: 20010300. FIRST USE IN COMMERCE: 20010300 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Trademark Search Facility Classification Code** | LETS-1 CCCCCCCC A single letter, multiples of a single letter or in combination with a design SHAPES-OVALS Oval figures or designs including incomplete ovals and one or more ovals |
| **Serial Number** | 77687107 |
| **Filing Date** | March 10, 2009 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | July 28, 2009 |
| **Registration Number** | **3695290** |
| **Registration Date** | October 13, 2009 |
| **Owner** | (REGISTRANT) Coach Services, Inc. CORPORATION MARYLAND 516 West 34th Street New York NEW YORK 10001 |
| **Attorney of Record** | Sarah B. Kickham |
| **Prior** | 2832589 |

| | |
|---|---|
| **Registrations** | |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of a repeating pattern featuring stylized letters "CC" in different orientations. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL-2(F) |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Dec 31 03:20:58 EST 2014*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | CC CC CC CC |
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: Protective covers and cases for cell phones, laptops and portable media players. FIRST USE: 20130415. FIRST USE IN COMMERCE: 20130415 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 85655987 |
| **Filing Date** | June 19, 2012 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | September 4, 2012 |
| **Registration Number** | 4365898 |
| **Registration Date** | July 9, 2013 |
| **Owner** | (REGISTRANT) Coach Services, Inc. CORPORATION MARYLAND 516 West 34th Street New York NEW YORK 10001 |
| **Attorney of Record** | Sarah B. Kickham |
| **Prior Registrations** | 2822318;2822629;3396554;AND OTHERS |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of a repeating pattern featuring a stylized letter "C" in different orientations. |
| **Type of Mark** | TRADEMARK |

**Register** PRINCIPAL

**Live/Dead Indicator** LIVE

# EXHIBIT D



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Sun Jan 4 03:20:58 EST 2015*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)* |



| | |
|---|---|
| **Word Mark** | D |
| **Goods and Services** | IC 018. US 001 002 003 022 041. G & S: Leather goods, namely, leather handbags, traveling bags, shoulder bags, wallets and key chains. FIRST USE: 20110401. FIRST USE IN COMMERCE: 20110401 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 85298333 |
| **Filing Date** | April 19, 2011 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | June 4, 2013 |
| **Registration Number** | 4438198 |
| **Registration Date** | November 26, 2013 |
| **Owner** | (REGISTRANT) DI DA IMPORT & EXPORT INC. CORPORATION NEW YORK 1205 BROADWAY RM 203 NEW YORK NEW YORK 10001 |
| | (LAST LISTED OWNER) DI DA IMPORT AND EXPORT INC CORPORATION NEW YORK 7416 GRAND AVE ELMHURST NEW YORK 11373 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Prior Registrations** | 4298751 |
| **Description of** | |

Trademark Electronic Search System (TESS)

| | |
|---|---|
| **Mark** | Color is not claimed as a feature of the mark. The mark consists of letter "D" as shown in the mark. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT E



PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2011)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 85267743**
**Filing Date: 03/15/2011**

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 85267743 |
| **MARK INFORMATION** | |
| *MARK | \\TICRS\EXPORT11\IMAGEOUT 11\852\677\85267743\xml1\ APP0002.JPG |
| SPECIAL FORM | YES |
| USPTO-GENERATED IMAGE | NO |
| COLOR MARK | NO |
| *DESCRIPTION OF THE MARK (and Color Location, if applicable) | The mark consists of D like figures facing each other, two D like figures placed above them facing downwards and two D like figures placed below them facing upwards as shown in the mark. |
| PIXEL COUNT ACCEPTABLE | YES |
| PIXEL COUNT | 750 x 600 |
| REGISTER | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | DIDA import & export inc |
| *STREET | 140-34 Negundo Ave |
| *CITY | Flushing |
| *STATE (Required for U.S. applicants) | New York |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants only) | 11355 |
| **LEGAL ENTITY INFORMATION** | |
| TYPE | corporation |

| STATE/COUNTRY OF INCORPORATION | New York |
|---|---|

## GOODS AND/OR SERVICES AND BASIS INFORMATION

| INTERNATIONAL CLASS | 018 |
|---|---|
| *IDENTIFICATION | Leather goods, namely, leather handbags, traveling bags, shoulder bags, wallets and key chains. |
| FILING BASIS | SECTION 1(b) |

## ATTORNEY INFORMATION

| NAME | Raj Abhyanker |
|---|---|
| ATTORNEY DOCKET NUMBER | 24954 |
| FIRM NAME | Raj Abhyanker, P.C. |
| INTERNAL ADDRESS | Suite 8 |
| STREET | 1580 W. El Camino Real |
| CITY | Mountain View |
| STATE | California |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 94040 |
| PHONE | 650-965-8731 |
| FAX | 650-989-2131 |
| EMAIL ADDRESS | trademarks@rajpatent.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| OTHER APPOINTED ATTORNEY | Christopher Ditico, Vandana Balakrishnan, Jennifer Lu, Hong Cui, Ashwin Anand, Benjamin Ashurov, John Salcido |

## CORRESPONDENCE INFORMATION

| NAME | Raj Abhyanker |
|---|---|
| FIRM NAME | Raj Abhyanker, P.C. |
| INTERNAL ADDRESS | Suite 8 |
| STREET | 1580 W. El Camino Real |
| CITY | Mountain View |
| STATE | California |
| COUNTRY | United States |

| | |
|---|---|
| **ZIP/POSTAL CODE** | 94040 |
| **PHONE** | 650-965-8731 |
| **FAX** | 650-989-2131 |
| **EMAIL ADDRESS** | trademarks@rajpatent.com |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |
| **FEE INFORMATION** | |
| **NUMBER OF CLASSES** | 1 |
| **FEE PER CLASS** | 325 |
| ***TOTAL FEE DUE** | 325 |
| ***TOTAL FEE PAID** | 325 |
| **SIGNATURE INFORMATION** | |
| **SIGNATURE** | /Raj Abhyanker/ |
| **SIGNATORY'S NAME** | Raj Abhyanker |
| **SIGNATORY'S POSITION** | Attorney of record, CA bar member |
| **DATE SIGNED** | 03/16/2011 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2011)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 85267743**
**Filing Date: 03/15/2011**

## To the Commissioner for Trademarks:

**MARK:** (Stylized and/or Design, see mark)
The applicant is not claiming color as a feature of the mark. The mark consists of D like figures facing each other, two D like figures placed above them facing downwards and two D like figures placed below them facing upwards as shown in the mark.
The applicant, DIDA import & export inc, a corporation of New York, having an address of
     140-34 Negundo Ave
     Flushing, New York 11355
     United States
requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

     International Class 018:  Leather goods, namely, leather handbags, traveling bags, shoulder bags, wallets and key chains.
Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).

The applicant's current Attorney Information:
Raj Abhyanker and Christopher Ditico,Vandana Balakrishnan, Jennifer Lu, Hong Cui, Ashwin Anand, Benjamin Ashurov, John Salcido of Raj Abhyanker, P.C.

     Suite 8
     1580 W. El Camino Real
     Mountain View, California 94040
     United States
The attorney docket/reference number is 24954.

The applicant's current Correspondence Information:
     Raj Abhyanker
     Raj Abhyanker, P.C.
     Suite 8
     1580 W. El Camino Real
     Mountain View, California 94040
     650-965-8731(phone)

650-989-2131(fax)

trademarks@rajpatent.com (authorized)

A fee payment in the amount of $325 has been submitted with the application, representing payment for 1 class(es).

## Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

Signature: /Raj Abhyanker/   Date Signed: 03/16/2011
Signatory's Name: Raj Abhyanker
Signatory's Position: Attorney of record, CA bar member

RAM Sale Number: 4990
RAM Accounting Date: 03/16/2011

Serial Number: 85267743
Internet Transmission Date: Tue Mar 15 17:52:50 EDT 2011
TEAS Stamp: USPTO/BAS-115.252.151.6-2011031517525096
4606-85267743-48064fb419d6f47a5f969b4ce8
ae2291bda-CC-4990-20110315174557526674



*** User:emartin ***

| # | Total Marks | Dead Marks | Live Viewed Docs | Live Viewed Images | Status/ Search Duration | Search |
|---|---|---|---|---|---|---|
| 01 | 1 | 0 | 1 | 1 | 0:01 | "dddddd"[bi,ti] |
| 02 | 3 | 1 | 2 | 2 | 0:01 | "dd dd dd"[bi,ti] |
| 03 | 0 | 0 | 0 | 0 | 0:02 | "d d d d d"[bi,ti] |
| 04 | 0 | 0 | 0 | 0 | 0:01 | "ddd ddd"[bi,ti] |
| 05 | 0 | 0 | 0 | 0 | 0:01 | "dd d d dd"[bi,ti] |
| 06 | 0 | 0 | 0 | 0 | 0:01 | "dd d d d d"[bi,ti] |
| 07 | 0 | 0 | 0 | 0 | 0:02 | "d d d d dd"[bi,ti] |
| 08 | 0 | 0 | 0 | 0 | 0:01 | "d dd dd d"[bi,ti] |
| 09 | 20318 | N/A | 0 | 0 | 0:01 | "d"[bi,ti] |
| 10 | 7408 | N/A | 0 | 0 | 0:04 | "d"[bi,ti] not dead[ld] |
| 11 | 1659913 | N/A | 0 | 0 | 0:02 | "018"[cc] |
| 12 | 2444 | N/A | 0 | 0 | 0:01 | 10 and 11 |
| 13 | 101040 | N/A | 0 | 0 | 0:03 | ("018" or "200" or "a" or "b")[ic] |
| 14 | 278 | 0 | 278 | 250 | 0:01 | 12 and 13 |
| 15 | 243 | 0 | 243 | 232 | 0:01 | "dd"[bi,ti] not (dead[ld] or 14 or 1 or 2) |
| 16 | 144 | 0 | 144 | 123 | 0:02 | "d d"[bi,ti] not (dead[ld] or 14 or 1 or 2 or 15) |
| 17 | 21 | N/A | 0 | 0 | 0:01 | "ddd"[bi,ti] not (dead[ld] or 14 or 1 or 2 or 15 or 16) |
| 18 | 0 | 0 | 0 | 0 | 0:01 | "d d d"[bi,ti] not (dead[ld] or 14 or 1 or 2 or 15 or 16) |
| 19 | 6 | N/A | 0 | 0 | 0:01 | "dddd"[bi,ti] not (dead[ld] or 14 or 1 or 2 or 15 or 16) |
| 20 | 0 | 0 | 0 | 0 | 0:01 | "dd dd"[bi,ti] not (dead[ld] or 14 or 1 or 2 or 15 or 16) |
| 21 | 0 | 0 | 0 | 0 | 0:02 | "d d d d"[bi,ti] not (dead[ld] or 14 or 1 or 2 or 15 or 16) |

Session started 6/17/11 3:47:43 PM

Session finished 6/17/11 3:58:17 PM

Total search duration 0 minutes 31 seconds

Session duration 10 minutes 34 seconds

Defaut NEAR limit=1ADJ limit=1

Sent to TICRS as Serial Number: 85267743

## Trademark Snap Shot Publication Stylesheet
(Table presents the data on Publication Approval)

### OVERVIEW

| | | | |
|---|---|---|---|
| SERIAL NUMBER | 85267743 | FILING DATE | 03/15/2011 |
| REG NUMBER | 0000000 | REG DATE | N/A |
| REGISTER | PRINCIPAL | MARK TYPE | TRADEMARK |
| INTL REG # | N/A | INTL REG DATE | N/A |
| TM ATTORNEY | MARTIN, EUGENIA K | L.O. ASSIGNED | 114 |

### PUB INFORMATION

| | |
|---|---|
| RUN DATE | 06/18/2011 |
| PUB DATE | N/A |
| STATUS | 680-APPROVED FOR PUBLICATON |
| STATUS DATE | 06/17/2011 |
| LITERAL MARK ELEMENT | DDDDDD |

| | | | |
|---|---|---|---|
| DATE ABANDONED | N/A | DATE CANCELLED | N/A |
| SECTION 2F | NO | SECTION 2F IN PART | NO |
| SECTION 8 | NO | SECTION 8 IN PART | NO |
| SECTION 15 | NO | REPUB 12C | N/A |
| RENEWAL FILED | NO | RENEWAL DATE | N/A |
| DATE AMEND REG | N/A | | |

### FILING BASIS

| FILED BASIS | | CURRENT BASIS | | AMENDED BASIS | |
|---|---|---|---|---|---|
| 1 (a) | NO | 1 (a) | NO | 1 (a) | NO |
| 1 (b) | YES | 1 (b) | YES | 1 (b) | NO |
| 44D | NO | 44D | NO | 44D | NO |
| 44E | NO | 44E | NO | 44E | NO |
| 66A | NO | 66A | NO | | |
| NO BASIS | NO | NO BASIS | NO | | |

### MARK DATA

| | |
|---|---|
| STANDARD CHARACTER MARK | NO |
| LITERAL MARK ELEMENT | DDDDDD |

| MARK DRAWING CODE | 5-AN ILLUSTRATION DRAWING WITH WORD(S)/LETTER(S)/NUMBER(S) IN STYLIZED FORM |
|---|---|
| COLOR DRAWING FLAG | NO |

## CURRENT OWNER INFORMATION

| PARTY TYPE | 10-ORIGINAL APPLICANT |
|---|---|
| NAME | DIDA import & export inc |
| ADDRESS | 140-34 Negundo Ave<br>Flushing, NY 11355 |
| ENTITY | 03-CORPORATION |
| CITIZENSHIP | New York |

## GOODS AND SERVICES

| INTERNATIONAL CLASS | 018 |
|---|---|
| DESCRIPTION TEXT | Leather goods, namely, leather handbags, traveling bags, shoulder bags, wallets and key chains |

## GOODS AND SERVICES CLASSIFICATION

| INTERNATIONAL CLASS | 018 | FIRST USE DATE | NONE | FIRST USE IN COMMERCE DATE | NONE | CLASS STATUS | 6-ACTIVE |
|---|---|---|---|---|---|---|---|

## MISCELLANEOUS INFORMATION/STATEMENTS

| CHANGE IN REGISTRATION | NO |
|---|---|
| COLORS CLAIMED STATEMENT | Color is not claimed as a feature of the mark. |
| DESCRIPTION OF MARK | The mark consists of D like figures facing each other, two D like figures placed above them facing downwards and two D like figures placed below them facing upwards as shown in the mark. |
| PSEUDO MARK | DIDA |

## PROSECUTION HISTORY

| DATE | ENT CD | ENT TYPE | DESCRIPTION | ENT NUM |
|---|---|---|---|---|
| 06/17/2011 | CNSA | P | APPROVED FOR PUB - PRINCIPAL REGISTER | 004 |
| 06/14/2011 | DOCK | D | ASSIGNED TO EXAMINER | 003 |
| 03/21/2011 | NWOS | I | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | 002 |
| 03/18/2011 | NWAP | I | NEW APPLICATION ENTERED IN TRAM | 001 |

| CURRENT CORRESPONDENCE INFORMATION | |
|---|---|
| ATTORNEY | Raj Abhyanker |
| CORRESPONDENCE ADDRESS | RAJ ABHYANKER<br>RAJ ABHYANKER, P.C.<br>1580 W EL CAMINO REAL STE 8<br>MOUNTAIN VIEW, CA 94040-2462 |
| DOMESTIC REPRESENTATIVE | NONE |



| **From:** | TMOfficialNotices@USPTO.GOV |
|---|---|
| **Sent:** | Tuesday, August 2, 2011 00:36 AM |
| **To:** | trademarks@rajpatent.com |
| **Subject:** | Official USPTO Notice of Publication: Serial Number 85267743 |

NOTICE OF PUBLICATION

**Serial Number:** 85-267,743
**Mark:** DDDDDD(SYTLIZED/DESIGN)
**International Class(es):** 018
**Applicant:** DIDA import & export inc
**Attorney Reference Number:** 24954

The mark identified above has been published in the *Trademark Official Gazette* (OG) on Aug 02, 2011. Any party who believes it will be damaged by the registration of the mark may file a notice of opposition (or extension of time therefor) with the Trademark Trial and Appeal Board. If no party files an opposition or extension request within thirty (30) days after the publication date, then within twelve (12) weeks of the publication date a notice of allowance (NOA) should issue. (Note: The applicant must file a Statement of Use or Extension Request within six (6) months after the NOA issues.)

On the publication date or shortly thereafter, the applicant should carefully review the information that appears in the OG for accuracy (see steps, *below*). If any information is incorrect, the applicant should immediately email the requested correction to **TMPostPubQuery@uspto.gov**. For general information about this notice, please contact the Trademark Assistance Center at 1-800-786-9199.

**1.** Click on the following link or paste the URL into an internet browser:
http://www.uspto.gov/web/trademarks/tmog/20110802_OG.pdf#page=1
**2.** Wait for the total OG to download completely (as indicated on bottom of OG page).
**3.** At the top/side of the displayed page, click wherever the "binoculars" icon appears.
**4.** Enter in the "search" box the name of the applicant (for individual: last name, first name) or the serial number in this exact format (with hyphen and comma): 85-267,743, e.g.
**5.** View the retrieved result(s). If multiple results appear in the "results" box, click directly on each "search term" shown in the box to access all separate appearances in the OG.

PTO Form 2196 (Rev 9/2005)
OMB No. 0651-0056 (Exp 09/30/2014)

# Revocation of Attorney/Domestic Representative and/or Appointment of Attorney/Domestic Representative

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 85267743 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 114 |
| **MARK SECTION** | |
| **MARK** | DDDDDD (stylized and/or with design) |
| **ATTORNEY SECTION** | |
| **ORIGINAL ADDRESS** | 24954<br>140-34 NEGUNDO AVE<br>FLUSHING New York (NY) 11355<br>US<br>650-965-8731<br>650-989-2131<br>trademarks@rajpatent.com |
| **STATEMENT TEXT** | By submission of this request, the undersigned REVOKES the power of attorney currently of record, as listed above. |
| **NEW CORRESPONDENCE ADDRESS** | |
| **NAME** | DIDA IMPORT & EXPORT INC |
| **FIRM NAME** | DIDI IMPORT & EXPORT INC |
| **DOCKET/REFERENCE NUMBER** | 24954 |
| **STREET** | 7416 GRAND AVE |
| **CITY** | ELMHURST |
| **STATE** | New York |
| **COUNTRY** | United States |
| **POSTAL/ZIP CODE** | 11373 |
| **PHONE** | 718-476-8888 |
| **FAX** | 718-476-8885 |

| EMAIL | DIDANEWYORK@GMAIL.COM |
|---|---|
| AUTHORIZED TO COMMUNICATE VIA E-MAIL | YES |

## SIGNATURE SECTION

| SIGNATURE | /LINDA ZHU/ |
|---|---|
| SIGNATORY NAME | LINDA ZHU |
| SIGNATORY DATE | 11/01/2013 |
| SIGNATORY POSITION | MANAGER |
| SIGNATORY PHONE NUMBER | 718-476-8888 |

## FILING INFORMATION SECTION

| SUBMIT DATE | Fri Nov 01 15:44:27 EDT 2013 |
|---|---|
| TEAS STAMP | USPTO/RAA-108.12.155.34-2 0131101154427369118-85267 743-5006e2489173c8f2cf338 13386731e7c5e7568a85f6d29 93f13695d1daabaa7e-N/A-N/ A-20131101154314211809 |

PTO Form 2196 (Rev 9/2005)
OMB No. 0651-0056 (Exp 09/30/2014)

# Revocation of Attorney/Domestic Representative and/or Appointment of Attorney/Domestic Representative

To the Commissioner for Trademarks:

**MARK:** DDDDDD (stylized and/or with design)

**SERIAL NUMBER:** 85267743

**The original attorney**

24954
140-34 NEGUNDO AVE
FLUSHING New York 11355
US
650-965-8731
650-989-2131
trademarks@rajpatent.com

By submission of this request, the undersigned REVOKES the power of attorney currently of record, as listed above.

**Original Correspondence Address :**

140-34 NEGUNDO AVE
FLUSHING New York 11355
US
650-965-8731
650-989-2131
trademarks@rajpatent.com

**The following is to be used as the correspondence address:**

DIDA IMPORT & EXPORT INC
DIDI IMPORT & EXPORT INC
7416 GRAND AVE
ELMHURST, New York 11373
United States

718-476-8888
718-476-8885
DIDANEWYORK@GMAIL.COM The attorney docket/reference number is 24954.

Signature: /LINDA ZHU/      Date: 11/01/2013
Signatory's Name: LINDA ZHU
Signatory's Position: MANAGER

Signatory's Phone Number: 718-476-8888

Serial Number: 85267743
Internet Transmission Date: Fri Nov 01 15:44:27 EDT 2013
TEAS Stamp: USPTO/RAA-108.12.155.34-2013110115442736
9118-85267743-5006e2489173c8f2cf33813386
731e7c5e7568a85f6d2993f13695d1daabaa7e-N
/A-N/A-20131101154314211809

USPTO TSDR Case Viewer 💬

| Case Id | Document Description | Mail/Create Date | |
|---------|--------------------|------------------|---|
| 85267743 | 1. Notice of Abandonment | Nov. 04, 2013 | of |

<span>Your browser does not support inline frames or is currently configured not to display inline frames. </span>

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

| ESTTA Tracking number: | **ESTTA426908** |
|---|---|
| Filing date: | **08/24/2011** |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| Applicant: | **DIDA import & export inc** |
|---|---|
| Application Serial Number: | **85267743** |
| Application Filing Date: | **03/15/2011** |
| Mark: | **DDDDDD** |
| Date of Publication | **08/02/2011** |

## First 90 Day Request for Extension of Time to Oppose for Good Cause

Pursuant to 37 C.F.R. Section 2.102, Coach Service, Inc., 516 West 34th Street, New York, NY 10001, UNITED STATES, a corporation organized under the laws of Maryland , respectfully requests that it be granted a 90-day extension of time to file a notice of opposition against the above-identified mark for cause shown .

Potential opposer believes that good causes are established for this request by:

- The potential opposer needs additional time to investigate the claim

- The potential opposer needs additional time to confer with counsel

The time within which to file a notice of opposition is set to expire on 09/01/2011. Coach Service, Inc. respectfully requests that the time period within which to file an opposition be extended until 11/30/2011.

Respectfully submitted,
/suzanne white/
08/24/2011
**Suzanne White**
**Senior Counsel**
**Coach Service, Inc.**
**516 West 34th Street**
**New York, NY 10001**
**UNITED STATES**
**swhite@coach.com**
**212 629 2217**

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

Suzanne White
Coach Service, Inc.
516 West 34th Street
New York, NY 10001


**Mailed:  August 24, 2011**

**Serial No.: 85267743**
**ESTTA TRACKING NO:   ESTTA426908**


The request to extend time to oppose is granted until
**11/30/2011** on behalf of potential opposer **Coach Service,**
**Inc.**

Please do not hesitate to contact the Trademark Trial and
Appeal Board at (571)272-8500 if you have any questions
relating to this extension.

**Note from the Trademark Trial and Appeal Board**

TTAB forms for electronic filing of extensions of time to
oppose, notices of opposition, petition for cancellation, notice
of ex parte appeal, and inter partes filings are now available
at http://estta.uspto.gov. Images of TTAB proceeding files can
be viewed using TTABVue at http://ttabvue.uspto.gov.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
P.O. Box 1451
Alexandria, VA 22313-1451

Mailed: November 28, 2011

Opposition No. 91202713
Serial No. 85267743

RAJ ABHYANKER
RAJ ABHYANKER, P.C.
1580 W EL CAMINO REAL STE 8
MOUNTAIN VIEW, CA 94040-2462
trademarks@rajpatent.com

Coach Service, Inc.

v.

DIDA import & export inc

Suzanne White
Coach Service, Inc.
516 West 34th Street
New York, NY 10001
swhite@coach.com

**ESTTA443153**

**A notice of opposition to the registration sought by the above-identified application has been filed.** A service copy of the notice of opposition was forwarded to applicant (defendant) by the opposer (plaintiff). An electronic version of the notice of opposition is viewable in the electronic file for this proceeding via the Board's TTABVUE system: http://ttabvue.uspto.gov/ttabvue/v?qs=91202713.

**Proceedings will be conducted in accordance with the Trademark Rules of Practice, set forth in Title 37, part 2, of the Code of Federal Regulations ("Trademark Rules").** These rules may be viewed at the USPTO's trademarks page: http://www.uspto.gov/trademarks/index.jsp. The Board's main webpage (http://www.uspto.gov/trademarks/process/appeal/index.jsp) includes information on amendments to the Trademark Rules applicable to Board proceedings, on Alternative Dispute Resolution (ADR), Frequently Asked Questions about Board proceedings, and a web link to the Board's manual of procedure (the TBMP).

**Plaintiff must notify the Board when service has been ineffective, within 10 days of the date of receipt of a returned service copy or the date on which plaintiff learns that service has been ineffective.** Plaintiff has no subsequent duty to investigate the defendant's whereabouts, but if plaintiff by its own voluntary investigation or through any other means discovers a newer correspondence address for

the defendant, then such address must be provided to the Board. Likewise, if by voluntary investigation or other means the plaintiff discovers information indicating that a different party may have an interest in defending the case, such information must be provided to the Board. The Board will then effect service, by publication in the Official Gazette if necessary. *See* Trademark Rule 2.118. In circumstances involving ineffective service or return of defendant's copy of the Board's institution order, the Board may issue an order noting the proper defendant and address to be used for serving that party.

**Defendant's ANSWER IS DUE FORTY DAYS after the mailing date of this order.** (*See* Patent and Trademark Rule 1.7 for expiration of this or any deadline falling on a Saturday, Sunday or federal holiday.) **Other deadlines the parties must docket or calendar are either set forth below (if you are reading a mailed paper copy of this order) or are included in the electronic copy of this institution order viewable in the Board's TTABVUE system at the following web address: http://ttabvue.uspto.gov/ttabvue/**.

Defendant's answer and any other filing made by any party must include proof of service. *See* Trademark Rule 2.119. **If they agree to, the parties may utilize electronic means, e.g., e-mail or fax, during the proceeding for forwarding of service copies.** *See* Trademark Rule 2.119(b)(6).

The parties also are referred in particular to Trademark Rule 2.126, which pertains to the form of submissions. **Paper submissions, including but not limited to exhibits and transcripts of depositions, not filed in accordance with Trademark Rule 2.126 may not be given consideration or entered into the case file.**

| | |
|---|---|
| Time to Answer | 1/7/2012 |
| Deadline for Discovery Conference | 2/6/2012 |
| Discovery Opens | 2/6/2012 |
| Initial Disclosures Due | 3/7/2012 |
| Expert Disclosures Due | 7/5/2012 |
| Discovery Closes | 8/4/2012 |
| Plaintiff's Pretrial Disclosures | 9/18/2012 |
| Plaintiff's 30-day Trial Period Ends | 11/2/2012 |
| Defendant's Pretrial Disclosures | 11/17/2012 |
| Defendant's 30-day Trial Period Ends | 1/1/2013 |
| Plaintiff's Rebuttal Disclosures | 1/16/2013 |
| Plaintiff's 15-day Rebuttal Period Ends | 2/15/2013 |

**As noted in the schedule of dates for this case, the parties are required to have a conference to discuss: (1) the nature of and basis for their respective claims and defenses, (2) the possibility of settling the case or at least narrowing the scope of claims or defenses, and (3) arrangements relating to disclosures, discovery and**

**introduction of evidence at trial, should the parties not agree to settle the case.** *See* Trademark Rule 2.120(a)(2). Discussion of the first two of these three subjects should include a discussion of whether the parties wish to seek mediation, arbitration or some other means for resolving their dispute. Discussion of the third subject should include a discussion of whether the Board's Accelerated Case Resolution (ACR) process may be a more efficient and economical means of trying the involved claims and defenses. Information on the ACR process is available at the Board's main webpage. Finally, if the parties choose to proceed with the disclosure, discovery and trial procedures that govern this case and which are set out in the Trademark Rules and Federal Rules of Civil Procedure, then they must discuss whether to alter or amend any such procedures, and whether to alter or amend the Standard Protective Order (further discussed below). Discussion of alterations or amendments of otherwise prescribed procedures can include discussion of limitations on disclosures or discovery, willingness to enter into stipulations of fact, and willingness to enter into stipulations regarding more efficient options for introducing at trial information or material obtained through disclosures or discovery.

The parties are required to conference in person, by telephone, or by any other means on which they may agree. A Board interlocutory attorney or administrative trademark judge will participate in the conference, upon request of any party, provided that such participation is requested no later than ten (10) days prior to the deadline for the conference. *See* Trademark Rule 2.120(a)(2). The request for Board participation must be made through the Electronic System for Trademark Trials and Appeals (ESTTA) or by telephone call to the interlocutory attorney assigned to the case, whose name can be found by referencing the TTABVUE record for this case at **http://ttabvue.uspto.gov/ttabvue/**. The parties should contact the assigned interlocutory attorney or file a request for Board participation through ESTTA only after the parties have agreed on possible dates and times for their conference. Subsequent participation of a Board attorney or judge in the conference will be by telephone and the parties shall place the call at the agreed date and time, in the absence of other arrangements made with the assigned interlocutory attorney.

**The Board's Standard Protective Order is applicable to this case, but the parties may agree to supplement that standard order or substitute a protective agreement of their choosing, subject to approval by the Board.** The standard order is available for viewing at: **http://www.uspto.gov/trademarks/process/appeal/guidelines/stndagmnt.jsp**. Any party without access to the web may request a hard copy of the standard order from the Board. The standard order does not automatically protect a party's confidential information and its provisions must be utilized as needed by the parties. *See* Trademark Rule 2.116(g).

**Information about the discovery phase of the Board proceeding is available in chapter 400 of the TBMP. By virtue of amendments to the Trademark Rules effective November 1, 2007, the initial disclosures and expert disclosures scheduled during the discovery phase are required only in cases commenced on or after that date.** The TBMP has not yet been amended to include information on these disclosures and the parties are referred to the August 1, 2007 Notice of Final Rulemaking (72 Fed. Reg. 42242) posted on the Board's webpage. The deadlines for

pretrial disclosures included in the trial phase of the schedule for this case also resulted from the referenced amendments to the Trademark Rules, and also are discussed in the Notice of Final Rulemaking.

**The parties must note that the Board allows them to utilize telephone conferences to discuss or resolve a wide range of interlocutory matters that may arise during this case.**  In addition, the assigned interlocutory attorney has discretion to require the parties to participate in a telephone conference to resolve matters of concern to the Board.  *See* TBMP § 502.06(a) (2d ed. rev. 2004).

**The TBMP includes information on the introduction of evidence during the trial phase of the case, including by notice of reliance and by taking of testimony from witnesses**.  *See* TBMP §§ 703 and 704.  Any notice of reliance must be filed during the filing party's assigned testimony period, with a copy served on all other parties.  Any testimony of a witness must be both noticed and taken during the party's testimony period.  A party that has taken testimony must serve on any adverse party a copy of the transcript of such testimony, together with copies of any exhibits introduced during the testimony, within thirty (30) days after the completion of the testimony deposition.  *See* Trademark Rule 2.125.

**Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b).**  An oral hearing after briefing is not required but will be scheduled upon request of any party, as provided by Trademark Rule 2.129.

If the parties to this proceeding are (or during the pendency of this proceeding become) parties in another Board proceeding or a civil action involving related marks or other issues of law or fact which overlap with this case, they shall notify the Board immediately, so that the Board can consider whether consolidation or suspension of proceedings is appropriate.

**ESTTA NOTE:  For faster handling of all papers the parties need to file with the Board, the Board strongly encourages use of electronic filing through the Electronic System for Trademark Trials and Appeals (ESTTA).**  Various electronic filing forms, some of which may be used as is, and others which may require attachments, are available at **http://estta.uspto.gov**.

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

| ESTTA Tracking number: | **ESTTA443153** |
|---|---|
| Filing date: | **11/28/2011** |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

## Notice of Opposition

Notice is hereby given that the following party opposes registration of the indicated application.

## Opposer Information

| Name | Coach Service, Inc. |
|---|---|
| Granted to Date of previous extension | 11/30/2011 |
| Address | 516 West 34th Street<br>New York, NY 10001<br>UNITED STATES |

| Attorney information | Suzanne White<br>Coach Service, Inc.<br>516 West 34th Street<br>New York, NY 10001<br>UNITED STATES<br>swhite@coach.com Phone:212 629 2217 |
|---|---|

## Applicant Information

| Application No | 85267743 | Publication date | 08/02/2011 |
|---|---|---|---|
| Opposition Filing Date | 11/28/2011 | Opposition Period Ends | 11/30/2011 |
| Applicant | DIDA import & export inc<br>140-34 Negundo Ave<br>Flushing, NY 11355<br>UNITED STATES | | |

## Goods/Services Affected by Opposition

| Class 018.<br>All goods and services in the class are opposed, namely: Leather goods, namely, leather handbags, traveling bags, shoulder bags, wallets and key chains |
|---|

## Grounds for Opposition

| Priority and likelihood of confusion | Trademark Act section 2(d) |
|---|---|

## Marks Cited by Opposer as Basis for Opposition

| U.S. Registration No. | 3396554 | Application Date | 09/12/2006 |
|---|---|---|---|
| Registration Date | 03/11/2008 | Foreign Priority Date | NONE |
| Word Mark | CC | | |

| Design Mark |  |
|---|---|
| Description of Mark | The mark consists of a repeating pattern featuring a stylized letter "C" in different orientations. |
| Goods/Services | Class 003. First use: First Use: 2007/04/01 First Use In Commerce: 2007/04/01 Fragrances for personal use; Lipsticks |

| U.S. Registration No. | 2592963 | Application Date | 05/10/2000 |
|---|---|---|---|
| Registration Date | 07/09/2002 | Foreign Priority Date | NONE |
| Word Mark | CC CC CC CC | | |
| Design Mark |  | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 025. First use: First Use: 2001/04/00 First Use In Commerce: 2001/04/00 CLOTHING, NAMELY, SCARVES, TIES, GLOVES, BELTS, CAPS, HATS, SHOES, [ SLIPPERS, ] COATS, JACKETS [ AND SUSPENDERS ] | | |

| U.S. Registration No. | 2626565 | Application Date | 05/10/2000 |
|---|---|---|---|
| Registration Date | 09/24/2002 | Foreign Priority Date | NONE |
| Word Mark | CC CC CC CC | | |

| Design Mark |  |
|---|---|
| Description of Mark | NONE |
| Goods/Services | Class 018. First use: First Use: 2001/04/00 First Use In Commerce: 2001/04/00 HANDBAGS, PURSES, CLUTCHES, SHOULDER BAGS, PORTFOLIOS, TOTE BAGS, WAIST POUCHES, BACKPACKS, COSMETIC CASES SOLD EMPTY, TOILETRY CASES SOLD EMPTY, BRIEFCASES, LUGGAGE, GARMENT BAGS, BILLFOLDS, WALLETS, KEY CASES, BUSINESS CARD CASES, CREDIT CARD CASES, PASSPORT HOLDERS, IDENTIFICATION CASES, [TIE CASES] AND COIN POUCHES |

| U.S. Registration No. | 3695290 | Application Date | 03/10/2009 |
|---|---|---|---|
| Registration Date | 10/13/2009 | Foreign Priority Date | NONE |
| Word Mark | CC CC CC CC | | |
| Design Mark |  | | |
| Description of Mark | The mark consists of a repeating pattern featuring stylized letters "CC" in different orientations. | | |
| Goods/Services | Class 009. First use: First Use: 2001/03/00 First Use In Commerce: 2001/03/00 Cases for spectacles and sunglasses; Eyeglass cases; Eyeglasses; Frames for spectacles and sunglasses; Sunglasses | | |

| U.S. Registration No. | 2832589 | Application Date | 12/14/2001 |
|---|---|---|---|
| Registration Date | 04/13/2004 | Foreign Priority Date | NONE |
| Word Mark | CC CC CC CC | | |

| Design Mark |  |
| --- | --- |
| Description of Mark | NONE |
| Goods/Services | Class 004. First use: First Use: 2001/10/00 First Use In Commerce: 2001/10/00 CANDLES |
| | Class 006. First use: First Use: 2000/12/00 First Use In Commerce: 2000/12/00 METAL KEY FOBS |
| | Class 009. First use: First Use: 2001/03/00 First Use In Commerce: 2001/03/00 SUNGLASSES AND EYEGLASS CASES |
| | Class 014. First use: First Use: 2001/09/00 First Use In Commerce: 2001/09/00 WATCHES AND WATCH STRAPS; JEWELRY, NAMELY, NECKLACES, BRACELETS, EARRINGS, RINGS |
| | Class 016. First use: First Use: 2001/02/00 First Use In Commerce: 2001/02/00 ; DIARIES AND PLANNING DIARIES MADE OF LEATHER |
| | Class 018. First use: First Use: 2001/03/00 First Use In Commerce: 2001/03/00 LEATHER KEY FOBS, UMBRELLAS, DOG AND CAT COLLARS AND LEASHES |
| | Class 025. First use: First Use: 2001/12/00 First Use In Commerce: 2001/12/00 CLOTHING, NAMELY, [ SKIRTS AND PANTS, AND ] DOG COATS |

| U.S. Registration No. | 2822318 | Application Date | 08/14/2002 |
| --- | --- | --- | --- |
| Registration Date | 03/16/2004 | Foreign Priority Date | NONE |
| Word Mark | CC | | |
| Design Mark |  | | |
| Description of Mark | The mark consists of a repeating pattern featuring a stylized letter "C" in different orientations. | | |
| Goods/Services | Class 024. First use: First Use: 2002/08/02 First Use In Commerce: 2002/08/02 Fabric for use in the manufacture of clothing, shoes, handbags and luggage | | |

| U.S. Registration No. | 2822629 | Application Date | 02/20/2003 |
|---|---|---|---|
| Registration Date | 03/16/2004 | Foreign Priority Date | NONE |
| Word Mark | CC | | |
| Design Mark |  | | |
| Description of Mark | NONE | | |
| Goods/Services | Class 035. First use: First Use: 2002/10/28 First Use In Commerce: 2002/10/28 Retail store services featuring handbags, luggage, home furnishings, stationary, jewelry, watches, small leather goods, clothing, accessories, shoes, eyewear, toys, desk accessories and pet products | | |

| Attachments | 78972141#TMSN.jpeg ( 1 page )( bytes ) 78007598#TMSN.gif ( 1 page )( bytes ) 78007596#TMSN.gif ( 1 page )( bytes ) 77687107#TMSN.jpeg ( 1 page )( bytes ) 76348453#TMSN.gif ( 1 page )( bytes ) 76441558#TMSN.gif ( 1 page )( bytes ) 76491780#TMSN.gif ( 1 page )( bytes ) Statement of Opposition - 85267743.pdf ( 4 pages )(106301 bytes ) |
|---|---|

## Certificate of Service

The undersigned hereby certifies that a copy of this paper has been served upon all parties, at their address record by Overnight Courier on this date.

| Signature | /suzanne white/ |
|---|---|
| Name | Suzanne White |
| Date | 11/28/2011 |

## NOTICE OF OPPOSITION

COACH SERVICES, INC., a corporation of the State of Maryland, having its principal place of business at 516 West 34th Street, New York, New York 10001 (hereinafter "Opposer"), believes that it will be damaged by registration of the mark shown in Application No. 85/267,743 of DIDA Import & Export, Inc., having its place of business at 140-34 Negundo Avenue, Flushing, New York, 11355, United States (hereinafter "Applicant"), and hereby opposes issuance of the registration.

As grounds for opposition, Opposer states as follows:

1.      Since as early as 1941, Opposer, through its predecessors in interest, have been engaged in the sale, distribution and advertising of a wide variety of leather and other materials goods, including handbags, purses, clutches, shoulder bags, portfolios, waist pouches, eyeglasses, eyeglass frames, sunglasses, sunglass frames, eyeglass cases, sunglass cases, luggage, identification cases, garment bags, backpacks, tote bags, travel kits, toiletry cases, cosmetic cases, key cases, billfolds, wallets, credit card cases, business card cases, passport holders, briefcases, coin pouches, and umbrellas, among other goods.

2.      At least as early as April 2001, Opposer's predecessor adopted the arbitrary and distinctive CC Design trademark (often called "Signature C") for use in connection with the sale, distribution, and advertising of handbags and accessories, including eyewear.

3.      At least as early as April 2001, Opposer's predecessor first used the CC Design trademark in association with the sale of goods in interstate commerce. Upon information and belief, from that date, the public and the trade identified the source of the goods by the CC Design mark.

4.    Since at least April 2001, Opposer's predecessor and Opposer have continuously used the CC Design mark in association with the sale, distribution and advertising of goods in interstate commerce throughout the United States. The CC Design mark is used in a variety of patterns, colors, placements and sizes as well as in single and repeating patterns.

5.    Opposer's predecessor and Opposer have sold and distributed substantial amounts of goods in association with the CC Design mark. Opposer's predecessor, Opposer, Opposer's business partners, Opposer's distributors and Opposer's licensees have spent substantial sums in advertising and promoting goods in association with the CC Design mark.

6.    As a result of Opposer's long use, extensive sales, and significant advertising and promotional activities, the CC Design mark has become widely recognized by the public and the trade throughout the United States. The arbitrary and distinctive mark identifies Opposer as the source or origin of goods bearing, sold under, distributed and advertised in association with the mark.  Opposer enjoys substantial and valuable goodwill in the CC Design mark.

7.    Opposer is the owner of several federal registrations for the CC Design mark for use on a wide variety of goods, including the Applicant's. In particular, Opposer is the owner of at least the following:

   a) Registration No. 3396554 issued on March 11, 2008 for CC Design Mark covering fragrances for personal use and lipsticks.

   b) Registration No. 2592963 issued on July 9, 2002 for CC Design Mark covering clothing, namely, scarves, ties, gloves, belts, caps, hats, shoes, coats and jackets.

c) Registration No. 2626565 issued on September 24, 2002 for CC Design Mark covering handbags, purses, clutches, shoulder bags, portfolios, tote bags, waist pouches, backpacks, cosmetic cases sold empty, toiletry cases sold empty, briefcases, luggage, garment bags, billfolds, wallets, key cases, business card cases, credit card cases, passport holders, identification cases and coin pouches.

d) Registration No. 3695290 issued on October 13, 2009 for CC Design Mark covering cases for spectacles and sunglasses, eyeglass cases, eyeglasses, frames for spectacles and sunglasses, sunglasses.

e) Registration No. 2832589 issued on April 13, 2004 for CC Design Mark covering candles, metal key fobs, sunglasses and eyeglass cases, watches and watch straps; jewelry, namely, necklaces, bracelets, earrings, rings, diaries and planning diaries made of leather, leather key fobs, umbrellas, dog and cat collars and leashes, clothing, namely, skirts and pants, and dog coats.

f) Registration No. 2822318 issued on March 16, 2004 for CC Design Mark covering fabric for use in the manufacture of clothing, shoes, handbags and luggage.

g) Registration No. 2822629 issued on March 16, 2004 for CC Design Mark covering retail store services featuring handbags, luggage, home furnishings, stationary, jewelry, watches, small leather goods, clothing, accessories, shoes, eyewear, toys, desk accessories and pet products.

These registrations are valid, subsisting, and some have become incontestable.

8.      Opposer continues to successfully market and sell goods using Opposer's CC Design mark since 2001. The U.S. Customs Service has characterized Opposer's CC Design mark as a "strong" trademark.

9.     Upon information and belief, Applicant was established in 1997 and is a manufacturer and importer of goods.

10.     On or about March 15, 2011, Applicant applied for a trademark registration of a Design Mark for use, *inter alia*, in connection with *Leather goods, namely, leather handbags, traveling bags, shoulder bags, wallets and key chains* in Class 18.

11.     Upon information and belief, Applicant intends to use the Design Mark on or in connection with these goods so as to closely imitate Opposer's CC Design mark and intends to use the Design Mark in a way that is confusingly similar to Opposer's CC Design Mark.

12.     Applicant's use of the Design Mark is likely to cause confusion, or to cause mistake or deceive, in view of Opposer's predecessor's and Opposer's long prior use of the arbitrary and distinctive CC Design mark in association with the sale, distribution, and advertising of the same type of goods.

13.     By reason of Opposer's predecessor's and Opposer's use of the CC Design mark prior to Applicant's filing of its application to register a confusingly similar trademark in association with the same or related goods, Opposer has rights superior to any rights of Applicant.

14.     The registration of Applicant's Design Mark on the Principal Register will interfere with Opposer's enjoyment of its rights in its CC Design mark, to Opposer's substantial detriment.

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

| | |
|---|---|
| ESTTA Tracking number: | **ESTTA447980** |
| Filing date: | **12/22/2011** |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| Proceeding | 91202713 |
| Party | Defendant<br>DIDA import & export inc |
| Correspondence<br>Address | RAJ ABHYANKER<br>RAJ ABHYANKER, P.C.<br>1580 W EL CAMINO REAL STE 8<br>MOUNTAIN VIEW, CA 94040-2462<br><br>trademarks@rajpatent.com |
| Submission | Request to Withdraw as Attorney |
| Filer's Name | Jennie Cheng |
| Filer's e-mail | trademarks@rajpatent.com, jennie@rajpatent.com |
| Signature | /Jennie Cheng/ |
| Date | 12/22/2011 |
| Attachments | DDDDDD_POA.pdf ( 2 pages )(497196 bytes ) |

## REQUEST FOR WITHDRAWAL FROM EMPLOYMENT

Raj Abhyanker and Raj Abhyanker P.C., as Attorney of Record for Serial Number 85267743, seeks to withdraw from employment and attorney of record for the Opposition Number 91202713 for reasons stated below:

1.    Raj Abhyanker P.C. has taken reasonable steps to avoid foreseeable prejudice to the rights of our client.

2.    Raj Abhyanker P.C. has allowed time for employment of another practitioner.

3.    Several phone and e-mail communications have been made in an attempt to determine if our services will be retained.  As of 12/22/2011, no intent to proceed with the opposition has been communicated to Raj Abhyanker P.C. to carry out the employment effectively.

4.    Raj Abhyanker P.C. has delivered to the client all papers and property to which the client is entitled.

5.    On numerous occasions Raj Abhyanker P.C. has communicated to the client the seriousness of the matter and the respective due date for which the opposition response must be submitted.

6.    Client has failed to honor an agreement to pay retainer in advance of the performance of legal services related to opposition proceedings.


Jennie Cheng
Raj Abhyanker P.C.

**PROOF OF SERVICE**

I hereby certify that a true and complete copy of the **Request for Withdrawal from Employment** was forwarded by first class postage pre-paid mail by depositing the same with the US Postal Service on this 22nd day of December, 2011, to the following:

DIDA Import & Export Inc.
140-34 Negundo Ave
Flushing, NY 11355

Suzanne White
Coach Service, Inc.
516 West 34th Street
New York, NY 10001

Jennie Cheng
Raj Abhyanker P.C.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

lg                                Mailed: January 17, 2012

                                  Opposition No. 91202713

                                  Coach Service, Inc.

                                         v.

                                  DIDA import & export inc


On December 22, 2011, applicant's attorneys filed a
request to withdraw as applicant's counsel of record in this
case.[1]  The request to withdraw as counsel is in compliance
with the requirements of Trademark Rule 2.19(b) and Patent and
Trademark Rule 10.40, and is accordingly granted. The law firm
of Raj Abhyanker, P.C. no longer represents applicant in this
proceeding.

In view of the withdrawal of applicant's counsel, and in
accordance with standard Board practice, proceedings herein are
suspended, and applicant is allowed until thirty days from the
mailing date of this order to appoint new counsel, or to file a
paper stating that applicant chooses to represent itself. If
applicant files no response, the Board may issue an order to
show cause why default judgment should not be entered against

applicant based on applicant's apparent loss of interest in the case.

The parties will be notified by the Board when proceedings are resumed, and dates will be rescheduled at the appropriate time.

A copy of this order has been sent to all persons listed below.


cc:

DIDA Import & Export Inc.
140-34 Negundo Ave.
Flushing, NY 11355

Suzamme Ahite
Coach Service, Inc.
516 West 34th Street
New York, NY 10001

Raj Abhyanker
Raj Abhyanker, P.C.
1580 W El Camino Real Ste. 8
Mountain View, CA 94040-2462

---

[1]  A copy of said request has been placed in both the opposition file and the application file.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

lg                          Mailed: March 3, 2012

                            Opposition No. 91202713

                            Coach Service, Inc.

                                   v.

                            DIDA import & export inc

**Lalita R. Greer, Paralegal Specialist:**

On January 17, 2012, the Board issued an order suspending this proceeding in view of the withdrawal of applicant's counsel on December 22, 2011. Applicant was allowed time in which to either appoint a new attorney or to state that applicant would represent itself. No appearance or other response has been received.

Accordingly, applicant is allowed until **thirty days** from the mailing date of this order to show cause why default judgment should not be entered against applicant based on applicant's apparent loss of interest in this case.

Proceedings herein remain otherwise suspended.

**TTAB**

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

# 85267743

lg

Mailed: March 3, 2012

Opposition No. 91202713

Coach Service, Inc.

v.

DIDA IMPORT & EXPORT INC.

**Lalita R. Greer, Paralegal Specialist:**

On January 17, 2012, the Board issued an order suspending this proceeding in view of the withdrawal of applicant's counsel on December 22, 2011. Applicant was allowed time in which to either appoint a new attorney or to state that applicant would represent itself. No appearance or other response has been received.

Accordingly, applicant is allowed until **thirty days** from the mailing date of this order to show cause why default judgment should not be entered against applicant based on applicant's apparent loss of interest in this case.

Proceedings herein remain otherwise suspended.

03-29-2012

U.S. Patent & TMOfc/TM Mail Rcpt Dt. #72



United States Patent and Trademark Office
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA. 22313-1451
If Undeliverable Return in Ten Days

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

AN EQUAL OPPORTUNITY EMPLOYER

91202713

XIN SHENG IMPORT EXPORT INC
FLUSHING, NY 11355

22313@1451

NIXIE        110    DE 1      01  03/25/12
              RETURN TO SENDER
         ATTEMPTED - NOT KNOWN
           UNABLE TO FORWARD

BC: 22313145151       *2809-05312-25-37

**TTAB**

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

# 85267743

lg

Mailed: March 3, 2012

Opposition No. 91202713

Coach Service, Inc.

v.

DIDA import & export inc

**Lalita R. Greer, Paralegal Specialist:**

On January 17, 2012, the Board issued an order suspending this proceeding in view of the withdrawal of applicant's counsel on December 22, 2011. Applicant was allowed time in which to either appoint a new attorney or to state that applicant would represent itself. No appearance or other response has been received.

Accordingly, applicant is allowed until **thirty days** from the mailing date of this order to show cause why default judgment should not be entered against applicant based on applicant's apparent loss of interest in this case.

Proceedings herein remain otherwise suspended.



**04-12-2012**

U.S. Patent & TMOfc/TM Mail Rcpt Dt. #72

United States Patent and Trademark Office
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451
If Undeliverable Return in Ten Days

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

AN EQUAL OPPORTUNITY EMPLOYER

91202713

IMPORT EXPORT INC
AVE
FLUSHING, NY 11355

Unclaimed
Attempted Not Known
Insufficient Address
No Such Street         Number
No Such Office In State
Do Not Remail If This Envelope

UNITED STATES POSTAGE
$ 00.45°
MAILED FROM ZIP CODE

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

kk

Mailed:  May 10, 2012

Opposition No. 91202713

Coach Service, Inc.

     v.

Dida Import & Export, Inc.


     On March 3, 2012, the Board issued an order to show cause in view of applicant's apparent loss of interest in this case.

     Inasmuch as no response to the Board's order has been received, judgment is hereby entered against applicant.  The opposition is accordingly sustained and registration to applicant is refused.


*By the Trademark Trial*
*and Appeal Board*



PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2011)

# Trademark/Service Mark Application, Principal Register

### Serial Number: 85267696
### Filing Date: 03/15/2011

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 85267696 |
| **MARK INFORMATION** | |
| *MARK | \\TICRS\EXPORT11\IMAGEOUT 11\852\676\85267696\xml1\ APP0002.JPG |
| **SPECIAL FORM** | YES |
| **USPTO-GENERATED IMAGE** | NO |
| **LITERAL ELEMENT** | D & D |
| **COLOR MARK** | NO |
| *DESCRIPTION OF THE MARK (and Color Location, if applicable) | The mark consists of the literal elements D & D as shown in the mark. |
| **PIXEL COUNT ACCEPTABLE** | YES |
| **PIXEL COUNT** | 750 x 600 |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | DIDA import & export inc. |
| *STREET | 140-34 Negundo Ave |
| *CITY | Flushing |
| *STATE (Required for U.S. applicants) | New York |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants only) | 11355 |
| **LEGAL ENTITY INFORMATION** | |
| **TYPE** | corporation |
| **STATE/COUNTRY OF INCORPORATION** | New York |

## GOODS AND/OR SERVICES AND BASIS INFORMATION

| | |
|---|---|
| **INTERNATIONAL CLASS** | 018 |
| **\*IDENTIFICATION** | Leather goods, namely, leather handbags, traveling bags, shoulder bags, wallets and key chains. |
| **FILING BASIS** | SECTION 1(b) |

## ATTORNEY INFORMATION

| | |
|---|---|
| **NAME** | Raj Abhyanker |
| **ATTORNEY DOCKET NUMBER** | 24955 |
| **FIRM NAME** | Raj Abhyanker, P.C |
| **INTERNAL ADDRESS** | Suite 8 |
| **STREET** | 1580 W. El Camino Real |
| **CITY** | Mountain View |
| **STATE** | California |
| **COUNTRY** | United States |
| **ZIP/POSTAL CODE** | 94040 |
| **PHONE** | 650-965-8731 |
| **FAX** | 650-989-2131 |
| **EMAIL ADDRESS** | trademarks@rajpatent.com |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |
| **OTHER APPOINTED ATTORNEY** | Christopher Ditico, Vandana Balakrishnan, Jennifer Lu, Hong Cui, Ashwin Anand, Benjamin Ashurov, John Salcido |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| **NAME** | Raj Abhyanker |
| **FIRM NAME** | Raj Abhyanker, P.C |
| **INTERNAL ADDRESS** | Suite 8 |
| **STREET** | 1580 W. El Camino Real |
| **CITY** | Mountain View |
| **STATE** | California |
| **COUNTRY** | United States |
| **ZIP/POSTAL CODE** | 94040 |

| | |
|---|---|
| **PHONE** | 650-965-8731 |
| **FAX** | 650-989-2131 |
| **EMAIL ADDRESS** | trademarks@rajpatent.com |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |
| **FEE INFORMATION** | |
| **NUMBER OF CLASSES** | 1 |
| **FEE PER CLASS** | 325 |
| ***TOTAL FEE DUE** | 325 |
| ***TOTAL FEE PAID** | 325 |
| **SIGNATURE INFORMATION** | |
| **SIGNATURE** | /Raj Abhyanker/ |
| **SIGNATORY'S NAME** | Raj Abhyanker |
| **SIGNATORY'S POSITION** | Attorney of record, CA bar member |
| **DATE SIGNED** | 03/16/2011 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2011)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 85267696**
**Filing Date: 03/15/2011**

## To the Commissioner for Trademarks:

**MARK:** D & D (stylized and/or with design, see mark)

The literal element of the mark consists of D & D.
The applicant is not claiming color as a feature of the mark. The mark consists of the literal elements D & D as shown in the mark.
The applicant, DIDA import & export inc., a corporation of New York, having an address of
    140-34 Negundo Ave
    Flushing, New York 11355
    United States
requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

    International Class 018: Leather goods, namely, leather handbags, traveling bags, shoulder bags, wallets and key chains.
Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).

The applicant's current Attorney Information:
Raj Abhyanker and Christopher Ditico, Vandana Balakrishnan, Jennifer Lu, Hong Cui, Ashwin Anand, Benjamin Ashurov, John Salcido of Raj Abhyanker, P.C

    Suite 8
    1580 W. El Camino Real
    Mountain View, California 94040
    United States
The attorney docket/reference number is 24955.

The applicant's current Correspondence Information:
    Raj Abhyanker
    Raj Abhyanker, P.C
    Suite 8
    1580 W. El Camino Real
    Mountain View, California 94040

650-965-8731(phone)

650-989-2131(fax)

trademarks@rajpatent.com (authorized)

A fee payment in the amount of $325 has been submitted with the application, representing payment for 1 class(es).

## Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

Signature: /Raj Abhyanker/   Date Signed: 03/16/2011
Signatory's Name: Raj Abhyanker
Signatory's Position: Attorney of record, CA bar member

RAM Sale Number: 4498
RAM Accounting Date: 03/16/2011

Serial Number: 85267696
Internet Transmission Date: Tue Mar 15 17:23:25 EDT 2011
TEAS Stamp: USPTO/BAS-115.252.151.6-2011031517232552
4235-85267696-4809a3a166acd2be03dc688b96
fc0e4fb3c-CC-4498-20110315171131700350



| | |
|---|---|
| **From:** | TMDesignCodeComments |
| **Sent:** | Tuesday, March 22, 2011 00:29 AM |
| **To:** | trademarks@rajpatent.com |
| **Subject:** | Notice of Pseudo Mark for Serial Number: 85267696 |
| **ATTORNEY REFERENCE NUMBER:** | 24955 |

The USPTO may assign pseudo marks, as appropriate, to new applications to assist in searching the USPTO database for conflicting marks.  They have no legal significance and will not appear on the registration certificate.

A PSEUDO MARK may be assigned to marks that include words, numbers, compound words, symbols, or acronyms that can have alternative spellings or meanings.  For example, if the mark comprises the words 'YOU ARE' surrounded by a design of a box, the pseudo mark field in the USPTO database would display the mark as 'YOU ARE SQUARE'.  A mark filed as 'URGR8' would receive a pseudo mark of 'YOU ARE GREAT'.

Response to this notice is not required; however, to suggest additions or changes to the pseudo mark assigned to your mark, please e-mail TMDesignCodeComments@USPTO.GOV.  You **must** reference your application serial number within your request.  The USPTO will review the proposal and update the record, if appropriate.  For questions, please call 1-800-786-9199 to speak to a Customer Service representative.

The USPTO will not send any further response to your e-mail.  Check TESS in approximately two weeks to see if the requested changes have been entered.  Requests deemed unnecessary or inappropriate will not be entered.

**Pseudo marks assigned to the referenced serial number are listed below.**

*** User:sbibb ***

| # | Total Marks | Dead Marks | Live Viewed Docs | Live Viewed Images | Status/ Search Duration | Search |
|---|---|---|---|---|---|---|
| 01 | 399 | N/A | 0 | 0 | 0:02 | ("dd" "d d")[bi,ti] and live[ld] |
| 02 | 1231 | N/A | 0 | 0 | 0:02 | ("di" "d i")[bi,ti] and live[ld] |
| 03 | 914 | N/A | 0 | 0 | 0:02 | ("da" "d a")[bi,ti] and live[ld] |
| 04 | 14981 | N/A | 0 | 0 | 0:03 | *new*[bi,ti] and live[ld] |
| 05 | 3135 | N/A | 0 | 0 | 0:03 | *york*[bi,ti] and live[ld] |
| 06 | 1 | 0 | 1 | 1 | 0:01 | 1 and 2 and 3 and 4 |
| 07 | 12 | 0 | 12 | 12 | 0:01 | 2 and 3 |
| 08 | 181 | 0 | 181 | 167 | 0:03 | 1 and 018[cc] |
| 09 | 7 | 0 | 7 | 4 | 0:01 | 1 and (2 3) |
| 10 | 8 | 0 | 8 | 8 | 0:01 | (1 2 3) and (4 5) |
| 11 | 7 | 0 | 7 | 4 | 0:03 | "d & d"[bi,ti] and live[ld] |
| 12 | 14 | 0 | 14 | 13 | 0:03 | "d&d"[bi,ti] and live[ld] |
| 13 | 3 | 0 | 3 | 3 | 0:02 | "Dida Import"[ow] |

Session started 6/14/2011 12:47:04 PM

Session finished 6/14/2011 12:58:08 PM

Total search duration 0 minutes 27 seconds

Session duration 11 minutes 4 seconds

Defaut NEAR limit=1ADJ limit=1

Sent to TICRS as Serial Number: 85267696

## Trademark Snap Shot Publication Stylesheet
### (Table presents the data on Publication Approval)

### OVERVIEW

| | | | |
|---|---|---|---|
| SERIAL NUMBER | 85267696 | FILING DATE | 03/15/2011 |
| REG NUMBER | 0000000 | REG DATE | N/A |
| REGISTER | PRINCIPAL | MARK TYPE | TRADEMARK |
| INTL REG # | N/A | INTL REG DATE | N/A |
| TM ATTORNEY | BIBB, SCOTT | L.O. ASSIGNED | 109 |

### PUB INFORMATION

| | |
|---|---|
| RUN DATE | 06/15/2011 |
| PUB DATE | N/A |
| STATUS | 680-APPROVED FOR PUBLICATON |
| STATUS DATE | 06/14/2011 |
| LITERAL MARK ELEMENT | D & D |

| | | | |
|---|---|---|---|
| DATE ABANDONED | N/A | DATE CANCELLED | N/A |
| SECTION 2F | NO | SECTION 2F IN PART | NO |
| SECTION 8 | NO | SECTION 8 IN PART | NO |
| SECTION 15 | NO | REPUB 12C | N/A |
| RENEWAL FILED | NO | RENEWAL DATE | N/A |
| DATE AMEND REG | N/A | | |

### FILING BASIS

| FILED BASIS | | CURRENT BASIS | | AMENDED BASIS | |
|---|---|---|---|---|---|
| 1 (a) | NO | 1 (a) | NO | 1 (a) | NO |
| 1 (b) | YES | 1 (b) | YES | 1 (b) | NO |
| 44D | NO | 44D | NO | 44D | NO |
| 44E | NO | 44E | NO | 44E | NO |
| 66A | NO | 66A | NO | | |
| NO BASIS | NO | NO BASIS | NO | | |

### MARK DATA

| | |
|---|---|
| STANDARD CHARACTER MARK | NO |
| LITERAL MARK ELEMENT | D & D |

| MARK DRAWING CODE | 5-AN ILLUSTRATION DRAWING WITH WORD(S)/LETTER(S)/NUMBER(S) IN STYLIZED FORM |
|---|---|
| COLOR DRAWING FLAG | NO |

## CURRENT OWNER INFORMATION

| PARTY TYPE | 10-ORIGINAL APPLICANT |
|---|---|
| NAME | DIDA import & export inc. |
| ADDRESS | 140-34 Negundo Ave<br>Flushing, NY 11355 |
| ENTITY | 03-CORPORATION |
| CITIZENSHIP | New York |

## GOODS AND SERVICES

| INTERNATIONAL CLASS | 018 |
|---|---|
| DESCRIPTION TEXT | Leather goods, namely, leather handbags, traveling bags, shoulder bags, wallets and key chains |

## GOODS AND SERVICES CLASSIFICATION

| INTERNATIONAL CLASS | 018 | FIRST USE DATE | NONE | FIRST USE IN COMMERCE DATE | NONE | CLASS STATUS | 6-ACTIVE |
|---|---|---|---|---|---|---|---|

## MISCELLANEOUS INFORMATION/STATEMENTS

| CHANGE IN REGISTRATION | NO |
|---|---|
| COLORS CLAIMED STATEMENT | Color is not claimed as a feature of the mark. |
| DESCRIPTION OF MARK | The mark consists of the literal elements D & D as shown in the mark. |
| PSEUDO MARK | D AND D |

## PROSECUTION HISTORY

| DATE | ENT CD | ENT TYPE | DESCRIPTION | ENT NUM |
|---|---|---|---|---|
| 06/14/2011 | CNSA | P | APPROVED FOR PUB - PRINCIPAL REGISTER | 005 |
| 06/14/2011 | DOCK | D | ASSIGNED TO EXAMINER | 004 |
| 03/22/2011 | MPMK | O | NOTICE OF PSEUDO MARK MAILED | 003 |
| 03/21/2011 | NWOS | I | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | 002 |
| 03/18/2011 | NWAP | I | NEW APPLICATION ENTERED IN TRAM | 001 |

| CURRENT CORRESPONDENCE INFORMATION | |
|---|---|
| ATTORNEY | Raj Abhyanker |
| CORRESPONDENCE ADDRESS | RAJ ABHYANKER<br>RAJ ABHYANKER, P.C<br>1580 W EL CAMINO REAL STE 8<br>MOUNTAIN VIEW, CA 94040-2462 |
| DOMESTIC REPRESENTATIVE | NONE |



**From:** TMOfficialNotices@USPTO.GOV
**Sent:** Tuesday, August 2, 2011 00:36 AM
**To:** trademarks@rajpatent.com
**Subject:** Official USPTO Notice of Publication: Serial Number 85267696

## NOTICE OF PUBLICATION

**Serial Number:** 85-267,696
**Mark:** D & D(SYTLIZED/DESIGN)
**International Class(es):** 018
**Applicant:** DIDA import & export inc.
**Attorney Reference Number:** 24955

The mark identified above has been published in the *Trademark Official Gazette* (OG) on Aug 02, 2011. Any party who believes it will be damaged by the registration of the mark may file a notice of opposition (or extension of time therefor) with the Trademark Trial and Appeal Board. If no party files an opposition or extension request within thirty (30) days after the publication date, then within twelve (12) weeks of the publication date a notice of allowance (NOA) should issue. (Note: The applicant must file a Statement of Use or Extension Request within six (6) months after the NOA issues.)

On the publication date or shortly thereafter, the applicant should carefully review the information that appears in the OG for accuracy (see steps, *below*). If any information is incorrect, the applicant should immediately email the requested correction to **TMPostPubQuery@uspto.gov**. For general information about this notice, please contact the Trademark Assistance Center at 1-800-786-9199.

**1.** Click on the following link or paste the URL into an internet browser:
http://www.uspto.gov/web/trademarks/tmog/20110802_OG.pdf#page=1
**2.** Wait for the total OG to download completely (as indicated on bottom of OG page).
**3.** At the top/side of the displayed page, click wherever the "binoculars" icon appears.
**4.** Enter in the "search" box the name of the applicant (for individual: last name, first name) or the serial number in this exact format (with hyphen and comma): 85-267,696, e.g.
**5.** View the retrieved result(s). If multiple results appear in the "results" box, click directly on each "search term" shown in the box to access all separate appearances in the OG.

PTO Form 2196 (Rev 9/2005)
OMB No. 0651-0056 (Exp 09/30/2014)

# Revocation of Attorney/Domestic Representative and/or Appointment of Attorney/Domestic Representative

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 85267696 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 109 |
| **MARK SECTION** | |
| **MARK** | D & D (stylized and/or with design) |
| **ATTORNEY SECTION** | |
| **ORIGINAL ADDRESS** | 24955<br>140 34 NEGUNDO AVE<br>FLUSHING New York (NY) 11355<br>US<br>650-965-8731<br>650-989-2131<br>trademarks@rajpatent.com |
| **STATEMENT TEXT** | By submission of this request, the undersigned REVOKES the power of attorney currently of record, as listed above. |
| **NEW CORRESPONDENCE ADDRESS** | |
| **NAME** | DIDA IMPORT & EXPORT INC |
| **FIRM NAME** | DIDA IMPORT EXPORT INC |
| **DOCKET/REFERENCE NUMBER** | 24955 |
| **STREET** | 7416 GRAND AVE |
| **CITY** | ELMHURST |
| **STATE** | New York |
| **COUNTRY** | United States |
| **POSTAL/ZIP CODE** | 11373 |
| **PHONE** | 718-476-8888 |
| **FAX** | 718-476-8885 |

| | |
|---|---|
| **EMAIL** | DIDANEWYORK@GMAIL.COM |
| **AUTHORIZED TO COMMUNICATE VIA E-MAIL** | YES |

## SIGNATURE SECTION

| | |
|---|---|
| **SIGNATURE** | /LINDA ZHU/ |
| **SIGNATORY NAME** | LINDA ZHU |
| **SIGNATORY DATE** | 11/01/2013 |
| **SIGNATORY POSITION** | MANAGER |
| **SIGNATORY PHONE NUMBER** | 718-476-8888 |

## FILING INFORMATION SECTION

| | |
|---|---|
| **SUBMIT DATE** | Fri Nov 01 15:29:14 EDT 2013 |
| **TEAS STAMP** | USPTO/RAA-108.12.155.34-2 0131101152914021391-85267 696-50097c1f993f13d56178d 3df3fed35e6663d70e3ffebed 9f91baff55379dd6cfd-N/A-N /A-20131101152710521601 |

PTO Form 2196 (Rev 9/2005)
OMB No. 0651-0056 (Exp 09/30/2014)

# Revocation of Attorney/Domestic Representative and/or Appointment of Attorney/Domestic Representative

To the Commissioner for Trademarks:

**MARK:** D & D (stylized and/or with design)

**SERIAL NUMBER:** 85267696

**The original attorney**

24955
140 34 NEGUNDO AVE
FLUSHING New York 11355
US
650-965-8731
650-989-2131
trademarks@rajpatent.com

By submission of this request, the undersigned REVOKES the power of attorney currently of record, as listed above.

**Original Correspondence Address :**

140 34 NEGUNDO AVE
FLUSHING New York 11355
US
650-965-8731
650-989-2131
trademarks@rajpatent.com

**The following is to be used as the correspondence address:**

DIDA IMPORT & EXPORT INC
DIDA IMPORT EXPORT INC
7416 GRAND AVE
ELMHURST, New York 11373
United States

718-476-8888
718-476-8885
DIDANEWYORK@GMAIL.COM The attorney docket/reference number is 24955.

Signature: /LINDA ZHU/     Date: 11/01/2013
Signatory's Name: LINDA ZHU
Signatory's Position: MANAGER

Signatory's Phone Number: 718-476-8888

Serial Number: 85267696
Internet Transmission Date: Fri Nov 01 15:29:14 EDT 2013
TEAS Stamp: USPTO/RAA-108.12.155.34-2013110115291402
1391-85267696-50097c1f993f13d56178d3df3f
ed35e6663d70e3ffebed9f91baff55379dd6cfd-
N/A-N/A-20131101152710521601

PTO Form 2196 (Rev 9/2005)
OMB No. 0651-0056 (Exp 09/30/2014)

# Revocation of Attorney/Domestic Representative and/or Appointment of Attorney/Domestic Representative

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 85267696 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 109 |
| **MARK SECTION** | |
| **MARK** | D & D (stylized and/or with design) |
| **ATTORNEY SECTION** | |
| **ORIGINAL ADDRESS** | 24955<br>140 34 NEGUNDO AVE<br>FLUSHING New York (NY) 11355<br>US<br>650-965-8731<br>650-989-2131<br>trademarks@rajpatent.com |
| **STATEMENT TEXT** | By submission of this request, the undersigned REVOKES the power of attorney currently of record, as listed above. |
| **NEW CORRESPONDENCE ADDRESS** | |
| **NAME** | DIDA IMPORT EXPORT INC |
| **FIRM NAME** | DIDA IMPORT EXPORT INC |
| **DOCKET/REFERENCE NUMBER** | 24955 |
| **STREET** | 7416 GRAND AVE |
| **CITY** | FLUSHING |
| **STATE** | New York |
| **COUNTRY** | United States |
| **POSTAL/ZIP CODE** | 11373 |
| **PHONE** | 718-476-8888 |
| **FAX** | 718-476-8885 |

| EMAIL | DIDANEWYORK@GMAIL.COM |
|---|---|
| AUTHORIZED TO COMMUNICATE VIA E-MAIL | YES |

## SIGNATURE SECTION

| SIGNATURE | /LINDA ZHU/ |
|---|---|
| SIGNATORY NAME | LINDA ZHU |
| SIGNATORY DATE | 11/01/2013 |
| SIGNATORY POSITION | MANAGER |
| SIGNATORY PHONE NUMBER | 7184768888 |

## FILING INFORMATION SECTION

| SUBMIT DATE | Fri Nov 01 15:31:02 EDT 2013 |
|---|---|
| TEAS STAMP | USPTO/RAA-108.12.155.34-2 0131101153102803758-85267 696-500d34a21dc35b49d9015 cd84e99419d11dee84cd68ea1 603a22162da6f82f5b9-N/A-N /A-20131101152952329018 |

PTO Form 2196 (Rev 9/2005)
OMB No. 0651-0056 (Exp 09/30/2014)

# Revocation of Attorney/Domestic Representative and/or Appointment of Attorney/Domestic Representative

To the Commissioner for Trademarks:

**MARK:** D & D (stylized and/or with design)

**SERIAL NUMBER:** 85267696

**The original attorney**

24955
140 34 NEGUNDO AVE
FLUSHING New York 11355
US
650-965-8731
650-989-2131
trademarks@rajpatent.com

By submission of this request, the undersigned REVOKES the power of attorney currently of record, as listed above.

**Original Correspondence Address :**

140 34 NEGUNDO AVE
FLUSHING New York 11355
US
650-965-8731
650-989-2131
trademarks@rajpatent.com

**The following is to be used as the correspondence address:**

DIDA IMPORT EXPORT INC
DIDA IMPORT EXPORT INC
7416 GRAND AVE
FLUSHING, New York 11373
United States

718-476-8888
718-476-8885
DIDANEWYORK@GMAIL.COM The attorney docket/reference number is 24955.

Signature: /LINDA ZHU/     Date: 11/01/2013
Signatory's Name: LINDA ZHU
Signatory's Position: MANAGER

Signatory's Phone Number: 7184768888

Serial Number: 85267696
Internet Transmission Date: Fri Nov 01 15:31:02 EDT 2013
TEAS Stamp: USPTO/RAA-108.12.155.34-2013110115310280
3758-85267696-500d34a21dc35b49d9015cd84e
99419d11dee84cd68ea1603a22162da6f82f5b9-
N/A-N/A-20131101152952329018

Side - 1



## NOTICE OF ABANDONMENT
## MAILING DATE: Nov 4, 2013

The trademark application identified below was abandoned on Oct 10, 2012 as a result of Trademark Trial and Appeal Board proceedings.

**SERIAL NUMBER:** 85267696
**MARK:** D & D
**OWNER:** DIDA import & export inc.

Side - 2

UNITED STATES PATENT AND TRADEMARK OFFICE
COMMISSIONER FOR TRADEMARKS
P.O. BOX 1451
ALEXANDRIA, VA  22313-1451

FIRST-CLASS
MAIL
U.S POSTAGE
PAID

DIDA IMPORT EXPORT INC
DIDA IMPORT EXPORT INC
7416 GRAND AVE
FLUSHING , NY   11373

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

| ESTTA Tracking number: | **ESTTA427938** |
|---|---|
| Filing date: | **08/31/2011** |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| Applicant: | **DIDA import & export inc.** |
|---|---|
| Application Serial Number: | **85267696** |
| Application Filing Date: | **03/15/2011** |
| Mark: | **D & D** |
| Date of Publication | **08/02/2011** |

## First 90 Day Request for Extension of Time to Oppose for Good Cause

Pursuant to 37 C.F.R. Section 2.102, Coach Services, Inc., 516 W. 34th Street, New York, NY 10001, UNITED STATES, a corporation organized under the laws of Maryland , respectfully requests that it be granted a 90-day extension of time to file a notice of opposition against the above-identified mark for cause shown .

Potential opposer believes that good causes are established for this request by:

- The potential opposer needs additional time to investigate the claim

- The potential opposer needs additional time to confer with counsel

The time within which to file a notice of opposition is set to expire on 09/01/2011. Coach Services, Inc. respectfully requests that the time period within which to file an opposition be extended until 11/30/2011.

Respectfully submitted,
/suzanne_white/
08/31/2011
**Suzanne White**
**Senior Counsel**
**Coach Services, Inc.**
**516 W. 34th Street**
**New York, NY 10001**
**UNITED STATES**
**swhite@coach.com**
**(212) 629-2217**

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

Suzanne White
Coach Services, Inc.
516 W. 34th Street
New York, NY 10001


**Mailed: August 31, 2011**

**Serial No.: 85267696**
**ESTTA TRACKING NO: ESTTA427938**


The request to extend time to oppose is granted until
**11/30/2011** on behalf of potential opposer **Coach Services,**
**Inc.**

Please do not hesitate to contact the Trademark Trial and
Appeal Board at (571)272-8500 if you have any questions
relating to this extension.

**Note from the Trademark Trial and Appeal Board**

TTAB forms for electronic filing of extensions of time to
oppose, notices of opposition, petition for cancellation, notice
of ex parte appeal, and inter partes filings are now available
at http://estta.uspto.gov. Images of TTAB proceeding files can
be viewed using TTABVue at http://ttabvue.uspto.gov.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
P.O. Box 1451
Alexandria, VA 22313-1451

Mailed: November 28, 2011

Opposition No. 91202712
Serial No. 85267696

RAJ ABHYANKER
RAJ ABHYANKER, P.C
1580 W EL CAMINO REAL STE 8
MOUNTAIN VIEW, CA 94040-2462
trademarks@rajpatent.com

Coach Services, Inc.

v.

DIDA import & export inc.

Suzanne White
Coach Services, Inc.
516 W. 34th Street
New York, NY 10001
swhite@coach.com

**ESTTA443147**

**A notice of opposition to the registration sought by the above-identified application has been filed.** A service copy of the notice of opposition was forwarded to applicant (defendant) by the opposer (plaintiff). An electronic version of the notice of opposition is viewable in the electronic file for this proceeding via the Board's TTABVUE system: **http://ttabvue.uspto.gov/ttabvue/v?qs=91202712**.

**Proceedings will be conducted in accordance with the Trademark Rules of Practice, set forth in Title 37, part 2, of the Code of Federal Regulations ("Trademark Rules").** These rules may be viewed at the USPTO's trademarks page: **http://www.uspto.gov/trademarks/index.jsp**. The Board's main webpage (**http://www.uspto.gov/trademarks/process/appeal/index.jsp**) includes information on amendments to the Trademark Rules applicable to Board proceedings, on Alternative Dispute Resolution (ADR), Frequently Asked Questions about Board proceedings, and a web link to the Board's manual of procedure (the TBMP)

**Plaintiff must notify the Board when service has been ineffective, within 10 days of the date of receipt of a returned service copy or the date on which plaintiff learns that service has been ineffective.** Plaintiff has no subsequent duty to investigate the defendant's whereabouts, but if plaintiff by its own voluntary investigation or through any other means discovers a newer correspondence address for

the defendant, then such address must be provided to the Board. Likewise, if by voluntary investigation or other means the plaintiff discovers information indicating that a different party may have an interest in defending the case, such information must be provided to the Board. The Board will then effect service, by publication in the Official Gazette if necessary. *See* Trademark Rule 2.118. In circumstances involving ineffective service or return of defendant's copy of the Board's institution order, the Board may issue an order noting the proper defendant and address to be used for serving that party.

**Defendant's ANSWER IS DUE FORTY DAYS after the mailing date of this order.** (*See* Patent and Trademark Rule 1.7 for expiration of this or any deadline falling on a Saturday, Sunday or federal holiday.) **Other deadlines the parties must docket or calendar are either set forth below (if you are reading a mailed paper copy of this order) or are included in the electronic copy of this institution order viewable in the Board's TTABVUE system at the following web address: http://ttabvue.uspto.gov/ttabvue/.**

Defendant's answer and any other filing made by any party must include proof of service. *See* Trademark Rule 2.119. **If they agree to, the parties may utilize electronic means, e.g., e-mail or fax, during the proceeding for forwarding of service copies.** *See* Trademark Rule 2.119(b)(6).

The parties also are referred in particular to Trademark Rule 2.126, which pertains to the form of submissions. **Paper submissions, including but not limited to exhibits and transcripts of depositions, not filed in accordance with Trademark Rule 2.126 may not be given consideration or entered into the case file.**

| | |
|---|---|
| Time to Answer | 1/7/2012 |
| Deadline for Discovery Conference | 2/6/2012 |
| Discovery Opens | 2/6/2012 |
| Initial Disclosures Due | 3/7/2012 |
| Expert Disclosures Due | 7/5/2012 |
| Discovery Closes | 8/4/2012 |
| Plaintiff's Pretrial Disclosures | 9/18/2012 |
| Plaintiff's 30-day Trial Period Ends | 11/2/2012 |
| Defendant's Pretrial Disclosures | 11/17/2012 |
| Defendant's 30-day Trial Period Ends | 1/1/2013 |
| Plaintiff's Rebuttal Disclosures | 1/16/2013 |
| Plaintiff's 15-day Rebuttal Period Ends | 2/15/2013 |

**As noted in the schedule of dates for this case, the parties are required to have a conference to discuss: (1) the nature of and basis for their respective claims and defenses, (2) the possibility of settling the case or at least narrowing the scope of claims or defenses, and (3) arrangements relating to disclosures, discovery and**

**introduction of evidence at trial, should the parties not agree to settle the case.** *See* Trademark Rule 2.120(a)(2). Discussion of the first two of these three subjects should include a discussion of whether the parties wish to seek mediation, arbitration or some other means for resolving their dispute. Discussion of the third subject should include a discussion of whether the Board's Accelerated Case Resolution (ACR) process may be a more efficient and economical means of trying the involved claims and defenses. Information on the ACR process is available at the Board's main webpage. Finally, if the parties choose to proceed with the disclosure, discovery and trial procedures that govern this case and which are set out in the Trademark Rules and Federal Rules of Civil Procedure, then they must discuss whether to alter or amend any such procedures, and whether to alter or amend the Standard Protective Order (further discussed below). Discussion of alterations or amendments of otherwise prescribed procedures can include discussion of limitations on disclosures or discovery, willingness to enter into stipulations of fact, and willingness to enter into stipulations regarding more efficient options for introducing at trial information or material obtained through disclosures or discovery.

The parties are required to conference in person, by telephone, or by any other means on which they may agree. A Board interlocutory attorney or administrative trademark judge will participate in the conference, upon request of any party, provided that such participation is requested no later than ten (10) days prior to the deadline for the conference. *See* Trademark Rule 2.120(a)(2). The request for Board participation must be made through the Electronic System for Trademark Trials and Appeals (ESTTA) or by telephone call to the interlocutory attorney assigned to the case, whose name can be found by referencing the TTABVUE record for this case at **http://ttabvue.uspto.gov/ttabvue/**. The parties should contact the assigned interlocutory attorney or file a request for Board participation through ESTTA only after the parties have agreed on possible dates and times for their conference. Subsequent participation of a Board attorney or judge in the conference will be by telephone and the parties shall place the call at the agreed date and time, in the absence of other arrangements made with the assigned interlocutory attorney.

**The Board's Standard Protective Order is applicable to this case, but the parties may agree to supplement that standard order or substitute a protective agreement of their choosing, subject to approval by the Board.** The standard order is available for viewing at: **http://www.uspto.gov/trademarks/process/appeal/guidelines/stndagmnt.jsp**. Any party without access to the web may request a hard copy of the standard order from the Board. The standard order does not automatically protect a party's confidential information and its provisions must be utilized as needed by the parties. *See* Trademark Rule 2.116(g).

**Information about the discovery phase of the Board proceeding is available in chapter 400 of the TBMP. By virtue of amendments to the Trademark Rules effective November 1, 2007, the initial disclosures and expert disclosures scheduled during the discovery phase are required only in cases commenced on or after that date.** The TBMP has not yet been amended to include information on these disclosures and the parties are referred to the August 1, 2007 Notice of Final Rulemaking (72 Fed. Reg. 42242) posted on the Board's webpage. The deadlines for

pretrial disclosures included in the trial phase of the schedule for this case also resulted from the referenced amendments to the Trademark Rules, and also are discussed in the Notice of Final Rulemaking.

**The parties must note that the Board allows them to utilize telephone conferences to discuss or resolve a wide range of interlocutory matters that may arise during this case.** In addition, the assigned interlocutory attorney has discretion to require the parties to participate in a telephone conference to resolve matters of concern to the Board. *See* TBMP § 502.06(a) (2d ed. rev. 2004).

**The TBMP includes information on the introduction of evidence during the trial phase of the case, including by notice of reliance and by taking of testimony from witnesses.** *See* TBMP §§ 703 and 704. Any notice of reliance must be filed during the filing party's assigned testimony period, with a copy served on all other parties. Any testimony of a witness must be both noticed and taken during the party's testimony period. A party that has taken testimony must serve on any adverse party a copy of the transcript of such testimony, together with copies of any exhibits introduced during the testimony, within thirty (30) days after the completion of the testimony deposition. *See* Trademark Rule 2.125.

**Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b).** An oral hearing after briefing is not required but will be scheduled upon request of any party, as provided by Trademark Rule 2.129.

If the parties to this proceeding are (or during the pendency of this proceeding become) parties in another Board proceeding or a civil action involving related marks or other issues of law or fact which overlap with this case, they shall notify the Board immediately, so that the Board can consider whether consolidation or suspension of proceedings is appropriate.

**ESTTA NOTE:  For faster handling of all papers the parties need to file with the Board, the Board strongly encourages use of electronic filing through the Electronic System for Trademark Trials and Appeals (ESTTA).** Various electronic filing forms, some of which may be used as is, and others which may require attachments, are available at **http://estta.uspto.gov.**

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

| ESTTA Tracking number: | **ESTTA447983** |
|---|---|
| Filing date: | **12/22/2011** |

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| Proceeding | 91202712 |
|---|---|
| Party | Defendant<br>DIDA import & export inc. |
| Correspondence Address | RAJ ABHYANKER<br>RAJ ABHYANKER, P.C<br>1580 W EL CAMINO REAL STE 8<br>MOUNTAIN VIEW, CA 94040-2462<br><br>trademarks@rajpatent.com |
| Submission | Request to Withdraw as Attorney |
| Filer's Name | Jennie Cheng |
| Filer's e-mail | trademarks@rajpatent.com, jennie@rajpatent.com |
| Signature | /Jennie Cheng/ |
| Date | 12/22/2011 |
| Attachments | D&D_POA.pdf ( 2 pages )(494212 bytes ) |

## REQUEST FOR WITHDRAWAL FROM EMPLOYMENT

Raj Abhyanker and Raj Abhyanker P.C., as Attorney of Record for Serial Number 85267696, seeks to withdraw from employment and attorney of record for the Opposition Number 91202712 for reasons stated below:

1.     Raj Abhyanker P.C. has taken reasonable steps to avoid foreseeable prejudice to the rights of our client.

2.     Raj Abhyanker P.C. has allowed time for employment of another practitioner.

3.     Several phone and e-mail communications have been made in an attempt to determine if our services will be retained.  As of 12/22/2011, no intent to proceed with the opposition has been communicated to Raj Abhyanker P.C. to carry out the employment effectively.

4.     Raj Abhyanker P.C. has delivered to the client all papers and property to which the client is entitled.

5.     On numerous occasions Raj Abhyanker P.C. has communicated to the client the seriousness of the matter and the respective due date for which the opposition response must be submitted.

6.     Client has failed to honor an agreement to pay retainer in advance of the performance of legal services related to opposition proceedings.


Jennie Cheng
Raj Abhyanker P.C.

**PROOF OF SERVICE**

I hereby certify that a true and complete copy of the **Request for Withdrawal from Employment** was forwarded by first class postage pre-paid mail by depositing the same with the US Postal Service on this 22nd day of December, 2011, to the following:

DIDA Import & Export Inc.
140-34 Negundo Ave
Flushing, NY 11355

Suzanne White
Coach Service, Inc.
516 West 34th Street
New York, NY 10001

Jennie Cheng
Raj Abhyanker P.C.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

MBA/lg                                    Mailed: January 19, 2012

                                          Opposition No. 91202712

                                          Coach Services, Inc.

                                                  v.

                                          DIDA Import & Export Inc.

**Michael B. Adlin, Interlocutory Attorney:**

On December 22, 2011, applicant's attorneys filed a request to withdraw as applicant's counsel of record in this case.[1]  The request to withdraw as counsel is in compliance with the requirements of Trademark Rule 2.19(b) and Patent and Trademark Rule 10.40, and is accordingly granted. The law firm of Raj Abhyanker, P.C. no longer represents applicant in this proceeding.

In view of the withdrawal of applicant's counsel, and in accordance with standard Board practice, proceedings herein are suspended, and applicant is allowed until **THIRTY DAYS** from the mailing date of this order to appoint new counsel, or to file a paper stating that applicant chooses to represent itself. If applicant files no response, the Board may issue an order to show cause why default judgment should not be entered against

Opposition No. 91202712

applicant based on applicant's apparent loss of interest in the case.

The parties will be notified by the Board when proceedings are resumed, and dates will be rescheduled at the appropriate time.

A copy of this order has been sent to all persons listed below.


cc:

DIDA Import & Export Inc.
140-34 Negundo Ave.
Flushing, NY 11355

Suzanne White
Coach Service, Inc.
516 West 34th Street
New York, NY 10001

Raj Abhyanker
Raj Abhyanker, P.C.
1580 W El Camino Real Ste. 8
Mountain View, CA 94040-2462

---

[1] A copy of the request has been placed in both the opposition file and the application file.

# TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

\# 85267 69ρ

MBA/lg

Mailed: January 19, 2012

Opposition No. 91202712

Coach Services, Inc.

v.

DIDA Import & Export Inc.

**Michael B. Adlin, Interlocutory Attorney:**

On December 22, 2011, applicant's attorneys filed a request to withdraw as applicant's counsel of record in this case.[1]  The request to withdraw as counsel is in compliance with the requirements of Trademark Rule 2.19(b) and Patent and Trademark Rule 10.40, and is accordingly granted. The law firm of Raj Abhyanker, P.C. no longer represents applicant in this proceeding.

In view of the withdrawal of applicant's counsel, and in accordance with standard Board practice, proceedings herein are suspended, and applicant is allowed until **THIRTY DAYS** from the mailing date of this order to appoint new counsel, or to file a paper stating that applicant chooses to represent itself. If applicant files no response, the Board may issue an order to show cause why default judgment should not be entered against


**02-27-2012**

U.S Patent & TMOfc/TM Mail Rcpt Dt #72

Opposition No. 91202712

applicant based on applicant's apparent loss of interest in the case.

The parties will be notified by the Board when proceedings are resumed, and dates will be rescheduled at the appropriate time.

A copy of this order has been sent to all persons listed below.

cc:

DIDA Import & Export Inc.
140-34 Negundo Ave.
Flushing, NY 11355

Suzanne White
Coach Service, Inc.
516 West 34th Street
New York, NY 10001

Raj Abhyanker
Raj Abhyanker, P.C.
1580 W El Camino Real Ste. 8
Mountain View, CA 94040-2462

---

[1] A copy of the request has been placed in both the opposition file and the application file.

**United States Patent and Trademark Office**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451
If Undeliverable Return in Ten Days

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

AN EQUAL OPPORTUNITY EMPLOYER

91202712

DIDA IMPORT EXPORT INC
FLUSHING, NY 11355



**TTAB**

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

# 85267696

MBA/lg

Mailed: January 19, 2012

Opposition No. 91202712

Coach Services, Inc.

v.

DIDA import & export inc..

**Michael B. Adlin, Interlocutory Attorney:**

On December 22, 2011, applicant's attorneys filed a request to withdraw as applicant's counsel of record in this case.[1] The request to withdraw as counsel is in compliance with the requirements of Trademark Rule 2.19(b) and Patent and Trademark Rule 10.40, and is accordingly granted. The law firm of Raj Abhyanker, P.C. no longer represents applicant in this proceeding.

In view of the withdrawal of applicant's counsel, and in accordance with standard Board practice, proceedings herein are suspended, and applicant is allowed until **THIRTY DAYS** from the mailing date of this order to appoint new counsel, or to file a paper stating that applicant chooses to represent itself. If applicant files no response, the Board may issue an order to

---

[1] A copy of the request has been placed in both the opposition file and the application file.



**02-27-2012**

U S Patent & TMOfc/TM Mail Rcpt Dt #72

Opposition No. 91202712

show cause why default judgment should not be entered against applicant based on applicant's apparent loss of interest in the case.

The parties will be notified by the Board when proceedings are resumed, and dates will be rescheduled at the appropriate time.

A copy of this order has been sent to all persons listed below.

cc:

DIDA Import & Export Inc.
140-34 Negundo Ave.
Flushing, NY 11355

Suzanne White
Coach Service, Inc.
516 West 34th Street
New York, NY 10001

Raj Abhyanker
Raj Abhyanker, P.C.
1580 W El Camino Real Ste. 8
Mountain View, CA 94040-2462

**United States Patent and Trademark Office**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451
If Undeliverable Return in Ten Days

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

AN EQUAL OPPORTUNITY EMPLOYER

91202712

IMPORT EXPORT INC
SEGUNDO AVE
FLUSHING, NY 11355

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

lg                          Mailed:  July 9, 2012

                            Opposition No. 91202712

                            Coach Services, Inc.

                                    v.

                            DIDA import & export inc.

**Lalita R. Greer, Paralegal Specialist:**

     On January 19, 2012, the Board issued an order suspending
this proceeding in view of the withdrawal of applicant's
counsel on December 22, 2011. Applicant was allowed time in
which to either appoint a new attorney or to state that
applicant would represent itself.  No appearance or other
response has been received.

     Accordingly, applicant is allowed until thirty days from
the mailing date of this order to show cause why default
judgment should not be entered against applicant based on
applicant's apparent loss of interest in this case.

     Proceedings herein remain otherwise suspended.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

lg                                    Mailed: August 23, 2012

                                      Opposition No. 91202712

                                      Coach Services, Inc.

                                             v.

                                      DIDA Import & Export Inc.


**Lalita Greer, Paralegal Specialist:**

     On July 9, 2012, the Board issued an order suspending
this proceeding in view of the withdrawal of applicant's
counsel on January 19, 2012. Applicant was allowed time in
which to either appoint a new attorney or to state that
applicant would represent itself.  No appearance or other
response has been received.

     Accordingly, applicant is allowed until thirty days from
the mailing date of this order to show cause why default
judgment should not be entered against applicant based on
applicant's apparent loss of interest in this case.

     Proceedings herein remain otherwise suspended.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

lg

Mailed:  October 10, 2012

Opposition No. 91202712

Coach Services, Inc.

      v.

DIDA Import & Export Inc.

On August 23, 2012, the Board issued an order to show cause in view of applicant's apparent loss of interest in this case.

Inasmuch as no response to the Board's order has been received, judgment is hereby entered against applicant. The opposition is accordingly sustained and registration to applicant is refused.

*By the Trademark Trial*
*and Appeal Board*

# EXHIBIT F

```
          IN THE UNITED STATES DISTRICT COURT
               FOR NORTHERN DISTRICT
                  EASTERN DIVISION

- - - - - - - - - - - - - - - - - - x
                                    :
COACH, INC. and COACH SERVICES, INC., :
                                    : Case No.
                  Plaintiff,        : 13-cv-
            - vs -                  : 7165
                                    :
DI DA IMPORT and EXPORT, INC.,      :
                                    :
                  Defendant.        :
                                    :
- - - - - - - - - - - - - - - - - - x
```

DEPOSITION OF SAM ZHU

New York, New York

Monday, November 17, 2014

Reported by:

Joseph V. Connolly

Job No.  12923

1                          S. ZHU

2           Q.      Why not?

3           A.      There was no such document.  How

4      can we review?

5                   No.

6           Q.      I'll give you what will be marked

7      as Exhibit No. 7.

8                   (S. Zhu Exhibit 7, Notice of

9                   Opposition, so marked for

10                  identification, as of this date.)

11                  (Handed to the witness.)

12          Q.      If you can take a minute to

13     review Exhibit No. 7 and let me know when

14     you've done so?

15                  (Witness reviews the exhibit.)

16          Q.      Have you reviewed it?

17          A.      Yes.

18          Q.      And have you seen this document

19     before?

20          A.      Never.

21          Q.      Okay.  Do you know what it is,

22     based on your review?

23                  (Witness reviews the exhibit.)

24          A.      I don't know.  I don't know the

25     meaning of this.

1                              S. ZHU

2          Q.     Well, this is a document produced

3     by your company, in this litigation, and it

4     is the Notice of Opposition filed by my

5     clients, Coach.

6                  And, as you see in the Applicant

7     Information, this is in opposition to the

8     Application Number, Serial Number, 85267743.

9                  (Witness reviews the exhibit.)

10         A.     (No response).

11         Q.     This, again, was produced to us

12    by Di Da.

13                And is it your testimony that

14    you've never seen this document before?

15                (Witness reviews the exhibit.)

16         A.     I have no recollection that I've

17    seen this document before.

18         Q.     Okay.  I'll hand you what will be

19    marked as Exhibit No. 8.

20                (S. Zhu Exhibit 8, United States

21                Patent and Trademark Office Letter,

22                Bates-stamped DD 1907 through DD 1910,

23                so marked for identification, as of this

24                date.)

25                (Handed to the witness.)

Page 139

1                                S. ZHU

2          Q.     If you could take a minute to

3     review Exhibit No. 8 and let me know when

4     you've done so?

5                  (Witness reviews the exhibit.)

6          A.     Yes.

7          Q.     Are you familiar with this

8     document?

9          A.     No.  Nothing at all.

10         Q.     This is an Order from the

11    U.S.P.T.O. setting out the Discovery --

12    setting out the deadlines as a relates to

13    your application for Serial Number 85267743,

14    which corresponds with Exhibit No. 6, the

15    Application; right?

16                 (Witness reviews the exhibit.)

17         A.     Yes.

18         Q.     And this document was produced by

19    your company, as DD 1907 through 1910.

20                 (Witness reviews the exhibit.)

21         Q.     And is it your testimony that

22    you've never seen this document before?

23         A.     Never seen it before.

24         Q.     Okay.  How did Di Da come in

25    possession of it?

1                           S. ZHU

2          A.      Never seen it before.

3          Q.      You're in-charge of?

4          A.      (Witness speaks Chinese).

5          Q.      I'm sorry; go ahead.

6          A.      My attorney provide this.  I've

7     never seen this document before.

8          Q.      You've been designated as the

9     person to testify on behalf of Di Da for all

10    of its Trademark Applications; correct?

11         A.      Yes.

12         Q.      All right.  This is a document

13    produced by Di Da to Coach.

14                 Do you agree?

15                 (Witness reviews the exhibit.)

16         A.      Yes; agree.

17         Q.      Yet you're unprepared to discuss

18    the contents of this document?

19         A.      I can answer questions, but I

20    never receive this document before.

21         Q.      Okay.  So, I'd ask again:  How

22    did Di Da come in possession of it?

23         A.      Our attorney, our attorney help

24    us.

25         Q.      Okay.  But you --

```
 1                       S. ZHU

 2            MR. COLE:  Okay.

 3       Q.      You've never seen it and you

 4  can't testify about it?

 5       A.      Yes.  I never received this,

 6  personally.

 7       Q.      "Personally."  Okay.

 8               Do you see the mail date here is

 9  November 28, 2011?

10               (Witness reviews the exhibit.)

11       Q.      Top right corner.

12       A.      Yes.

13       Q.      And you see that it's going to

14  Mr. Abayanker?

15               (Witness reviews the exhibit.)

16       A.      Yes.

17       Q.      And this is -- Mr. Abayanker was

18  your attorney at the time; correct?

19       A.      Yes.

20       Q.      And looking at the second page.

21            MR. COLE:  Well, excuse me.

22       Q.      Going back to the first page, the

23  first paragraph, in bold, it says, "A Notice

24  of Opposition to the registration sought by

25  the above-identified application has been
```

```
 1                         S. ZHU

 2        filed."

 3                         Do you see that?

 4                         (Witness reviews the exhibit.)

 5               A.       (Indicating by a nodding of the

 6        head).

 7               Q.       Okay.  Then it shows the second

 8        page -- going to the second page.

 9               A.       (Witness complies).

10               Q.       And it has a list of deadlines.

11                         (Witness reviews the exhibit.)

12               Q.       Do you see that?

13               A.       Huh.

14               Q.       And if you go to the second full

15        paragraph here, on page 2, in bold, it says,

16        Defendant's Answer is due 40 days after the

17        mailing date of this order."

18                         (Witness reviews the exhibit.)

19               Q.       And do you see that?

20                         (Witness reviews the exhibit.)

21               A.       (No response).

22               Q.       "Yes"?

23               A.       Yes.

24               Q.       And it's your testimony that Di

25        Da did not receive this and was never
```

```
 1                         S. ZHU
 2      notified by its attorneys?
 3              A.      (No response).
 4              Q.      Okay.
 5              A.      Yes.
 6              Q.      Okay.  But you don't know how Di
 7      Da came in possession of it and how you've
 8      now produced it to us?
 9              A.      Yes.  I never had this in my
10      possession.  I don't know where it came from.
11              Q.      And as part of your preparation
12      for today you didn't think it was important
13      to review documents related to Di Da's
14      Trademark Applications that were actually
15      produced by Di Da in this case, did you?
16                      MS. SHIELDS:  Objection.
17              A.      Well, I did review whatever I had
18      in my possession.
19              Q.      Okay.  Was Di Da notified that
20      it's attorney, Mr. Abayanker, withdrew as
21      counsel on December 22, 2011?
22                      INTERPRETER:  I'm sorry; I didn't
23              get the date.  December?
24                      MR. COLE:  December 22nd.
25                      INTERPRETER:  22nd.
```

Page 144

1                          S. ZHU

2                    MR. COLE:   2011.

3         A.     I don't know.

4         Q.     You were responsible for

5     communications with the trademark attorney.

6                    Isn't that correct?

7         A.     Yes.

8         Q.     All right.  But you can't

9     testify, you can't -- you can't testify, as

10    you sit here today, as to whether or not Di

11    Da was aware that Mr. Abayanker withdrew as

12    Di Da's counsel in December of 2011?

13                   MS. SHIELDS:  Objection.

14        A.     Can you repeat the date?

15        Q.     December of 2011.  December 22,

16    2011, to be specific.

17        A.     Well, I didn't know there was any

18    problem, so.

19        Q.     That's not the question there.

20                   Was Di Da aware that its attorney

21    withdrew as counsel?

22        A.     I didn't know.

23        Q.     Okay.  Is this the first you're

24    ever hearing of it?

25        A.      Yes.  Because on-line, there

1                         S. ZHU

2      was an organization.

3            Q.    This is the first time you're

4      hearing that Di Da's trademark attorneys

5      withdrew in December of 2011?

6            A.    Yes.

7            Q.    I'll hand you what will be marked

8      Exhibit No. 9.

9                  (S. Zhu Exhibit 9, United States

10            Patent and Trademark Office Document,

11            Bates-stamped DD 1925 through DD 1929,

12            so marked for identification, as of this

13            date.)

14                 (Handed to the witness.)

15            Q.    If you can take a minute to

16      review Exhibit No. 9, let me know when you've

17      done so?

18                 (Witness reviews the exhibit.)

19            Q.    Have you had an opportunity to

20      review it?

21            A.    Yes.

22            Q.    Okay.  Do you know -- are you

23      familiar with this document?

24                 (Witness reviews the exhibit.)

25            A.    No.

Page 146

1                         S. ZHU

2          Q.     Okay.

3          A.     Nothing, really.

4          Q.     It's a document that's been

5    produced by Di Da in this litigation,

6    Bates-labeled DD 1925 through DD 1929.

7                 (Witness reviews the exhibit.)

8          A.     Yes.

9          Q.     And it's an Order from the

10   U.S.P.T.O. office, dated March 3, 2012.

11                And in it, the Order, it says, in

12   the first fall paragraph, that "On January

13   17, 2012 the Board" -- being the U.S.P.T.O.

14   -- "Issued an order suspending this

15   proceeding in view of the withdrawal of

16   Application's counsel on December 22, 2011."

17                Having reviewed this, does this

18   help refresh your recollection on whether or

19   not your trademark attorneys withdraw in

20   December of 2011?

21         A.     No.

22                I've never seen this before.

23         Q.     That's not the question.

24                Does this document, what I just

25   read to you, does it help refresh your

1                              S. ZHU

2       recollection as to whether or not your

3       trademark attorneys withdrew in December of

4       2011?

5              A.     No.  It doesn't refresh my

6       memory.

7              Q.     Okay.  And this is the first time

8       you've seen this document?

9              A.     Yes.

10             Q.     So, you can't testify as to the

11      substance of this document, can you?

12             A.     I never seen this before; I never

13      got this before.  I don't know.

14             Q.     So, did Di Da -- and I'm not

15      asking you personally, I'm asking for Di Da,

16      because you're here representing Di Da -- was

17      Di Da aware that its trademark attorneys

18      withdrew in December of 2011?

19             A.     No.  We don't know.

20             Q.     Do you know how Di Da came in

21      possession of this document, Exhibit No. 9?

22             A.     I think the attorney help us.

23             Q.     If Di Da would have been made

24      aware that its attorney had withdrawn, would

25      it have changed Di Da's Response to the

```
 1                    S. ZHU

 2      Opposition by Coach?

 3           A.    I don't really understand your

 4      question.  But we would be the same, like

 5      today.

 6                    MR. COLE:  Okay.

 7                    MS. SHIELDS:  I think there's a

 8             problem with the subjunctive.

 9                    MR. COLE:  All right; could be.

10           Q.    Do you understand the question?

11           A.    Not completely.

12                    MR. COLE:  I'll withdraw the

13             question.

14                    Going back to Exhibit No. 6

15             (exhibited).

16                    (Witness reviews the exhibit.)

17      BY MR. COLE:

18           Q.    How did Di Da receive this image

19      from the manufacturer?

20           A.    My father gave it to me.

21           Q.    Your father gave it to you?

22           A.    (No response).

23           Q.    And what, if anything, did your

24      father say when he gave you that design?

25           A.    This is the trademark provide for
```

Page 158

1                         S. ZHU

2          Q.     Okay.  "At that location, now"?

3                 Was there a time -- when Di Da

4      moved there in 2012, was it receiving mail at

5      that location?

6          A.     Yes.

7          Q.     I'm going to hand you what will

8      be marked Exhibit No. 11.

9                 (S. Zhu Exhibit 11, Notice of

10                Abandonment, Bates-stamped DD 1953, so

11                marked for identification, as of this

12                date.)

13                (Handed to the witness.)

14         Q.     Have you seen this document

15     before?

16                (Witness reviews the exhibit.)

17         A.     I never seen this before.

18         Q.     Okay.  Do you recall ever

19     receiving, Di Da ever receiving, and envelope

20     from the U.S.P.T.O. Office, which contained

21     information similar to, if not the same as

22     this, what's found on this page?

23                (Witness reviews the exhibit.)

24         A.     No.

25         Q.     Okay.

1                          S. ZHU

2          A.     I never received them.

3          Q.     Okay.  So, just to be clear,

4    Exhibit No. 11 appears to be a Notice of

5    Abandonment, with, on the first page, or --

6    excuse me -- on the top of the page and on

7    the bottom of the page it's a copy of the

8    envelope.

9                 And this was produced by Di Da in

10   this litigation and marked as DD 1953.

11                It appears that this was pulled

12   from the U.S.P.T.O.'s website.  And so, it's

13   just an image of what was mailed.

14                (Witness reviews the exhibit.)

15         Q.     And the address that's used here

16   is 7416 Grand Avenue, Flushing, New York,

17   11373.

18         A.     Yes.

19         Q.     Okay.  Is it your testimony that

20   Di Da's never received this from the

21   U.S.P.T.O.?

22         A.     No.  I never received this

23   letter.

24         Q.     Did Di Da -- just to be very

25   clear, Di Da -- did Di Da ever receive this?

```
 1                          S. ZHU
 2          A.      No.  I don't think so.
 3          Q.      Okay.  Do you know how Di Da came
 4     into the possession of this and produced it
 5     in this litigation?
 6          A.      Yes.
 7          Q.      How?
 8          A.      Our attorney help us to provide
 9     that to you.
10          Q.      Prior to today's deposition, in
11     preparation for it, you'd never seen this
12     document?
13                  MR. COLE:  Or strike that.
14          Excuse me.
15          Q.      Prior to today's deposition
16     you've never seen this document.
17                  Is that true?
18          A.      This document I never seen
19     before.
20          Q.      Have you seen something similar
21     to it?
22          A.      This says, like, "Abandonment."
23     That means that refused; right?
24          Q.      (Indicating).
25          A.      On-line, I seen something like
```

```
 1                         S. ZHU
 2     that.  But I never seen this document before.
 3          Q.    Okay.  Does Di Da have a Board of
 4     Directors?
 5          A.    No.
 6          Q.    And as far as officers, you've
 7     identified yourself as the President of Di
 8     Da; correct?
 9          A.    Yes.
10          Q.    Are there any other officers?
11          A.    Yes.
12          Q.    Who?
13          A.    Amy is the Sales, Vice President.
14          Q.    She's the "Vice President."
15          A.    For Sales.
16          Q.    Okay.  So, I'm not talking about
17     positions.  All right?
18                What is your understanding of
19     what an officer of a corporation is?
20          A.    Employee.
21                INTERPRETER:  Do you want me to
22     explain to him or?
23                MR. COLE:  No.
24          Q.    Who all has access to Di Da's
25     bank accounts?
```

```
 1                        S. ZHU

 2            Q.      Okay.

 3                    MR. COLE:  I'm okay.

 4                    MS. SHIELDS:  Okay.

 5   EXAMINATION

 6   BY MS. SHIELDS:

 7            Q.      Mr. Zhu, could you look at the

 8        documents that have been marked L. Zhu 3 -B

 9        through 3-J?

10            A.      Okay.

11                    (Witness reviews the exhibit.)

12            Q.      Is the website shown on this,

13        these documents, the website on which you

14        applied for a trademark through your

15        attorney?

16                    (Witness reviews the exhibit.)

17            A.      Yes.

18            Q.      And did you ever go on-line to

19        check the status of Di Da's Trademark

20        Applications?

21            A.      Yes.

22            Q.      And was this, this website, in

23        which you went on-line to check the status of

24        Di Da's Trademark Applications?

25            A.      Yes.
```

Page 241

1                          S. ZHU

2          Q.      Take a look at L. Zhu 3-F.

3          A.      (Witness complies).

4          Q.      Is  there any part of this

5    exhibit that shows the status of Di Da's

6    Application for this mark?

7                  (Witness reviews the exhibit.)

8          A.      Yes.

9          Q.      And where -- what page is that?

10                 (Witness reviews the exhibit.)

11         A.      The last page.

12         Q.      And do you see on there any

13   Notice of an Opposition filed by Coach?

14                 (Witness reviews the exhibit.)

15         A.      Yes.

16                 No, no.

17         Q.      Take a look at the mark on the

18   first page of this exhibit.

19         A.      (Witness complies).

20         Q.      Did Di Da use this mark?

21                 (Witness reviews the exhibit.)

22         A.      Never.

23         Q.      Could you look at L. Zhu 3-G?

24                 (Witness reviews the exhibit.)

25         A.      Okay.

1                              S. ZHU

2           Q.     Do you see anywhere on this

3     exhibit information about the status of the

4     application for this mark?

5                  (Witness reviews the exhibit.)

6           A.     Yes.

7           Q.     And where, where do you see that?

8           A.     The third page.

9           Q.     And do you see, on the third

10    page, any Notice of Opposition filed by

11    Coach?

12          A.     No.

13          Q.     Could you look at L. Zhu 3-J?

14                 (Witness reviews the exhibit.)

15          A.     Yes.

16          Q.     Is there anywhere on this exhibit

17    that shows the status of Di Da's application

18    for this mark?

19                 (Witness reviews the exhibit.)

20          A.     Yes.

21          Q.     Where is that?

22          A.     The third page.

23          Q.     Does that carry-over onto the

24    following page?

25                 (Witness reviews the exhibit.)

Page 243

```
 1                        S. ZHU
 2          A.    Yes.
 3          Q.    Do you see on those pages, 3 and
 4     4, any Notice of Opposition filed by Coach?
 5                (Witness reviews the exhibit.)
 6          A.    No.
 7                MS. SHIELDS:  I have no other
 8     questions.
 9  EXAMINATION
10  BY MR. COLE:
11          Q.    Looking back at 3-G and 3-F
12     there.
13                (Witness reviews the exhibit.)
14          Q.    When you look at the first page
15     and you see "abandoned" there, do you see
16     that?
17                (Witness reviews the exhibit.)
18          A.    Yes.
19          Q.    All right.  When you saw that,
20     did you ask yourself, "Wait.  We didn't
21     abandon our application.  What's this about?"
22          A.    No, I won't.
23          Q.    You "won't"?
24          A.    (No response).
25                I'm asking:  Did you?
```

Page 254

1
2                    CERTIFICATE
3
4    STATE OF NEW YORK    )
5                             :  ss
6    COUNTY OF NEW YORK  )
7
8           I, JOSEPH V. CONNOLLY, a Reporter
9           and Notary Public for the State of New
10          Jersey, do hereby certify:
11          THAT SAM ZHU, the witness whose
12          deposition is herein before set forth,
13          was duly sworn by me and that such
14          deposition is a true record of the
15          testimony given by such witness.
16          I FURTHER CERTIFY that I am not
17          related to any of the parties to this
18          action by blood or marriage and that I am
19          in no way interested in the outcome of
20          this matter.
21          IN WITNESS WHEREOF, I have hereunto
22          set my hand this 28th day of November,
23          2014.
24
25                    JOSEPH V. CONNOLLY