IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COACH, INC. and COACH SERVICES, INC., | : : : | |
| Plaintiffs, | : : | Case No. 13-cv-7165 |
| v. | : : : | Honorable Samuel Der-Yeghiayan |
| DI DA IMPORT AND EXPORT INC. (D/B/A DI DA NEW YORK), | : : : : | |
| Defendant. | : | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR TEMPORARY
RESTRAINING ORDER RESTRICTING DEFENDANT
DI DA IMPORT AND EXPORT INC. FROM TRANSFERRING ASSETS**

Plaintiffs Coach, Inc. and Coach Services, Inc. (collectively, "Coach"), by and through their attorneys, Bryan Cave LLP, submit this reply in support of their Motion for a Temporary Restraining Order Restricting Defendant Di Da Import and Export Inc. d/b/a Di Da New York ("Defendant") from Transferring Assets (the "Motion"). In support of their Motion, Coach states as follows:

**INTRODUCTION**

Defendant's Response to Coach's Motion merely seeks to distract the Court from the real issues at hand. In so doing, Defendant plays fast and loose with the facts of this case. While Defendant's lengthy Response attempts to comment on the facts in the record, it is telling that, Defendant fails to cite to any of the actual deposition testimony provided in this case. That is because neither the deposition testimony nor the documents produced in discovery support its contentions. Instead, in Defendant's opinion, all wrongful conduct of or errors made on

1

Defendant's behalf are attributable not to itself, but rather to others; or they are simply the results of a "mistake." (*See e.g.*, Response, p. 12; Deposition of Hong Zhu ("Hong Dep.") 39:19-25; 63:7-64:2; 75:24-76:7 (A copy of excerpts of Hong Deposition is attached as **Exhibit 1**); Deposition of Sam Zhu ("Sam Dep.") 38:19-22; 46:18-20; 132:16-24 (A copy of excerpts of Sam Deposition is attached as **Exhibit 2**).) Coach's Motion, however, demonstrates a likelihood of success on the merits of their claims, and establishes Coach's entitlement to a temporary restraining order. Defendant has presented no basis why this Court should not afford the temporary relief Coach seeks.

## RELEVANT FACTUAL BACKGROUND

Defendant has repeatedly presented itself as a family-owned and United States-based business. However, in reality, it is one whose principal officers are located in China, has significant business operations in China, and which is otherwise strongly tied to China, making the transfer of its assets outside of the United States to avoid enforcement of a judgment in this case likely. It is because of these extraterritorial activities, along with both the stated intentions and actions of its leadership that Coach seeks a temporary restraining order restricting Defendant's transfer of its assets outside the ordinary course of business. For example, contrary to Defendant's assertion that Sam Zhu "has no interest in leaving the U.S." (*see* Response, p. 11), Sam Zhu, the purported president, owner, and sole shareholder of Defendant, actually resides in China. (Sam Dep. 6:11-7:9; 26:8-13.) Upon information and belief, Sam Zhu, intends to remain there. As such, he has even seriously contemplated leaving the business and, at one point <u>after</u> this litigation was initiated by Coach, began to transfer Defendant's assets, in the form of registered trademarks, outside of the company. (*Id.* at 65:24-70:7; Deposition of Amy Shi ("Shi Dep.") 481:19-482:21 (A copy of excerpts of Shi Deposition is attached as **Exhibit 3**).)

Long Zhu, purportedly Defendant's sole investor, chief benefactor, and undocumented creditor of at least $200,000 from Defendant — and Sam Zhu's father — is also based in China and has significant interests abroad. Long Zhu also owns property in China and has family in China. (Deposition of Long Zhu ("Long Dep.") 13:19-15:2; 46:15-47:7; 52:21-23; 73:18-74:21 (A copy of excerpts of Long Deposition is attached as **Exhibit 4**); Hong Dep. 31:5-12.) Though Defendant now points to Long Zhu's substantial — yet undocumented — loan as capital that flowed to Defendant, not out, Long Zhu testified that he expects to be repaid, which has not yet occurred. (Long Dep. 75:12-21.) As such, these are funds that Defendant has the ability to transfer out of the company — and out of the United States — at any time.

Defendant, acting through these officers, has a history of infringing conduct. Since at least 2013, after learning of Defendant's sales of infringing products, Coach demanded that Defendant cease and desist its infringing activity. (*See* Motion, p. 2.) Nevertheless, shortly thereafter, Defendant advertised for sale a new line of products that also bore logos and source-identifying indicia and design elements that were studied imitations of the Coach trademarks. (*Id.*, p. 3.) Now, faced with the instant lawsuit, Defendant is scrambling to legitimize its business. For example, Defendant finally issued stock certificates to reflect stock ownership which had supposedly vested years before the certificates were issued, for no value, only days before the deposition of Defendant's 30(b)(6) witnesses. (Sam Dep. 41:3-13; 45:12-46:13.) Defendant also misrepresents the continuing nature of its infringing activities. Sales of the infringing products at issue did not cease prior to February 2013 as Defendants contend, but continued through at least December 2013, several months after Coach initiated this lawsuit. (*Compare* Response, p. 9; Shi Dep. 379:2-381:8 *with* Shi Dep. 381:9-382:4; 383:3-388:23.)

## ARGUMENT

**1.      Coach Has Shown Its Entitlement To A Restraining Order.**

Defendant grossly misunderstands the intent of Coach's Motion and the nature of the relief sought.  In fact, Defendant's entire Response is dedicated to the misguided arguments that "there will be no need for an injunction 'to prevent' the use of these marks" and that "[t]here is no continuing use or threatened use by DI DA of the challenged marks which needs to be prevented through an injunction." (Response, pp. 6, 9.)  Coach's instant Motion, however, is unrelated to the continuing sale of products bearing infringing marks, but rather, seeks a restriction on the transfer of Defendant's funds.  Defendant has failed to present any grounds as to why Coach supposedly has an adequate remedy at law or why Coach will not suffer irreparable harm should Defendant take further actions to avoid enforcement of a potential judgment against it by transferring its assets to China as, according to <u>Defendant</u>, is "the Chinese-American practice of doing." (*See* Motion, Ex. 4.)  Further, Defendant posits that Coach has not shown that their case has a likelihood of success on the merits only because Defendant's mark, in its own view, is not confusingly similar to Coach's, but provides no records in support of such a conclusory assertion.  (Response, p. 10.)  To the contrary, Coach has established, both with case law and documentation, why Coach is likely to prevail on the merits of its claims.  (Motion, pp. 7–12.)[1]

Defendant cannot avoid a temporary restraining order on its assets by attempting to force Coach's hand in determining whether to predicate its recovery on Defendant's profits or statutory damages.  (*See* Response, p. 8 ("Even if a restraining order may be predicated on the recovery of defendant's profits, it is not likely that plaintiffs would choose defendant's profits

---

[1] In fact, the United States Patent and Trademark Office refused Defendant's application to register certain trademarks after Coach opposed the applications on the basis that the marks Defendant sought to register were confusingly similar to Coach's trademarks, and after Defendant subsequently abandoned its applications. (*See* Motion, p. 2, Ex. 1.)

over statutory damages.").) The Lanham Act plainly provides that Coach has a choice in which remedy it will ultimately seek. *See* 15 U.S.C. § 1117. Because of the discrepancy between Defendant's reported sales of products that infringe on Coach's trademarks and the actual documentary evidence that Defendant has provided to Coach, *see supra*, p. 3, Coach has been precluded from fully assessing its damages in this matter.

In light of the facts of Defendant's business practices, the equitable relief sought by Coach is appropriate. Courts have the inherent authority to issue prejudgment asset restraints where a plaintiff's complaint seeks relief in equity. (Motion, pp. 14, 15.) Coach's Complaint does just that by seeking equitable injunctive relief and an equitable disgorgement of Defendant's wrongfully acquired profits. (*See* Dkt. No. 1, p. 16, ¶¶ B, C, F.) Moreover, the equitable relief Coach seeks in its Complaint is specifically provided for under the Lanham Act, 15 U.S.C. § 1116. In addition to an injunction, the Lanham Act also contemplates another form of equitable relief — the disgorgement of a defendant's profits. *See* 15 U.S.C § 1117; *Lorillard Tobacco Co. v. Montrose Wholesale Candies*, No. 03-cv-4844, 2005 WL 3115892, *13 (N.D. Ill. Nov. 8, 2005). In *Lorillard*, because the plaintiff sought to recover the defendants' profits, an asset freeze was proper. *Id*. (collecting cases). Similarly, here, in addition to equitable injunctive relief, Coach's Complaint reserves Coach's right to seek, *inter alia*, the equitable relief of "ordering Defendant to account to and pay to Coach all profits realized by its wrongful acts" — or disgorgement and recovery of Defendant's profits. (*See* Dkt. No. 1, p. 17, ¶ F.) As the *Lorillard* court held, *Group Mexicano de Desarollo, S.A. v. Alliance Bond Fund*, 527 U.S. 308 (1999), cited by Defendant (Response, p. 8), does not change this result as "[t]he decision in *Grupo Mexicano*, however, did not concern the preliminary relief available in a suit seeking an equitable remedy. Indeed, the Supreme Court made note of the fact that a restraint on asset was

5

still available when the suit sought an equitable relief." *Lorillard*, 2005 WL 3115892, at * 13.

Coach has shown a strong likelihood of its success on the merits of its claims for trademark infringement, false designation of origin, and under the Illinois Uniform Deceptive Trade Practices Act, in addition to the immediate and irreparable harm that Coach will suffer if Defendant is not prevented from funneling its ill-gotten profits offshore. In the face of Coach's prayers for equitable relief, this Court has the authority to enter the temporary restraining order requested and to restrict Defendant's transfer of assets outside Defendant's normal course of business. Coach's Motion should be granted.

**2.     Defendant's Jurisdictional Arguments Are Meritless.**

As an initial matter, Defendant concedes that if jurisdiction is proper in this Court, Coach can seek a prejudgment writ of attachment. (Response, p. 8.) Because jurisdiction is proper, Coach is entitled to this relief. Over a year since Coach filed its Complaint and since Defendant filed its Answer, Defendant now contests this Court's personal jurisdiction over it. Such an argument, though, comes too late in this litigation and is contradicted by Defendant's established, continuous contacts in Illinois. Accordingly, Defendant cannot now belatedly contest jurisdiction.

Though Defendant asserted lack of personal jurisdiction as an affirmative defense in November 2013, Defendant has not raised that argument since, despite engaging in extensive and multiple rounds of written discovery, depositions, and responding in Court to several motions filed by Coach. Defendant contends that "Defendant was required to defer moving to dismiss on this ground because plaintiffs were entitled to an opportunity to discovery information about the Illinois contacts of Defendant" (Response, p. 2), but never once did Defendant indicate a need for this limited discovery, let alone at the appropriate time at the outset of litigation. According to the Seventh Circuit Court of Appeals:

> It would defeat the purpose of requiring prompt assertion of the defense of lack of personal jurisdiction if the defendant, having raised an objection to personal jurisdiction at the outset as required, could without any penalty fail or refuse to press it, creating the impression that he had abandoned it, and not to seek to correct the impression . . .

*Continental Bank, N.A. v. Meyer*, 10 F.3d 1292, 1297 (7th Cir. 1993) (holding that defendants waived defense of lack of personal jurisdiction where, though it was asserted in their answer, defendants fully participated in litigation of the merits without actively contesting personal jurisdiction); *see also e.g., Minemyer v. R-Boc Representatives, Inc.*, 283 F.R.D. 392, 395 (N.D. Ill. 2012) (dismissing jurisdictional challenge where, though defendant raised personal jurisdiction at outset of case, it was not raised again until years later). At this late juncture, Defendant has waived any argument to the contrary as it has submitted to this Court's jurisdiction through its own conduct. The Court should disregard Defendant's jurisdictional dispute.

Regardless, Defendant has sufficient and substantial contacts with Illinois, irrespective of the interactivity of Defendant's website. The website is irrelevant where Defendant has not only repeatedly communicated with its customers in Illinois, but has shipped and continues to ship its products directly to this state. (*See e.g.*, Shi Dep. 331:15-17; 337:16-18; 338:7-24; 347:15-348:3; 348:22-25; 352:19-353:3; 353:15-23; 355:2-15; Response, pp. 25-36.) A look at only a few of Defendant's sales invoices reveals that Defendant's sales in Illinois were not insignificant. (*See* Response, pp. 25-36.) In particular, in or around August 2013, Defendant billed a company located in Illinois for over $2,300 worth of products, which consisted of 15 different SKUs and over 100 items. (*Id.*, p. 31; Shi Dep. Ex. 16.) Defendant shipped other goods to Oak Park,

7

Illinois, in or around March 2014, in the amount of $1,421. (*Id*., p. 33.) Defendant's contacts with Illinois, then, are both systematic and continuous such that jurisdiction is warranted.[2]

Defendant cannot change this result with averments of lack of personal jurisdiction via the declarations of Defendant's officers and attorney, attached to Defendant's Response. This Court should not credit those declarations as they are inconsistent with and contradict each affiant's deposition testimony. *See e.g., Hubbard v. Certified Grocers Midwest, Inc*., No. 02 C 9178, 2004 WL 546902, *3 (N.D. Ill. Mar. 17, 2004) (Deryeghiayan, J.) (collecting cases); *Milan v. City of Chi*., No. 12 C 5621, 2013 WL 6255013 *4 (N.D. Ill. Dec. 3, 2013) (Deryeghiayan, J.) (collecting cases); *Bank of Ill. v. Allied Signal Safety Restraint Sys*., 75 F.3d 1162, 1168–69 (7th Cir. 1996) (explaining that a party cannot create a "sham" issue of fact with affidavits that contradict prior depositions). The declarations are also rife with conclusions of law or ultimate fact. (*See e.g.*, Response, p. 16, ¶¶ 4, 5, 14.) As such, any statements of this nature should be ignored. *See e.g., Cohen v. Ayers*, 449 F. Supp. 298, 321 (N.D. Ill. 1978); *Chi. Dist. Council of Carpenters Pension Fund v. Anthony Floor and Wall Covering Co.,* No. 93 C 7246, 1994 WL 650004, *1 (N.D. Ill. Nov. 16, 1994) ("The affidavit is no place for ultimate facts and conclusions of law.") (collecting cases). As Defendant repetitively asserts, these are "issue[s] for the jury." (Response, pp. 10, 11.) The Court should refuse to give credence to the inappropriate statements contained in the declarations attached to Defendant's Response. Therefore, Defendant cannot avoid the Court's exercise of personal jurisdiction over it and that any argument to the contrary has been waived.

## CONCLUSION

---

[2] Because Defendant only actually contests jurisdiction for the first time at this stage in litigation, the parties have not taken full discovery on Defendant's jurisdictional contacts with Illinois, as Defendant concedes would be necessary. (*See* Response, p. 2.) Coach would request leave to conduct this discovery should the Court allow Defendant to assert a defense of lack of jurisdiction at this late juncture.

For the foregoing reasons, Coach respectfully requests this that Court: (1) grant its Motion in its entirety; (2) enter a temporary restraining order freezing Defendant Di Da Import and Export Inc. d/b/a Di Da New York's assets prohibiting Defendant from transferring any assets outside the normal course of its business from the date Coach's Motion was filed, December 19, 2014, and requiring Defendant to seek court approval before any transfer or encumbrance could be completed, and before any dividends, distributions, advances, or loans are paid; and, (3) order Defendant to produce, within five (5) days, the immediate identification of all bank accounts, interest in real property, and any other assets owned by Defendant, thereby allowing this Court to obtain documents necessary in determining whether a violation has occurred.

Dated: January 20, 2015                                      Respectfully submitted,

                                                             BRYAN CAVE LLP


                                                             By:    /s/ Lauren J. Caisman
                                                                S. Patrick McKey, #6201588
                                                                Donald A. Cole, #6299318
                                                                Lauren J. Caisman, # 6312465
                                                                161 North Clark Street, Suite 4300
                                                                Chicago, Illinois 60601
                                                                Tel: (312) 602-5000
                                                                Fax: (312) 602-5050
                                                                patrick.mckey@bryancave.com
                                                                donald.cole@bryancave.com
                                                                lauren.caisman@bryancave.com
                                                                *Attorneys for Coach, Inc. and*
                                                                *Coach Services, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 20th day of January 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Defendant Di Da Import and Export Inc. through its counsel of record.

Respectfully submitted,

   /s/ Lauren J. Caisman
Lauren J. Caisman