**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| COACH, INC. and COACH SERVICES, INC., | ) | |
| | ) | |
| | ) | Civil Action No.: 13-cv-7165 |
| Plaintiffs, | ) | |
| | ) | Judge Der-Yeghiayan |
| v. | ) | |
| DI DA IMPORT AND EXPORT INC. d/b/a | ) | |
| DI DA NEW YORK, | ) | DECLARATIONS OF SAM ZHU, |
| | ) | LONG ZHU, AMY SHI, HONG ZHU, |
| Defendant. | ) | AND CAROLYN SHIELDS IN |
| | ) | SUPPORT OF DEFENDANT'S |
| | ) | OPPOSITION TO PLAINTIFFS' |
| | ) | MOTION FOR LEAVE TO FILE |
| | ) | A FIRST AMENDED COMPLAINT |
| | ) | (Exhibit List) |
| | ) | |
| | ) | |
| _____ | ) | |

**EXHIBIT LIST**

Declaration of Amy Shi
        Exhibit A:     Illinois sales as percentage of all sales

Declaration of Carolyn Shields
        Exhibit A:     New York Secretary of State Entity Information for DI DA
        Exhibit B:     DI DA Profit and Loss Statement Redacted

Second Declaration of Amy Shi (from defendant's opposition to motion for restraining order)
        Exhibit A:     Email communications with customers
        Exhibit B:     Sales invoices to customers located in Illinois

## DECLARATION OF SAM ZHU

I, Sam Zhu, declare:

1.      I am the sole shareholder and the president of DI DA Import and Export Inc. ("DI DA"), the defendant in this action.  I have personal knowledge of the facts set forth herein and if called as a witness could and would competently testify thereto.

2.      I am a citizen of the United States of America but from January of 2013 to the present date I have resided full time in Guangzhou, Guangdong Province, in the People's Republic of China.  Between January of 2013 to the present date I visited the United States on one occasion, in November of 2014, for the purpose of being deposed in this case as a designee of DI DA.  On that occasion, I stayed with my family in Flushing, New York, in the United States.

3.      I have never been present in the state of Illinois:  I have never visited, stopped in, or passed through the state of Illinois.

4.      I have never had any contacts with the state of Illinois, purposeful or otherwise.  I have never had any continuous or systematic contacts with the state of Illinois.  I have never had any mail or wire communications with the state of Illinois.

5.      I have never conducted any business in or directed at the state of Illinois.

6.      I have never engaged in any transaction in the state of Illinois.

7.      I have never engaged in any conduct directed at Illinois.

8.      I have never availed myself of the privilege of conducting business in Illinois.

9.      I have never entered into any contracts in the state of Illinois.

10.      I have never taken any action expressly aimed at the state of Illinois.

11.      I am aware that the plaintiffs in this action claim that DI DA sold or offered to sell goods in the state of Illinois.  However, my work for DI DA never had anything to do with sales.

12.    I understand that plaintiffs allege that they were injured by intentional conduct. But records of the United States Patent and Trademark Office ("USPTO"), produced in discovery, show that of the three trademarks at issue in this case, one trademark was never used by DI DA and the USPTO's notice to DI DA of the filing of an opposition by Coach to two of DI DA's applications was returned to the USPTO as undeliverable.

13.    This declaration has been translated for me into Mandarin Chinese.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Guangzhou, People's Republic of China, on January 20, 2015.

SAM ZHU

DECLARATION OF LONG ZHU

I, Long Zhu, declare:

1.      I am a vice president of DI DA Import and Export Inc. ("DI DA"), the defendant in this action.  I am in charge of relations with the factories which manufacture DI DA's goods in the People's Republic of China and with the export company which ships the finished goods to the United States.  I have personal knowledge of the facts set forth herein and if called as a witness could and would competently testify thereto.

2.      I am a permanent resident alien of the United States of America.  I reside part-time in Guangzhou, Guangdong Province, in the People's Republic of China and part-time with my family in Flushing, New York, in the United States.

3.      I have never been present in the state of Illinois:  I have never visited, stopped in, or passed through the state of Illinois.

4.      I have never had any contacts with the state of Illinois, purposeful or otherwise.  I have never had any continuous or systematic contacts with the state of Illinois.  I have never had any mail or wire communications with the state of Illinois.

5.      I have never conducted any business in or directed at the state of Illinois.

6.      I have never engaged in any transaction in the state of Illinois.

7.      I have never engaged in any conduct directed at Illinois.

8.      I have never availed myself of the privilege of conducting business in Illinois.

9.      I have never entered into any contracts in the state of Illinois.

10.      I have never taken any action expressly aimed at the state of Illinois.

11.      I am aware that the plaintiffs in this action claim that DI DA sold or offered to sell goods in the state of Illinois.  However, my work for DI DA did not involve sales.

12. This declaration has been translated for me into Mandarin Chinese.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Guangzhou, People's Republic of China, on January 20, 2015.

_____
LONG ZHU

DECLARATION OF HONG ZHU

I, Hong Zhu, declare:

1.      I am the treasurer of DI DA Import and Export Inc. ("DI DA"), the defendant in this action.  I have personal knowledge of the facts set forth herein and if called as a witness could and would competently testify thereto.

2.      I am a permanent resident alien of the United States of America.  I am domiciled and reside in Flushing, New York, in the United States.

3.      I have never been present in the state of Illinois:  I have never visited, stopped in, or passed through the state of Illinois.

4.      I have never had any contacts with the state of Illinois, purposeful or otherwise.  I have never had any continuous or systematic contacts with the state of Illinois.  Although DI DA may have had communications with a few customers located in Illinois, I have never engaged in any mail or wire communications with Illinois.

5.      I have never conducted any business in or directed at the state of Illinois.

6.      I have never engaged in any transaction in the state of Illinois.

7.      I have never engaged in any conduct directed at Illinois.

8.      I have never availed myself of the privilege of conducting business in Illinois.

9.      I have never entered into any contracts in the state of Illinois.

10.     I have never taken any action expressly aimed at the state of Illinois.

11.     I am aware that the plaintiffs in this action claim that DI DA sold or offered to sell goods in the state of Illinois.  However, my work for DI DA never had anything to do with sales.

//

//

//

13.     This declaration has been translated for me into Mandarin Chinese.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

January 19, 2015.

_____

HONG ZHU

DECLARATION OF AMY SHI

I, Amy Shi, declare:

1.      I am a vice president of DI DA Import and Export Inc. ("DI DA"), the defendant in this action, and am in charge of sales for DI DA.  I have personal knowledge of the facts set forth herein and if called as a witness could and would competently testify thereto.

Personal Jurisdiction

2.      I am a citizen of the United States of America and am domiciled in Flushing, New York, in the United States.

3.      I have never been present in the state of Illinois:  I have never visited, stopped in, or passed through the state of Illinois.

4.      I have never had any contacts with the state of Illinois, purposeful or otherwise.  I have never had any continuous or systematic contacts with the state of Illinois.  I have never had any mail or wire communications with the state of Illinois.

5.      I have never conducted any business in or directed at the state of Illinois.

6.      I have never engaged in any transaction in the state of Illinois.

7.      I have never engaged in any conduct directed at Illinois.

8.      I have never availed myself of the privilege of conducting business in Illinois.

9.      I have never entered into any contracts in the state of Illinois.

10.      I have never taken any action expressly aimed at the state of Illinois.

Lack of Personal Jurisdiction over DI DA

11.      Since my declaration in support of DI DA's opposition to Coach's motion for a restraining order, I calculated the proportion that sales to DI DA customers located in Illinois bears to all DI DA sales.  In 2012 that proportion was 0.14 percent;  in 2013 that proportion was 1.24 percent.  See attachment.

12. The DI DA sale to Young's Fashion in 2013 was made in New York, with delivery effected to Young's Fashion's shipping forwarder in New York City.

<u>Responses to the Proposed Amended Complaint</u>

13. DI DA was incorporated in 2011 and commenced business in 2012. It is a small family-run business, with four family members operating it: my uncle Long Zhu; his son/my cousin, Sam Zhu; my mother Long Zhu; and me. My mother and I talk every day about issues involving the business and both of us work in the New York showroom. My mother and I talk by telephone frequently, on an as-needed basis, with my uncle and Sam, who are both in China, about decisions that need to be made for the business. DI DA was advised by its U.S. trademark attorney about DI DA's applications to the USPTO for registration of marks and has had two accounting firms handle DI DA's accounting, payroll, and tax returns. DI DA may be small and family-run, but it is careful to keep the business of DI DA separate from the personal business of the family members.

14. Personal funds of Long Zhu provided the initial money to DI DA to renovate space for its showroom, for initial rent and deposit on the showroom and warehouse, and a down payment to the Chinese factory that manufactured DI DA's handbags. That money became DI DA's showroom, warehouse, and initial inventory. DI DA thereafter paid—out of revenue generated from the sale of DI DA goods—the Chinese factory, through the Chinese export company, as required by Chinese law, and other expenses of the business, like rent and expenses of trade shows. There is no commingling of Long Zhu's funds and DI DA's funds. DI DA has not returned to Long Zhu any of his investment in DI DA, either through dividends or loan repayments because DI DA's profits have been low. DI DA does pay Long Zhu, as well as the other three family members, a salary for their work for DI DA.

15.     In return for Long Zhu's investment in DI DA, Long Zhu asked that his son, Sam Zhu, be the sole shareholder of DI DA.

16.     Sam Zhu, as shareholder and president of DI DA, was in charge of registering trademarks for DI DA and communicating with DI DA's trademark attorneys during the application process for these marks.  DI DA now has approximately seven registered marks, not at issue in this case, which it uses in connection with its handbags and similar goods.

17.     DI DA has kept corporate records, and produced the New York State entity information to Coach during this lawsuit.  DI DA has kept, and produced during discovery, the purchase orders, invoices, and packing slips relating to DI DA's purchase of handbags.  DI DA has kept, and produced during discovery, invoices to its customers reflecting DI DA's sales.  DI DA has kept, and produced during discovery, communications with its customers.  DI DA has kept, and produced during discovery, expenses relating to DI DA's attendance at trade shows.  DI DA has kept, and produced during settlement discussions and discovery, its bank records, tax returns, and profit and loss statements.  Allegations in the proposed amended complaint to the contrary are false and refuted by the evidence that Coach's attorneys have received in this case.

18.     DI DA carries workers compensation insurance in accordance with New York law.

19.      DI DA's assets are in the form of registered trademarks, inventory, and good will.

//

//

//

//

20.     DI DA is not undercapitalized or unwilling to pay its debts. DI DA is sometimes behind in paying the Chinese factory while there is inventory that remains unsold. DI DA is current with its showroom and warehouse rent. DI DA has had the additional expense of defending this lawsuit, added to its usual business expenses.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 20, 2015.

_____
AMY SHI

# EXHIBIT A

| | DATE | INV # | CUSTOMER | SALE | T SALE | YEAR SALE | |
|---|---|---|---|---|---|---|---|
| 2012 | 12/13/2012 | 1605 | RANDLES GIFTS | $230.90 | | | |
| | 1/18/2013 | 1702 | RANDLES GIFTS | $145.00 | | | |
| | 3/13/2013 | 1782 | RANDLES GIFTS | $220.49 | $596.39 | $565,658.00 | 0.11% |
| | 4/1/2013 | 1877 | ELLANA DESIGN | $182.00 | $182.00 | $565,658.00 | 0.03% |
| | 8/12/2013 | 2139 | YOUNGS FASHION | $2,375.00 | $2,375.00 | | |
| | 8/13/2013 | 2151 | DOLLAR BACK | $470.40 | $470.40 | | |
| | 9/3/2013 | 2223 | ELLANA DESIGN | $122.04 | | $486,829.00 | 0.10% |
| 2013 | 10/8/2013 | 2311 | ELLANA DESIGN | $294.00 | $416.04 | $486,829.00 | 0.09% |
| | 10/30/2013 | 2351 | KAM HARMON | $601.22 | $601.22 | $486,829.00 | 0.12% |
| | 3/17/2014 | 2582 | ALIOTOS | $1,421.00 | | $486,829.00 | |
| | 3/31/2014 | 2668 | YOUNGS FASHION | $1,878.00 | $4,253.00 | $486,829.00 | 0.87% |
| | 3/24/2014 | 2639 | ADDIE MARCONI | $295.00 | $295.00 | $486,829.00 | 0.06% |

DECLARATION OF CAROLYN SHIELDS

I, Carolyn Shields, declare:

1.　　I am one of the attorneys for the defendant and make this declaration in support of defendant's opposition to plaintiffs' motion for leave to amend the complaint.  I have personal knowledge of the facts set forth herein and if called as a witness could and would competently testify thereto.

2.　　In discovery, DI DA produced:  records of purchase orders, invoices, and packing lists showing goods purchased from its manufacturers (Bates Numbers DD1865-DD1874); communications with customers including complaints and concerns (Bates Number DD3670-DD3697).

3.　　I was present at the depositions of DI DA's designees.  On the first day of Amy Shi's testimony, I believed that she did not understand the words and sense of the English language questions of Coach's attorney, so I terminated Ms. Shi's testimony until a Mandarin interpreter could be obtained.  On a later date, with an interpreter, the witness better understood the questions.

4.　　Attached hereto as Exhibit A is a true and correct copy of the entity information for DI DA in the records of the New York Secretary of State.  It shows that process served on the Secretary of State as agent for service of process of DI DA will mail that process to DI DA's president at DI DA's corporate office.

5.　　During settlement discussions, which I invited at the outset of this case, I provided to plaintiffs' attorneys a profit and loss statement for DI DA as well as its tax returns.  During discovery I obtained and produced additional tax returns and bank statements.  Attached hereto as Exhibit B is a redacted copy of the profit and loss statement I provided.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on January 20, 2015.

_/s/ Carolyn Shields_
Carolyn Shields

# EXHIBIT A

# NYS Department of State

# Division of Corporations

## Entity Information

The information contained in this database is current through January 16, 2015.

Selected Entity Name: DI DA IMPORT & EXPORT INC.

Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | DI DA IMPORT & EXPORT INC. |
| **DOS ID #:** | 3944855 |
| **Initial DOS Filing Date:** | MAY 03, 2010 |
| **County:** | NEW YORK |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC BUSINESS CORPORATION |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

FENG ZHU
7416 GRAND AVE
2ND FL
ELMHURST, NEW YORK, 11373

**Chief Executive Officer**

FENG ZHU
7416 GRAND AVE
2ND FL
ELMHURST, NEW YORK, 11373

**Principal Executive Office**

DI DA IMPORT & EXPORT INC
7416 GRAND AVE
2ND FL

Case: 1:13-cv-07165 Document #: 36 Filed: 01/20/15 Page 19 of 21 PageID #:685

ELMHURST, NEW YORK, 11373

## Registered Agent

NONE

This office does not record information regarding the
names and addresses of officers, shareholders or
directors of nonprofessional corporations except the
chief executive officer, if provided, which would be
listed above. Professional corporations must include
the name(s) and address(es) of the initial officers,
directors, and shareholders in the initial certificate of
incorporation, however this information is not
recorded and only available by viewing the certificate.

### *Stock Information

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| 200 | No Par Value | |

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| MAY 03, 2010 | Actual | DI DA IMPORT & EXPORT INC. |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York
State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results    New Search

Services/Programs   |   Privacy Policy   |   Accessibility Policy   |   Disclaimer   |   Return to DOS
Homepage   |   Contact Us

# EXHIBIT B

5:31 PM
07/10/12
Accrual Basis

# DI DA IMPORT & EXPORT INC
## Profit & Loss
### May 2011 through April 2012

|  | May '11 - Apr 12 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| Sales | |
| **Total Income** | |
| **Cost of Goods Sold** | |
| Business Show | |
| Freight Costs | |
| Purchase | |
| Tariff Costs | |
| **Total COGS** | |
| **Gross Profit** | |
| **Expense** | |
| Accounting Fee | |
| Advertising and Promotion | |
| Bank Service Charges | |
| Credit Card Expense | |
| Credit Card Service Fee | |
| Depreciation Expense | |
| Gasoline Expense | |
| Insurance Expense | |
| Legal Fee | |
| Meals and Entertainment | |
| Office Supplies | |
| Parking Fee | |
| Penalty | |
| Rent Expense | |
| Commission-Zhu, Long | |
| Salary-Zhu, Long | |
| Salary-Shi, Zheng Dong | |
| Salary-Zhu, Feng | |
| Salary-Zhu, Hong | |
| Storage Expense | |
| Shipping Fee | |
| Supplies | |
| Tax Expense | |
| Futa | |
| Mctmt | |
| NYC Corp. Tax | |
| NYS Corp. Tax | |
| Payroll Tax | |
| Suta | |
| **Total Tax Expense** | |
| Telephone Expense | |
| Travel Expense | |
| Uniform Expense | |
| Utilities | |
| Withdrawal | |
| **Total Expense** | |
| **Net Ordinary Income** | |
| **Net Income** | |

REDACTED

REDACTED