**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| COACH, INC. and COACH SERVICES, INC., | ) ) ) | Civil Action No.:  1:13-cv-7165 |
| | ) | Judge Der-Yeghiayan |
| Plaintiffs, | ) ) | Magistrate Judge Martin |
| v. | ) ) | MOTION TO DISMISS FOR LACK OF PERSONAL |
| DI DA IMPORT AND EXPORT INC. d/b/a DI DA NEW YORK, | ) ) ) | JURISDICTION AND FOR IMPROPER VENUE; MEMORADUM OF LAW: |
| Defendant. | ) ) ) ) | FILED SEPARATELY: DECLARATIONS OF AMY SHI AND CAROLYN SHIELDS |
| | ) ) ) | Date:   January 28, 2015 Time:  9:00 a.m. Place:  Courtroom 1903 |

**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**
**AND FOR IMPROPER VENUE**

Defendant, Di Da Import and Export Inc. ("DI DA" or "Defendant"), hereby moves this Court for an order dismissing this case for lack of personal jurisdiction over the Defendant and for improper venue.

The grounds of this motion are:

1.      This Court lacks personal jurisdiction over the Defendant.  DI DA is incorporated under the laws of the state of New York and has its principal place of business in the city and state of New York.  It does not have continuous and systematic contacts with the state of Illinois sufficient to create general personal jurisdiction and has not engaged in such activities in Illinois as would subject it to specific personal jurisdiction and out of which plaintiffs' alleged injury arose.  See part II.

2.     Venue in this Court is improper.  Defendant does not reside in this district; a substantial part of the events or omissions giving rise to plaintiffs' claim did not occur in this district; and Defendant is not subject to personal jurisdiction in this district.  See part III.

**MEMORANDUM OF LAW**

**I.  THIS MOTION IS TIMELY**

Defendant asserted its defense of lack of personal jurisdiction in the First Affirmative Defense in its Answer.  Defendant asserted its defense of improper venue in the Fourth Affirmative Defense in its Answer.  The defenses are preserved under Rule 12(h)(1)(B)(ii), Fed. R. Civ. P.

**A.     The Defendant has not led plaintiffs to expect that Defendants would not contest personal jurisdiction and venue.**

The Defendant has not led plaintiffs into thinking Defendant "is content with the venue of the suit, or by words or actions [has misled] the plaintiff into thinking this . . . ."  Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., 364 F.3d 884, 887 (7th Cir. 2004).  The contrary is the case. Defendant objected to personal jurisdiction in the First Affirmative Defense in its Answer and to venue in the Fourth Affirmative Defense in its Answer;  objected to personal jurisdiction and venue in Defendant's response to plaintiffs' Interrogatory Number 17;  objected to plaintiffs' taking the deposition of Defendant's four 30(b)(6) witnesses outside the state of New York; repeatedly raised during discovery the issue of insufficient contacts with the state of Illinois to satisfy the requirements of general or specific personal jurisdiction and venue;  opposed plaintiffs' motion for a restraining order on the ground that the Court lacks personal jurisdiction over the Defendant;  opposed plaintiffs' motion for leave to amend the complaint to join four individuals, Defendant's shareholder and officers, on the ground that the Court lacks personal jurisdiction over both the Defendant and the individuals.

2

On March 28, 2014 and April 14, 2014, Defendant served its original and amended response respectively to plaintiffs' Interrogatory Number 17, which asked for the factual basis of Defendant's affirmative defenses, including the first affirmative defense of personal jurisdiction and the fourth affirmative defense of improper venue. Defendant responded:

> First Affirmative Defense [lack of personal jurisdiction]: Defendant is not present in Illinois, has no assets, offices, or sales agents in Illinois, and does not have minimum contacts with the state of Illinois. With respect to the product allegedly purchased in Illinois by plaintiffs' investigator, Defendant did not sell that product in Illinois and did not sell that product to the alleged supplier in Illinois. Plaintiff does not have an interactive website available to customers in Illinois or to any customers in any location.

> Fourth Affirmative Defense [venue is improper]: The defendant does not reside in and is not subject to personal jurisdiction in the Northern District of Illinois.

(Shields Declaration, para. 5 and Exhibit C.)

The Shields Declaration shows the following: during discovery the issue of the location of DI DA sales repeatedly came up. DI DA produced its sales invoices showing the identity and location of its customers and the goods sold to each, including the identity of seven customers located in Illinois. The Shi Declaration (para. 4) shows that most of DI DA's sales were placed at trade shows in Las Vegas, Nevada and in Florida, attaches the invoices showing sales to customers located in Illinois (Shi Declaration, Exhibit A), and shows that the sales to customers located in Illinois was *de minimis*. On the basis of the documents produced by Defendant in discovery, plaintiffs subpoenaed at least one of DI DA's Illinois customers on July 25, 2014 and took its designee's deposition on August 27, 2014 (Shields Declaration, para. 3 and Exhibit B). None of plaintiffs' investment in resources in this case would go to waste if this case were to proceed in the United States District Court for the Southern District of New York, where the court would have personal jurisdiction over the Defendant. Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., 364 F.3d 884, 887 (7th Cir. 2004).

Difficulties which plaintiffs' attorneys have complained of in this case—traveling to New York for depositions of Defendant's designees and joining individuals two of whom are domiciled in the state of New York—are consequences of plaintiffs' choice to sue in the wrong forum and could have been avoided if plaintiffs had sued in the right forum.

**B.    The Defendant has not led the Court into becoming involved in this case or to waste judicial efforts.**

The Defendant has not caused any investment of judicial resources that would be wasted if the case were dismissed to another forum.  Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., 364 F.3d 884, 887-88 (7th Cir. 2004).  The Court has set deadlines and the parties have engaged in discovery, all of which would have occurred had suit been brought in the right forum.  Thus, there will have been no "wasted judicial effort were the case to be dismissed to another forum." Id. at 877.  Nor has Defendant waited "to find out which way the wind is blowing"—this Court has not been called on to make any decisions affecting the course of this case, so no wind has blown to be tested in this Court.

Dismissing this case for lack of personal jurisdiction or for improper venue would obviate the need for the Court to decide plaintiffs' two pending motions—plaintiffs' motion for a restraining order (against a party over which there is no personal jurisdiction), and plaintiffs' motion for leave to amend the complaint (to join individuals not subject to personal jurisdiction in this Court but two of whom would be subject to personal jurisdiction in district court in New York).  In addition, plaintiff Coach, Inc. has its principal place of business in the city and state of New York.  (Complaint, para. 5.)

**C.    Time was taken for settlement discussions.**

The parties engaged in settlement discussions, and exchanged documents, between October and December of 2013, and the Defendant made a settlement offer in July of 2014.

(Shields Declaration, para. 4.)  Plaintiffs, who prepared and filed two agreed motions, on May 9, 2014, and July 15, 2014, requesting extensions of the deadlines for the close of discovery, stated in both: "The additional time will also allow the Parties to continue exploring the possibility of settlement in this matter." (ECF docket numbers 18 and 20.)  The parties engaged in discovery between November of 2013 and November 17, 2014.  (Shields Declaration, para. 5.)  Engaging in "preliminary pretrial litigation", like settlement discussions and discovery, does not lead to a reasonable expectation that the Defendant would not challenge jurisdiction and venue:

> What is true is that by conducting settlement discussions and responding to discovery requests in Chicago, the Mutual defendants — which are represented by a Chicago law firm — demonstrated a certain comfort with negotiating, and engaging in some very preliminary pretrial litigation activity, in Chicago.  But the plaintiff would have been unreasonable to infer from this that the defendants would not plead improper venue, given the forum-selection clause and the fact that they are all citizens or residents either of Bermuda or Pennsylvania, rather than of Illinois.  Nor was the plaintiff put to any inconvenience by the delay in the filing of the defendants' motion to dismiss.  Nor were they testing the wind, for the district court made no rulings until it dismissed the suit; and by the same token the delay in pleading improper venue caused no wasted motion by the court.  Furthermore, considerations of economy argue against the filing of any motions while parties are trying to reach a settlement, since if they do settle the case any motions filed in it will be moot.

> So the motion to dismiss for improper venue was not improperly delayed.

Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., 364 F.3d 884, 888 (7th Cir. 2004).  "These preliminary actions do not come close to what is required for waiver or forfeiture.  To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking."  Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A., 623 F.3d 440, 443 (7th Cir. 2010).

Similarly:

> Prior to the time that Swisher filed its motion, the Court devoted no resources to the case, other than to issue a minute order adopting the parties' discovery schedule.  Nor would it

5

be reasonable to infer that Swisher tested the waters in this forum prior to filing its motion. Finally, ISA has not suffered any inconvenience by the delay in filing the motion; the Court's docket reveals that the Court held but one status hearing in the period between the filing of Swisher's Answer and Motion.

Swisher did not undertake any action in this Court that would have led ISA to believe that it consented to venue residing here. Although it offered but a blanket denial of ISA's allegations supporting venue in this District, Swisher put ISA on notice that it had an objection to the venue of this forum. The Court holds that Swisher did not waive its objection to venue.

Isa Chi. Wholesale, Inc. v. Swisher Int'l, Inc., 2009 U.S. Dist. LEXIS 29823, 7-8, 2009 WL 971432 (N.D. Ill. 2009).

**D.    Time was taken for discovery on jurisdictional facts.**

"[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." Oppenheimer Fund v. Sanders, 437 U.S. 340, 351 n.13 (1978). A "district court may allow a party asserting jurisdiction to conduct discovery to help establish the jurisdictional facts . . . ." 2-12 Moore's Federal Practice - Civil § 12.31. Such discovery was important to the jurisdictional motion the Defendant now makes, and time was provided for plaintiffs to undertake such discovery.

On July 25, 2014, after Defendant had produced sales invoices showing the names and addresses of its customers, plaintiffs' attorneys served a non-party deposition subpoena on Young's Fashion, a customer of DI DA located in Illinois, and took the deposition of its designee on August 27, 2014. (Shields Declaration, para. 6 and Exhibit B.) The examination of Young's Fashion continues in that plaintiffs' counsel asked Young's Fashion's designee to look through documents and provide them later to plaintiffs. (Shields Declaration, Exhibit B, pages 42, lines 23-24, page 43, lines 1-3.)

Plaintiffs' attorneys completed the Rule 30(b)(6) depositions of Defendant's designees on November 17, 2014. The transcript of the last of the depositions was prepared on November 28, 2014. These depositions included questions and testimony on jurisdictional facts, including DI DA's contacts with Illinois. (Shields Declaration, para. 7.)

**E. The burden of proving personal jurisdiction is on the plaintiffs.**

The burden of proving personal jurisdiction is on the plaintiffs: "[I]t is well established that the plaintiff must prove jurisdiction exists once it is challenged by the defendant." Bally Exp. Corp. v. Balicar, Ltd., 804 F.2d 398, 401 (7th Cir. 1986).

## II. THIS COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANT

Defendant's Answer contains an affirmative defense that this Court lacks personal jurisdiction over the Defendant. Defendant deferred moving to dismiss on this ground to afford plaintiffs an opportunity to discover information about the Illinois contacts of Defendant through depositions of Defendant's designees and depositions of Defendant's nonparty customers located in Illinois. Plaintiffs have now had this opportunity.

**A. There is no general personal jurisdiction.**

The Shi Declaration, para. 2, shows there is no general personal jurisdiction over the Defendant: "[T]he inquiry under Goodyear is . . . 'whether that corporation's affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." Daimler AG v. Bauman, 134 S. Ct. 746, 761 (2014). *See also* Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011).

> In determining whether general jurisdiction exists, courts examine the following factors: (1) whether defendants maintain offices or employees in Illinois; (2) whether defendants send agents into Illinois to conduct business; (3) whether defendants have designated an agent for service of process in Illinois; (4) whether defendants advertise or solicit business in Illinois; and (5) the extent to which defendants conduct business in Illinois.

Richter v. Instar Enters. Int'l, Inc., 594 F. Supp. 2d 1000, 1006 (N.D. Ill. 2009).

The Shi Declaration (para. 2) shows that there is no general personal jurisdiction based on the foregoing factors.

**B.      There is no specific personal jurisdiction.**

"Specific jurisdiction, on the other hand, depends on an "affiliatio[n] between the forum and the underlying controversy," principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. . . .  In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of "issues deriving from, or connected with, the very controversy that establishes jurisdiction." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011).

**C.      Defendant's website does not provide specific personal jurisdiction.**

The Shi Declaration (para. 6 and Exhibit B) shows that DI DA's website does not create personal jurisdiction.  The website is passive; it displays information about DI DA's products; no goods can be ordered over the website; no contracts can be entered into over the website; business cannot be not transacted over the website.  The website does have a unilateral email function, but goods cannot be ordered through this email function.

The Court of Appeals for the Seventh Circuit has held:

> We need not decide in this case what level of "interactivity" is sufficient to establish personal jurisdiction based on the operation of an interactive website. Rather, it is enough to say that this logic certainly does not extend to the operation of a "passive" website, such as the one that AC Hydraulic maintains, which merely makes available information about the company and its products. The exercise of personal jurisdiction based on the maintenance of a passive website is impermissible because the defendant is not directing its business activities toward consumers in the forum state in particular.
>
>       . . . [W]e now join the several circuits that have addressed and rejected it . . . , and hold that a defendant's maintenance of a passive website does not support the exercise of personal jurisdiction over that defendant in a particular forum just because the website can be accessed there.  Thus, the district court in this case concluded correctly

8

that AC Hydraulic's maintenance of a passive website did not contribute to Jennings's effort to establish specific jurisdiction in Indiana.

Jennings v. AC Hydraulic A/S, 383 F.3d 546, 549-50 (7th Cir. 2004).  *See also* Mobile

Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A., 623 F.3d 440,

446 (7th Cir. 2010) ("A plaintiff cannot satisfy the *Calder* standard simply by showing that the

defendant maintained a website accessible to residents of the forum state and alleging that the

defendant caused harm through that website").

DI DA did not have the additional voluntary contacts with the state of Illinois that, when

added to a website, would create specific personal jurisdiction:

> We note the legitimate concern that "[p]remising personal jurisdiction on the maintenance of a website, without requiring some level of 'interactivity' between the defendant and consumers in the forum state, would create almost universal personal jurisdiction because of the virtually unlimited accessibility of websites across the country." Jennings, 383 F.3d at 550.  Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is "interactive."  Here, we affirm the district court's conclusion that Hemi is subject to personal jurisdiction in Illinois, not merely because it operated several "interactive" websites, but because Hemi had sufficient voluntary contacts with the state of Illinois.

Illinois v. Hemi Grp. LLC, 622 F.3d 754, 760 (7th Cir. 2010).

Nor did DI DA target the Illinois market:

> Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way target the forum state's market.
>
>         . . .  If the defendant merely operates a website, even a "highly interactive" website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution.

be2 LLC v. Ivanov, 642 F.3d 555, 559 (7th Cir. 2011).

In short, a website, even an interactive website, is not enough:

The interactivity of a website is also a poor proxy for adequate in-state contacts. We have warned that "[c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" be2 LLC, 642 F.3d at 558 (citing Illinois v. Hemi Grp., LLC, 622 F.3d 754, 760 (7th Cir. 2010)). This makes sense; the operation of an interactive website does not show that the defendant has formed a contact with the forum state. And, without the defendant's creating a sufficient connection (or "minimum contacts") with the forum state itself, personal jurisdiction is not proper.

Even if we assume that interactivity matters at least in an evidentiary way, it is unclear how any interactivity of the website here affected the alleged trademark infringement. Real Action posted a notice (by itself not interactive) on its website; that notice allegedly infringed Advanced Tactical's trademark. But whether the notice amounted to infringement has nothing to do with interactivity. We need not belabor the point: if having an interactive website were enough in situations like this one, there is no limiting principle—a plaintiff could sue everywhere. Such a result would violate the principles on which Walden and Daimler rest. Having an "interactive website" (which hardly rules out anything in 2014) should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible. To hold otherwise would offend "traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316.

Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 803 (7th

Cir. 2014).

Even if the email function of the website were considered, it is unilateral—it is a one-way

communication from the user to DI DA, with DI DA replying to the user's email address, not

through the website.  Such unilateral activity of the user does not and should not create personal

jurisdiction:  "[T]he unilateral activity of another party cannot establish defendant's contact with

the forum state. Burger King, 471 U.S. at 475. As a result, the actions of plaintiff's husband in

accessing defendant's website cannot provide the sole foundation of defendant's minimum

contacts with Illinois.  If personal jurisdiction over defendant could be established simply by

plaintiff accessing the page of the website that offers to sell plaintiff's artwork, plaintiff could

establish personal jurisdiction over defendant in any state, and this would defeat the nature of

personal jurisdiction altogether.  Richter v. Instar Enters. Int'l, Inc., 594 F. Supp. 2d 1000, 1014

(N.D. Ill. 2009) ("this court cannot find that by offering the artwork for sale on the internet, without more, demonstrates that defendant purposefully directed its activities concerning plaintiff's artwork toward customers in Illinois, as required by Jennings"). "A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction". Euromarket Designs, Inc. v. Crate & Barrel Ltd., 96 F. Supp. 2d 824, 838 (N.D. Ill. 2000). This is not a situation where "the defendant enters into contracts with residents of a foreign jurisdiction . . . over the Internet . . . ." Euromarket Designs, Inc. v. Crate & Barrel Ltd., 96 F. Supp. 2d 824, 837 (N.D. Ill. 2000).

**D.      The Express Aiming test is not satisfied.**

The sale of the bag purchased by plaintiffs' investigator in Chicago was not sold by defendant in Chicago but appears to have been bought by the Chicago seller from someone else who bought from defendant. (Shi Declaration, para. 8.) This is not a contact sufficient to create personal jurisdiction: "the 'express-aiming' test cannot be met simply with allegations of injuries to plaintiff in the forum state. 'Something more' is needed." Kinetech, LLC v. Williams & Lake, LLC, 2014 U.S. Dist. LEXIS 168756, 5 (S.D. Ind. Dec. 3, 2014). Plaintiffs allege they sent Defendant a cease and desist letter, but that letter does not relate to any of the marks at issue in this case. Even if it did, however, that letter could not be a basis for personal jurisdiction: "[T]here is only the cease-and-desist letter. To find express aiming based solely on the defendant's receipt of that letter would make any defendant accused of an intentional tort subject to personal jurisdiction in the plaintiff's home state as soon as the defendant learns what that state is. *Calder* requires more." Mobile Anesthesiologists Chi., LLC v Anesthesia Assocs. of Houston Metroplex, P.A., 623 F.3d 440, 447 (7th Cir. 2010).

//

11

**E.      No alleged injury by plaintiffs arose out of defendant's Illinois contacts.**

It is not enough for a defendant to have specific contacts with the forum; the alleged injury must also arise out of those contacts. The "'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum, . . . <u>and</u> the litigation results from alleged injuries that 'arise out of or relate to' those activities . . . ." <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472 (1985) (emphasis added). The injury must "'arise out of' or 'relate to' the conduct that comprises the defendants' contacts with the forum." <u>Tamburo v. Dworkin</u>, 601 F.3d 693, 708 (7th Cir. 2010). "Specific personal jurisdiction is appropriate when the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities." <u>Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A.</u>, 623 F.3d 440, 444 (7th Cir. 2010). "To support an exercise of specific personal jurisdiction, the defendant's contacts with the forum state must directly relate to the challenged conduct or transaction . . . ." <u>Tamburo v. Dworkin</u>, 601 F.3d 693, 702 (7th Cir. 2010). That did not happen here.

The Shi Declaration attaches invoices of goods sold by DI DA to customers located in Illinois. Most of these orders were placed at trade shows in Las Vegas, Nevada. (Shi Declaration, para. 4.) The order placed by Young's Fashion was delivered in New York City by delivery to Young's Fashion's shipping forwarder. (*Id.*, para. 10; Shields Declaration, para. 3 and Exhibit B, page 49, lines 5-7; page 55, lines 18-20.) The goods referenced on the invoices to customers located in Illinois were plain bags and did not bear any of the marks that are the subject of this lawsuit. (*Id.*, para. 3 and Exhibit B, page 58, lines 2-17.) The bag sold by a Chicago seller to plaintiffs' investigator in Chicago was not sold to the Chicago seller by DI DA but was sold by another to the Chicago seller. (Shi Declaration, para. 9.) Therefore, any injury

alleged by plaintiffs did not arise out of DI DA's sales to customers located in Illinois and those sales do not provide a basis for specific personal jurisdiction.

Because there were no tortious acts directed at Illinois, there were no "[t]ortious acts aimed at a target in the forum state and undertaken for the express purpose of causing injury th[at] are sufficient to satisfy Calder's express-aiming requirement." Tamburo v. Dworkin, 601 F.3d 693, 707 (7th Cir. 2010).

### III.  VENUE IN THIS COURT IS IMPROPER

28 U.S.C. § 1391(b) provides that a civil action may be brought in:

(1)      a judicial district in which any defendant resides . . . ;

(2)      a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . .

Section 1391(c)(2) provides that a corporation "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  As shown in part II above, the Defendant is not subject to personal jurisdiction in this district and therefore does not reside in this district.

The Shi Declaration (para. 8) shows that the bag purchased by plaintiffs' investigator was not sold by the Defendant to that seller or to that address, and was not a sale made by the Defendant in Illinois.  In addition, the goods sold to the seven customers of the Defendant located in Illinois were plain bags without any of the marks that are the subject of the complaint. (Shi Declaration, para. 9.)  Therefore, "a substantial part of the events or omissions giving rise to the claim" did not occur in this district.

Venue in this district is improper.

The Defendant resides and is subject to personal jurisdiction in the Southern District of New York. The Court can transfer this case under 28 U.S.C. § 1631 to that district. Ameripay, LLC v. Ameripay Payroll, Ltd., 334 F. Supp. 2d 629, 636 (D. N.J. 2004).

## CONCLUSION

For the reasons discussed herein, Defendant respectfully asks the Court to grant defendant's motion and dismiss this action for lack of personal jurisdiction and/or for improper venue, or, in the alternative, transfer this case to the United States District Court for the Southern District of New York.


Dated: January 23, 2015                         Respectfully submitted,

                                                */s/ Carolyn Shields*
                                                Carolyn Shields
                                                Ying Liu
                                                LIU & SHIELDS LLP
                                                41-60 Main Street, Suite 208A
                                                Flushing, NY 11355
                                                shieldscj524@gmail.com

                                                Attorneys for Defendant
                                                DI DA IMPORT AND EXPORT INC.
                                                d/b/a DI DA NEW YORK

                                                Local Counsel:
                                                Brian J. Lum, Esq.
                                                ICE MILLER LLP
                                                200 West Madison Street, Suite 3500
                                                Chicago, IL 60606
                                                312-726-8129
                                                brian.lum@icemiller.com

14

## SUPPORTING DECLARATIONS AND EXHIBITS
### (Filed as separate document)

Declaration of Amy Shi
        Exhibit A:     Sales Invoices to Customers Located in Illinois
        Exhibit B:     Emails Showing Passive Website
        Exhibit C:     Calculations of Sales to Customers Located in Illinois

Declaration of Carolyn Shields
        Exhibit A:     Entity Information for DI Da in Records of the New York
                         Secretary of State
        Exhibit B:     Excerpted Pages from the Transcript of the Deposition of
                         Non-Party Young's Fashion's 30(b)(6) Designee
        Exhibit C:     Defendant's Response to Plaintiffs' Interrogatory Number 17