IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COACH, INC. and COACH SERVICES, INC.,

                 Plaintiffs, :    Case No. 13-cv-7165

        v. :    Honorable Samuel Der-Yeghiayan

DI DA IMPORT AND EXPORT INC. (D/B/A DI DA NEW YORK),

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiffs Coach, Inc. and Coach Services, Inc. (collectively, "Coach"), by and through their attorneys, Bryan Cave LLP, submit this reply in support of their Motion for Leave to File First Amended Complaint against Defendant Di Da Import and Export Inc. ("Di Da") and to add as additional Defendants, Sam Zhu, Long Zhu, Hong Zhu, and Amy Shi (collectively, "Proposed Additional Defendants"). In support of its motion, Coach states as follows:

**LEGAL ANALYSIS**

    A.    **Coach Has Demonstrated Both A Proper Purpose And Good Cause for Amending Its Complaint Pursuant To Federal Rules Of Civil Procedure 15 And 16.**

While Di Da claims that Federal Rule of Civil Procedure 16 applies in determining whether a motion for leave amend should be granted when filed "after the expiration of the trial court's Schedule Order deadline to amend pleadings" (Response, p. 2), Di Da fails to identify how Coach's Motion for Leave comes after any deadline to amend pleadings. In fact, no such deadline was set. As such, Coach's Motion for Leave is not be subject to Federal Rule of Civil

Procedure 16. *See e.g., Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust*, 290 F.2d 843, 848 n. 1 (7th Cir. 2002) (holding that in the absence of a scheduling order delineating a deadline for amendment of pleadings, amendment would be analyzed under the rubric of Rule 15); *Hollinger Int'l, Inc. v. Hollinger Inc.*, No. 04 C 698, 2007 WL 1029089, *1 (N.D. Ill. Mar. 29, 2007) ("Where, as in this case, there is no Rule 16(b) scheduling order limiting the time to amend pleadings, a proposed amendment should be analyzed under Rule 15(a)") (collecting cases).

Rather, Federal Rule of Civil Procedure 15, which provides that "leave to amend shall be freely given," sets the applicable standard. Di Da concedes that it "do[es] not divine plaintiffs' purpose" in moving to amend. (Response, p. 11.) It is implausible then, for Di Di to argue that Coach's proposed amendment is motivated by any improper purpose such as undue delay, bad faith, or dilatory motive, particularly where it is not. Rather, Coach's proposed amendment is motivated solely by the discovery of new facts, facts not previously disclosed by Di Da and obtained for the first time during the depositions of Di Da's corporate representatives on October 29, 30, and 31, 2014. In fact, the depositions were delayed by Di Da, not Coach, and were scheduled only after a motion to compel was filed by Coach. (*See* Dkt. No. 23.) Coach has demonstrated why justice requires that its Motion for Leave should be granted and why it should be permitted the opportunity for these claims to be heard. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Murrell v. Crass*, 960 F.2d 151 (7th Cir. 1992).

Nevertheless, assuming *arguendo* Federal Rule of Civil Procedure 16 governs, Coach has demonstrated good cause for amending its Complaint. "If good cause can be established under Rule 16(b), Rule 15(a) is then applied" and leave to amend should be freely granted. *Triteq Lock & Sec. LLC v. Innovative Secured Solutions, LLC*, No. 10 C 1304, 2011 WL 3203303, at *2 (N.D. Ill. July 21, 2011) (citing *Vitelo v. Brazzaz, LLC*, No. 09 C 01051, 2010 WL 3273898, at

\*2 (N.D. Ill. Aug. 16, 2010) (granting motion to amend to add individual defendant)). Where a party demonstrates diligence in seeking amendment after the discovery of new facts, even if after the deadline set in a scheduling order, the good cause standard of Rule 16 is satisfied. *Triteq*, 2011 WL 3203303, at \*2; *Bridgeport Pain Control Ctr., Ltd. v. Cutera, Inc.*, No. 08 C 1116, 2009 WL 510888, \*1 (N.D. Ill. Feb. 26, 2009) (granting motion to amend).

Coach clearly has good cause for now seeking leave to file its First Amended Complaint. It was only during the recent deposition testimony of Di Da's corporate representatives, which were concluded on October 31, 2014, that Coach learned that Di Da was merely a corporate fiction and alter ego of its officers. Until that time, Coach had no record evidence of Di Da's lack of corporate formalities, inadequate capitalization, or comingling of personal funds. This was information uniquely within Di Da's possession, custody, and control, and otherwise unavailable to Coach without discovery, and specifically, the deposition of Di Da's 30(b)(6) corporate representatives. This case mirrors the facts of *Triteq*, a case in which the court granted plaintiff's motion to amend after the deadline to do so had passed because plaintiff first learned of the defendant's actions constituting a new, separate cause of action during depositions and discovery. Likewise, Coach first acquired the facts giving rise to its causes of actions against the Proposed Additional Defendants only after slow, contested, and extensive discovery and a motion to compel. (*See* Dkt. No. 23.) Coach then promptly sought to amend its Complaint. *Compare with Triteq*, 2011 WL 3203303, at \*2. Because Coach had no way of knowing the facts giving rise to the causes of action against the Proposed Additional Defendants until the end October 2014, Coach should be granted leave to now file its First Amended Complaint.

Neither Di Da nor the Proposed Additional Defendants be prejudiced by amendment. While Di Da claims that "[t]he addition of 16 allegedly infringing marks after the close of

3

discovery is prejudicial to the named defendants and to the individual persons plaintiffs seek leave to join" (Response, p. 3), such an argument falls short where Di Da subsequently admits that Coach's claims for infringement "do not include" any of the "added" trademarks. (*Id.*) The updated trademark chart in Coach's proposed First Amended Complaint (Dkt. No. 29-1, ¶ 16; 29-2, ¶ 16) merely reflects updates to Coach's trademarks, but does not change the marks at issue in this case. Thus, neither Di Da nor the Proposed Individual Defendants will suffer any prejudice from the minor corrections in trademarks.

Moreover, an amendment will not inflict unfair prejudice on Di Da because Di Da and the Proposed Additional Defendants were uniquely situated to foresee the new claims as they were aware of all relevant facts from the outset of the instant litigation. *See Westland v. Sero of New Haven, Inc.*, 601 F. Supp. 163, 167 (N.D. Ill. 1985). While Di Da concludes that it and the Proposed Additional Defendants "would incur significant additional expense and burdens if the individuals were joined as parties," it fails to identify how this is so. Amendment would not inflict unfair prejudice upon Di Da or the Proposed Additional Defendants. Coach's Motion for Leave to File First Amended Complaint should be granted.

   **B.**   **Amendment Would Not Be Futile Because This Court Has Personal Jurisdiction Over Di Da And The Proposed Additional Defendants.**

Contrary to Di Da's contention, Coach's First Amended Complaint would not be subject to dismissal for lack of personal jurisdiction and, thus, would not be futile. As an initial matter, Di Da has waived any argument that this Court lacks personal jurisdiction over it based on its utter failure to pursue such a claim in the one and a half years since this case has been pending before this Court. *See e.g., Continental Bank, N.A. v. Meyer*, 10 F.3d 1292, 1297 (7th Cir. 1993) (holding that defendants waived lack of personal jurisdiction defense where, though asserted in their answer, defendants fully participated in litigation of the merits without actively contesting

jurisdiction); *Minemeyer v. R-Boc Representatives, Inc.*, 283 F.R.D. 392, 396 (N.D. Ill. 2012) (same). In fact, Di Da's waiver of its lack of personal jurisdiction argument - and the prejudicial nature to Coach of its late pursuit - was recently addressed by the Court in its denial of Di Da's Motion to Dismiss for Lack of Personal Jurisdiction (*see* Dkt. No. 42), thus Di Da should be barred from re-litigating the previously decided issue under the "law of the case" doctrine.

It is well settled that "[t]he law of the case doctrine 'is a rule of practice, based on sound policy [and recites] that, when an issue is once litigated and decided, that should be the end of the matter.'" *Creek v. Vill. of Westhaven*, 144 F.3d 441, 445 (7th Cir. 1998) (citing *Gertz v. Robert Welch, Inc.*, 680 F.2d 527, 532 (7th Cir. 1982) and *United States v. United States Smelting, Refining & Melting Co.*, 339 U.S. 186, 198 (1950)). Because this Court has denied Di Da's Motion to Dismiss for Lack of Personal Jurisdiction and for Improper Venue on February 4, 2015, the issue of whether this Court has personal jurisdiction over Di Da has been fully litigated and decided, and that is "the end of the matter."[1] *Id.*

Moreover, because Coach has adequately plead that the Proposed Additional Defendants disregarded Di Da's corporate form and used the corporation as their alter ego (*see* Dkt. No. 29, pp. 3-10), Di Da's jurisdictional contacts with Illinois can be imputed to the Proposed Additional Defendants for purposes of establishing personal jurisdiction over them. *See e.g., YKK USA, Inc. v.* Baron, 976 F. Supp. 743, 747 (N.D. Ill. 1997) (denying motion to dismiss based on lack of

---

[1] Notwithstanding Di Da's waiver, Di Da's contacts with Illinois "are sufficient to satisfy the requirements of due process, [therefore] the requirements of both the Illinois long-arm statute and the United States Constitution have been met." *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995) (quoting *L.B. Foster Co. v. Railroad Serv., Inc.*, 734 F. Supp. 818, 822 (N.D. Ill. 1990)). Specifically, not only does this Court have general jurisdiction over Di Da resulting from Di Da's continuous and systematic contacts with the State of Illinois through its commercial activities in Illinois over at least the last two years, *i.e.*, entering into sales contracts with Illinois residents, selling goods to Illinois residents, and collecting revenues from Illinois residents, but the Court may also exercise specific jurisdiction over Di Da based upon Di Da's sales of infringing products to Illinois residents, the sales which give rise to Coach's injuries in the instant matter.

personal jurisdiction and holding that "where the plaintiff seeks to pierce the corporate veil by alleging that the corporation was a mere shell utilized by the individual for his own personal benefit," and the "'alter ego' exception is applicable, the corporation's contacts are attributed to the individual for purposes of the personal jurisdiction determination"); *Torco Oil Co. v. Innovative Thermal Corp.*, 730 F. Supp. 126, 136 (N.D. Ill. 1989) (holding that to the extent the corporation's contacts were sufficient to sustain jurisdiction over the corporate defendant, they could be used to bring the individual defendants within the court's jurisdiction).

In addition, an individual's "status as employees does not insulate them from jurisdiction." *Calder v. Jones*, 465 U.S. 783, 784 (1984). As such, the Proposed Additional Defendants cannot use Di Da as a shield for liability or against jurisdiction:

> [F]or purposes of specific personal jurisdiction, the conduct in which the individual employees personally and actually engage as part of their employment duties does count against them in spite of the fact that they engaged in the activities as employees of a business entity. In other words, the shield of the corporation is not a defense if an employee is the corporation's "primary participant" in a course of allegedly tortious conduct in a foreign forum that the employee should know will have significant effects in the forum asserting the long-arm personal jurisdiction.

*In re Teknek, LLC*, 354 B.R. 181, 194 (Bankr. N.D. Ill. 2006). "Under the U.S. Constitution it is permissible to re-count (or bootstrap) the contacts of a corporation and the relevant individual when performing the analysis for each; what is important is that in attributing any business conduct to the individual, such person must have been actually engaging in or controlling the double-counted activity." *Id.* at 195. In so holding, the *Teknek* court rejected the individual defendants' arguments that "the corporate shield having siphoned off all of their business contacts, [defendants] [we]re left with a few, *de minimis* personal contacts that [we]re insufficient to meet the minimum standards." *Id.* at 194. Rather, when a federal court asserts personal jurisdictions over owners of a company who are responsible for "virtually all of the

6

significant planning, acting, directing, and masterminding," the company's contacts are attributable to each owner as the "primary participants" in the business. *Id.* at 195-97 (exercising personal jurisdiction over individual non-residents because there was a nexus between their actions on behalf of the company, the legal nature of the cause of action, and the forum asserting jurisdiction).

Here, the Proposed Additional Defendants are the "primary participants" in Di Da's family-owned business. (*See* Di Da Response, Dkt. No. 36, Shi Decl. ¶ 13.) Thus, Di Da's Illinois contacts also constitute the Proposed Individual Defendants' Illinois contacts. Because contacts establish this Court's jurisdiction over Di Da, personal jurisdiction over the Proposed Additional Defendants also exists.[2]

### C. Amendment Would Not Be Futile Because Coach Has Adequately Plead Alter Ego.

"An amendment is futile if it would not survive a motion to dismiss." *Connetics Corp. v. Pentech Pharm., Inc.*, No. 07 C 6297, 2009 WL 1089552, at *2 (N.D. Ill. Apr. 16, 2009) (citing *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004)). In the instant case, Coach has adequately plead in its First Amended Complaint its Piercing the Corporate Veil/Alter Ego Theory.[3] (*See* Proposed First Am. Compl., ¶¶ 72-107.)

---

[2] Of note, in its Response, Di Da asserts that "any U.S. judgment would not be given full faith and credit by China even if the individuals in China did have assets, because China is not a signatory to the Convention on the Enforcement of Foreign Judgments." (Dkt. No. 35, p. 11.) In its Response to Coach's Motion to Freeze Assets, however, Di Da argued that "Defendant would not run off to China to avoid litigation and potential liability . . . DI DA is a family business with four primary employees . . . Sam, Hong, and Amy are U.S. citizens and have no interest in leaving the U.S. Long Zhu is a permanent resident of the U.S." (Response to TRO, Dkt. No. 32, p. 11.)

[3] The formatting of Coach's First Amended to Complaint to separate its veil piercing allegations as a separate count (Count VIII) does not change this result. Coach does not seek to assert an independent cause of action for piercing the corporate veil against the Proposed Additional Defendants. Instead, Coach merely separated these necessary factual allegations for the purposes of clarity. Counts I-VII constitute the independent causes of action that Coach seeks to bring against Di Da, and now the Proposed Additional Defendants, not Count VIII.

Further, Di Da misstates the law and controlling authorities in claiming that "there is no basis for piercing DI DA's corporate veil to get to DI DA's shareholder" and that "a non-shareholder is not liable for the corporation's debts on an alter ego theory." (Response, p. 8.) Nothing in *Wm. Passalacqua Builders, Inc. v. Resinick Developers South, Inc.*, 933 F.2d 131 (2d Cir. 1990), cited by Di Da, relates to non-shareholder liability. In fact, the portion of *Passalacqua Builders* Di Da cites in its Response is actually <u>not found</u> in that court's opinion. (*But see* Response, p. 8.) Regardless, under both Illinois and New York law, a plaintiff <u>is allowed</u> to seek individual liability against non-shareholders of a corporation under a theory of piercing the corporate veil. *See Buckley v. Abuzir*, 2014 IL App (1st) 130469, ¶ 32 ("It would make little sense to hold that, where a corporation fails to issue stock, defendant's status as a nonshareholder both precludes veil-piercing and is a factor in favor of it."); *Roohan v. First Guarantee Mortgage, LLC*, 948 N.Y.S.2d 200, 201 (2012) ("A nonowner, however, may be held liable for a corporation's torts if he or she 'dominated and controlled [it] to such an extent that [he or she] may be considered its equitable owner.'"); *In re Parmalat Secs. Litig.*, 375 F. Supp. 2d 278, 292, n. 75 (S.D.N.Y. 2005) ("The use of stock ownership is one means of corporate domination, but it is not the only one."). Di Da's contention that Sam Zhu was the only official shareholder of Di Da, is therefore irrelevant.

Further, while Di Da attempts to present facts purportedly in dispute in support of its opposition to Coach's Motion for Leave to Amend, Di Da's factual contentions have no relevance on the Court's analysis as the futility standard is whether Coach's First Amended Complaint will survive a motion to dismiss, not a motion for summary judgment. *See Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 94 (N.D. Ill. 2008) (whether or not the standard is surviving a motion for summary judgment or a motion to dismiss "will vary with the procedural

posture of the case."); *Connetics Corp.*, 2009 WL 1089552, at *1 n.1 ("where, as here, neither party has moved for summary judgment, the applicable standard is whether the amendment can withstand a motion to dismiss."). Because Coach's Proposed First Amended Complaint will survive a motion to dismiss, Coach's Proposed First Amended Complaint is not futile, and its Motion for Leave should be granted.

## CONCLUSION

For the foregoing reasons, Coach respectfully requests that this Court grant its Motion in its entirety to give Coach leave to file its proposed First Amended Complaint, and to amend the case caption to read *Coach, Inc. and Coach Services Inc. v. Di Da Import and Export Inc., d/b/a Di Da New York, and Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu*, and any other such relief as the Court may deem just and proper.

Dated: February 4, 2015                              Respectfully submitted,

                                                     BRYAN CAVE LLP


                                                     By:    /s/ S. Patrick McKey
                                                         S. Patrick McKey, #6201588
                                                         Donald A. Cole, #6299318
                                                         Lauren J. Caisman, # 6312465
                                                         161 North Clark Street, Suite 4300
                                                         Chicago, Illinois 60601
                                                         Tel: (312) 602-5000
                                                         Fax: (312) 602-5050
                                                         patrick.mckey@bryancave.com
                                                         donald.cole@bryancave.com
                                                         lauren.caisman@bryancave.com
                                                         *Attorneys for Coach, Inc. and*
                                                         *Coach Services, Inc.*

9

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 4th day of February 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Defendant Di Da Import and Export Inc. through its counsel of record.

                        Respectfully submitted,

                          /s/ S. Patrick McKey
                          S. Patrick McKey