**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| Coach Inc. et al. | ) | Case No: 13 C 7165 |
|  | ) |  |
| v. | ) |  |
|  | ) | Judge Samuel Der-Yeghiayan |
|  | ) |  |
| Di Da Import and Export Inc. | ) ) |  |

**ORDER**

Plaintiffs' motion for leave to file an amended complaint [29] is granted.

**STATEMENT**

      This matter is before the court on Plaintiff Coach, Inc.'s and Plaintiff Coach Services, Inc.'s (collectively referred to as "Coach") motion for leave to file an amended complaint. When leave is sought to amend a complaint after the time to amend as a matter of course has expired, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, a district court should allow a complaint to be amended "to cure curable defects, at least where there is no undue delay or undue prejudice to the opposing party." *Carmody v. Board of Trustees of University of Illinois*, 747 F.3d 470, 480 (7th Cir. 2014). A district court can also deny leave to amend if "the amendment would be futile." *Charleston v. Board of Trustees of University of Illinois at Chicago*, 741 F.3d 769, 776-77 (7th Cir. 2013)(internal quotations omitted)(quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).
      Coach argues that it seeks to add additional Defendants in this case and additional allegations including allegations to support an alter ego theory. DDI has not shown any undue delay by Coach in seeking an amendment. Coach has shown that the new allegations are premised on the testimony of DDI's corporate representatives taken in the fall of 2014. Coach has shown, for example, discovery indicating that DDI fails to observe legal requirements of separate corporate existence and that DDI is inadequately capitalized. Coach has pointed to evidence that it can rely upon to allege in good faith that the newly added Defendants have used DDI as a facade for their personal operations. Coach has shown that it acted in a timely manner in seeking to amend the complaint following such depositions. DDI argues that Defendants will be prejudiced by an amendment and will incur significant additional expenses, but DDI has not provided any concrete facts to show that any such prejudice or significant expenses will result by an amendment at this juncture. If the newly added Defendants require additional discovery, they may seek leave for such discovery from the court. Nor has DDI shown that the proposed amendment of the complaint would be futile. Coach has stated valid claims in the original complaint and states valid claims in the proposed amended complaint.
      DDI also argues that the court will lack personal jurisdiction over the newly added

Defendants in the proposed amended complaint. However, Coach has not been given an opportunity to conduct limited discovery on the issue of personal jurisdiction as to the new Defendants and it is premature to address such a defense at this juncture. After the filing of the amended complaint, the newly added Defendants will have an opportunity to move to dismiss the claims brought against them based on a lack of personal jurisdiction if they believe such motions are warranted.

      DDI also argues that the proposed amended complaint improperly lists piercing a corporate veil as an independent count. DDI contends that such a theory is merely a means to impose corporate liability on individuals connected with a company and is not an independent cause of action. While DDI may present such arguments at the summary judgment stage as to whether the alter ego theory should be considered an independent claim or should be attached to another claim, DDI has not provided a reason to strike the references in the proposed amended complaint to the alter ego theory.

      DDI also accuses Coach of making misrepresentations to the court about the evidence in this case. DDI, however, fails to specifically explain what evidence was misrepresented and DDI has not shown that Coach has made any such misrepresentations as to the evidence. Finally, DDI asserts that the motion to amend is being brought for an improper purpose. DDI contends that Coach cannot be seeking to amend the complaint for a legitimate purpose and that DDI "cannot divine [Coach's] purpose. . . ." (Ans. 11). DDI contends that Coach cannot reasonably believe that it can obtain any relief from the newly added Defendants even if Coach obtains a judgment against them because such Defendants are beyond the reach of this court in China and a judgment by this court would not be given full faith and credit by a Chinese court. (Ans. 11). DDI has not shown that Coach lacked a legitimate reason in light of the discovery gathered in this case to seek leave to amend the complaint and to add additional Defendants. As indicated above, whether or not the newly added Defendants are subject to personal jurisdiction in this court has not yet been determined. If such individuals choose to remain in China beyond the jurisdiction of this court, DDI cites no precedent that would prevent Coach from obtaining a judgment against such Defendants. Such judgments could be of use in the future should such Defendants choose to locate assets or monies in the country or conduct business in this country. Based on the above, Coach's motion for leave to amend the complaint is granted.

Date: 2/25/15

                                                              _Samuel Der-Yeghiayan_
                                                               Samuel Der-Yeghiayan
                                                               United States District Court Judge