## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| COACH, INC. and COACH SERVICES, INC., | ) | Civil Action No.: 1:13-cv-7165 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NOTICE OF APPEAL |
| | ) | BY DEFENDANT |
| DI DA IMPORT AND EXPORT INC. d/b/a DI DA NEW YORK, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF APPEAL

Notice is hereby given that DI DA IMPORT AND EXPORT INC. d/b/a DI DA NEW

YORK, Defendant in the above named case, hereby appeals to the United States Court of

Appeals for the Seventh Circuit from an Order Granting Plaintiffs' Motion for a Temporary

Restraining Order entered in this action on the 25th day of February, 2015, docket number 44,

and from an Order Denying Defendant's Motion To Dismiss for Lack of Personal Jurisdiction

entered in this action on the 4th day of February, 2015, docket number 42.

Dated:  March 5, 2015

Respectfully submitted,

*/s/ Carolyn Shields*
Carolyn Shields
LIU & SHIELDS LLP
41-60 Main Street, Suite 208A
Flushing, NY 11355
Tel:    718-463-1868
shieldscj524@gmail.com
Attorneys for Defendant
DI DA IMPORT AND EXPORT INC.
d/b/a DI DA NEW YORK

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| COACH, INC. and COACH SERVICES, INC., | ) ) ) | Civil Action No.:  1:13-cv-7165 |
| Plaintiffs, | ) ) | DEFENDANT'S DOCKETING STATEMENT |
| v. | ) ) | |
| DI DA IMPORT AND EXPORT INC. d/b/a DI DA NEW YORK, HONG ZHU, LONG ZHU, AMY SHI, SAM ZHU, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT'S DOCKETING STATEMENT**

Defendant DI DA IMPORT AND EXPORT INC. d/b/a DI DA NEW YORK, files this

Docketing Statement in accordance with Seventh Circuit Rule 3(c)(1).  Defendant DI DA Import

and Export Inc. d/b/a DI DA New York appeals from an Order Granting Plaintiffs' Motion for a

Temporary Restraining Order entered in this action on the 25th day of February, 2015, docket

number 44, and from an Order Denying Defendant's Motion To Dismiss for Lack of Personal

Jurisdiction entered in this action on the 4th day of February, 2015, docket number 42.

**1. The district court's jurisdiction**

The district court had original jurisdiction over the underlying proceeding pursuant to

15 U.S.C § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (federal question),

28 U.S.C. § 1338(a) (actions arising under any Act of Congress relating to trademarks), and

28 U.S.C. § 1367(a)(supplemental jurisdiction).  The complaint also alleges jurisdiction pursuant

to 28 U.S.C. § 1332(a) (diversity of citizenship) but diversity jurisdiction is lacking because

plaintiff Coach, Inc. and defendant DI DA Import and Export Inc. d/b/a/ DI DA New York are

both citizens of New York, the former having its principal place of business in New York, New York, and the latter being incorporated under the laws of the state of New York and with its principal place of business in New York, New York.

The original complaint alleged causes of action for Trademark Counterfeiting, Trademark Infringement, False Designation of Origin and False Advertising, Common Law Trademark Infringement, Unfair Competition, Illinois Consumer Fraud and Deceptive Business Practices Act, Common Law Unfair Competition, and Unjust Enrichment.

Plaintiffs filed a First Amended Complaint on February 26, 2015, adding the four individual defendants Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu and alleging a new cause of action for Piercing the Corporate Veil. The Summons and First Amended Complaint have not been served on the added four individual defendants.

All claims against all of the defendants remain for disposition in the district court. Discovery has closed.

## 2. Appellate jurisdiction

The Seventh Circuit Court of Appeals has jurisdiction over the appeal from the Order Granting Plaintiffs' Motion for a Temporary Restraining Order entered in this action on the 25th day of February, 2015 pursuant to 28 U.S.C. § 1292(a)(1) as an "[i]nterlocutory order[ ] of the district courts of the United States . . . or of the judges thereof, granting . . . injunctions."

The Seventh Circuit Court of Appeals has jurisdiction over the appeal from the Order Denying Defendant's Motion To Dismiss for Lack of Personal Jurisdiction entered in this action on the 4th day of February, 2015 pursuant to the doctrine of pendent appellate jurisdiction. Lack of personal jurisdiction, the basis of defendant DI DA's motion to dismiss for lack of personal jurisdiction, was one of the grounds on which DI DA opposed plaintiffs' Motion for a

Temporary Restraining Order; personal jurisdiction was an express basis of the district court's grant of plaintiffs' Motion for a Temporary Restraining Order; it bears on the validity of the TRO; the personal jurisdiction order presents the same question as one of the questions presented by the appeal from the temporary restraining order; it is inextricably intertwined with the appealable temporary restraining order; and review of it is necessary for a meaningful review of the temporary restraining order.

The defendant DI DA Import and Export Inc. d/b/a DI DA New York filed its Notice of Appeal contemporaneously with this Docketing Statement on March 5, 2015.

Dated:  March 5, 2015                                   Respectfully submitted,

                                                        */s/ Carolyn Shields*
                                                        Carolyn Shields
                                                        LIU & SHIELDS LLP
                                                        41-60 Main Street, Suite 208A
                                                        Flushing, NY 11355
                                                        Tel:    718-463-1868
                                                        Email:  shieldscj524@gmail.com
                                                        Attorneys for Defendant-Appellant
                                                        DI DA IMPORT AND EXPORT INC.
                                                        d/b/a DI DA NEW YORK

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing DOCKETING STATEMENT has been served this 5th day of March, 2015 via the Court's ECF filing system on the following counsel:

Mr. Steven Patrick McKey, Esq.
Bryan Cave LLP
161 North Clark Street
Suite 4300
Chicago, IL 60601
(312) 602-5000
Email: patrick.mckey@bryancave.com

Mr. Donald Alexander Cole, Esq.
Bryan Cave LLP
161 North Clark Street
Suite 4300
Chicago, IL 60601
(312) 602-5000
Fax: (312) 698-7428
Email: donald.cole@bryancave.com

Ms. Lauren Jennifer Caisman, Esq.
Bryan Cave LLP
161 N. Clark Street
Suite 4300
Chicago, IL 60601
(312) 602-5000
Email: lauren.caisman@bryancave.com

      I declare under penalty of perjury that the foregoing is true and correct. Executed on March 5, 2015.

                            */s/ Carolyn Shields*
                            Carolyn Shields

                            LIU & SHIELDS LLP
                            41-60 Main Street, Suite 208A
                            Flushing, NY 11355
                            Tel:   718-463-1868
                            Fax:   718-463-2883
                            Email:  shieldscj524@gmail.com
                            Attorneys for Defendant-Appellant
                            DI DA IMPORT AND EXPORT INC.
                            d/b/a DI DA NEW YORK

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6,1
### Eastern Division

Coach, Inc., et al.

Plaintiff,

v.

Di Da Import and Export Inc.

Defendant.

Case No.: 1:13−cv−07165

Honorable Samuel Der−Yeghiayan

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, February 4, 2015:

      MINUTE entry before the Honorable Samuel Der−Yeghiayan: Motion hearing held. Defendant's motion to dismiss for lack of jurisdiction [40] is denied. Mailed notice (mw,)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **COACH, INC. and COACH SERVICES, INC.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | No. 13 C 7165 |
| | ) | |
| **DI DA IMPORT AND EXPORT, INC. (D/B/A DI DA NEW YORK),** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Coach, Inc.'s and Plaintiff Coach Services, Inc.'s (collectively referred to as "Coach") motion for a temporary restraining order. For the reasons stated below, the motion is granted.

## BACKGROUND

Coach contends that it has expended substantial time, money, and other resources in developing, advertising and otherwise promoting certain marks (Coach Marks), and that such marks are widely recognized and exclusively associated with Coach. Defendant Di Da Import and Export Inc. D/B/A Di Da New York (DDI) allegedly is attempting to sell on its website products such as wallets, duffel bags,

1

and accessories which are not Coach products, but bear logos and source-identifying indicia and design elements that are studied imitations of the Coach Marks. Coach brought the instant action and includes in its complaint a trademark counterfeiting claim brought under 15 U.S.C. § 1114 of the Lanham Act (Section 1114) (Count I), a trademark infringement claim brought under Section 1114 (Count II), a false designation of origin and false advertising claim brought under 15 U.S.C. § 1125(a) of the Lanham Act (Count III), a common law trademark infringement claim (Count III), an unfair competition claim brought under the Illinois Consumer Fraud and Deceptive Business Practices Act (Fraud Act), 815 ILCS 505/1 *et seq.* (Count IV), a common law unfair competition claim (Count V), and an unjust enrichment claim (Count VII). Coach now moves for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65 (Rule 65).

## DISCUSSION

### I. Personal Jurisdiction

In response to the instant motion, DDI asserts that the court cannot enter an injunction against DDI because this court lacks personal jurisdiction over DDI. Coach contends that DDI waived any such defense by its active participation in this action since October 2013. DDI states in its answer to the instant motion that it will now "cross-move to dismiss on this ground. . . ." (Ans. 2). While a party is allowed to "appear and litigate both a personal jurisdiction defense and the merits of a case

2

without waiving the personal jurisdiction defense," the party may waive or forfeit a personal jurisdiction defense, if the party "give[s] a plaintiff a reasonable expectation that it will defend the suit on the merits or . . . cause[s] the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 848 (7th Cir. 2012); *see also Blockowicz v. Williams*, 630 F.3d 563, 566 (7th Cir. 2010)(stating that "even when a valid personal jurisdiction defense exists, the defense is waived if the objecting party fails to timely raise it, . . . or if the objecting party proceeds to litigate the case on its merits"); *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993)(explaining that "the privileged defenses referred to in Rule 12(h)(1) may be waived by formal submission in a cause, or by submission through conduct" and finding that participation in "lengthy discovery" and "various motions" indicated "an intent to submit to the court's jurisdiction")(internal quotations omitted)(quoting *Trustees of Central Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 732 (7th Cir. 1991)).

The record reflects that DDI was served with the complaint in October 2013. (DE 7). In November 2013, DDI filed a motion for an extension of time to answer and then filed an answer to the complaint with affirmative defenses, including the personal jurisdiction defense. (DE 10). Counsel for DDI then appeared at a hearing on December 12, 2013, at which the court gave the parties over five months to conduct discovery in this case. The record reflects that the parties conducted discovery and that in May 2014, DDI joined in a motion for an extension of the

discovery dates. After an additional two months of discovery, DDI joined in another motion for an extension of discovery. The court then granted the parties an additional three months of discovery. Finally, on December 9, 2014, at a hearing on Coach's motion for leave to file an amended complaint, counsel for DDI appeared and requested a briefing date to file an opposition to the motion. On January 5, 2015, DDI suddenly asserted in opposition to the instant motion that it is seeking to have this case dismissed based upon a lack of personal jurisdiction over DDI. Coach agrees that DDI raised the personal jurisdiction issue in an affirmative defense in its answer in November 2013, but argues that since that time DDI has participated in extensive discovery and motion briefing, and has never indicated that it was objecting to the exercise of personal jurisdiction over DDI. Thus, DDI's delay in presenting the personal jurisdiction issue in a motion to dismiss has caused extensive costs to Coach in discovery. DDI has also participated in court hearings at which discovery issues and deadlines were addressed thus causing the expenditure of judicial resources. DDI's assertion of the personal jurisdiction defense is thus untimely and would cause prejudice to Coach and would not promote judicial economy.

DDI also claims that it "was required to defer moving to dismiss on this ground because plaintiffs were entitled to an opportunity to discover information about the Illinois contacts of Defendant. . . ." (Ans. 2). However, DDI never filed any motion to dismiss and the court never made any ruling requiring DDI to delay the filing of such a motion. Coach also points out that DDI never sought to limit

4

discovery to the personal jurisdiction issue to expedite a motion to dismiss. (Reply 6). This court repeatedly granted DDI's request to extend the discovery dates for all discovery, and DDI never made any request to limit discovery to the issue of personal jurisdiction so that DDI could file a motion to dismiss. DDI was free to seek a dismissal based on personal jurisdiction and chose not to do so.

The court notes that even if DDI had not waived the personal jurisdiction defense, Coach has shown that DDI is subject to personal jurisdiction in Illinois. *See Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014)(stating that the "case involve[d] claims under both federal law (the Lanham Act) and state law, and so the district court's jurisdiction rested on a federal question, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367" and that "[b]ecause the Lanham Act does not have a special federal rule for personal jurisdiction, however, [the Court] look[s] to the law of the forum for the governing rule"); *Northern Grain Marketing, LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014)(explaining minimum contacts requirement); *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011)(stating that the plaintiff "assert[ed] claims arising under the Lanham Act, federal common law, and Illinois law," and that "[t]he Lanham Act does not authorize nationwide service of process . . . so a federal court sitting in Illinois may exercise jurisdiction over [the plaintiff] in this case only if authorized both by Illinois law and by the United States Constitution"); *Kinslow v. Pullara*, 538 F.3d 687, 690 (7th Cir. 2008)(explaining resolution of personal jurisdiction issue). The record reflects that DDI solicited business from Illinois

customers on its website, that DDI had repeated communications with such Illinois customers, that DDI shipped such products to Illinois, and that the amount of sales to Illinois customers by DDI was not insignificant. Coach has shown that DDI is subject to personal jurisdiction in Illinois.

II. Merits of Motion

To obtain preliminary injunctive relief, the plaintiff must first: (1) show "some likelihood of success on the merits," and (2) show that the plaintiff "has no adequate remedy at law and will suffer irreparable harm if" the requested injunctive relief is denied. *Stuller, Inc. v. Steak N Shake Enterprises, Inc.*, 695 F.3d 676, 678 (7th Cir. 2012)(internal quotations omitted)(quoting *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001); *see also Wisconsin Right To Life, Inc. v. Barland*, 751 F.3d 804, 830 (7th Cir. 2014)(explaining that "[o]n the merits questions, the burdens at the preliminary injunction stage track the burdens at trial")(internal quotations omitted)(quoting *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 429 (2006)).

If the plaintiff satisfies such threshold requirements, in the secondary phase the court must then: (1) "consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied," and (2) "the public interest in granting or denying an injunction." *Stuller*, 695 F.3d at 678. When balancing the harms, the court should use a sliding scale approach, under which "the greater the

6

likelihood of success on the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *see also Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of America, Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008)(explaining that the court "must somehow balance the nature and degree of the plaintiff's injury, the likelihood of prevailing at trial, the possible injury to the defendant if the injunction is granted, and the wild card that is the public interest")(internal quotations omitted)(quoting *Lawson Prods., Inc. v. Avnet, Inc.*, 782 F.2d 1429, 1433 (7th Cir. 1986)).

### A. Threshold Phase

Coach argues that it has strong likelihood of success on the merits and that it will suffer irreparable harm and will have no adequate legal remedy if the instant motion is denied. DDI disputes both points.

### 1. Likelihood of Success on the Merits

Coach argues that it has a strong likelihood of success on the merits on its trademark infringement claim. For a trademark infringement claim brought under Section 1114, a plaintiff must establish: (1) that "its marks are distinctive enough to be worthy of protection," and (2) that "the defendant's use of those marks is likely to cause consumers to be confused as to the source of the product." *Coach, Inc. v. 3D Designers Inspirations*, 2014 WL 4901683, at *3 (C.D. Ill. 2014)(citing *Bliss Salon Day Spa v. Bliss World LLC*, 268 F.3d 494, 496-97 (7th Cir. 2001)). In determining

7

whether there is customer confusion, a court should consider factors such as: "(1) the similarity of the marks in appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care likely to be used by consumers; (5) the strength of the plaintiff's mark; (6) whether any actual confusion exists; and (7) the defendant's intent to palm off its goods as those of the plaintiffs." *Ty, Inc.*, 237 F.3d at 897-98; *see also AutoZone, Inc. v. Strick*, 543 F.3d 923, 929 (7th Cir. 2008)(giving seven factors for confusion analysis in Section 1114 case).

DDI contends that its logos were designed by a "design group of the factory in China," and that "[t]he issue of willfulness is an issue for the jury." (Ans. 10). While the ultimate determination of the merits of Coach's claims and the willfulness of DDI's conduct will be made later in these proceedings, at this juncture, when preliminary relief is sought to avoid irreparable harm, the court may examine the merits of Coach's claims.

Coach has shown that it owns registered trademarks that have been continuously used by Coach and its predecessors in interest for a significant period of time. DDI has provided no evidence to dispute Coach's assertion that it has never authorized DDI to use the Coach Marks. A review of the exhibits provided by Coach shows that the products being offered for sale by DDI are extremely similar to the Coach Marks and authentic products. The Coach Marks include the repeating pattern featuring a stylized "C" in different orientations. (C Ex. 1). Although the marks placed on DDI's products bear slight alterations, the marks and the orientation of the

marks on the products bear a striking resemblance to the Coach Marks. The record shows that DDI advertises and offers its products via a website and in retail locations in a similar manner that authentic Coach products are advertised and offered for sale. Coach has shown that its mark is strong and that customers would take significant care in ensuring that they were getting an authentic Coach product. The record also shows that DDI is placing the alleged infringing marks on the same types of products that Coach places its marks on and that DDI is targeting the same customer audience as does Coach, which consists of a diverse group of consumers. The record at this juncture reflects an intent by DDI to pass off its products as Coach products, and to unjustly benefit from the reputation and goodwill built up by Coach over the many years of its operations.

DDI points out that it has attempted to register certain marks with the United States Patent and Trademark Office. However, Coach has provided records showing that it objected to such applications, arguing that DDI's marks are confusingly similar to the Coach Marks. Coach has also provided documentation showing that the Trademark Trial and Appeal Board sustained Coach's opposition and refused DDI's application for registration of its marks. (C Ex. 1). Based on the record in this case, Coach has shown an extremely strong likelihood of success on the merits of its trademark infringement claim. Coach has also shown a strong likelihood of success on the merits of its false designation of original claim, unfair competition claims, and Fraud Act claim. *See Dyson, Inc. v. Bissell Homecare, Inc.*, 951 F. Supp.2d 1009, 1028 (N.D. Ill. 2013)(stating that "Illinois Uniform Deceptive Trade

9

Practices Act claims and Illinois unfair competition claims are generally resolved according to the same standard as Lanham Act claims"); *Alexander Binzel Corp. v. Nu-Tecsys Corp.*, 2000 WL 310304, at *7-8 (N.D. Ill. 2000)(stating that "[t]he elements of a claim under the Illinois Consumer Fraud Act are the same as those under the Lanham Act with the added element that the tortfeasor intend that consumers rely on the deception"); *Rosati's Franchise Systems, Inc. v. Rosati*, 2006 WL 163145, at *8 n.7 (N.D. Ill. 2006)(stating that "[t]he standards for false designation of origin claims under 15 U.S.C. § 1125 are the same as for trademark infringement under 15 U.S.C. § 1114).

### 2.  Irreparable Harm and Lack of Adequate Legal Remedy

Coach argues that if the injunction is not entered, it will suffer irreparable harm and will have no adequate legal remedy at law.  Coach has shown that it has developed a significant amount of goodwill that could be irreparably damaged if DDI is allowed to continue to sell products that are confusingly similar to Coach's products and may not be of the high quality that Coach contends is present in its products.  DDI contends that it has stopped selling infringing merchandise, but Coach has shown that certain alleged infringing activities continued after the initiation of the instant action.

Coach also argues that it will be irreparably harmed if certain restrictions are not placed on DDI's assets and monies.  Coach points out that while DDI has operations in New York, it has significant contacts with China and that if DDI were

10

to divert assets and monies to China, Coach would be without an adequate legal remedy. Coach has pointed to evidence, for example, showing that an individual who owns property in China and has family in China is a main investor in DDI and that DDI regularly wires DDI funds to China. Coach has also pointed to a lack of corporate formality by DDI and evidence indicating that it is unclear as to who has the ultimate authority to access and transfer DDI funds. (Zhu Dep. 161-163). Exhibits presented by Coach show that DDI's counsel acknowledges the "frustration of American judgment creditors having to start over in China given that Chinese courts do not give full faith and credit to US judgments." (C Ex. 4). DDI argues that an injunction is unnecessary because DDI will "not run off to China to avoid litigation and potential liability" and that DDI does not have any "offshore bank accounts." (Ans. 11, 15). However, Coach is not required to take DDI at its word, or forgo preliminary injunctive relief that would ensure that DDI's assets and monies remain in the United States. Rule 65 provides Coach with a mechanism to seek preliminary injunctive relief to make sure that DDI lives up to its assurances.

Nor are DDI's assurances entirely consistent with the evidence. For example, although DDI contends that there is really no risk of DDI transferring monies or assets to China, Sam Zhu indicated at his deposition that he is the President and sole shareholder of DDI, and that his residence is located in China. (Zhu Dep. 40-41, 161, 165). Amy Xu Shi, the Vice President of DDI, also testified that DDI would regularly "wire [money] from [the] U.S. to China." (Shi Dep. 129). Thus, at this initial stage of the proceedings Coach has shown a tangible risk of irreparable harm

11

and that it will lack an adequate legal remedy if the injunction is not entered.

### B. Secondary Phase

Coach contends that it will suffer significant harm if the injunction is not entered. Coach has shown that it has expended a significant amount of time and resources developing goodwill in its product. Coach has shown that if DDI was allowed to sell products under the guise of Coach Marks significant monetary harm could be caused to Coach. DDI, in its answer to the instant motion, fails to identify any significant harm that it will suffer if the instant temporary injunctive relief is provided to Coach. Coach indicates that it is not seeking a total freeze of DDI's assets and at this juncture is seeking only limited relief that would prohibit transfers outside the scope of the ordinary course of business without further court approval. The balancing of harms clearly favors the entry of the injunction.

In regard to a consideration of the public interest, the public must have confidence that its proprietary marks will be protected by the courts in this country. The public confidence in the law will be lessened if DDI is able to obtain monies through the unauthorized use of the Coach Marks and is able to abscond with the monies outside of this court's jurisdiction before the legal process is completed. The public also has an interest in not being misled as to the sources of products and misled as to the quality of such products. The public interest thus would clearly be served by the entry of the injunction. Based on the above, Coach has satisfied all the requirements for the threshold and secondary phases for obtaining an injunction. Therefore, Coach's motion for a temporary restraining order is granted.

## CONCLUSION

Based on the foregoing analysis, Coach's motion for a temporary restraining order is granted.

Samuel Der-Yeghiayan
United States District Court Judge

Dated:   February 25, 2015

AO279,APPEAL,MARTIN

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6,1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:13-cv-07165
## Internal Use Only

| | |
|---|---|
| Coach, Inc. et al v. Di Da Import and Export Inc. | Date Filed: 10/06/2013 |
| Assigned to: Honorable Samuel Der-Yeghiayan | Jury Demand: Both |
| Demand: $9,999,000 | Nature of Suit: 840 Trademark |
| Cause: 15:1125 Trademark Infringement (Lanham Act) | Jurisdiction: Federal Question |

**Plaintiff**

**Coach, Inc.**                    represented by  **Steven Patrick McKey**
Bryan Cave LLP
161 North Clark Street
Suite 4300
Chicago, IL 60601
(312) 602-5000
Email: patrick.mckey@bryancave.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald Alexander Cole**
Bryan Cave LLP
161 North Clark Street
Suite 4300
Chicago, IL 60601
(312) 602-5000
Fax: (312) 698-7428
Email: donald.cole@bryancave.com
*ATTORNEY TO BE NOTICED*

**Lauren Jennifer Caisman**
Bryan Cave Llp
161 N. Clark Street
Suite 4300
Chicago, IL 60601
(312) 602-5000
Email: lauren.caisman@bryancave.com

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Coach Services, Inc.**           represented by  **Steven Patrick McKey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald Alexander Cole**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lauren Jennifer Caisman**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Di Da Import and Export Inc.**            represented by  **Brian J. Lum**
*doing business as*                                        ICE MILLER
Di Da New York                                             200 W. Madison Street
                                                          Suite 3500
                                                          Chicago, IL 60606
                                                          (312)726-8129
                                                          Email: brian.lum@icemiller.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Carolyn Shields**
                                                          Liu & Shields Llp
                                                          41-60 Main St, Ste 208a
                                                          Flushing, NY 11355
                                                          (718) 463-1868
                                                          Email: shieldscj524@gmail.com
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Ying Liu**
                                                          Liu & Shields Llp
                                                          41-60 Main Street
                                                          Suite 208a
                                                          Flushing, NY
                                                          (718) 463-1868
                                                          Email: whinnyliu@gmail.com
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Hong Zhu**

**Defendant**

**Long Zhu**

**Defendant**

**Amy Shi**

**Defendant**

**Sam Zhu**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/06/2013 | 1 | COMPLAINT filed by Coach, Inc., Coach Services, Inc. ; Jury Demand. Filing fee $ 400, receipt number 0752-8800593. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(McKey, Steven) (Entered: 10/06/2013) |
| 10/06/2013 | 2 | CIVIL Cover Sheet (McKey, Steven) (Entered: 10/06/2013) |
| 10/06/2013 | 3 | ATTORNEY Appearance for Plaintiffs Coach Services, Inc., Coach, Inc. by Steven Patrick McKey (McKey, Steven) (Entered: 10/06/2013) |
| 10/06/2013 | 4 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Coach Services, Inc., Coach, Inc. (McKey, Steven) (Entered: 10/06/2013) |
| 10/06/2013 | 5 | ATTORNEY Appearance for Plaintiffs Coach Services, Inc., Coach, Inc. by Donald Alexander Cole (Cole, Donald) (Entered: 10/06/2013) |
| 10/06/2013 |  | CASE ASSIGNED to the Honorable Samuel Der-Yeghiayan. Designated as Magistrate Judge the Honorable Daniel G. Martin. (nsf, ) (Entered: 10/07/2013) |
| 10/07/2013 |  | SUMMONS Issued as to Defendant Di Da Import and Export Inc. (pg, ) (Entered: 10/07/2013) |
| 10/10/2013 | 6 | MAILED Trademark report to Patent Trademark Office, Alexandria VA (mgh, ) (Entered: 10/10/2013) |
| 10/24/2013 | 7 | SUMMONS Returned Executed by Coach, Inc., Coach Services, Inc. as to Di Da Import and Export Inc. on 10/11/2013, answer due 11/1/2013. (Cole, Donald) (Entered: 10/24/2013) |
| 11/01/2013 | 8 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-8890760. *(Ying Liu)* (Shields, Carolyn) (Entered: 11/01/2013) |
| 11/22/2013 | 9 | ATTORNEY Appearance for Defendant Di Da Import and Export Inc. by Brian J. Lum (Lum, Brian) (Entered: 11/22/2013) |
| 11/22/2013 | 10 | ANSWER to Complaint with Jury Demand *and Notification of No Affiliates* by Di Da Import and Export Inc.(Liu, Ying) (Entered: 11/22/2013) |
| 11/22/2013 | 11 | MOTION by Defendant Di Da Import and Export Inc. for extension of time to file answer (Liu, Ying) (Entered: 11/22/2013) |
| 11/22/2013 | 12 | NOTICE of Motion by Ying Liu for presentment of motion for extension of time to file answer 11 before Honorable Samuel Der-Yeghiayan on 12/3/2013 at 09:00 AM. (Liu, Ying) (Entered: 11/22/2013) |
| 12/03/2013 | 13 | MINUTE entry before the Honorable Samuel Der-Yeghiayan: Motion hearing held. Motion for extension of time to answer 11 is entered and continued to 12/12/2013 at 09:00 AM. (lcw, ) (Entered: 12/03/2013) |

| 12/03/2013 | 🔒 | (Court only) ***Deadlines and hearings Terminated. (lcw, ) (Entered: 12/03/2013) |
|---|---|---|
| 12/10/2013 | 14 | ATTORNEY Appearance for Plaintiffs Coach Services, Inc., Coach, Inc. by Lauren Jennifer Caisman (Caisman, Lauren) (Entered: 12/10/2013) |
| 12/12/2013 | 15 | MINUTE entry before the Honorable Samuel Der-Yeghiayan: Motion hearing held. The defendant's agreed motion for an extension of time for defendant to respond to complaint 11 is granted. In the event, the defendant chooses to file a motion to strike, the anticipated motion shall be noticed up for presentment on December 17, 2014 at 9:00 a.m. All fact discovery to be completed by May 30, 2014. All expert discovery to be completed by August 1, 2014. Any dispositive motion(s) shall be filed by September 12, 2014; response(s) shall be filed by October 3, 2014; replies, if any, shall be filed by October 17, 2014. A further status hearing is set for August 12, 2014 at 9:00 a.m. Mailed notice (cdh, ) (Entered: 12/12/2013) |
| 01/16/2014 | 16 | ORDER Signed by the Honorable Samuel Der-Yeghiayan on 1/16/2014: Ying Liu's motion for leave to appear pro hac vice for Defendant 8 is granted. Mailed notice (mgh, ) (Entered: 01/17/2014) |
| 05/09/2014 | 17 | MOTION by Plaintiffs Coach Services, Inc., Coach, Inc. for extension of time to complete discovery *Joint* (Caisman, Lauren) (Entered: 05/09/2014) |
| 05/09/2014 | 18 | NOTICE of Motion by Lauren Jennifer Caisman for presentment of motion for extension of time to complete discovery 17 before Honorable Samuel Der-Yeghiayan on 5/14/2014 at 09:00 AM. (Caisman, Lauren) (Entered: 05/09/2014) |
| 05/13/2014 | 19 | MINUTE entry before the Honorable Samuel Der-Yeghiayan: Joint motion for extension of time to complete discovery 17 is granted as follows: All fact discovery to be completed by 07/31/14. All expert discovery to be completed by 10/01/14. Any dispositive motion(s) shall be filed by 11/14/14 response(s) shall be filed by 12/05/14; replies, if any, shall be filed by 12/19/14. Status hearing reset to 10/01/14 at 9:00 a.m. Noticed motion date of 05/14/14 and status hearing date of 08/12/14 are stricken. Mailed notice (mw, ) (Entered: 05/13/2014) |
| 07/15/2014 | 20 | MOTION by Plaintiffs Coach Services, Inc., Coach, Inc. for extension of time to complete discovery *Joint* (Caisman, Lauren) (Entered: 07/15/2014) |
| 07/15/2014 | 21 | NOTICE of Motion by Lauren Jennifer Caisman for presentment of motion for extension of time to complete discovery 20 before Honorable Samuel Der-Yeghiayan on 7/22/2014 at 09:00 AM. (Caisman, Lauren) (Entered: 07/15/2014) |
| 07/21/2014 | 22 | MINUTE entry before the Honorable Samuel Der-Yeghiayan: Second joint motion for extension of time to extend discovery 20 is granted as follows: All fact discovery to be completed by 10/01/14. All expert discovery to be completed by 12/05/14. Any dispositive motion(s) shall be filed by 01/23/15 response(s) shall be filed by 02/13/15; replies, if any, shall be filed by 02/27/15. Status hearing reset to 12/09/14 at 9:00 a.m. Noticed motion date of 07/22/14 and status hearing date of 10/01/14 are stricken. |

| | | Mailed notice (mw, ) (Entered: 07/21/2014) |
|---|---|---|
| 09/24/2014 | 23 | MOTION by Plaintiffs Coach Services, Inc., Coach, Inc. to compel *Production of Rule 30(b)(6) Witnesses* (Attachments: # 1 Exhibit A - 30(b)(6) Notice, # 2 Exhibit B - Deposition Excerpts, # 3 Exhibit C - August 25 Correspondence, # 4 Exhibit D - August 26 Correspondence, # 5 Exhibit E - August 28 Correspondence)(McKey, Steven) (Entered: 09/24/2014) |
| 09/24/2014 | 24 | NOTICE of Motion by Steven Patrick McKey for presentment of motion to compel, 23 before Honorable Samuel Der-Yeghiayan on 9/30/2014 at 09:00 AM. (McKey, Steven) (Entered: 09/24/2014) |
| 09/30/2014 | 25 | MINUTE entry before the Honorable Samuel Der-Yeghiayan: Motion hearing held. As stated on the record, Plaintiffs' motion to compel production of witness 23 is granted. Plaintiffs' request for fees and costs is denied without prejudice to request it at a later date. Fact discovery is extended to and including 11/03/14. All other dates previously set on 07/21/14 are to stand. Mailed notice (mw, ) (Entered: 09/30/2014) |
| 10/31/2014 | 26 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-10015111. *Motion of Carolyn Shields* (Liu, Ying) (Entered: 10/31/2014) |
| 11/04/2014 | 27 | ORDER Signed by the Honorable Samuel Der-Yeghiayan on 11/4/2014: Carolyn Shields's motion for leave to appear pro hac vice for Defendant 26 is granted. Mailed notice (mgh, ) (Entered: 11/05/2014) |
| 12/09/2014 | 28 | MINUTE entry before the Honorable Samuel Der-Yeghiayan: Status hearing held and continued to 01/27/15 at 9:00 a.m. As stated on the record, Plaintiffs to file their motion for leave to file an amended complaint by 12/19/14 and Defendant to file its response by 01/20/15. Mailed notice (mw,) (Entered: 12/09/2014) |
| 12/19/2014 | 29 | MOTION by Plaintiffs Coach Services, Inc., Coach, Inc. for leave to file *First Amended Complaint and Memorandum in Support* (Attachments: # 1 Exhibit A- Proposed First Amended Complaint, # 2 Exhibit B- Redline, # 3 Exhibit C- Long Zhu Deposition Testimony, # 4 Exhibit D- Amy Shi Deposition Testimony, # 5 Exhibit E- Hong Zhu Deposition Testimony, # 6 Exhibit F- Sam Zhu Deposition Testimony)(McKey, Steven) (Entered: 12/19/2014) |
| 12/19/2014 | 30 | MOTION by Plaintiffs Coach Services, Inc., Coach, Inc. for temporary restraining order *and Memorandum in Support* (Attachments: # 1 Exhibit 1- USPTO Documents, # 2 Exhibit 2- Cease and Desist Letter, # 3 Exhibit 3- Catalogue, # 4 Exhibit 4- Email Correspondence, # 5 Exhibit 5- Amy Shi Deposition Testimony, # 6 Exhibit 6- Hong Zhu Deposition Testimony, # 7 Exhibit 7- Sam Zhu Deposition Testimony)(McKey, Steven) (Entered: 12/19/2014) |
| 12/19/2014 | 31 | NOTICE of Motion by Steven Patrick McKey for presentment of motion for temporary restraining order, 30 before Honorable Samuel Der-Yeghiayan on 1/6/2015 at 09:00 AM. (McKey, Steven) (Entered: 12/19/2014) |

| 01/05/2015 | 32 | MEMORANDUM by Di Da Import and Export Inc. in Opposition to motion for temporary restraining order, 30 *and Declarations in Support* (Shields, Carolyn) (Entered: 01/05/2015) |
| --- | --- | --- |
| 01/06/2015 | 33 | MINUTE entry before the Honorable Samuel Der-Yeghiayan: Motion hearing held. Plaintiffs' motion for leave to file first amended complaint 29 is entered and continued. Defendant's response to be filed by 01/20/15 and Plaintiffs' reply to be filed by 02/04/15. Plaintiffs' motion for TRO 30 is entered and continued. Plaintiffs' oral request for leave to file a written reply brief to its motion for TRO by 01/20/15 is granted. Status hearing reset to 02/26/15 at 9:00 a.m. Status hearing set for 01/27/15 is stricken. Mailed notice (mw, ) (Entered: 01/06/2015) |
| 01/20/2015 | 34 | REPLY by Plaintiffs Coach Services, Inc., Coach, Inc. to motion for temporary restraining order, 30 (Attachments: # 1 Exhibit 1 - Hong Zhu Deposition Testimony, # 2 Exhibit 2 - Sam Zhu Deposition Testimony, # 3 Exhibit 3 - Amy Shi Deposition Testimony, # 4 Exhibit 4 - Long Zhu Deposition Testimony)(Caisman, Lauren) (Entered: 01/20/2015) |
| 01/20/2015 | 35 | MEMORANDUM by Di Da Import and Export Inc. in Opposition to motion for leave to file, 29 *first amended complaint* (Shields, Carolyn) (Entered: 01/20/2015) |
| 01/20/2015 | 36 | AFFIDAVIT by Defendant Di Da Import and Export Inc. in Opposition to MOTION by Plaintiffs Coach Services, Inc., Coach, Inc. for leave to file *First Amended Complaint and Memorandum in Support* 29 *(Declarations of Sam Zhu, Long Zhu, Hong Zhu, Ami Shi, and Carolyn Shields)* (Shields, Carolyn) (Entered: 01/20/2015) |
| 01/23/2015 | 37 | MOTION by Defendant Di Da Import and Export Inc. to dismiss (Attachments: # 1 Declaration of Amy Shi and Carolyn Shields in Support) (Shields, Carolyn) (Entered: 01/23/2015) |
| 01/23/2015 | 38 | NOTICE of Motion by Carolyn Shields for presentment of motion to dismiss 37 before Honorable Samuel Der-Yeghiayan on 1/28/2015 at 09:00 AM. (Shields, Carolyn) (Entered: 01/23/2015) |
| 01/28/2015 | 39 | MINUTE entry before the Honorable Samuel Der-Yeghiayan: Motion hearing called. No one appeared on behalf of the Defendant on Defendant's noticed motion. Therefore, Defendant's motion to dismiss 37 is denied without prejudice. Mailed notice (mw, ) (Entered: 01/28/2015) |
| 01/28/2015 | 40 | MOTION by Defendant Di Da Import and Export Inc. to dismiss for lack of jurisdiction (Attachments: # 1 Declaration Declarations of Amy Shi and Carolyn Shields)(Lum, Brian) (Entered: 01/28/2015) |
| 01/28/2015 | 41 | NOTICE of Motion by Brian J. Lum for presentment of motion to dismiss/lack of jurisdiction 40 before Honorable Samuel Der-Yeghiayan on 2/4/2015 at 09:00 AM. (Lum, Brian) (Entered: 01/28/2015) |
| 02/04/2015 | 42 | MINUTE entry before the Honorable Samuel Der-Yeghiayan: Motion hearing held. Defendant's motion to dismiss for lack of jurisdiction 40 is denied. Mailed notice (mw,) (Entered: 02/04/2015) |

| 02/04/2015 | 43 | REPLY by Coach Services, Inc., Coach, Inc. to memorandum in opposition to motion 35 , MOTION by Plaintiffs Coach Services, Inc., Coach, Inc. for leave to file *First Amended Complaint and Memorandum in Support* 29 (McKey, Steven) (Entered: 02/04/2015) |
| --- | --- | --- |
| 02/25/2015 | 44 | MEMORANDUM OPINION signed by the Honorable Samuel Der-Yeghiayan on 02/25/15: Granting Plaintiffs' motion for TRO 30 . Mailed notice (mw, ) (Entered: 02/25/2015) |
| 02/25/2015 | 45 | MINUTE entry before the Honorable Samuel Der-Yeghiayan: Plaintiffs' motion for leave to file an amended complaint 29 is granted. Mailed notice (for further details see order) (mw, ) (Entered: 02/25/2015) |
| 02/26/2015 | 46 | MINUTE entry before the Honorable Samuel Der-Yeghiayan: Status hearing held and continued to 04/28/15 at 9:00 a.m. Mailed notice (mw, ) (Entered: 02/26/2015) |
| 02/26/2015 | 47 | *First* AMENDED complaint by Coach, Inc., Coach Services, Inc. against Di Da Import and Export Inc. *and Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Caisman, Lauren) (Entered: 02/26/2015) |
| 02/27/2015 |  | SUMMONS Issued as to Defendants Hong Zhu, Long Zhu, Amy Shi (pg, ) (Entered: 02/27/2015) |
| 02/27/2015 |  | SUMMONS Issued as to Defendant Sam Zhu (pg, ) (Entered: 02/27/2015) |
| 03/05/2015 | 48 | NOTICE of appeal by Di Da Import and Export Inc. regarding orders 44 , 42 Filing fee $ 505, receipt number 0752-10413722. (Shields, Carolyn) (Entered: 03/05/2015) |
| 03/05/2015 | 49 | DOCKETING Statement by Di Da Import and Export Inc. regarding notice of appeal 48 (Shields, Carolyn) (Entered: 03/05/2015) |
| 03/06/2015 | 50 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 48 . (smm) (Entered: 03/06/2015) |