# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| COACH, INC. and COACH SERVICES, INC. ) | Case Number: 13-cv-7165 |
| ) | |
| Plaintiffs, ) | Judge: Hon. Samuel Der-Yeghiayan |
| ) | |
| v. ) | **ANSWER OF DI DA IMPORT AND** |
| ) | **EXPORT INC. d/b/a DI DA** |
| DI DA IMPORT AND EXPORT INC. ) | **NEW YORK, TO FIRST AMENDED** |
| d/b/a DI DA NEW YORK, and HONG ZHU, ) | **COMPLAINT** |
| LONG ZHU, AMY SHI, and SAM ZHU, ) | |
| ) | |
| Defendants. ) | |

DI DA IMPORT AND EXPORT INC. (D/B/A DI DA NEW YORK) (hereinafter "Defendant"), for its Answer to the first amended complaint, alleges:

Alleged Nature of the Action

1. Defendant admits that this is an action alleging the stated matters and denies the remaining allegations of this paragraph.

Jurisdiction and Venue

2. Defendant admits that this Court has subject matter jurisdiction under 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), § 1338(a) (actions arising under an Act of Congress relating to trademarks), and denies the remaining allegations of this paragraph.

3. Defendant denies the allegations of this paragraph.

4. Defendant denies the allegations of this paragraph.

//

//

Parties

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

6. Defendant admits that it is a New York corporation and denies the remaining allegations of this paragraph.

7. Defendant admits that Hong Zhu resides in New York, New York and denies the remaining allegations of this paragraph.

8. Defendant admits that Long Zhu resides in Guang Zhou, China and denies the remaining allegations of this paragraph.

9. Defendant admits that Ami Shi resides in New York, New York and denies the remaining allegations of this paragraph.

10. Defendant admits that Sam Zhu resides in Guang Zhou, China and that he is a shareholder of Di Da.

11. Defendant denies the allegations of this paragraph.

12. Defendant denies the allegations of this paragraph.

The Alleged World Famous Coach Brand and Products

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

//

The Alleged Coach Trademarks

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.[1]

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the marks are registered and therefore denies the remaining allegations of this paragraph.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

Defendant's Alleged Acts of Infringement and Unfair Competition

22. Defendant admits that the goods depicted in Exhibits A and B to the Amended Complaint are not Coach products; lacks knowledge or information sufficient to form a belief as to the truth of the allegation that on or about May 15, 2013, an investigator for Coach purchased a duffle-sized bag for $54.61 at a third-party vendor located at Block 37 Mall, 108 N. State Street, Chicago, IL; lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the bag is not an authentic Coach product or whether it bears logos and source-identifying indicia and design elements that are studied imitations of the Coach

---

[1] Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this footnote.

Trademarks; and denies the remaining allegations of this paragraph and all subparagraphs thereof.

23. Defendant denies the allegations of this paragraph.

24. Defendant admits that it has no license or other permission from Coach to use any of the Coach Trademarks and denies the remaining allegations of this paragraph.

25. Defendant denies the allegations of this paragraph.

26. Defendant denies the allegations of this paragraph.

27. Defendant denies that it has designed, manufactured, advertised, promoted, imported, distributed, sold, and/or offered for sale any infringing products and denies the remaining allegations of this paragraph.

28. Defendant denies the allegations of this paragraph.

## COUNT I

(Alleged Trademark Counterfeiting, 15 U.S.C. § 1114)

29. Defendant incorporates the allegations of paragraphs 1 through 28 of this Answer.

30. Defendant denies the allegations of this paragraph.

31. Defendant denies the allegations of this paragraph.

32. Defendant denies the allegations of this paragraph.

33. Defendant denies the allegations of this paragraph.

34. Defendant denies the allegations of this paragraph.

35. Defendant denies that it has committed infringing acts and denies the remaining allegations of this paragraph.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Coach has no adequate remedy at law and denies the remaining allegations of this paragraph.

## COUNT II

(Alleged Trademark Infringement, 15 U.S.C. § 1114)

37. Defendant incorporates the allegations of paragraphs 1 through 36 of this Answer.

38. Defendant denies the allegations of this paragraph.

39. Defendant denies the allegations of this paragraph.

40. Defendant denies the allegations of this paragraph.

41. Defendant denies the allegations of this paragraph.

42. Defendant denies the allegations of this paragraph.

43. Defendant denies that it has committed infringing acts and denies the remaining allegations of this paragraph.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Coach has no adequate remedy at law and denies the remaining allegations of this paragraph.

## COUNT III

(Alleged False Designation of Origin and Alleged False Advertising, 15 U.S.C. § 1125(a))

45. Defendant incorporates the allegations of paragraphs 1 through 44 of this Answer.

46. Defendant denies the allegations of this paragraph.

47. Defendant denies the allegations of this paragraph.

48. Defendant denies the allegations of this paragraph.

49. Defendant denies that it has committed infringing acts and denies the remaining allegations of this paragraph.

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Coach has no adequate remedy at law and denies the remaining allegations of this paragraph.

COUNT IV

(Alleged Common Law Trademark Infringement)

51. Defendant incorporates the allegations of paragraphs 1 through 50 of this Answer.

52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

53. Defendant denies the allegations of this paragraph.

54. Defendant denies the allegations of this paragraph.

55. Defendant denies the allegations of this paragraph.

56. Defendant denies the allegations of this paragraph.

57. Defendant denies the allegations of this paragraph.

58. Defendant denies that it has committed infringing acts and denies the remaining allegations of this paragraph.

59. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Coach has no adequate remedy at law and denies the remaining allegations of this paragraph.

COUNT V
(Unfair Competition, Illinois Consumer Fraud and
Deceptive Business Practices Act)

60. Defendant incorporates the allegations of paragraphs 1 through 59 of this Answer.

61. Defendant denies the allegations of this paragraph.

62. Defendant denies the allegations of this paragraph.

63. Defendant denies that it has committed infringing acts and denies the remaining allegations of this paragraph.

64. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Coach has no adequate remedy at law and denies the remaining allegations of this paragraph.

## COUNT VI
### (Alleged Common Law Unfair Competition)

65. Defendant incorporates the allegations of paragraphs 1 through 64 of this Answer.

66. Defendant denies the allegations of this paragraph.

67. Defendant denies the allegations of this paragraph.

68. Defendant denies that it has committed infringing acts and denies the remaining allegations of this paragraph.

69. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Coach has no adequate remedy at law and denies the remaining allegations of this paragraph.

## COUNT VII
### (Alleged Unjust Enrichment)

70. Defendant incorporates the allegations of paragraphs 1 through 69 of this Answer.

71. Defendant denies the allegations of this paragraph.

## COUNT VIII
### (Piercing the Corporate Veil)

72. Defendant incorporates the allegations of paragraphs 1 through 71 of this Answer.

73. Defendant denies the allegations of this paragraph.

74. Defendant admits that Hong Zhu, Long Zhu, Amy Shi, and Sam Zhu are Officers of Defendant and denies the remaining allegations of this paragraph.

75. Defendant denies the allegations of this paragraph.

76. Defendant denies the allegations of this paragraph.

77. Defendant denies the allegations of this paragraph.

78. Defendant admits that Long Zhu used personal funds from the sale of his personal property to provide Di Da with a capital investment and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

79. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and notes that shareholder contributions to capital are not required to be reported on a C corporation's tax returns.

80. Defendant denies the allegations of this paragraph.

81. Defendant denies the allegations of this paragraph.

82. Defendant denies the allegations of this paragraph.

83. Defendant denies the allegations of this paragraph.

84. Defendant denies the allegations of this paragraph.

85. Defendant denies the allegations of this paragraph.

86. Defendant denies the allegations of this paragraph.

87. Defendant admits that it does not have a bonus policy or profit sharing plans for employees, officers, directors, or shareholders and denies the remaining allegations of this paragraph.

88. Defendant denies the allegations of this paragraph.

89. Defendant admits that its employee salaries are set without negotiation and denies the remaining allegations of this paragraph.

90. Defendant admits that it does not maintain employment records of hours worked and denies the remaining allegations of this paragraph.

91. Defendant denies the allegations of this paragraph.

92. Defendant denies the allegations of this paragraph.

93. Defendant admits that it does not maintain a registered agent and denies the remaining allegations of this paragraph.

94. Defendant denies the allegations of this paragraph.

95. Defendant admits that it does not maintain minutes or records of meetings and denies the remaining allegations of this paragraph.

96. Defendant denies the allegations of this paragraph.

97. Defendant denies the allegations of this paragraph.

98. Defendant denies the allegations of this paragraph.

99. Defendant denies the allegations of this paragraph.

100. Defendant denies the allegations of this paragraph.

101. Defendant admits that sole shareholder Sam Zhu did not make any loans to Di Da and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

102. Defendant admits the allegations of this paragraph.

103. Defendant denies the allegations of this paragraph.

104. Defendant admits that Di Da does not have any assets in the form of real estate and denies the remaining allegations of this paragraph.

105. Defendant denies the allegations of this paragraph.

106. Defendant denies the allegations of this paragraph.

107. Defendant denies the allegations of this paragraph.

## FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over the Defendant.

## SECOND AFFIRMATIVE DEFENSE

The complaint fails to state a claim for which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Venue in this Court is improper.

## FOURTH AFFIRMATIVE DEFENSE

Any marks used by Defendant for and in connection with goods that are the subject of this action are protected by trademarks registered to Defendant in the United States Patent and Trademark Office.

## FIFTH AFFIRMATIVE DEFENSE

Any marks used by Defendant for and in connection with goods that are the subject of this action are protected by Defendant's rights under the common law in the markets in which Defendant operates.

## SIXTH AFFIRMATIVE DEFENSE

The use of the mark charged to be an infringement is a use of the Defendant's individual name in its own business, or of the individual name of a person or entity in privity with the Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

The claims alleged in the complaint are barred by the doctrine of estoppel.

EIGHTH AFFIRMATIVE DEFENSE

The claims alleged in the complaint are barred by the doctrine of waiver.

NINTH AFFIRMATIVE DEFENSE

The claims alleged in the complaint are barred by applicable statutes of limitations or by laches.

TENTH AFFIRMATIVE DEFENSE

The complaint is barred by its failure to join a party under Rule 19 of the Federal Rules of Civil Procedure.

ELEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, one or both of the Plaintiffs lacks standing to assert one or more of the causes of action alleged in the complaint.

DEMAND FOR TRIAL BY JURY

Defendant demands a trial by jury of all issues triable by jury.

WHEREFORE, Defendant prays that Plaintiffs take nothing by their amended complaint; that judgment be entered in favor of Defendant and against Plaintiffs; that Defendant be awarded its costs, disbursements, and reasonable attorney's fees, and that Defendant have such other and further relief as the Court may deem just and proper.

DATED: May 5, 2015  CAROLYN SHIELDS

  __/s/ Carolyn Shields_____
  Liu & Shields LLP
  41-60 Main Street, Suite 208A
  Flushing, NY 11355
  Tel: 718-463-1868
  Email: shieldscj524@gmail.com
  Attorney for DI DA IMPORT AND EXPORT INC.
  d/b/a NEW YORK, Defendant

Local Counsel:

Brian J. Lum, Esq.
ICE MILLER LLP
200 West Madison Street, Suite 3500
Chicago, IL 60606
312-726-8129
brian.lum@icemiller.com