IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COACH, INC. and COACH SERVICES, INC., | ) ) ) | Civil Action No.: 1:13-cv-7165 |
| | ) ) | Judge Der-Yeghiayan |
| Plaintiffs, | ) ) | Magistrate Judge Martin |
| v. | ) ) | **DECLARATIONS OF** |
| | ) | **CAROLYN SHIELDS,** |
| DI DA IMPORT AND EXPORT INC. d/b/a DI DA NEW YORK, HONG ZHU, LONG ZHU, AMY SHI, AND SAM ZHU, | ) ) ) ) ) ) ) | **HONG ZHU, AND AMY SHI IN SUPPORT OF DEFENDANTS' MOTION TO QUASH AND/OR MODIFY DEPOSITION** |
| Defendants. | ) ) ) | **NOTICES AND WRITTEN DISCOVERY; MOTION FOR A PROTECTIVE** |
| | ) ) | **ORDER** |
| | ) ) ) ) | Date: July 23, 2015 Time: 9:00 a.m. Place: Courtroom 1903 |

**DECLARATION OF CAROLYN SHIELDS**

I, Carolyn Shields, declare:

1. I am one of the attorneys of record for the defendants. I have personal knowledge of the facts set forth herein and if called as a witness could and would competently testify thereto.

Nonreceipt of Plaintiffs' Deposition Notices and L.R. 37.2 Statement

2. Before plaintiffs served any jurisdictional discovery, and on June 2, 2015, the same day the Court ordered jurisdictional discovery, plaintiffs' counsel sent an email to defendants' attorneys inviting us to propose dates on which

plaintiffs' might depose the individual defendants. That email stated that plaintiffs intended to schedule depositions "approximately one week" after they received defendants' responses to interrogatories and requests for production of documents. Attached hereto as Exhibit A is a true and correct copy of that email.

3. On the same day, June 2, 2015, I responded with proposed dates: Long Zhu, who lives in China, would be in New York City the week of August 10, 2015 and he, as well as Hong Zhu and Amy Shi, would be available for depositions in New York that week. My email also proposed, if plaintiffs wanted to take the depositions of Hong Zhu and Amy Shi earlier, they could be available in New York during the week of July 13, 2015. Attached hereto as Exhibit B is a true and correct copy of my June 2 email to plaintiffs' attorneys.

4. As I later learned, on July 7, 2015, plaintiffs' attorneys did not take me up on my proposed place for the depositions, namely, New York, or the dates I proposed for Long Zhu's deposition in New York during the week of August 10, 2015, but prepared deposition notices noticing all depositions in Chicago on July 14, 15, 16, and 17, 2015. These dates also did not reflect plaintiffs' attorneys' intention to schedule the depositions for approximately one week after their receipt of the individual defendants' responses to interrogatories and requests for production, the latter required to be served on July 13, 2015, one day before the first of the depositions noticed by plaintiffs.

5. On July 7, 2015, at approximately 2:45 p.m. Eastern Daylight Time, I received a telephone call from Donald Cole, one of plaintiffs' attorneys, asking if I

would agree to reschedule a settlement conference scheduled by the Seventh Circuit Court of Appeals for July 17, 2015 because it conflicted with a deposition of the defendants. That was the first I knew that plaintiffs had noticed a deposition of defendants for July 17, 2015. I agreed to adjourn the settlement conference but initiated a discussion of the dates and place for the individual defendants' depositions. Mr. Cole and I discussed in particular the place of the depositions, New York or Chicago, but he referred me to Mr. McKey and said he would mention our conversation to Mr. McKey.

  6. I had not consented to electronic service of discovery documents and expected that service of discovery would be by mail. I did receive plaintiffs' interrogatories and requests for production of documents served by mail on June 9, 2015. I did not receive plaintiffs' deposition notices by mail. Our office calendar contains the deadline for responding to plaintiffs' written discovery but does not contain any deposition dates because we did not know of them.

  7. I spoke by telephone with Mr. McKey on May 10, 2015 about the subject of this motion, including changing the place of depositions to New York City and scheduling the deposition of defendant Long Zhu for a time when he would be in New York City. He refused to accommodate Long Zhu's schedule, even though we proposed multiple dates and weeks for it. He refused to hold the depositions in New York City.

  8. After my conversation with Mr. McKey on May 10, 2015, I received an email from him attaching the deposition notices with proofs of service showing

service by mail on June 3, 2015. I am aware that plaintiffs' attorneys take the position that they mailed the deposition notices to me. Notwithstanding that, I did not receive them. The timing of this motion is a consequence of my learning on July 7, 2015 that plaintiffs' sought to depose the individual defendants on July 14, 15, 16, and 17, 2015 in Chicago.

9. On May 10, 2015, after my telephone conference with Mr. McKey, I wrote to plaintiffs' counsel suggesting multiple dates on which plaintiffs could take the depositions of Long Zhu, Hong Zhu, and Amy Shi in New York: July 30, 31, August 7, and any day the week of August 10, 2015. Attached hereto as Exhibit C is a true and correct copy of that letter. Mr. McKey rejected all of these proposed dates, even though all of them would conclude jurisdictional discovery before the August 17, 2015 deadline imposed by the Court.

Discovery Directed to Defendant Sam Zhu

10. As shown in defendant Sam Zhu's motion to dismiss under Rule 12(b)(5) for insufficient service of process, the summons and amended complaint have not been served on Sam Zhu. No subpoena has been served on him pursuant to Rule 45; no copy of a subpoena directed to him has been served on me.

//
//
//
//
//

11. The law firm representing plaintiffs in this case has an office in New York City. Its website identifies seventeen attorneys in the intellectual property department of its New York office.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 12, 2015.

*s/ Carolyn Shields*
Carolyn Shields

# EXHIBIT A



**carolyn shields <shieldscj524@gmail.com>**

---

**Re: Coach, Inc. et al. v. Di Da Import and Export Inc. et al.**

---

**McKey, Patrick** <Patrick.McKey@bryancave.com>    Tue, Jun 2, 2015 at 1:27 PM
To: Adam Wolek <adamw@wonoip.com>
Cc: carolyn shields <shieldscj524@gmail.com>, Brian Noack <BrianN@wonoip.com>, "Cole, Donald" <Donald.Cole@bryancave.com>, "Caisman, Lauren" <lauren.caisman@bryancave.com>

Adam –

It was a pleasure speaking with you and Brian as well. As I noted during our arguments to the Court this morning on the merits and necessity of jurisdictional discovery, and pursuant to the Court's order allowing jurisdictional discovery, we will issue written jurisdictional discovery within the next seven days. We will then take the depositions of your clients after we have their respective responses to discovery. Assuming we do not have to engage in motion practice in order to obtain complete responses from your clients, we should be able to schedule the jurisdictional depositions the Court granted us leave to take beginning approximately one week after receiving those responses. If you would kindly provide us with some proposed deposition dates that work within that timeframe, it would help to expedite discovery, minimize costs and ensure that jurisdictional discovery is completed within the sixty day timeframe that the Court allowed.

As was also discussed, Coach is always amenable to exploring opportunities to reasonably settle disputes. Any settlement conference will necessarily take place in Chicago, where this litigation is pending. If you have specific proposals for a settlement conference and/or framework, please let me know what you suggest.

Regards,

Patrick



**S. Patrick McKey**
*Partner*
patrick.mckey@bryancave.com    T: +1 312 602 5102

---

From: Adam Wolek [mailto:adamw@wonoip.com]
Sent: Tuesday, June 02, 2015 11:17 AM
To: McKey, Patrick
Cc: carolyn shields; Brian Noack
Subject: Re: Coach, Inc. et al. v. Di Da Import and Export Inc. et al.

[Quoted text hidden]

---

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.
bcllp2015

# EXHIBIT B



**carolyn shields <shieldscj524@gmail.com>**

---

**Re: Coach, Inc. et al. v. Di Da Import and Export Inc. et al.**

---

**carolyn shields** <shieldscj524@gmail.com>                                                                                          Tue, Jun 2, 2015 at 2:40 PM
To: "McKey, Patrick" <Patrick.McKey@bryancave.com>
Cc: Adam Wolek <adamw@wonoip.com>, Brian Noack <BrianN@wonoip.com>, "Cole, Donald" <Donald.Cole@bryancave.com>, "Caisman, Lauren" <lauren.caisman@bryancave.com>

Dear Mr. McKey:

If you want to take the deposition of Long Zhu, as I believe you do, he will be back from China and in New York the week of August 10, 2015. The depositions of Hong Zhu and Ami Shi could be taken that same week. Until you get back to us, we will hold that week open for their depositions.

If you want to take depositions of Hong Zhu and Amy Shi earlier, though Long Zhu will not be available earlier, and if defendants do not have to engage in motion practice, we could make Hong Zhu and Amy Shi available for depositions in New York the week of July 13, 2015.

Sam Zhu lives in China and, we believe, has not been served.

Please let me know if any of these times will work for you.

Thank you.

Carolyn Shields
Liu & Shields LLP
41-60 Main Street, Suite 208A
Flushing, NY 11355
718-463-1868


[Quoted text hidden]

# EXHIBIT C

LIU & SHIELDS LLP
41-60 Main Street, Suite 208A
Flushing, New York 11355
Tel: 718-463-1868
Fax: 718-463-2883

July 10, 2015

*BY ATTACHMENT TO E-MAIL*
Patrick.McKey@bryancave.com

Mr. Patrick McKey, Esq.
Bryan Cave LLP
161 North Clark Street, Suite 4300
Chicago, IL 60601-3315

    Re:    Coach v. DI DA, et al., N.D. Illinois Case No. 13-cv-7165
             Jurisdictional Discovery

Dear Mr. McKey:

    I write on behalf of the individual defendants after our recent conversation about the dates and place for the jurisdictional depositions of the individual defendants.

    You may recall that you sent an email to our local counsel on June 2, 2015 inviting him to propose dates for depositions of the individual defendants on the jurisdictional issues. Local counsel forwarded that email to us and we replied the same day that we could make Long Zhu, who lives in China, available for a deposition in New York the week of August 10, 2015, along with Hong Zhu and Amy Shi. We also proposed, if you wanted depositions of Hong Zhu and Amy Shi earlier than that to make them available for depositions in New York the week of July 13, 2015, although that would be separate from the deposition of Long Zhu. Without further conferring with us about deposition dates, you noticed the depositions the next day for Chicago on July 14, 15, 16, and 17.

    On June 2, when you and our local counsel, Mr. Wolek, were in court, I understand Mr. Wolek mentioned that our clients could not attend depositions in Illinois. Please understand that Long Zhu, Hong Zhu, and Amy Shi cannot travel to Illinois for depositions. Sam Zhu, who is domiciled and lives in China, has still not been served and cannot attend a deposition.

    We can make Long Zhu available in New York for a deposition July 30 or July 31, August 7, or during the week of August 10. Hong Zhu and Amy Shi can be available in New York on those dates also. Given that jurisdictional discovery does not close until August 17, I believe this provides more than sufficient flexibility for

Mr. Patrick McKey, Esq.
July 10, 2015
Page 2

one of Coach's attorneys to plan a trip to New York for their depositions. Also, you noted in your email on June 2 that you wanted to have their responses to written discovery approximately one week before you took their depositions. Their responses to written discovery are due July 13, so we are surprised that you scheduled their depositions for the four days immediately following that.

  I regret that we have not been able to resolve this dispute. If you want to schedule the depositions of Long Zhu, Hong Zhu, and Amy Shi in New York on the dates we have proposed, please let me know as soon as possible. In the meantime, to avoid inconvenience to you and to your court reporter and interpreter, please understand that our clients cannot appear in Chicago for depositions on July 14, 15, 16, or 17 and it will be necessary for us to seek relief from the court.

                Very truly yours,

                *s/ Carolyn Shields*

                Carolyn Shields
                Ying Liu
                Liu & Shields LLP
                41-60 Main Street, Suite 208A
                Flushing, NY 11355
                Tel: 718-463-1868
                Email: shieldscj524@gmail.com

Cc by attachment to email to:

Mr. Donald Cole, Esq.
Donald.Cole@bryancave.com

Ms. Lauren Caisman, Esq.
Lauren.Caisman@bryancave.com

Mr. Adam Wolek, Esq.
adamw@wonoip.com

DECLARATION OF HONG ZHU

I, Hong Zhu, declare:

1. I am one of the defendants in this action. I handle the employee compensation for DI DA IMPORT AND EXPORT INC. d/b/a DI DA NEW YORK ("DI DA"). I have personal knowledge of the facts set forth herein and if called as a witness could and would competently testify thereto.

2. Amy Shi, Long Zhu, Sam Zhu and I would face substantial, financial hardship if we were required to travel to Chicago, Illinois for depositions. We cannot afford to travel to Chicago for depositions nor can we afford to send our attorney to Chicago for depositions. At present, Amy Shi has a net salary per month of $554 from DI DA. Long Zhu has a net salary per month of $1046 from DI DA. Sam Zhu has a gross monthly salary before taxes of $1000 from DI DA. I have a net salary per month of $1046 from DI DA. There have been no distributions from DI DA to Amy Shi, Long Zhu, Sam Zhu, or me.

3. Long Zhu lives in China and is in New York only occasionally. We have asked our attorney to ask plaintiffs' attorney to schedule his deposition for a time he is in New York. A special trip from China to Illinois for a deposition would take him away from his obligations in China.

//
//
//
//

4.  Sam Zhu is domiciled in China and, except for a special trip to testify for DI DA in a deposition in this case, has not been in the United States since 2012.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 12, 2015.

_____
HONG ZHU

DECLARATION OF AMY SHI

I, Amy Shi, declare:

1. I am one of the defendants in this action. I handle sales for DI DA IMPORT AND EXPORT INC. d/b/a DI DA NEW YORK ("DI DA"). I have personal knowledge of the facts set forth herein and if called as a witness could and would competently testify thereto.

2. I would face substantial, financial hardship if I were required to travel to Chicago, Illinois for a deposition. I cannot afford to travel to Chicago for a deposition nor can I afford the additional expense of sending our attorney to Chicago for a deposition. At present, I have a net salary per month of $554 from DI DA.

3. DI DA would suffer hardship if I were required to travel to Illinois for a deposition. DI DA depends on my presence in New York to handle communications with customers and to ship goods to customers. DI DA has another employee who answers the phone but does not handle shipment of goods. The time away from DI DA's place of business would cause a loss of sales to the business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 12, 2015.

_____
AMY SHI

## DECLARATION OF AMY SHI

I, Amy Shi, declare:

1. I am a vice president of DI DA Import and Export Inc. ("DI DA") I have personal knowledge of the facts set forth herein and if called as a witness could and would competently testify thereto.

2. I am a citizen of the United States of America. I am domiciled and reside in Flushing, New York, in the United States.

3. I have never been present in the state of Illinois.

4. I have never had any contacts with the state of Illinois, purposeful or otherwise. I have never had any continuous or systematic contacts with the state of Illinois. In my capacity as the employee of DI DA in charge of sales, I had communications with approximately seven customers of DI DA located in Illinois, of which four customers placed a single order with DI DA at a trade show located in Las Vegas, Nevada or in Florida.

5. I have never conducted any business in or directed at the state of Illinois.

6. I have never engaged in any transaction in the state of Illinois.

7. I have never engaged in any conduct directed at Illinois.

8. I have never availed myself of the privilege of conducting business in Illinois.

9. I have never entered into any contracts in the state of Illinois.

10. I have never taken any action expressly aimed at the state of Illinois.

11. DI DA is a family corporation operated by four family members: my mother, Hong Zhu, her brother Long Zhu, his son Sam Zhu, the sole shareholder, and me. Sam Zhu works for DI DA out of his home in China; DI DA's place of business at 7416 Grand Avenue, Elmhurst, New York, is not Sam Zhu's place of business. Hong Zhu and I live together; Sam Zhu and Long Zhu live together when Long Zhu is in China. Because we are family, we talk with each other frequently about DI DA's operations.

12. At all times during its existence DI DA has maintained separate books and records and filed separate tax returns. DI DA has an accountant who advises it and who prepares DI DA's tax returns and handles DI DA's quarterly payroll filings. DI DA maintains bank accounts that are separate from any accounts of the four family members. None of the assets of the four family members are commingled with DI DA's assets, nor are DI DA's assets applied to any purpose except the corporation's purposes. DI DA complies with the laws of the state of its incorporation, New York, regarding corporate formalities.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 28, 2015.

_____
AMY SHI