IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COACH, INC. and COACH SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DI DA IMPORT AND EXPORT INC. d/b/a DI DA NEW YORK, HONG ZHU, LONG ZHU, AMY SHI, AND SAM ZHU, <br><br> Defendants. | Civil Action No.: 1:13-cv-7165 <br><br> Judge Der-Yeghiayan <br> Magistrate Judge Martin <br><br> AMENDED MOTION TO QUASH AND/OR MODIFY DEPOSITION NOTICES AND WRITTEN DISCOVERY; MOTION FOR A PROTECTIVE ORDER; MEMORANDUM OF LAW; FILED SEPARATELY: DECLARATIONS OF CAROLYN SHIELDS, HONG ZHU AND AMY SHI <br><br> Date: July 23, 2015 <br> Time: 9:00 a.m. <br> Place: Courtroom 1903 |

**MOTION TO QUASH (FRCP 45(d)(3)) AND
MOTION FOR A PROTECTIVE ORDER (FRCP 26(c)(1))**

1. Defendant Sam Zhu moves to quash, and moves for a protective order, with respect to the deposition notice and written discovery (interrogatories and request for production of documents) directed to him on the following grounds:

    a. Defendant Sam Zhu has not been served with the summons and amended complaint, is therefore not a party, and as a consequence interrogatories directed to him are improper.

1

b. Defendant Sam Zhu has not been served with a nonparty subpoena under Rule 45 and therefore the deposition notice and the request for production of documents are improper; and

c. With respect to the notice to take defendant Sam Zhu's deposition in Illinois, defendant Sam Zhu's New York attorneys expected to have the deposition notices served on them by mail (they did not consent to service by email); defendant Sam Zhu's New York attorneys did not receive any deposition notices by mail; their local counsel did receive deposition notices by email and by mail, and forwarded those notices to New York counsel by attachment to email but New York counsel did not see the attachments until July 8, 2015. Such deposition would impose significant hardship on defendant Sam Zhu when he is domiciled in China, resides in China, and performs work for the corporate defendant in China; and

d. One resolution to this motion of defendant Sam Zhu would be for the Court to defer ruling on his motion to dismiss for lack of personal jurisdiction until the Court rules on his motion to dismiss for insufficient service of process.

2. Defendants Long Zhu, Hong Zhu and Amy Shi move for a protective order modifying the dates and place set forth in the notices to take their depositions on the following grounds:

a. With respect to the notices to take their depositions, defendants' New York attorneys expected to have the deposition notices served on them by mail (they did not consent to service by email); defendants' New York attorneys did not

receive any deposition notices by mail; their local counsel did receive deposition notices by email and by mail, and forwarded those notices to New York counsel by attachment to email but New York counsel did not see the attachments until July 8, 2015; and

      b.     Depositions in Illinois would work a significant hardship on these defendants because they live in New York City; they cannot afford to travel to Illinois; they cannot afford to send their attorney to Illinois for depositions; the business of the corporate defendant would suffer in their absence; and defendant Long Zhu lives in China, has obligations in China, and needs to have any deposition held in New York City during times when he is in New York City; and

      c.     A balancing of the factors favors depositions in New York City when plaintiffs chose to bring suit against New York residents in Illinois; plaintiffs have enormous resources and defendants do not; plaintiff Coach, Inc. has its principal place of business in New York City; and the law firm representing plaintiffs has an office in New York City; and

      d.     Rescheduling the dates and place for the depositions of these defendants could be done and still comply with the close of jurisdictional discovery on August 17, 2015.

## LOCAL RULE 37.2 STATEMENT

Attorneys for the parties—Carolyn Shields for the individual defendants, who was in New York City, and Donald Cole and Patrick McKey for the plaintiffs, who were in Chicago—conferred in good faith by telephone on July 7, 2015 at

approximately 2:45 p.m. and on July 10, 2015 at approximately 1:00 p.m. Eastern Daylight Time about the subjects of this motion. The attorneys were unable to resolve their dispute without court action. Details of the attorneys' conversations and communications appear in the declaration of Carolyn Shields (paras. 7-9).

MEMORANDUM OF LAW

I. ATTORNEYS SHIELDS AND LIU DID NOT RECEIVE PLAINTIFFS' DEPOSITION NOTICES

As shown by the Shields Declaration, attorneys Shields and Liu, attorneys for the defendants ("New York counsel"), expected to receive plaintiffs' deposition notices by mail but never received them by mail. Their local counsel did receive them by mail and by email, and forwarded them to New York counsel, who did not see the attachments until July 8, 2015. Defendants' New York attorneys did receive plaintiffs' interrogatories and requests for production of documents by mail. The first New York counsel knew that plaintiffs contemplated depositions on July 14, 15, 16, and 17, 2015 in Chicago was on July 7, 2015, when Mr. Cole, one of plaintiffs' attorneys, telephoned attorney Shields to discuss rescheduling a settlement conference in the court of appeals because it conflicted with a deposition of defendants scheduled for July 17, 2015. (Shields Declaration, para. 5.) On May 10, 2015, after counsel for the parties conferred by telephone about the subject of this motion, plaintiffs' attorneys did forward by email to defendants' attorneys the deposition notices with proofs of service showing service by mail, but attorneys Shields and Liu did not receive the notices by mail. (*Id.*, para. 8.) These circumstances explain the timing of this motion.

4

## II. DEFENDANT SAM ZHU IS NOT A PARTY AND NO SUBPOENA UNDER RULE 45 HAS BEEN SERVED ON HIM

A. Defendant Sam Zhu is not a party because the summons and amended complaint have not been served on him; therefore interrogatories directed to him are improper.

As shown by defendants' motion to dismiss, the summons and amended complaint have not been served on Sam Zhu because they were delivered pursuant to state law, New York CPLR 308(2)—to the office of the corporate defendant in New York City, which is not Sam Zhu's actual place of business.

Because defendant Sam Zhu was not served with the summons and amended complaint, he is considered a nonparty: "Though named as a defendant, Parker was never served with the complaint, and therefore did not become a party to this litigation." *Saucier v. Katz*, 533 U.S. 194, 211, n.1 (2001) (Ginzburg, J., concurring), *overruled in part on other grounds*, *Pearson v. Callahan*, 555 U.S. 223, 224 (2009). *See also Loman Dev. Co. v. Daytona Hotel & Motel Suppliers, Inc.*, 817 F.2d 1533, 1536 (11th Cir. 1987) ("the unserved defendants were not yet 'parties'"); *Cambridge Holdings Group, Inc. v. Fed. Ins. Co.*, 489 F.3d 1356, 1360 (D.C. Cir. 2007) ("an unserved defendant is not a party"); *Brown v. Fisher*, 251 F. App'x 527, 532 (10th Cir. 2007) ("the unserved defendant was never made a proper party to the action"); *Bristol v. Fibreboard Corp.*, 789 F.2d 846, 847 (10th Cir. 1986) ("These unserved defendants were never made parties to this lawsuit").

As an unserved defendant, Sam Zhu is not required to respond to interrogatories or requests to produce: "Interrogatories and requests to produce are authorized, however, only after the defendant has been served with process. Fed. R.

Civ. P. 33(a), 34(b). Venezia simply ignores the district court's conclusion that Robinson remains unserved." *Venezia v. Robinson*, 16 F.3d 209, 212 (7th Cir 1994), *pet. for rehr'g den.*, 1994 U.S. App. LEXIS 3671 (7th Cir. 1994). *See also Univ. of Texas v. Vratil*, 96 F.3d 1337, 1340 (10th Cir. 1996) ("[I]nterrogatories may only be directed to a party to an action. . . . The district court . . . acted without jurisdiction in ordering them to respond to interrogatories propounded under Rule 33 . . . ."); *Flock v. Scripto-Tokai Corp.*, 2001 U.S. Dist. LEXIS 23881, *17-19 (S.D. Tex. 2001) ("Defendants seek to avoid responding to interrogatories, requests for production, and requests for admissions propounded by Plaintiffs until they have been served or at least to be given a reasonable time after the court's denial of the motion to dismiss to respond to the requested discovery. Defendants correctly note that interrogatories and requests for admissions may only be directed to parties, not to defendants that have never been served with process. . . . Defendants Tokai Corporation, JMP Mexico, and Tokai de Mexico should not be required to respond to Plaintiff's interrogatories, requests for production, or requests for admissions in the absence of service of process or a properly issued subpoena"); *Olivier v. Klee*, 2013 U.S. Dist. LEXIS 17527, *5-7 (N.D. Cal. 2013) ("Because a request for production of documents is authorized only after a defendant is served with process, . . . Defendant had no obligation to respond to the May 6, 2012 discovery request"); *Ackah v. Greenville County Sch. Dist.*, 2008 U.S. Dist. LEXIS 29227, at *1-2 (D.S.C. 2008) ("courts have uniformly denied litigants' attempts to use interrogatories to obtain information from non-parties").

B.  **No subpoena under Rule 45 has been served on defendant Sam Zhu.**

As shown by the Shields Declaration (para. 7), no subpoena under Rule 45, Fed. R. Civ. P., has been served on defendant Sam Zhu.

Even if a Rule 45 subpoena had been served on Sam Zhu, Rule 45(c)(1) would require that his deposition be taken in China because he is a domiciliary of China; he resides in China; and he transacts business for the corporate defendant out of his home in China. (Amy Shi Declaration in support of defendants' motion to dismiss, accompanying this motion for convenience, para. 11; Hong Zhu Declaration, para. 4.)

> Rule 45(c) provides:
>
> (c) Place of Compliance.
> (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>> (i) is a party or a party's officer . . . .
>
> . . .
> (3) *Quashing or Modifying a Subpoena.*
>> (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>> . . .
>>> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>>
>> . . .
>>> (iv) subjects a person to undue burden.

As shown by the declaration of Amy Shi submitted in support of defendants' motion to dismiss (included as the last declaration in support of this motion) and the declaration of Hong Zhu accompanying this motion (para. 4), Sam Zhu is

domiciled in China, resides in China, has not returned to the United States since 2012 except for a special trip to testify as one of the corporate defendant's Rule 30(b)(6) designees, and performs work for the corporate defendant at his home in China (Shi Declaration in support of defendants' motion to dismiss, last declaration accompanying this motion, para. 11).

Accordingly, defendant Sam Zhu requests an order that he need not respond to plaintiffs' interrogatories, requests for production of documents, or deposition notice until such time as the summons and amended complaint are served on him. Defendant Sam Zhu moved to dismiss the action against him both under Rule 12(b)(5) for insufficient service of process and under Rule 12(b)(2) for lack of personal jurisdiction, so as not to waive either defense under Rule 12(h)(1)(A). One resolution to the present motion of defendant Sam Zhu is for the Court to defer ruling on defendant Sam Zhu's motion to dismiss for lack of personal jurisdiction until it rules on his motion to dismiss for insufficient service of process.

### III. A PROTECTIVE ORDER MODIFYING THE PLACE AND DATES FOR THE DEPOSITIONS OF DEFENDANTS LONG ZHU, HONG ZHU, AND AMY SHI IS APPROPRIATE

Defendants Long Zhu, Hong Zhu, and Amy Shi seek an order that their depositions take place in New York City, not Chicago, as stated in plaintiffs' deposition notices. Although "the examining party may set the place for the deposition of another party wherever he or she wishes," that designation is "subject to the power of the court to grant a protective order under Rule 26(c)(1)(B) designating a different place." 8A Wright, Miller & Marcus, Federal Practice and

Procedure § 2112 (2010). Under Rule 26(c)(1)(B), a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . specifying terms, including time and place, for the disclosure or discovery." Rule 26(c)(1)(B), Fed. R. Civ. P. "[A]mong the factors which courts often look to regarding location of depositions are whether the time, expense, and inconvenience of travel presents a special hardship for the deponent." *United States v. Chi. Medi-Car Transit Corp.*, 2015 U.S. Dist. LEXIS 76088, at *13 (C.D. Ill. June 11, 2015).

This court has recognized that "there is a presumption that a defendant . . . shall be deposed in the district where the deponent resides." <u>Healthsouth Corp. v. Sussman</u>, 2003 U.S. Dist. LEXIS 2808, 2003 WL 685576, at *2 (N.D. Ill. 2003). This presumption is based on the rationale that defendants are before the court against their will and that plaintiffs, having brought their lawsuits by choice, should not complain if they have to take discovery outside their chosen forum. *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987). A court has "wide discretion in selecting the place of examination." 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2112 (2010).

Hong Zhu and Amy Shi reside in New York City; Long Zhu and Sam Zhu reside in China (amended complaint, paras. 7-10.) Defendants Hong Zhu, Amy Shi, Long Zhu, and Sam Zhu would face substantial hardship if they were required to travel to Chicago for their depositions. (Declarations of Hong Zhu, paras. 2-3, and Amy Shi, paras. 2-3.) Amy Shi has a net salary of $554 per month; Hong Zhu has a

9

net salary of $1046 per month; Long Zhu has a net salary of $1046 per month; Sam Zhu has a gross monthly salary of $1000 before taxes. These defendants would not only have to fund their own travel and lodging but also travel and lodging for their attorney. (Hong Zhu Declaration, paras. 2-3.)

In addition, the income of the corporate defendant, DI DA Import and Export Inc., depends on the presence of defendant Amy Shi at the New York showroom and warehouse to handle communications with customers and shipment of orders. DI DA has another employee to answer the phone but not to handle processing of orders. The time away from the business which would be necessitated by travel and depositions in Illinois would cause significant harm to the business in the form of lost profits. (Amy Shi Declaration, para. 3.)

In contrast, the Coach entities are companies with enormous resources: the amended complaint (para. 15) alleges that "Coach's annual global sales currently exceed[ ] four and one-half billion dollars ($4,500,000,000)." The Coach entities chose to sue New York residents in Illinois instead of in New York. Many of the difficulties the Coach entities have faced in this case are of their own making based on that choice. Coach is better able to bear the expense of sending one attorney to New York than the individual defendants are able to bear the expense of sending four people, three individual defendants and their attorney, to Illinois. Plaintiff Coach, Inc. has its principal place of business in New York City (amended complaint, para. 5), and the law firm representing plaintiffs has a New York office. (Shields Declaration, para. 11.)

Defendant Long Zhu resides in China and travels occasionally to New York City. (Hong Zhu Declaration, para. 3.) He seeks to have his deposition taken on one of the dates he is in New York City. He has proposed that his deposition be taken in New York City on any of the following dates: July 30 or July 31, August 7, or during the week of August 10, 2015. Defendants Hong Zhu and Amy Zhu can be available in New York City for depositions on any of those dates as well. (Shields Declaration, para. 6 and Exhibit C.) These dates would conclude the depositions of the individual defendants before the close of jurisdictional discovery on August 17, 2015. In addition, plaintiffs sought to take the individual defendants' depositions approximately one week after their counsel received the individual defendants' responses to plaintiffs' interrogatories and requests for production of documents. (Shields Declaration, para. 2 and Exhibit A.) The deadline to respond to that written discovery is July 13, 2015, making depositions as noticed by plaintiffs for July 14 through 17, 2015—starting the day after that deadline—premature by plaintiffs' own schedule. (*Id.*)

## CONCLUSION

For the reasons discussed herein, defendant Sam Zhu respectfully asks the Court to quash the deposition notice directed to him and issue a protective order protecting him from responding to the deposition notice, the interrogatories, and the request for production of documents until such time as the summons and amended complaint have been served on him. The Court might defer deciding defendant Sam

Zhu's motion to dismiss based on lack of personal jurisdiction until such time as it decides his motion to dismiss for insufficient service of process.

Defendants Long Zhu, Hong Zhu, and Amy Shi ask the Court to issue a protective order modifying the deposition notices directed to them so as to require their jurisdictional depositions to take place in New York City and, with respect to defendant Long Zhu, on a date when he is present in New York City.

Dated: July 13, 2015	Respectfully submitted,

*/s/ Carolyn Shields*
Carolyn Shields
Ying Liu
LIU & SHIELDS LLP
41-60 Main Street, Suite 208A
Flushing, NY 11355
Tel: 718-463-1868
shieldscj524@gmail.com
Attorneys for Defendants
SAM ZHU, LONG ZHU, HONG ZHU,
and AMY SHI

Local Counsel:
Adam Wolek
Brian T. Noack
Wolek & Noack
70 East Lake Street
Suite 1220
Chicago, IL 60601
Tel: 312-860-9006
adamw@wonoip.com
briann@wonoip.com