IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COACH, INC. and COACH SERVICES, INC., | ) Civil Action No.: 1:13-cv-7165 ) |
| | ) Judge Der-Yeghiayan |
| Plaintiffs, | ) Magistrate Judge Martin ) |
| v. | ) AMENDED NOTICE OF ) MOTION TO QUASH AND/OR |
| DI DA IMPORT AND EXPORT INC. d/b/a DI DA NEW YORK, HONG ZHU, LONG ZHU, AMY SHI, AND SAM ZHU, | ) MODIFY DEPOSITION ) NOTICES AND WRITTEN ) DISCOVERY; ) MOTION FOR A PROTECTIVE ) ORDER |
| Defendants. | ) |
| | ) Date: July 23, 2015 |
| | ) Time: 9:00 a.m. |
| | ) Place: Courtroom 1903 |

NOTICE OF MOTION

To: S. Patrick McKey
Donald A. Cole
Lauren Caisman
BRYAN CAVE LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601

Please take notice that, on Thursday, July 23, 2015, at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned attorneys for Defendants Sam Zhu, Long Zhu, Hong Zhu, and Amy Shi shall appear before the Honorable Judge Der-Yeghiayan, or any judge sitting in his stead, in the courtroom usually occupied by him at the United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, and then and there present the Motion of Defendant Sam Zhu To Quash and/or Modify Deposition

Notice and Written Discovery and for a Protective Order; and the Motion of Long Zhu, Hong Zhu, and Amy Shi for a Protective Order, and for such other and further relief as the Court may deem just and proper, a copy of which is hereby served upon you.

This motion is based on this notice of motion, the summons and first amended complaint, defendants' pending motion to dismiss, the accompanying Memorandum of Law and the supporting declarations of Carolyn Shields, with attached exhibits, Hong Zhu, and Amy Shi, the documents on file in this case, and such other matters as may be presented to the Court.

The grounds of the motion of defendant Sam Zhu are:

a. Defendant Sam Zhu has not been served with the summons and amended complaint, is therefore not a party, and as a consequence interrogatories directed to him are improper.

b. Defendant Sam Zhu has not been served with a nonparty subpoena under Rule 45 and therefore the deposition notice and the request for production of documents are improper; and

c. With respect to the notice to take defendant Sam Zhu's deposition in Illinois, defendant Sam Zhu's New York attorneys expected to have the deposition notices served on them by mail (they did not consent to service by email); defendant Sam Zhu's New York attorneys did not receive any deposition notices by mail; their local counsel did receive deposition notices by email and by mail, and forwarded those notices to New York counsel by attachment to email but New York counsel did

not see the attachments until July 8, 2015. A deposition would impose significant hardship on defendant Sam Zhu when he is domiciled in China, resides in China, and performs work for the corporate defendant in China.

The grounds of the motion of defendants Long Zhu, Hong Zhu, and Amy Shi are:

    a.    With respect to the notices to take their depositions, defendants' New York attorneys expected to have the deposition notices served on them by mail (they did not consent to service by email); defendants' New York attorneys did not receive any deposition notices by mail; their local counsel did receive deposition notices by email and by mail, and forwarded those notices to New York counsel by attachment to email but New York counsel did not see the attachments until July 8, 2015; and

    b.    Depositions in Illinois would work a significant hardship on these defendants because they live in New York City; they cannot afford to travel to Illinois; they cannot afford to send their attorney to Illinois for depositions; the business of the corporate defendant would suffer in their absence; and defendant Long Zhu lives in China, has obligations in China, and needs to have any deposition held in New York City during times when he is in New York City; and

    c.    A balancing of the factors favors depositions in New York City when plaintiffs chose to bring suit against New York residents in Illinois; plaintiffs have enormous resources and defendants do not; plaintiff Coach, Inc. has its principal place of business in New York City; and the law firm representing plaintiffs has an office in New York City.

Dated: July 13, 2015	Respectfully submitted,

*/s/ Carolyn Shields*
Carolyn Shields
Ying Liu
LIU & SHIELDS LLP
41-60 Main Street, Suite 208A
Flushing, NY 11355
Tel: 718-463-1868
shieldscj524@gmail.com
Attorneys for Defendants
SAM ZHU, LONG ZHU, HONG ZHU,
and AMY SHI

Local Counsel:
Adam Wolek
Brian T. Noack
Wolek & Noack
70 East Lake Street
Suite 1220
Chicago, IL 60601
Tel: 312-860-9006
adamw@wonoip.com
briann@wonoip.com