**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

|  |  |  |
|---|---|---|
| COACH, INC. and COACH SERVICES, INC., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | **Case No. 13-cv-7165** |
| v. | : | |
| | : | **Honorable Samuel Der-Yeghiayan** |
| DI DA IMPORT AND EXPORT INC. d/b/a DI DA | : | |
| NEW YORK, and HONG ZHU, LONG ZHU, AMY | : | |
| SHI, and  SAM ZHU, | : | |
| | : | |
| Defendants. | | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## PLAINTIFFS' RESPONSE TO DEFENDANT SAM ZHU'S MOTION TO QUASH AND/OR MODIFY DEPOSITION NOTICES AND WRITTEN DISCOVERY AND DEFENDANTS LONG ZHU, HONG ZHU, AND AMY SHI'S MOTION FOR A PROTECTIVE ORDER

Plaintiffs Coach, Inc. and Coach Services, Inc. (collectively, "Coach"), by and through their attorneys, Bryan Cave LLP, respond to Defendant Sam Zhu's Motion to Quash and/or Modify Deposition Notices and Written Discovery, and Defendants Long Zhu, Hong Zhu, and Amy Shi's Motion For a Protective Order ("Motion") as follows:

## INTRODUCTION

Since the commencement of this action in October 2013, the conduct of Defendants Di Da Import and Export Inc. ("Di Da"), Sam Zhu, Hong Zhu, Long Zhu, and Amy Shi has been nothing but dilatory and aimed to needlessly prolong this litigation.  Defendants, through their counsel, have consistently refused to comply with their obligations under the Federal Rules of Civil Procedure or this Court's Orders, and have failed to take any accountability for their disregard of this Court and its procedures.  Defendants' counsel, for example, has offered excuse

after excuse — the weather, illness, computer problems, personal emergency, the time difference between New York and China, difficulties in Chinese procedure, travel, absence from the office, incorrect email addresses (to name a few) — in seeking to avoid having to timely respond to Coach's discovery requests, to meet and confer with counsel for Coach, to arrange the depositions of witnesses, or to meet court-ordered deadlines. (*See* various correspondence from C. Shields, attached hereto as **Exhibit A**; Response to Order to Show Cause, Seventh Circuit Appeal No. 15-1480, Dkt. No. 6, p. 2, attached hereto (without exhibits) as **Exhibit B**.) Di Da, through its Rule 30(b)(6) corporate representatives (who are now named individually in this lawsuit), has likewise adopted a similar attitude that the entirety of its wrongful conduct is not attributable to itself, but rather to others, or is the result of a "mistake." (*See e.g*., Deposition of Hong Zhu ("Hong Dep.") 39:19-25; 63:7-64:2; 75:24-76:7 (A copy of excerpts of Hong Deposition is attached hereto as **Exhibit C**); Deposition of Sam Zhu ("Sam Dep.") 38:19-22; 46:18-20; 132:16-24 (A copy of excerpts of Sam Deposition is attached hereto as **Exhibit D**).)

Because of Di Da's refusal to comply with its obligations in this litigation, however, Coach has been forced to unnecessarily incur substantial expense and time in obtaining the testimony of these Rule 30(b)(6) witnesses. In the spirit of cooperation, counsel for Coach agreed to travel to New York City, New York for the deposition of Di Da's corporate representative. On August 22, 2014, in New York City, New York, Coach deposed Di Da's Rule 30(b)(6) designee, Amy Shi, but it became apparent that MS. Shi was utterly unprepared to testify as to most of the topics specifically identified in Coach's Notice of Rule 30(b)(6) Deposition. (*See* Motion to Compel, Dkt. No. 23, pp. 1-3; Dkt. No. 23-2, Deposition of Amy Xu Shi ("Shi Dep."), 44:5-45:3; 84:10-85:11; 85:21-86:15; 173:15-174:10; 179:19-180:19.) Nevertheless, though counsel for Di Da and Ms. Shi had previously confirmed that no interpreter

would be, or was, necessary, after more than five hours of testimony, Di Da, through its counsel, Carolyn Shields, unilaterally terminated the deposition stating that it could not "go forward without having a Mandarin interpreter." (*See* Dkt. No. 23, p. 2; Dkt. No. 23-2, Shi Dep., 166:8-19; 166:20-167:25; 173:3-14.)  This belated assertion that an interpreter was now "necessary" for the Di Da Rule 30(b)(6) designees was made despite the fact that three of the designees live, work, and/or conduct business in New York, and despite the fact that Amy Shi has resided in the United States since the age of thirteen, graduated from elementary, middle, and high school, and earned a bachelor's degree from Syracuse University all while receiving instruction in English. (*See e.g.*, Deposition of Amy Shi ("Shi Dep.") 168:10-173:14 (A copy of excerpts of Shi Deposition is attached hereto as **Exhibit E**).)  Due to Di Da and Amy Shi's utter lack of preparedness, Coach ultimately had to expend the resources and time to request that this Court compel the production of a competent 30(b)(6) witness.  (Dkt. No. 23.)  This Court did.  (Dkt. No. 35.)  Counsel for Coach then again travelled to New York on October 29 and 30, 2014 to complete the depositions of Di Da's 30(b)(6) designated representatives.  Di Da proffered all four of these witnesses, Amy Shi, Sam Zhu, Hong Zhu, and Long Zhu, at its discretion and at no time commented that doing so interrupted Di Da's business.  Counsel for Coach has already had to travel twice to New York, despite the fact that this case is pending in Illinois.

To date, counsel for Coach has had to initiate and participate in at least six Local Rule 37.2 conferences to meet and confer with Defendants' counsel, and has attempted to arrange several others without response from Defendants' counsel.  (*See e.g.*, various correspondence from P. McKey, attached hereto as **Exhibit F**.)  Coach has been obligated to appear in Court on Di Da's belated, meritless motion to dismiss (Dkt. Nos. 37, 38), when counsel for Di Da themselves failed to appear on their own noticed motion.  (*See* Dkt. No. 39.)  Di Da has also

interlocutory, and frivolously, appealed this Court's determinations on purportedly almost all issues confronted by the Court in this case, including the belatedness of Di Da's motion to dismiss, personal jurisdiction over Di Da, as well as the propriety of a preliminary injunction freezing Di Da's assets. (Dkt. Nos. 42, 44. 48-52.)

The instant Motion is but the latest in the long line of these harassing tactics. At every turn, Defendants have misconstrued or misrepresented the record. (*See e.g.*, Dkt. No. 44, pp. 8, 9 ("DDI contends that it has stopped selling infringing merchandise, but Coach has shown that certain alleged infringing activities continued after the initiation of the instant action . . . Nor are DDI's assurances entirely consistent with the evidence.").) This Motion is no exception.

## MOTION-RELATED FACTUAL HISTORY

On February 26, 2015, Coach filed its First Amended Complaint, naming Amy Shi, Hong Zhu, Long Zhu, and Sam Zhu ("the Individual Defendants") in this action. (Dkt. No. 47.) On February 27, 2015, the Clerk of the District Court issued summonses for those Individual Defendants. On March 3, 2015, pursuant to Federal Rule of Civil Procedure 4(d), Coach sent, via electronic mail, a copy of the Fist Amended Complaint, a letter, a Notice of Lawsuit and Request to Waive Service of a Summons, and two copies of a Waiver of Service of Summons to each of the Individual Defendants through their counsel at the time, Carolyn Shields, Whinny Liu, and Brian Lum. Coach never received a response to its requests for waiver of service. Subsequently, pursuant to Federal Rule of Civil Procedure 4(l), the Individual Defendants were served within the State of New York. On May 7, 2015, a process server personally served the Individual Defendants by delivering the summonses to a person of suitable age and discretion at the actual place of business of the Individual Defendants and by mailing the summonses by first

class mail to the Individual Defendants at their place of business pursuant to N.Y. C.P.L.R. 308. Coach's counsel subsequently filed the Returned Summonses Executed. (Dkt. No. 59.)

On May 28, 2015, the Individual Defendants each filed a motion to dismiss on the alleged grounds of lack of personal jurisdiction and Defendant Sam Zhu also filed a motion to dismiss purportedly because of insufficiency of service of process. (Dkt. No. 63.) On June 2, 2015, counsel for Coach requested that the Court allow discovery on those motions. (*See* June 2, 2015 Transcript of Proceedings, 4:15-21; 5:9-12; 6:1-11, attached hereto as **Exhibit G**.) This Court granted that request. (*Id*. at 7:22-8:6; 9:4-10 ("Based on all the information the Court has and arguments of the parties, I'm going to allow discovery. And plaintiffs' counsel will decide what form the discovery takes . . . I'm allowing depositions. I'm not going to readdress that issue."); Dkt. No. 68.)

The very next day, on June 3, 2015, counsel for Coach served notices for the jurisdictional depositions of Amy Shi, Hong Zhu, Long Zhu, and Sam Zhu, set for July 14, 15, 16, and 17, 2015, on each of their counsel of record, Carolyn Shields, Ying Liu, Adam Wolek, and Brian Noack, via electronic mail and U.S. Mail. (*See* Notices and Correspondence attached hereto as **Exhibit H**.) Written discovery requests, including Interrogatories and Requests for Production, directed to Amy Zhu, Hong Zhu, Long Zhu, and Sam Zhu, were served to the same counsel of record, in the same fashion, on June 9, 2015.

Counsel for Coach did not hear from counsel for Defendants until July 7, 2015, less than one week before the scheduled depositions of the Individual Defendants were set to proceed. On July 10, 2015 counsel for Coach re-sent the original transmission of the deposition notices to all counsel of record for the Individual Defendants. (*See* July 10, 2015 correspondence from P. McKey, attached hereto as **Exhibit I**.) Counsel for Coach explained further to Defendants'

counsel that Coach intended to go forward with the Individual Defendants' depositions and that Coach would not be withdrawing its deposition notices. (*See* July 10, 2015 correspondence from P. McKey, attached hereto as **Exhibit J**.) This belated Motion followed despite the fact that counsel for Coach informed Defendants' counsel that the depositions would go forward absent a Court order. (*Id*.)

The deposition of Defendant Amy Shi commenced as noticed at 9:30 a.m. on July 14, 2015. Neither Defendant Amy Shi nor any of her counsel appeared. (*See* July 14, 2015 Transcript of Deposition of Amy Shi, attached hereto as **Exhibit K**.)

<u>**ARGUMENT**</u>

1. <u>**Coach Validly Served Its Deposition Notices To Counsel For The Individual Defendants.**</u>

The Individual Defendants cannot reasonably, or in good faith, contest that their counsel "did not receive Plaintiffs' deposition notices" as they purport to do. (*See* Motion, p. 4.) As established above, on June 2, 2015, counsel for Coach both emailed **and** mailed those notices to Carolyn Shields, Ling Yiu (Defendants' New York counsel) **and** Brian Noack and Adam Wolek (local counsel). (*See* **Exhibit H**.) The Certificates of Service on those Notices provided as follows:

> I, Lauren J. Caisman, hereby certify that a copy of the foregoing document was served, via e-mail and U.S. Mail, to all counsel of record on this 3rd day of June, 2015:
>
> Adam Wolek
> Brian T. Noack
> Wolek & Noack LLP
> 70 East Lake Street, Suite 1220
> Chicago, Illinois 60601
>
> Ying Liu
> Carolyn Shields
> Liu & Shields LLP
> 41-60 Main Street, Suite 208A

Flushing, New York 11355

(*Id.*)  A certificate of service, or evidence of mailing, creates a presumption that the recipient received the mailing.  *See Bianchi v. The Bureaus, Inc.*, No. 05 C 5769, 2008 WL 597587, \*2 (N.D. Ill. Feb. 27, 2008) (citing *Vincent v. City Colleges of Chicago*, 485 F. 2d 919, 922 (7th Cir. 2007); *Hagner v. United States*, 285 U.S. 427 (1932)).  The Individual Defendants and their counsel cannot rebut this presumption with the "bare assertion that [they] never received the properly-addressed notice."  *Bianchi*, 2008 WL 597587, at \*3.  This "is not enough to overcome the presumption of delivery."  *Id*.  This is particularly so where that bare assertion comes in the form of ever-changing declarations from Carolyn Shields, which render the "penalty of perjury" under which they are sworn essentially meaningless.[1]  (*Compare e.g.*, Dkt. No. 69-1, p. 3, ¶ 6 *with* Dkt. No. 71-1, p. 3, ¶ 6.)

In fact, the Individual Defendants concede that "[t]heir local counsel did receive [the deposition notices] by mail and by email, and forwarded them to New York counsel."  (Motion, p. 4.)  This service is valid.  Pursuant to Local Rule 83.15, "[l]ocal counsel shall be responsible for **receiving service of notices**, pleadings, and other documents and promptly notifying the nonresident attorney of their receipt and contents."  (emphasis added).  As such, the Individual Defendants' local counsels' receipt of the deposition notices constituted sufficient service.  Any failures to promptly notify the Individual Defendants' New York counsel, or New York counsel's failure "see the attachments until July 8, 2015" (Motion, p. 4), cannot be attributed to Coach.  Nor do such failures "explain the timing" of the Motion (Motion, p. 4.) or justify the

---

[1] This is further demonstrated by the verifiable, factual inaccuracies in the Declaration of Carolyn Shields. (Dkt. No. 71-1.)  Attorney Shields, "under penalty of perjury," for example, discusses correspondence and conversations that purportedly occurred on May 10, 2015, prior to the time the Individual Defendants' filed their Motion to Dismiss or the service of the notices of the Individual Defendants' depositions.  (*Id.*, pp. 3-5, ¶¶ 6-9.)

relief the Individual Defendants seek.[2]  Simply stated, the Individual Defendants acknowledge that their counsel was served on June 2, 2015, and that they did nothing to comply with these notices.

2.      **Coach's Discovery Directed To Sam Zhu Is Valid.**

On June 2, 2015, when this Court ordered that counsel for Coach "be given until August 17, 2015 to take limited discovery, including taking depositions, as it relates to Defendants' motion to dismiss," the Court did **not** exclude Defendant Sam Zhu from the purview of its Order. (Dkt. No. 68; **Exhibit G**, 7:22-8:6; 9:4-10.)  In fact, written discovery to and the deposition of Sam Zhu were specifically discussed before and by the Court.  (**Exhibit G**, 6:1-8:4.)  Defendant Sam Zhu is undeniably a party to this litigation.  In just the two months since Defendant Sam Zhu has been named as a defendant in this case, three attorney appearances have been already filed on his behalf (Dkt. Nos. 64, 65, 66),  Mr. Zhu has filed two motions (and an amended motion), including a motion to dismiss (Dkt. Nos. 63, 69, 71), and Mr. Zhu has submitted an affidavit containing certain factual representations.  (Dkt. No. 63-1, pp. 2-3.)  Defendant Sam Zhu is not immune from discovery on the issues raised in his filings — discovery to which Coach is entitled and which has been Court-ordered.  Defendant Sam Zhu cannot, at one time, avail himself of the mechanisms of litigation and act like a party while, at the same time, deny his status as a party in this case and shirk his responsibilities to comply with Court's discovery rules and its June 2, 2015 Order.

The cases cited by Defendant Sam Zhu for the proposition that "[b]ecause defendant Sam Zhu was not served with the summons and amended complaint, he is considered a nonparty"

---

[2] Even then, on <u>July 7, 2015</u>, counsel for Coach and Defendants' attorney, Carolyn Shields, discussed needing to reschedule a settlement conference because of a conflict caused by the scheduled depositions of the Individual Defendants.  (*See* Dkt. No. 71-1, pp. 2-3, ¶ 5.)  Still, the Motion was not filed until almost one week later.  In that time, the Individual Defendants took no steps to comply with the notices.

(Motion, pp. 5, 6) are inapposite. None of those cases address the circumstance where service has been made, but a defendant disputes the sufficiency of that service, and where the Court's ruling on service remains pending. To the contrary, in *U.S. v. Uptergrove*, for example, the court ordered sanctions against a defendant for failing to respond to discovery requests and for failing to appear at a deposition, even though the defendant had raised the issue of improper service, albeit improperly. No. 06-cv-1630, 2007 WL 4538809, *4 (E.D. Cal. Dec. 18, 2007). The court found that allegedly improper service was "not an excuse for the blatant disregard for the discovery process exhibited here." *Id.*

Further, because Defendant Sam Zhu is a party to this litigation, contrary to his assertions, no subpoena under Federal Rule of Civil Procedure 45 was necessary. *See e.g., Adair v. Hunt Int'l Resources Corp.,* Nos. 79 C 4206, 80 C 5317, 80 C 2329, 1987 WL 10961, *1 n. 6 (N.D. Ill. May 13, 1987) (granting motion to compel defendant to appear for deposition and holding that Rule 45 does not govern a party to the litigation); *Collins v. Wayland*, 139 F.2d 677, 678 (9th Cir. 1944) (holding that notice of deposition was proper, that subpoena was unnecessary where deponent was a party, and that if deponent wished to be relieved from going to [another state] when he resided elsewhere, he could and should have sought relief "by motion seasonably made" under Federal Rule of Civil Procedure 30(b)); *Ali v. Calumet Med. Ctr., Inc.*, No. 13-cv-766, 2015 WL 1543589, *3 (E.D. Wisc. Apr. 7, 2015) ("Plaintiff is a party to this case and a subpoena is not required to compel him to attend a deposition.").

Federal Rule of Civil Procedure 30(b)(1) only requires that "[a] party who wants to depose a person by oral questions must give reasonable notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." Coach's notice included these requirements. (*See* **Exhibit H**.) The Notice of Deposition issued

to Defendant Sam Zhu, then, complied with all of the foregoing prerequisites and was properly served. Still, Defendant Sam Zhu failed to comply and appear in Illinois for his deposition.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Defendant Sam Zhu and his asserted defenses of insufficiency of service of process or lack of personal jurisdiction are not excluded from this scope of discovery. Defendant        Sam Zhu's Motion to Quash and/or Modify Deposition Notices and Written Discovery should be denied.

3.    **Long Zhu, Hong Zhu, And Amy Shi Are Not Entitled To A Protective Order Modifying The Places Or Dates Of Their Depositions.**

Defendants Long Zhu, Hong Zhu, and Amy Shi admit that "the examining party may set the place for the deposition of another party **wherever** he wishes." (Motion, p. 8); *see also Adair*, 1987 WL 10961, at * 1 n. 6 (emphasis added); *Ristevski v. S & P Carrier, Ltd.*, No. 09 C 4874, 2010 WL 1687878, *1 (N.D. Ill. Apr. 26, 2010) (denying motion to quash and for protective order). As such, "a party must attend at the place stated in the notice." *Adair*, 1987 WL 10961, at *1. Requiring a defendant to appear for a deposition at the place of trial is neither annoying, embarrassing, oppressing, or an undue burden, as would be required for the entry of any protective order modifying the location of the deposition. Nor is this practice unusual. *Id*. In the event a defendant needs relief from a deposition notice, he is required to timely apply for a protective order to shield himself from sanctions. *Id*. at *2. Defendants Long Zhu, Hong Zhu, and Amy Shi did not take these appropriate measures.

Defendants Long Zhu, Hong Zhu, and Amy Shi have the burden to show good cause in seeking a protective order. *See e.g., Ristevski*, 2010 WL 1687878, at *1 (collecting cases). They

have not.  To parrot their language, "[m]any of the difficulties the [Defendants] have faced in this case are of their own making," as detailed above.  (*See* Motion, p. 10.)  Defendants bring this Motion with unclean hands, especially given that their deadline to respond to Coach's written jurisdictional discovery was due on July 13, 2015 (as Defendants concede (*see* Motion, p. 11)).  Coach did not receive responses, however, until more than one week later on July 20, 2015.

Thwarting Coach's ability to effectively conduct jurisdictional discovery, including depositions, Defendants chose to send their jurisdictional discovery responses in the slowest manner possible and in a manner not calculated to reach Coach prior to the first scheduled deposition of the Individual Defendants — via U.S. Mail.  (*See* Discovery Responses, attached hereto as **Exhibit L**.)  Coach, however, has repeatedly requested, and consented to, service by electronic mail.  Notably, Defendants Long Zhu, Hong Zhu, and Amy Shi's discovery responses are not accompanied by any certificate of service reflecting the date or manner of service, and in actuality, one of the two envelopes in which those discovery responses were included appears to be post-marked July 14, 2014, the day **after** discovery responses were due and the same day the deposition of Amy Shi was set to commence.  (*Id.*)  Further, the responses of Defendants Long Zhu, Hong Zhu, and Ami Shi to Coach's Personal Jurisdiction Requests for Production and Coach's Personal Jurisdiction Interrogatories can hardly be construed as responsive or forthcoming.  (*See id*.)  These Defendants object to the majority of the discovery requests (though directly pertinent to the issues raised in the Individual Defendants' Motion to Dismiss and accompanying declarations), refer to the Declaration of Carolyn Shields, their attorney, for factual support, refer Coach to documents produced by Di Da in discovery without attempting to identify which documents with any specificity, and in numerous instances, fail to provide any response at all.  (*Id.*)

11

Nevertheless, Defendants Long Zhu, Hong Zhu, and Amy Shi have not made the requisite showing of undue hardship to justify the relief they seek. Conclusory statements of hardship, like the Declarations of Hong Zhu and Ami Shi (Dkt. No. 71-1, pp. 13-15) submitted here, "are not sufficient to carry this burden." *Ristevski*, 2010 WL 1687878, at * 1. While they seemingly list the amounts of their monthly salaries, Defendants Long Zhu, Hong Zhu, and Amy Shi make no attempt to explain how the costs of travel or lodging relate to those salaries. (*See* Motion, p. 10.) Defendants have sufficient funds for travel and lodging to attend trade shows in Las Vegas, Nevada, and Florida (*see* Dk. No. 71-1, p. 16, ¶ 4) and the principles of the company regularly travel between the United States, China, and Colombia. (*See* Shi Dep., **Exhibit E**, 53:23-55:13:). Conveniently, however, Defendants now claim that they cannot travel to or pay for accommodations in Chicago when asked to actually participate in this lawsuit. Nor do Defendants Long Zhu, Hong Zhu, or Amy Shi explain why lodging would be necessary where their depositions have been noticed for only one day each, and which should not take longer than that if the deponents are adequately prepared and cooperative. Coach has not asked that Defendants Long Zhu, Hong Zhu, or Amy Shi remain in Chicago or be present for the others' depositions during the week. Defendants Long Zhu, Hong Zhu, and Amy Shi also claim that they cannot fund "travel and lodging for their attorney" (*id.*), but overlook the two Chicago attorneys representing them who would not require travel or lodging.

Defendant Amy Shi also attempts to excuse herself from her legal obligations arguing that "the income of the corporate defendant, DI DA Import and Export, Inc. depends on the presence of Amy Shi at the New York showroom and warehouse . . . time away from the business which would be necessitated by travel and depositions in Illinois would cause significant harm to the business in the form of lost profits." (Motion, p. 10.) Defendant Amy

Shi, however, could not be physically present in the New York showroom during her deposition whether it takes place in Illinois or in New York.  Nor does she offer any concrete evidence that one day away from Di Da's showroom or warehouse would result in "significant harm" or lost profits to Di Da, or that she would be unable to "handle communications with customers or shipment of orders" other than in-person.  (*See id.*)  These excuses are merely just that — excuses— and fail to rise to a level of "good cause" warranting a protective order in this case. Defendants' Motion should be denied in its entirety.

## CONCLUSION

For the foregoing reasons, Coach respectfully requests that this Court deny Defendant Sam Zhu's Motion to Quash and/or Modify Deposition Notices and Written Discovery, and Defendants Long Zhu, Hong Zhu, and Amy Shi's Motion For a Protective Order, and grant such other and further relief as the Court may deem just and proper.

Dated:  July 21, 2015            Respectfully submitted,

           BRYAN CAVE LLP


           By:____/s/ Lauren J. Caisman____
              S. Patrick McKey, #6201588
              Donald A. Cole, #6299318
              Lauren J. Caisman, # 6312465
              161 North Clark Street, Suite 4300
              Chicago, Illinois 60601
              Tel: (312) 602-5000
              Fax: (312) 602-5050
              patrick.mckey@bryancave.com
              donald.cole@bryancave.com
              lauren.caisman@bryancave.com
              *Attorneys for Coach, Inc. and*
              *Coach Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 21st day of July 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

_____/s/ Lauren J. Caisman
Lauren J. Caisman