.IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COACH, INC. and COACH SERVICES, INC.,

Plaintiffs,

v.

DI DA IMPORT AND EXPORT INC. d/b/a DI DA NEW YORK, and HONG ZHU, LONG ZHU, AMY SHI, and SAM ZHU,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No. 13-cv-7165

Honorable Samuel Der-Yeghiayan

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE A COMBINED RESPONSE TO THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS IN EXCESS OF 15 PAGES**

Plaintiffs Coach, Inc. and Coach Services, Inc. (collectively, "Coach"), by and through their attorneys, Bryan Cave LLP, move pursuant to Local Rule 7.1 for leave to file their Combined Response to Defendant Sam Zhu's Motion to Dismiss for Insufficiency of Service of Process and to Defendants Sam Zhu, Long Zhu, Hong Zhu, and Amy Shi (collectively, the "Individual Defendants")'s Motion to Dismiss for Lack of Personal Jurisdiction as follows:

1.     On February 26, 2015, Coach filed its First Amended Complaint in this action, adding the Individual Defendants as parties and asserting an additional claim to pierce corporate defendant Di Da Import and Export Inc.'s ("Di Da") veil against the Individual Defendants. (Dkt. No. 47.) The Individual Defendants are all Di Da's officers, directors, and/or shareholders.

2.     On May 28, 2015, the Individual Defendants filed a combined motion to dismiss Coach's First Amended Complaint. (Dkt. No. 63.) Defendant Sam Zhu moved to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficiency of service of process and under

Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Defendants Long Zhu, Hong Zhu, and Amy Shi each also moved to dismiss Coach's First Amended Complaint against them pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

3. Rather than filing four separate responses to these motions to dismiss, subject to the Local Rule 7.1 page limit, Coach plans to jointly file its Combined Response to Defendant Sam Zhu's Motion to Dismiss for Insufficiency of Service of Process and to Defendants Sam Zhu, Long Zhu, Hong Zhu, and Amy Shi's Motion to Dismiss for Lack of Personal Jurisdiction.

4. In order to address fully and adequately each Individual Defendant's arguments on all issues addressed in the Individual Defendants' combined motion to dismiss Coach's First Amended Complaint, Coach seeks this Court's permission to submit a single consolidated response consisting of up to 26 pages.

5. The Individual Defendants' motions to dismiss argue that personal jurisdiction over each of them in this case cannot be based on corporate ownership alone. (Dkt. No. 63, p. 4.) However, where Coach can make a "minimally viable showing" that Di Da is a "sham," Di Da's contacts can be, and are, attributed to the Individual Defendants for purposes of the personal jurisdiction determination. *YKK USA, Inc. v. Baron*, 976 F. Supp. 743, 747 (N.D. Ill. 1997). This requires an analysis of Di Da's jurisdictional contacts with Illinois as well as Coach's allegations related to piercing Di Da's corporate veil – both of which are multi-factored analyses applicable to each of the Individual Defendants.

6. Further, there have been multiple rounds of 30(b)(6) depositions of Di Da's corporate representatives, depositions of the Individual Defendants, and several rounds of written discovery, including on the issues raised in the Individual Defendants' motions to dismiss. In addition, the Individual Defendants each submitted an affidavit in support of their motion to

dismiss in which many factual and legal assertions are made despite not being supported by the evidence of record and deposition testimony in this case.  Accordingly, in order to address the factual predicate for Coach's claims and this Court's jurisdiction, and to address why many of the Individual Defendants' arguments and assertions are not supported by the record evidence, Coach seeks this Court's permission to submit the attached Combined Response Brief, which exceeds the Court's 15-page limitation, but which is less than the number of pages that would be required to address each of the Individual Defendants' Motion to Dismiss separately.

7. Because Coach believes, for the reasons stated in this motion, that it cannot adequately address the factual and legal issues implicated in this case in a single brief within the 15-page limitation set forth in Local Rule 7.1, and to avoid the repetition and duplicative nature of the arguments and facts that would be addressed in separate briefs if Coach responded to each Individual Defendants' argument separately, Coach respectfully requests that it be given leave to file the attached consolidated brief.

8. Counsel for Coach contacted counsel for the Individual Defendants on October 14, 2015 to request consent to the relief sought, and the Individual Defendants' counsel does not oppose the request for excess pages.

THEREFORE, Plaintiffs respectfully request that this Court grant leave for Plaintiffs to file their Combined Response to Defendant Sam Zhu's Motion to Dismiss for Insufficiency of Service of Process and to Defendants Sam Zhu, Long Zhu, Hong Zhu, and Amy Shi's Motion to Dismiss for Lack of Personal Jurisdiction in excess of 15 pages.

Dated: October 15, 2015                  Respectfully submitted,

                                             BRYAN CAVE LLP

By: /s/ Lauren J. Caisman
S. Patrick McKey, #6201588
Donald A. Cole, #6299318
Lauren J. Caisman, # 6312465
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Tel: (312) 602-5000
Fax: (312) 602-5050
patrick.mckey@bryancave.com
donald.cole@bryancave.com
lauren.caisman@bryancave.com
*Attorneys for Coach, Inc. and*
 *Coach Services, Inc.*

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 15th day of October 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

   /s/ Lauren J. Caisman
Lauren J. Caisman