**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| COACH, INC. and COACH SERVICES, INC., | ) | Civil Action No.:  1:13-cv-7165 |
| | ) | |
| | ) | Judge Der-Yeghiayan |
| Plaintiffs, | ) | Magistrate Judge Martin |
| | ) | |
| v. | ) | **REPLY OF SAM ZHU,** |
| | ) | **LONG ZHU, HONG ZHU,** |
| DI DA IMPORT AND EXPORT INC. d/b/a | ) | **AND AMY SHI TO** |
| DI DA NEW YORK, HONG ZHU, | ) | **PLAINTIFFS' OPPOSITION** |
| LONG ZHU, AMY SHI, AND SAM ZHU, | ) | **TO DEFENDANTS' MOTION  TO** |
| | ) | **DISMISS;** |
| Defendants. | ) | **MEMORANDUM OF LAW;** |
| | ) | **DECLARATION OF** |
| | ) | **CAROLYN SHIELDS** |

**REPLY OF SAM ZHU, LONG ZHU, HONG ZHU, AND AMY SHI
("INDIVIDUAL DEFENDANTS") TO PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS: MEMORANDUM OF LAW**

## I.  INTRODUCTION

Sam Zhu's "actual" place of business at the time of attempted service was his home in China, as shown by Exhibit C provided by plaintiffs and the deposition testimony of Sam Zhu attached to the Shields Declaration.

Plaintiffs have not offered any facts to refute the facts contained in the Individual Defendants' declarations showing the absence of their presence in, and the absence of their contacts with, the State of Illinois.

Instead, plaintiffs base their Reply almost exclusively on the argument that DI DA's corporate veil should be pierced. As shown herein, under applicable law, the corporate veil argument should not be considered in determining the Court's personal jurisdiction over the Individual Defendants.

1

## II.  SERVICE OF PROCESS ON SAM ZHU WAS INSUFFICIENT

The declarations of Sam Zhu and Amy Shi in support of this motion show that Sam Zhu's "actual" place of business since January of 2013 was at his home in China. The records of the New York Secretary of State are not to the contrary. The initial records filed with the New York Secretary of State showed DI DA's address as New York with Sam Zhu's name above it, under the heading "Selected <u>Entity Address</u>/DOS Process Address to which DOS will mail process" (emphasis added).

The corporation was required to file a statement every two years, its biennial statement. After Sam Zhu moved permanently to China in January of 2013, the corporation, when its next biennial statement was due, changed the address of the Chief Executive Officer, Sam Zhu, from New York to China, under the heading "Chief Executive Officer". The New York address which remained in the Secretary of State's records is the address <u>of the corporation</u>, under the heading "Selected <u>Entity</u> DOS Process Address to which DOS will mail process" against <u>the corporation</u>.

This is shown by Exhibit C offered by plaintiffs.

Sam Zhu, as one of the corporation's Rule 30(b)(6) designees, testified on November 17, 2014 that "I live in China now," and provided his address in China. (Shields Declaration, Exhibit A, page 6, *ll.* 12-25, page 7, *ll.* 2-9.)  Thus, more than five months before the attempted service of the first amended complaint on Sam Zhu on May 6, 2015, plaintiffs' counsel knew that he lived in China and had his address in China.

## III. PLAINTIFFS HAVE NOT OFFERED ANY OPPOSITION TO THE FACT THAT THE INDIVIDUAL DEFENDANTS DID NOT HAVE THE REQUIRED MINIMUM CONTACTS WITH THE STATE OF ILLINOIS

Plaintiffs have not offered any facts in opposition to the facts contained in the Individual Defendants' declarations that the Individual Defendants are domiciled and reside outside the State of Illinois (Sam Zhu in China; Long Zhu in China and Flushing, New York; Hong Zhu in Flushing, New York; and Amy Shi in Flushing, New York). Thus, it is undisputed that the Individual Defendants are not present in Illinois and that there is no general personal jurisdiction over them.

Instead, plaintiffs argue that contacts with Illinois by Amy Shi as an employee of the corporation constitute contacts of Amy Shi the individual (Plaintiffs' Memorandum of Law, pages 24-25). Plaintiffs challenge Amy Shi's statements that she, as an employee of DI DA, would not have been conducting business or engaging in transactions as an individual if she shipped DI DA products to a customer in Illinois; mailed DI DA checks to a payment center in Illinois for a trade show to be attended by DI DA; gave refunds to DI DA customers; or took orders on behalf of DI DA from Illinois customers. (Plaintiffs' Memorandum of Law, page 25.) Plaintiffs argue that when Amy Shi states that she—as an individual—did not transact business when she engaged in this conduct somehow means she was misdefining the term "transaction of business." Amy Shi's declaration clearly makes the distinction between her conduct as an employee of DI DA and her conduct as an individual: "In my capacity as the employee of DI DA in charge of sales, I had communications with approximately seven customers of DI DA located in Illinois, of

3

which four customers placed a single order with DI DA at a trade show located in Las Vegas, Nevada or in Florida." (Amy Shi Declaration, para. 4.)

The acts of a corporate employee on behalf of the corporation do not constitute contacts that subject the employee to personal jurisdiction: "If Christopher's action in coming into Illinois to fire and defame Rice was done solely on behalf of Nova, he is under the fiduciary shield and this regardless of whether he exercised discretion rather than merely carrying out precise orders mechanically." Rice v. Nova Biomedical Corp., 38 F.3d 909, 912 (7th Cir. 1994). The fiduciary shield doctrine has no relevance to personal jurisdiction over any of the other Individual Defendants who had no contacts with the State of Illinois, on behalf of the corporation or otherwise. Kouakou v. Sutton Funding, LLC, 2012 U.S. Dist. LEXIS 21889, *10-12 (N.D. Ill. Feb. 22, 2012).

Plaintiffs ask the Court to disregard the Individual Defendants' declarations as "self-serving" and "not grounded in fact". The statements in the Individual Defendants' declarations are statements of fact. The ultimate conclusion is that there is no general or specific personal jurisdiction. The declarations contain facts which support that conclusion. That the declarations support the Defendants' position that personal jurisdiction is lacking does not make them objectionable as "self-serving":

> The defendant points to a number of cases from this Circuit for the proposition that self-serving, uncorroborated, and conclusory statements in testimony are insufficient to defeat a motion for summary judgment. . . . It is not the self-serving nature of the affidavits, however, that sealed their fate in these cases. After all, most affidavits submitted for these purposes are self-serving. . . .

4

. . .
>       We hope this discussion lays to rest the misconception that
> evidence presented in a "self-serving" affidavit is never sufficient to thwart a
> summary judgment motion. Provided that the evidence meets the usual
> requirements for evidence presented on summary judgment—including the
> requirements that it be based on personal knowledge and that it set forth
> specific facts showing that there is a genuine issue for trial—a self-serving
> affidavit is an acceptable method for a non-moving party to present evidence .

. . .

Pauley v. Pauley, 337 F.3d 767, 772-73 (7th Cir. 2003) (Posner, J.).

The deposition testimony of Hong Zhu that she and Sam Zhu were "in charge of" sales in 2011 does not change the facts supporting the absence of personal jurisdiction. It is undisputed that none of the goods that are the subject of this action were imported, offered for sale, or sold by DI DA in 2011. Even if Hong Zhu and Sam Zhu had been "in charge of sales" in 2011, before Amy Shi joined the corporation as sales manager, their actions as employees of the corporation, under the fiduciary shield doctrine discussed above, would not have created personal jurisdiction over them as individuals.

Thus, Coach has not controverted the jurisdictional facts contained in the Individual Defendants' declarations.

### III.  PLAINTIFFS' VEIL-PEIRCING ARGUMENT SHOULD NOT BE CONSIDERED ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Count VIII of the first amended complaint alleges a claim against the Individual Defendants titled "Piercing the Corporate Veil." Although this is an indirect attempt to make the Individual Defendants liable for the claims against the corporation, the first amended complaint also contains direct allegations against the Individual Defendants. The first paragraph of the first amended complaint defines

5

"Defendants" to include the Individual Defendants. Fifty of the paragraphs of the complaint (paras. 12, 22-51, 53-71), by referring to "Defendants", allege direct claims against the Individual Defendants.

Plaintiffs used the limited jurisdictional discovery granted them by the Court to obtain discovery on the merits, namely, the complaint's Eighth Count for piercing the corporate veil. All but a very few of plaintiffs' written discovery requests and deposition questions related to piercing the corporate veil and the corporation's own liability. Plaintiffs now urge the Court to decide the veil-piercing claim of the complaint in order to find personal jurisdiction. For multiple reasons, this is improper.

**A.    The Individual Defendants' Opening Memorandum collected cases instructing that the veil-piercing argument should not be considered on a motion to dismiss for lack of personal jurisdiction.**

Cited in the Individual Defendants' opening Memorandum is <u>API v. Bullseye Auto. Prods</u>., 2014 U.S. Dist. LEXIS 47594, 5-6 (S.D. Ind. Apr. 7, 2014), which held: "[T]he Court must analyze whether it has personal jurisdiction over Mr. Silva separate and apart from Bullseye, and cannot rely upon the Court's jurisdiction over Bullseye to establish jurisdiction over Mr. Silva personally", and that personal jurisdiction may not be based on an alter ego theory. Although many jurisdictions treat veil-piercing and alter ego theories alike, <u>Sandlin v Corporate Interiors, Inc</u>., 972 F.2d 1212, 1217-18 (10th Cir. 1992), the Seventh Circuit and other courts distinguish between them. <u>Bd. of Trustees v. Elite Erectors, Inc</u>., 212 F.3d 1031, 1037-38 (7th Cir. 2000).

The Seventh Circuit Court of Appeals also urged that liability and personal jurisdiction be kept separate: "To decide whether specific personal jurisdiction may be exercised, a court must engage in three distinct steps in the following order: (1) identify the contacts the defendant has with the forum; (2) analyze whether these contacts meet constitutional minimums and whether exercising jurisdiction on the basis of these minimum contacts sufficiently comports with fairness and justice; (3) determine whether the sufficient minimum contacts, if any, arise out of or are related to the causes of action involved in the suit. If the court determines at the second step that a defendant does not have sufficient minimum contacts with the forum, then its personal jurisdiction analysis ends without examining the plaintiff's causes of action," like the complaint's Eighth Count for piercing the corporate veil. Deciding the veil-piercing claim in the context of a personal jurisdiction motion would violate due process by turning "insufficient minimum contacts into . . . personal jurisdiction by making these contacts elements of a cause of action" . . . . Central States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp., 230 F.3d 934, 944 (7th Cir. 2000).

**B.    An issue of the merits, as to which the Individual Defendants would likely have a right to a trial by jury, should not be decided on their personal jurisdiction motion.**

The Individual Defendants have a due process right to fully develop plaintiffs' veil-piercing claim and, assuming there are disputed issues of fact, to a jury trial of such claim along with plaintiffs' other claims: "Because the action for piercing the corporate veil appears to have its roots in both law and equity, and the

nature of the relief sought here supports the conclusion that plaintiff's cause of action is legal in nature, it was entirely proper for the district court to submit the corporate disregard issue to the jury." <u>Wm. Passalacqua Bldrs. v. Resnick Devs. S.</u>, 933 F.2d 131, 136 (2d Cir 1991).

The three Individual Defendants who are not shareholders—Long Zhu, Hong Zhu, and Amy Shi—also need time to show that a claim for piercing the corporate veil does not apply to them: "We have found no definitive authority on the issue of whether a nonshareholder could be personally liable under a theory of piercing the corporate veil . . . ." <u>Morris v. State Dep't of Taxation & Fin</u>., 82 N.Y.2d 135, 142-43 (1993).

Deciding this issue on the Individual Defendants' personal jurisdiction motion would deny them the process to which they are due.

**C. The parties agree that the law of New York, the state of DI DA's incorporation, governs the veil-piercing claim.**

The parties agree that the law of the state of incorporation of DI DA, the State of New York, governs the veil-piercing claim. <u>Bagdon v. Bridgestone/Firestone, Inc</u>., 916 F.2d 379, 382-383 (7th Cir 1990). The latter case was a diversity case, but invoking the choice of law rules of the forum is also approved in federal question cases. *See also* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 307 (1971) ("The local law of the state of incorporation will be applied to determine" whether piercing the corporate veil is justified"). There is no diversity of citizenship in this case, plaintiff Coach, Inc. being a citizen of New York by virtue of having its principal place of business in New York City, and, on the other side, DI

DA being incorporated under the laws of New York and with its principal place of business in New York City and Individual Defendants Long Zhu, Hong Zhu, and Amy Shi being citizens of New York.

Although this is a federal question case, federal interests are not implicated in any decision as to whether to pierce the corporate veil. Flynn v. Greg Anthony Constr. Co., 95 F. App'x 726, 733 (6th Cir. 2003) (requiring resort to federal common law in a labor case).

**D.    Plaintiffs have the burden of proving personal jurisdiction.**

Plaintiffs have the burden of proving personal jurisdiction. Kouakou v. Sutton Funding, LLC, 2012 U.S. Dist. LEXIS 21889, *6 (N.D. Ill. Feb. 22, 2012)

**E.    Plaintiffs bear a heavy burden in proving that the corporate veil should be pierced.**

"Those seeking to pierce a corporate veil of course bear a heavy burden of showing that the corporation was dominated as to the transaction attacked and that such domination was the instrument of fraud or otherwise resulted in wrongful or inequitable consequences . . . ." TNS Holdings Inc. v. MKI Sec. Corp., 92 N.Y.2d 335, 339 (1998). *See also* White v. Nat'l Home Prot., Inc., 2010 U.S. Dist. LEXIS 40414, *10 (S.D.N.Y. Apr. 21, 2010) ("New York courts 'are reluctant to disregard the corporate entity' . . . , and a party seeking such relief bears a "heavy burden").

**F.    Plaintiff's veil-piercing claim fails to state a claim under New York law.**

Defendants address plaintiffs' veil-piercing claim not in the context of the merits but solely for purposes of the Individual Defendants' personal jurisdiction motion because it is almost exclusively the basis of plaintiffs' opposition.

9

The veil-piercing claim in the first amended complaint fails to satisfy New York's requirements for a veil-piercing cause of action and fails to satisfy theRule 8 requirement of *Twombly* and *Iqbal*. For example, paragraphs 74, 75, and 76 of the first amended complaint are impermissibly conclusory. <u>Capmark Fin. Group Inc. v. Goldman Sachs Credit L.P.</u>, 491 B.R. 335, 347 (S.D.N.Y. 2013) ("conclusory allegations of dominance and control will not suffice to defeat a motion to dismiss"); <u>Network Enters. v. Reality Racing, Inc.</u>, 2010 U.S. Dist. LEXIS 89598, *11-18 (S.D.N.Y. Aug. 24, 2010) ("there is nothing in the complaint to indicate that Defendants exercised any more control over Reality Racing than would be expected of the directors or shareholders of any corporation").

Paragraph 76 states that "the defendants" acts harmed Coach when New York law requires that the exercise of control harm plaintiffs. <u>Morris v State Dep't of Taxation & Fin.</u>, 82 N.Y.2d 135, 141-42 (1993) (The party seeking to pierce the corporate veil must establish that the owners, through their domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene); <u>Network Enters. v. Reality Racing, Inc.</u>, 2010 U.S. Dist. LEXIS 89598, *11-18 (S.D.N.Y. Aug. 24, 2010) (plaintiff must show that "this control was used to commit wrong, fraud, or the breach of a legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights, and that the control and breach of duty proximately caused the injury complained of"). There is no allegation that the corporation became a mere instrumentality of the Individual Defendants' business: "[T]he subsidiary has

10

become a mere instrumentality or department of the parent's own business and the parent, under the unreal form of the subsidiary, is the real actor in the transaction; or where the business and officers of the two corporations have become so inextricably confused that it is impossible or impracticable to identify the corporation that participated in the transaction attacked." <u>Lowendahl v. Baltimore & O. R. Co</u>., 247 A.D. 144, 156-57 (1st Dep't 1936), *aff'd*, 272 N.Y. 360, 362 (1936). *See also* <u>Cooper v. Parsky</u>, 1997 U.S. Dist. LEXIS 4391, *72-74 (S.D.N.Y. Jan. 8, 1997) (the complaint fails to allege that USP and Petrowax were alter egos used to conduct an individual's business rather than their own).

G.   **Responses to the complaint's veil-piercing allegations.**

When the Individual Defendants are accorded the process they are due, they will show the following, among other things:

Documents produced during discovery show no commingling of assets;

Personal funds of Long Zhu contributed to the corporation were consideration for the stock issued to his son, Sam Zhu;

The Individual Defendants have accountants and lawyers advising them;

Long Zhu's payments to Chinese manufacturers for the corporation's goods constituted Sam Zhu's capital contributions to the corporation;

The corporation does not have to have purchase orders;

The corporation issued a stock certificate to its sole shareholder and has by-laws and a stock ledger, all of which it produced during discovery;

The corporation does not have to have bonus or profit-sharing plans;

11

The corporation produced paper sales records during discovery and does not

have to have a software program;

The corporation is not required to have a registered agent under New York

law; its articles of incorporation appoint the New York Secretary of

State as its agent for service of process;

The corporation has profit and loss statements and produced them during

discovery.[1]

## H. Evidentiary Objection: The exhibits offered by plaintiffs are not authenticated.

Plaintiffs offer many pages of exhibits in support of their opposition, most of

the pages being selections from transcripts of deposition testimony. These exhibits

have not been authenticated. The selected pages from the deposition testimony are

not signed by the witnesses, not signed by the court reporters as true and correct

transcriptions of the testimony they transcribed, and the deposition testimony does

not authenticate exhibits attached to it. Sam Zhu and Hong Zhu, in particular, have

not had an opportunity to review and correct the transcript of their testimony.

Carrillo v. Gillespie, 2015 U.S. Dist. LEXIS 42206, *7-9 (D. Nev. Mar. 31, 2015) ("To

authenticate a deposition transcript, the party must attach the deposition cover

page with the names of the deponent and action. Every deposition transcript and

extract must include a signed reporter's certification. I thus exercise my discretion

to not consider these statements in support of the motion for summary judgment.").

Plaintiffs' selection of transcript pages is also misleading because the selected

---

[1] I have personal knowledge of the facts set forth in this section and declare under penalty of perjury that they are true and correct.

pages fail to show the entire lines of questioning, including the actual question asked; the complete answers of the witnesses; and the objections of counsel. In addition, the selected transcript pages of the testimony of DI DA's Rule 30(b)(6) designees fail to show that Hong Zhu was produced to testify about the corporation's finances; that Sam Zhu was produced to testify about the corporation's trademark applications; that Long Zhu was produced to testify about the manufacture and order of the corporation's goods in China; and that Amy Shi was produced to testify about sales. To the extent that they answered questions outside the scope of the subjects on which they were produced, their answers are not binding on the corporation.

//

//

//

//

//

//

//

//

//

//

//

//

CONCLUSION

For the reasons discussed in the Individual Defendants' opening papers and in this Reply, the Individual Defendants respectfully request that their motion to dismiss for lack of personal jurisdiction be granted.


Dated:  November 5, 2015          Respectfully submitted,

_/s/ Carolyn Shields_____
Carolyn Shields
Ying Liu
LIU & SHIELDS LLP
41-60 Main Street, Suite 208A
Flushing, NY 11355
Tel:  718-463-1868
shieldscj524@gmail.com
Attorneys for Defendants
SAM ZHU, LONG ZHU, HONG ZHU,
and AMY SHI

Local Counsel:
Adam Wolek, Esq.
Brian T. Noack, Esq.
Wolek & Noack
70 East Lake Street
Suite 1220
Chicago, IL 60601
Tel:  312-860-9006
adamw@wonoip.com
briann@wonoip.com