IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COACH, INC. and COACH SERVICES, INC., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> DI DA IMPORT AND EXPORT INC. d/b/a DI DA : <br> NEW YORK, LONG ZHU, and SAM ZHU, : <br> : <br> Defendants. : | Case No. 13-cv-7165 <br><br> Honorable Samuel Der-Yeghiayan |

**PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH
TEMPORARY RESTRAINING ORDER AND FOR SANCTIONS**

Plaintiffs Coach, Inc. and Coach Services, Inc. (collectively, "Coach"), by and through their attorneys, respectfully move the Court to order compliance by Defendants Long Zhu and Sam Zhu with this Court's Temporary Restraining Order, and in support Coach states as follows:

1. Coach finds it necessary to ask this Court to find Defendants Long Zhu and Sam Zhu (collectively, "Defendants") in contempt for Defendants' pattern of bad faith and abusive resistance to the clear and express terms of the temporary restraining order. Coach has repeatedly attempted to secure an accounting of Defendants' assets. Defendants and their counsel have raised obstacles in disregard of this Court's order.

2. Federal Rule of Civil Procedure 70(e) pertains to enforcing a judgment for a specific act and permits the Court to hold a disobedient party in contempt. *See* FED. R. CIV. PRO. 70(e). A temporary restraining order is a lawful order that Defendants must obey unless and until it is changed, modified or reversed. *United States v. United Mine Wkrs.*, 330 U.S. 258, 302 (1947); *Woods v. Fliss*, 168 F.2d 612, 614 (7th Cir. 1948).

333585

3. On January 20, 2016, this Court entered a Temporary Restraining Order, granting Coach a fourteen-day temporary restraining order until February 3, 2016.[1] The terms of the temporary restraining order required, among other relief, that Defendants "within ten (10) days file declarations under oath with this Court indicating all assets, and the location and identity thereof." *See* Temporary Restraining Order, attached hereto as **Exhibit A**. Thus, Defendants were to file their declarations no later than January 30, 2016. *See id.* At the hearing on January 20, 2016, Defendants' counsel did not express any concerns to producing Defendants' declarations.

4. On February 2, 2016, the undersigned made a written request to Defendants' counsel to obtain her clients' compliance with the Temporary Restraining Order. A copy of the February 2, 2016 correspondence is attached hereto as **Exhibit B**. On February 3, 2016 – four (4) days beyond its deadline – Defendants' counsel responded by stating, "[a]lthough it is not yet 10 days since the defendants received notice of the TRO and it is a Chinese holiday besides, the declarations are on their way to me." A copy of the February 3, 2016 Response Correspondence is attached hereto as **Exhibit C**.

5. The undersigned again wrote to Defendants' counsel, stating as follows: "[t]he order was entered on January 20, 2016 requiring that the declarations be filed within 10 days. Please advise us of the basis for your assertion that those 10 days have not expired and how a Chinese holiday impacts that calculation and the Court's order." A copy of the February 3, 2016 Reply Correspondence is attached hereto as **Exhibit D**. Defendants' counsel did not respond.

6. On February 3, 2016, Defendants filed their declarations with the Court, with Defendant Sam Zhu declaring three assets: (i) a bank account with a balance 1743 Chinese Yuan (or

---

[1] By Agreement, the Court extended the Temporary Restraining Order until February 26, 2016, in order to allow the Court sufficient time to rule on Coach's Motion for Preliminary Injunction. [Dkt. No. 120.]

$265.12 US)[2] as of February 3, 2016; (ii) a bank account with a balance of $145.80 US; and, (iii) clothing. *See* Declaration of Sam Zhu, ¶ 2, attached hereto as **Exhibit E**. Defendant Long Zhu made a similar declaration: (i) a bank account with a balance of $179.46 US; (ii) a vehicle; and, (iii) clothing. *See* Declaration of Long Zhu, ¶ 2, attached hereto as **Exhibit F**.

7. Defendants' submission of the above-referenced declarations are an affront to the Court's order, and their failure to provide complete disclosure of all assets violates the temporary restraining order.

8. For example, Defendant Sam Zhu inexplicably failed to identify his ownership interest in Di Da, the company that he went to great pains to convince Coach he is the sole owner of. Defendant Sam Zhu also failed to identify at least one bank account held with Chase Bank – account ending in 6283 – or the Barclay credit account ending in 6533, which Coach only became aware of during jurisdictional discovery.

9. Defendant Long Zhu's lack of full disclosure is as equally alarming. For his part, he failed to declare at least one bank account, ending in 2487, held with CitiBank. Coach also became aware of during jurisdictional discovery. Defendant Long Zhu has also failed to declare his ownership in property located in Guang Zhou, China. *See* Oct. 29, 2014 Long Zhu Dep. Tr. 13:19-20 ("Q: Do you own any property in China? A: Yes.") *and* 14:7-10 ("Q: Where do you own property? A: In Guang Zhou."). Excerpts of October 29, 2014 Long Zhu Deposition are attached hereto as **Exhibit G**.

10. Defendants' continued refusal to produce a complete record of their assets leads to the inescapable conclusion that Defendants are obfuscating discoverable information from the Court and Coach. Further, Defendant Long Zhu's declaration that he allegedly owns a total of $179.46

---

[2] According to Currency Converter©

333585

US, a vehicle, and clothing is even more suspect considering his testimony that he has previously provided to his son, Defendant Sam Zhu, $100,000 in *cash* on two separate occasions. *See* Aug. 19, 2015 Dep. Tr. 31:7-33:24; 35:5-36:13; 37:13-38:1. Excerpts of August 19, 2015 Long Zhu Deposition are attached hereto as **Exhibit H**.

11. Upon a finding of civil contempt, the Court is empowered to impose both coercive and remedial sanctions. *See Tranzact Technologies, Inc. v. 1SOURCE Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005) ("Civil contempt sanctions are properly imposed for two reasons: to compel compliance with the court order and to compensate the complainant for losses caused by contemptuous actions).

12. Here, as a remedial sanction, the Court should require Defendants to post a bond to protect Coach against any loss Coach may incur with respect to the dissipation of assets. As a means of coercing Defendants to comply with the Temporary Restraining Order, the Court should require Defendants to provide an accounting of all financial activity made since the date on which they received notice of this suit, and to be prohibited from destroying or concealing documents relevant to this action.

13. Coach should also be awarded the reasonable attorneys' fees it has incurred in connection with this motion. *See Tranzact*, 406 F.3d at 855.

WHEREFORE Coach respectfully requests that this Court issue an order directing Defendants Sam Zhu and Long Zhu to comply with the terms of this Court's Temporary Restraining Order. Coach also requests sanctions and reasonable attorneys' fees and costs in preparing and proceeding on this motion for Defendants' willful violation of the temporary restraining order.

333585

Dated: February 8, 2016        Respectfully submitted,

              BRYAN CAVE LLP


             By: <u> /s/ Donald A. Cole </u>
              S. Patrick McKey, #6201588
              Donald A. Cole, #6299318
              Lauren J. Caisman, # 6312465
              161 North Clark Street, Suite 4300
              Chicago, Illinois 60601
              Tel: (312) 602-5000
              Fax: (312) 602-5050
              patrick.mckey@bryancave.com
              donald.cole@bryancave.com
              lauren.caisman@bryancave.com
              *Attorneys for Coach, Inc. and*
              *Coach Services, Inc.*

333585

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 8th day of February 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                        Respectfully submitted,

                                          /s/ Donald A. Cole
                                          Donald A. Cole

333585