**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| COACH, INC. and COACH SERVICES, INC., | ) | Civil Action No.: 1:13-cv-7165 |
| | ) | |
| Plaintiffs, | ) | Judge Der-Yeghiayan |
| | ) | Magistrate Judge Martin |
| v. | ) | |
| | ) | **OPPOSITION OF DEFENDANTS SAM ZHU AND LONG ZHU TO PLAINTIFFS' MOTION FOR CONTEMPT AND REQUEST FOR TIME TO RESPOND TO THE MOTION** |
| DI DA IMPORT AND EXPORT INC. d/b/a DI DA NEW YORK, LONG ZHU, AND SAM ZHU, | ) | |
| | ) | |
| Defendants. | ) | |

**OPPOSITION OF DEFENDANTS SAN ZHU AND LONG ZHU TO PLAINTIFFS' MOTION FOR CONTEMPT AND REQUEST FOR TIME TO RESPOND TO THE MOTION**

I Carolyn Shields, declare:

1. I am one of the attorneys of record for the defendants Sam Zhu and Long Zhu. Except as otherwise stated herein, I have personal knowledge of the facts set forth herein, and if called as a witness could and would competently testify thereto.

2. Defendant Sam Zhu overlooked his stock in DI DA when listing his assets on his declaration. He has filed, or soon will file, an amended declaration including his stock in DI DA, which is 200 shares, all of the authorized stock of the corporation.

//

//

**3.** Paragraph 8 of plaintiffs' motion states:

> 8. . . . Defendant Sam Zhu also failed to identify at least one bank account held with Chase Bank account ending in 6283 –or the Barclay credit account ending in 6533, which Coach only became aware of during jurisdictional discovery.

**a.** First, I was involved in jurisdictional discovery and produced the documents on behalf of the individual defendants during jurisdictional discovery, and have personal knowledge about this production and these documents. No bank account statements were asked for or provided during jurisdictional discovery. Bank account statements were provided during the confidential settlement conferences held in connection with the Seventh Circuit Court of Appeals' Rule 33 conference, and are inadmissible under FRE 408.

**b.** The bank account which Coach's motion says that Sam Zhu did not disclose is a Chase account ending in 6283. That account is a savings account that appears on the statements for Sam Zhu's Chase account number ending in 2629. The amount in savings account ending in 6283 is included in the total balance for the statement covering the account ending in 2629. As shown by the statements produced in confidence to Coach during settlement discussions, Chase account number ending in 6283, over more than 2 ½ years, carried a balance of 11 cents, which 11 cents was included in the statement for Chase account ending in 6283. Sam Zhu disclosed the balance on his statement for Chase account ending in 2629, which included whatever amount still remained in the associated savings account ending in 6283.

**c.** I did produce BarclayCard credit card statements in Sam Zhu's name and with Sam Zhu's credit card account number, but that account number is not the account number stated in Coach's motion. That account number ended in "8532" and not the similar number, "6533", which Coach's motion references. (One of the statements is unclear and the account number, though it is "8532", could appear to be "6533".) In any case, that BarclayCard account is not an asset but a liability. Therefore it was properly not listed in Sam Zhu's declaration.

**4.** Paragraph 9 of Coach's motion states:

> 9. Defendant Long Zhu's lack of full disclosure is as equally alarming. For his part, he failed to declare at least one bank account, ending in 2487, held with CitiBank. Coach also became aware of during jurisdictional discovery.

**a.** The summary of bank accounts which I produced (Exhibit A)—again, not in jurisdictional discovery but in connection with the parties' confidential settlement discussions—shows that this account was closed in September of 2014. In addition, I produced to Coach's attorneys by email dated August 11, 2015, the Citibank statement for Long Zhu's account ending in 2487 for the period August 1 to September 1, 2014. This document is bates numbered ID1751 and marked "CONFIDENTIAL UNDER FRE 408." This statement is marked "FINAL" and has a zero balance, showing that the account had been closed by September 1, 2014. This account was closed almost 4 months before Coach first indicated any intention to amend the complaint to add Long Zhu to this action. Coach moved on December 19, 2014 for leave to amend the complaint to add the individuals. Coach's attorneys

received this document and have actual knowledge that the account was closed and was properly not included in Long Zhu's declaration.

5. Paragraph 9 of Coach's motion states:

> 9. . . . Defendant Long Zhu has also failed to declare his ownership in property located in Guang Zhou, China.

a. Long Zhu's deposition testimony, in Exhibit G to Coach's motion, follows:

> A. I sold my house and the person who
> 13 purchased my house paid me in cash.
> 14 Q. In 2011, where was this house?
> 15 A. My house was sold out in 2010.
> 16 Q. Where was the house that you sold in
> 17 2010?
> 18 A. In Guangzhou province of China.

(Long Zhu's August 2015 deposition testimony, Exhibit G to Coach's motion.) Defendant Long Zhu requests time to file a declaration showing that the home referenced in his testimony ("Do you own any property in China? 20 A. Yes. 7 Q. Where do you own property? 8 A. In Guang Zhou") is the same property he testified he sold in 2010. Upon information and belief, based on my degree in Chinese Languages and Literature, "Do you own" and "Did you own" are translated the same in Chinese, without regard to tense, and the confusion is attributable to a translation that fails to add words in Chinese to indicate the present tense of the English language question.

6. Not only is there no contempt on the part of Sam Zhu or Long Zhu. Coach's attorneys have misrepresented the facts to the Court, and disclosed

information they received during confidential settlement discussions. Defendants request that Coach withdraw their motion for contempt.

**7.** Defendants Sam Zhu and Long Zhu request that the Court grant them additional time to respond to Coach's motion for contempt.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 10, 2016.

*s/ Carolyn Shields*

Carolyn Shields

Liu & Shields LLP
41-60 Main Street, Suite 208A
Flushing, NY 11355
718-463-1868
shieldscj524@gmail.com

Attorneys for DI DA Import and Export Inc., Sam Zhu, and Long Zhu, Defendants

# EXHIBIT A

NOTES ON BANK STATEMENTS PRODUCED

[redacted]

[redacted]

[redacted]

Sam Zhu Chase Bank Account # [redacted]2629

Date of statements produced:

From Sep 14, 2011/Oct 11, 2011 (month opened) to Jun 9, 2015/July 8, 2015

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Long Zhu Citibank Account # [redacted] 2487

Date of statements produced:

From Mar 31, 2011/May 1, 2011 (month opened) to Aug 1, 2014/Sep 1, 2014 (month closed).